UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SIMON BANKS,

    PLAINTIFF

Vs.

S. ELWOOD YORK, JR., ET AL,

    DEFENDANTS

CASE NUMBER 1:05CV01514

JUDGE: Unassigned

DECK TYPE: TRO/Preliminary Injunction

DATE STAMP: 7/29/2005

July 6, 2005

FILED
JUL 29 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MOTION FOR TEMPORARY INJUNCTIVE RELIEF

Comes now the plaintiff and submit Motion for Temporary Injunctive Relief to Enjoin Relief from Defendants from Continuing to operate without a Budget for Recreation for the DC Jail.

Enjoin the defendants from continuing to operate with only one law library for over two thousand inmates and/or library sufficiently staffed and containing adequate up-to-date law books and current decisions of the local federal courts, F.3d.s, Federal Supplements, Atlantic Reporters.

Enjoin the defendants from continuing to operate its law library with less than twenty-four hours access.

Enjoin the defendants from continuing to provide adequate medical staff for the DC Jail inmate population.

Enjoin the defendants from continuing to violate population cap.

RECEIVED
JUL - 7 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Enjoin the defendants from continuing to violate established clean drinking laws, rules, regulations and guidelines of the Environmental Protection Agency and the Washington Water and Sewer Authority.

Enjoin the DC Department of Health from continuing to fail to conduct environmental inspections of the DC Jail at least three times a years.

Enjoin the Edward D. Eiskin, Deputy Mayor for Public Safety from failing to do his duty with respect to complying with the DC Law and the laws of the United States regarding DC Jail overcrowding and maintaining the DC Jail within the bounds of statutory requirement.

Enjoin defendant Larry Corbett from subjecting plaintiff to retaliation and reprisal and from continuing to subject the plaintiff to retaliation and reprisal for petitioning government for redress.

Enjoin the defendant from continuing to subject the plaintiff to an over crowed jail in excess of the jail's authorized population capacity.

Enjoin subjecting plaintiff to unreasonable imprisonment and more than twenty-three hour day lockdowns.

Enjoin the defendants from denying plaintiff medical and dental care and risk of loss of teeth by failing to provide plaintiff with a furlough to see his personal dentist or in the alternative defendant to transport plaintiff to his personal dentist, and/or in the alternative failing to take plaintiff to a local hospital for replacement of his dental crown containing caps or replacement by a permanent crown.

Enjoin the defendants from continuing to deny plaintiff access to the courts by understaffing the jail's law library and failing to maintain the law library with up-to-date

law books, F.3ds., Fed. Supps., Atlantic 2ds., Supreme Court Reporters, U.S. Reports, up-to-date Shephards, a current Black's Law Dictionary.

Enjoin the defendants from continuing to house plaintiff and other non-violent inmates with violent felons and persons charged with murder and other major felonies.

Enjoin defendants from subjecting plaintiff to unwarranted risk of personal injury, health risks, and other life threatening risks.

Enjoin the defendants from continuing to subject plaintiff to third-world unsanitary showers that are made of aluminum steel and which are infested with bacteria and gathering water.

Enjoin the defendants from subjecting the plaintiff to unsanitary, polluted drinking water and shower water that intermingles with raw sewage, and where there have been numerous sewage backups at the Southwest One Cell Block that has emitted sickening stench of sewage.

Enjoin defendants from continuing to lock plaintiff down twenty-three hours per day because of jail overcrowding and because lack of inadequate correctional staff per ratio inmate and because of retaliation and reprisal for petitioning government and courts for redress.

Enjoin defendants from continuing to subject plaintiff to falsify third-world jail upgrades with cosmetic smokescreens set forth to disguise deprecatory prison conditions.

Enjoin the defendants from continuing to operate without a budget for recreation for the DC Jail

Enjoin the defendants from continuing to operate with only one law library for over Two Thousand inmates and/or a law library being insufficiently staffed and

3

containing inadequate update with respect to law books and current decisions of local federal court laws.

Enjoin the defendants from continuing to operate its law library with less than twenty-four hours access per day for seven day per week.

Enjoin the defendants from continuing to fail to provide adequate medical staff for the DC Jail inmate population.

Enjoin defendants from continuing to violate the inmate population cap.

Enjoin defendants from continuing to violate established safe, clean drinking water laws, rules, regulations and guidelines of the Environmental Protection Agency (EPA) and of the Washington Suburban Sanitation Commission Requirements.

Enjoin the DC Department of Health from continuing to fail to conduct environmental inspections of the DC Jail at least three times a year.

Enjoin Reiskin, Deputy Mayor for Public Safety from failing to do his duty with respect to complying with DC Law and the laws of the United States with regarding DC Jail overcrowding, and maintain the DC Jail within the bounds of statutory requirements.

Enjoin defendants Larry Corbett from subjecting plaintiff to retaliation and reprisal and from continuing to subject the plaintiff to retaliation and reprisal for petitioning the courts, the government for redress and for filing grievances and complaints with the District of Columbia Jail.

Enjoin defendants York and Corbett from continuing to deny plaintiff confinement at the Central Treatment Facility (CTF) ("CCH"), and/or a halfway house.

Enjoin defendants York and Corbett from continuing to place inmates with the plaintiff and other inmates in cells who have skin diseases, open sores. And who more

likely than not have contagious disease including but not limited to fungus diseases on arms, legs, face, head, as well as AIDS

Enjoin defendants York and Corbett from directly and indirectly causing plaintiff to be locked in cell(s) without running hot and cold water.

Enjoin defendants York and Corbett from denying plaintiff access to the jail's law library.

Enjoin defendants York and Corbett from continuing to subject plaintiff to steel and aluminum showers placed in close proximity to electrical outlets risk of electrocution, risk of electric shock, injury or death.

Enjoin defendants York and Corbett from locking down the plaintiff and other DC Jail inmates so that DC Jail Correction Officers can attend parties, funerals, Christmas parties, as they did from December 19, 2004 through March 2005.

Enjoin defendant York and Corbett from locking down inmates at the DC Jail and feeding them "bag lunches" of processed meats on Thanksgiving, Christmas and New Year's Day, while the DC Correction Officers attend parties and other festivities, celebrations such as holidays, thereby deliberately causing the DC Jail to be understaffed, and causing the DC Jail Inmates to be deprived of traditional holiday dinner and deprivation of constitutional rights to humane treatment.

Enjoin defendants York and Corbett from continuing to violate the established jail population gap.

Enjoin defendants York and Corbett from continuing to place two inmates in cells which were constructed to accommodate one inmate.

5

Enjoin defendants Williams from continuing to provide the DC Jail with a depressed budget which he knows and has reason to know is cost ineffective, fiscally unsound, impractical and economically unfeasible to facilitate bringing the DC Jail up to established prevailing and national accredited standards.

Enjoin the defendants Williams, York and Corbett from continuing to violate established laws, rules and orders governing, touching and concerning the operation of the District of Columbia Jail.

Enjoin defendants Jordan and Corbett from failing to provide new intake inmates with bed space for in excess of twenty-four hours and requiring them to sleep on the floor in holding cells in excess of twenty-four hours where the holding cells are overcrowded and where there is no toilet or running water to accommodate the inmates so held, maintaining and creating a unsafe and unsanitary, environmental condition.

Enjoin defendants York, Corbett and Williams from failing to declare a state of emergency when the DC Jail exceeds its authorized ceiling cap based upon the design capacity requiring that immediate action be taken by defendants to reduce the inmate population at the DC Jail.

Enjoin defendants York and Corbett from continuing to deny plaintiff diabetic foods, diabetic tray, fruits, milk and late-night snack.

Enjoin defendants York, Corbett and Tally from continuing to have plaintiff in sections of the DC Jail reserved for housing offenders who may have committed violation of infractions of DC Jail and/or DC Department of Corrections Rules and Regulations.

Enjoin defendants York, Corbett and Tally from continuing to confine plaintiff in a cell for twenty or twenty-three hours per day.

Enjoin defendants York, Corbett and Tally from continuing to fail to transfer plaintiff to the CTF of the District of Columbia, "CCA".

Unless the Court grant the Motion for Temporary, Preliminary and Injunctive Relief the plaintiff stands to be irreparably harmed and subject to an imminent danger of risk of loss of teeth, danger of personal injury, danger of assault, danger of threat to life and health and safety.

The plaintiff incorporate by reference affidavit of Simon Banks.

Wherefore, the plaintiff pray that the Motion for Temporary, Preliminary and Injunctive Relief be granted.

_____
Simon Banks, J.D., Pro Se

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SIMON BANKS            ]
                       ]
        Plaintiff      ]
                       ]
Vs.                    ]    Civil Action No.
                       ]
ELWOOD YORK, JR., ET AL]
                       ]
                       ]    July 6, 2005
                       ]
        Defendants

**Plaintiff was unable to reach by telephone the defendants as to whether they consent to the filing of this motion.**

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF TEMPORARY, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

Comes now the plaintiff and submit Memorandum of Law in Support of Plaintiff's Motion for Temporary, Preliminary and Permanent Injunctive Relief.

The plaintiff's dental and other medical care, medical screening, medical attention and the staffing at the DC Jail suffers from systemic deficiencies, personal indifference, indifference in general, and its policy of providing medical care to inmates and the plaintiff, and their respective needs, as well as the plaintiff's respective needs, is inadequate, deficient and has had an adverse impact upon the plaintiff and other inmates in general. These conditions has perpetuated a lack of disease control policies. See *Hutto v. Finney*, 437 U.S. 678 (1978).

Defendant toleration of an general systemic perpetuation of inmate overcrowding has caused the plaintiff to suffer twenty-three hours per day, seven days a week lockdown in cell, it is unsanitary conditions and failure to accommodate basic human needs and

RECEIVED
JUL - 7 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

lack of rehabilitation services, harms plaintiff and other similarly situated. The Courts have found these conditions intolerable and injurious.[1]

The Courts have found deficient law library as violative of plaintiff's rights pursuant to the First Amendment and the Right to Access to the Courts.[2]

The Court has found that unsanitary conditions violate inmates rights, and it violates the plaintiff's rights. See *Spellman v. Hopper*, 95 F.Supp. 2d. 1267 (M.D. Ala. 1999).

The actions of the defendants in interfering with the plaintiff's mail by opening mail and reading the plaintiff's mail outside of the presence of the plaintiff, including legal mail violates the plaintiff's rights to Due Process of Law and Privilege. The plaintiff's mail is clearly privileged and is related to plaintiff's case. The Court's have ruled that prison officials cannot read it, they can only open it in your presence to inspect it for contraband. See *Cascillo v. Cook County Mail Room*, 990 F.2d. 304 (7th Cir. 1993). The actions of the defendant as set forth in the complaint and the affidavit of the plaintiff as well as the motions violates the plaintiff's rights under the Fifth and Fourteenth Amendment which prohibits the government from depriving inmates of life, liberty, or property without due process of law. See *Wolf v. McDonnell*, 418 U.S. 539, 558 (1974), *Leslie v. Doyle*, 125 F.3d 1132, 1136 (7th Cir. 1997); *Riggins v. Nevada*, 504 U.S. 127, 137 (1992). See *Spear v. Sowers,* 71 F.3d. 626, 630 (6th Cir. 1995).

---

[1] See *Women's Prisoners of District of Columbia Dep't of Corrections v. District of Columbia*, 93 F.3d. 910, 927 (DC Cir. 1996), *French v. Owens*, 777 F.2d. 1250 (7th Cir. 1985). See *Toussaint v. Yockey*, 772 F.2d. 1490 (9th Cir. 1984); *Bradley v. Puckett*, 157 F.3d. 1022 (5th Cir. 1998); *Jackson v. District of Columbia*, 254 F.3d. 262 (DC Cir. 2001).
[2] This deprivation of library access and resources violate plaintiff's rights to reading material. See *Thornburgh v. Abbott*, 490 U.S. 40, 404 (1989).

The Court may issue a preliminary injunction when conditions justify the injunction still exists, such as over population *May Whether v. Newland*, 258 F.3d. 930 (9th Cir. 2001).

The courts may issue a prisoner release order to reduce overcrowding and limit the prison population. See *Berwanger v. Cottey*, 178 F.3d. 834, 836 (7th Cir. 1999).

The Courts have ruled that exposure to noxious odors, including those of human waste, and dreadful conditions of confinement as constituting an injury. See *Waters v. Andrews*, Number 97-CV-407, 2000 WL 1611126, at *7 (W.D.N.Y. October 16, 2000 unpublished)

The Courts has ruled that retaliation for exercising protected rights and petitioning officials for redress constitutes an actionable claim. *Noguera v. Hasty* No. 99 CIV. 8786 KMWAJP, 2001 WL 243535(S.D.N.Y. March 12, 2001).

## DECLARATORY AND INJUNCTIVE RELIEF TO END UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT

The plaintiff is entitled to seek Declaratory Judgment and Injunctive Relief to End Alleged Unconstitutional Conditions of Confinement; these remedies survived § 1997 e (e), *Perkins v. Kansas Dep't of Corr.*, 165 F.3d. 803, 808 (10th Circuit 1999); *Davis v. District of Columbia*, 158 F.3d. 1342, 1346 (DC Cir. 1998); *Zehner v. Trigg*, 133 F.3d. 459, 561-63 (7th Cir. 1997).

*[signature]*
Simon Banks, J.D., Pro Se

3

## CERTIFICATE OF SERVICE

I, hereby certify that the parties are being served pursuant to Rule 4 with a copy of this complaint.

S. Elwood York, Jr.,
Acting Director DC Department of Corrections
1923 Vermont Avenue, N.W.
Washington, DC 20001

Larry Corbett, Acting Warden
DC Jail
1901 D Street, S.E.
Washington, DC 20003

Captain N. Tally
DC Jail
1901 D Street, S.E.
Washington, DC 20003

Edward D. Reiskin
District of Columbia Deputy Mayor for Public Safety,
1350 Pennsylvania Avenue, N.W.
Suite 327
Washington, DC 20004

Anthony Williams
Mayor District of Columbia
1350 Pennsylvania Avenue, N.W.
Washington, DC 20004

Darlene Fields
Office of the Attorney General
For the District of Columbia
441 – 4th Street, N.W.
6th Floor South, Suite 600
Washington, DC 20001

4

Dr. Gregory Pane
Director of District of Columbia
Department of Health
825 North Capitol Street, N.E.
Washington, DC  20002


*/s/ Simon Banks*
Simon Banks
DC Jail
1901 D Street, S.E., #269768
Washington, DC  20003

And

Simon Banks
P.O. Box 17052
Alexandria, VA  22302