UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
DR. SIMON BANKS,                   )
                                   )
        Plaintiff,                 )
                                   )   Civil Action No. 05-1514 (ESH)
        v.                         )
S. ELWOOD YORK, JR., et al.,       )
                                   )
        Defendants.                )
_____)

## DEFENDANTS' MOTION TO DISMISS

Defendants, Anthony Williams (Williams), current Mayor of the District of Columbia, Gregory Pane, M.D. (Pane), Director, D.C. Department of Health (DOH), and Nora Tally, Captain, D.C. Department of Corrections (Tally), by and through undersigned counsel, move to dismiss the plaintiff's complaint filed against them in the instant civil action, and as grounds therefore states as follows:

1. Plaintiff, Dr. Simon Banks (Banks) fails to state an objective sufficiently serious deprivation, and fails to allege that any injury was the result of defendants Williams' or Pane's deliberate indifference.

2. Defendants, Williams, Pane and Tally, are sued in their official District of Columbia government capacities; however, plaintiff fails to state that any injury was the result of a policy or practice of the District of Columbia, as required for municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

3. Plaintiff fails to state any cognizable injury.

4. The Defendants enjoy qualified immunity.

5. Plaintiff failed to exhaust administrative remedies.

1

For all the above-stated reasons, as set forth more fully in the accompanying memorandum of points and authorities, defendants' motion to dismiss plaintiff's complaint should be granted.

WHEREFORE, Defendants pray that this Honorable Court deny the claims asserted by Plaintiff and dismiss this action with prejudice.

    Respectfully submitted,

    ROBERT J. SPAGNOLETTI
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

    RICHARD S. LOVE [340455]
    Chief, Equity I

    __/s/_____
    DENISE J. BAKER [493414]
    Assistant Attorney General, DC
    441 Fourth Street, NW
    Sixth Floor South
    Washington, DC  20001
    202-442-9887

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Dismiss Plaintiff's Complaint was filed electronically with the Court for ECF service, and mailed, US postage prepaid, this 14th day of April 2006 to:

Dr. Simon Banks
Doctor of Laws
#269768
1901 D Street, NW
Washington, DC  20003

Dr. Simon Banks
Doctor of Laws
P.O. Box 17052
Alexandria, VA  22302

    __/s/_____
    Denise J. Baker

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
DR. SIMON BANKS,                              )
                                              )
            Plaintiff,                        )
                                              )     Civil Action No. 05-1514 (ESH)
       v.                                     )
S. ELWOOD YORK, JR., et al.,                  )
                                              )
            Defendants.                       )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS**

**I. INTRODUCTION**

Plaintiff, Dr. Simon Banks (Banks), an inmate of the District of Columbia Jail, claims in his complaint that three named defendants, Mayor Anthony Williams (Williams), and Dr. Gregory Pane (Pane), and Captain Nora Tally (Tally)[1] violated the U.S. Constitution, specifically the Eighth Amendment, the Equal Protection and Due Process Clauses of the 5th and 14th Amendments, and a plethora of other federal statutory acts.  These complaints arise from alleged problems he experienced during his continuing tenure in the D.C. Jail.  Generally, Banks complains that: (1) the jail is overcrowded, and he has had to wait more than 90 days for an appointment with the jail's podiatrist, optometrist or dentist; (2) the bathroom facilities are not clean, some bunk beds have no ladders, the heating is inadequate, the cells have roaches, and there is only one writing desk for two prisoners in the cell; (3) the meals are not nutritious; (4) the law library collection is antiquated; (5) more correctional officers are needed on staff; (5) misdemeanants and felons are co-mingled in the prison population; (6) prisoner grievances are not timely processed; (7) reading materials and recreational facilities are insufficient; (8) the

---

[1] Banks makes the same assertions against other defendants yet to be properly served under this civil action.

prison commissary fails to stock an adequate selection of body and skin oils; (9) there is a need for greater finger- and toenail clipping for the inmate population, as well as a need for microwave ovens, skin lotions and more blankets; (10) corrections officers are opening inmate mail; (11) the District Department of Health (DOH) does not audit and evaluate the jail's conditions; and, (12) plaintiff's cellmate has a fungus condition that may be contagious.

In short, plaintiff's laundry list of assorted conditions at the jail can not establish an Eighth Amendment or other violation. Plaintiff's vague and conclusory allegations fail to show that he was deprived of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman, 452 U.S. 337, 347 (1981)* (double celling did not violate Eighth Amendment). Additionally, plaintiff does not claim direct involvement of these defendants.  Plaintiff does not state facts that amount to a violation of a municipal policy or practice; albeit, plaintiff liberally sprinkles the appropriate "buzz words" throughout the complaint's text.  Lastly, the Mayor, the Director of the Health Department and the Captain are entitled to the protection of qualified immunity, which is fully recognized by this court.

## II.    LEGAL ARGUMENT

**1. Plaintiff Fails to State Any Viable Constitutional Claim.**

The Eighth Amendment "prohibits the infliction of 'cruel and unusual punishments.'" *Wilson v. Seiter, 501 U.S. 294 (1991);*  but, jail conditions may be restrictive and even harsh without violating the Constitution. Only "those deprivations denying the minimal civilized measure of life's necessities … are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson, 501 U.S. at 825.*   "Cruel and unusual punishment" is that which involves the unnecessary and wanton infliction of pain, those which are grossly disproportional to the severity of the crime for which an inmate is imprisoned, or are totally without penological justification.

4

*Rhodes v. Chapman, 452 U.S. 337 at 346.* A discerning review of plaintiff's grumblings show a nitpicking of petty problems that lack the obduracy or wantonness required to make out an Eighth Amendment violation.

To establish an Eighth Amendment violation regarding conditions of confinement, two requirements must be met. First, the deprivation must be, objectively, "sufficiently serious" and secondly, a prison official must have been deliberately indifferent to inmate health or safety. *Farmer v. Brennan, 511 U.S. 825 (1994).* Second, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id*. Banks' allegations do not meet either prong of this standard. Plaintiff has not, nor could he, that defendant Williams, Pane, or Tally (or any District official) was deliberately indifferent to his situation or conditions at the jail. Banks does not alleged that any District officials had the purpose of causing him harm or know that harm would result, or even that any official failed to act, despite his or her knowledge of a substantial risk of harm to Banks. *Id., at 842.*

Judicial oversight of prison conditions was circumscribed the U.S. Supreme Court and the District of Columbia Courts likewise. The U.S. Supreme Court cautioned lower federal and state courts against enlarging the "commodious contours of section 1983 of the Fourteenth Amendment so as to displace state law. *Daniels v. Williams, 474 U.S. 547 (1981); Paul v. Davis, 424 U.S. 693, 701 (1976).* The mere fact that the conduct was allegedly performed by a state actor or allegedly occurred with a state facility does not support its characterization as a constitutional wrong. Rather, it is grievous or flagrant governmental abuse that demands a constitutional response. *Davis v. Butcher, 853 F.2d 718, 721 (9th Cir. 1988).* Isolated and

5

limited tortuous conduct in the prison does not violate inmate constitutional rights. *Id., at 720 n. 3.*

In accord with the U.S. Supreme Court, the D.C. Circuit in *Inmates of Occoquan v. Barry, 844 F.2d 828 (D.C. Cir. 1988),* warned against taking the "judicial eye off of core constitutional concerns… into the forbidden domain of prison reform." *Id. at 837.* The Court in *Occoquan* concluded that the constitutional concern must be with the basic necessities of life, not the undesirability of the conditions to which inmates are subjected.

The Prison Litigation Reform Act, *18 U.S.C. §3626 (2005)* (PLRA), reinforces the admonition referenced above, that corrections administrators, not federal judges, are best suited to manage the conditions of confinement. "The PLRA has restricted courts' authority to issue and enforce prospective relief concerning prison conditions, requiring that such relief be supported by findings, and precisely tailored to what is needed to remedy the violation of a federal right." *Miller v. French, 530 U. S. 327, 347 (2000), citing Benjamin v. Jacobson, 172 F.3d 144, 163 (2nd Cir. 1999) (en banc).*

Plaintiff's complaint that the law library is inadequate also fails to state a claim. While prisoners have a constitutional right of access to the courts, a prisoner claiming a denial of that right must demonstrate that the alleged shortcoming hindered his efforts to pursue a non-frivolous legal claim. *Lewis v. Casey, 518 U.S. 343 (1996).* The prisoner must allege that he was prevented from pursuing a specific legal matter. *Vaughn v. United States, 579 A.2d 170 (D.C. 1990).* Here, Banks does not allege any specific legal matter he was prevented from litigating.

Most of plaintiff's concerns do not even involve a basic necessity and, at any rate, do not violate any constitutional provision. For example, plaintiff's complaint that inmates cannot

6

obtain hair pomades from the prison commissary does not violate a federal right or deprive plaintiff of a basic necessity.

## 2. Plaintiff Fails to State Any Injury that was the Result of a District of Columbia Policy or Practice.

Under the standards of *Monell v. Department of Social Services, 436 U.S. 658 (1978)*, a local government is not liable under *§ 1983* for an injury inflicted solely by its employees; plaintiff must show a municipal custom or policy to establish liability. Plaintiff cannot rely on a *respondeat superior* theory of liability to prove that a municipal policy or practice caused a deprivation of constitutional rights[2]. *Id.* at 691. Rather, Plaintiff must demonstrate that the violation of his constitutional rights was the result of (1) an official policy statement, ordinance or regulation, or (2) a governmental custom or practice that is persistent and widespread. *Monell, 436 U.S. at 691; City of St. Louis v. Praprotnik, 485 U.S. 112, 121-22; 99 L. Ed. 2d 107; 108 S. Ct. 915 (1988) (plurality opinion).*

To hold a municipality accountable, the Plaintiff must establish that the official policy or custom itself is "the moving force of the constitutional violation." *Carter v. District of Columbia, 254 U.S. App. D.C. 71; 795 F.2d 116, 122 (D.C. Cir. 1986) (citing Monell, 436 U.S. at 694 and Polk County v. Dodson, 454 U.S. 312, 326; 70 L. Ed. 2d 509; 102 S. Ct. 445 (1981)).*

---

[2] Although not alleged with the requisite level of specificity required by the rules of this Court, even if plaintiff's claim against defendants Williams, Pane, and Tally, as supervisors, is based on the theory of *respondeat superior*, it must fail since government officials cannot be liable in *respondeat superior*. *Robertson v. Sichel*, 127 U.S. 507 (1988) (it is well established that a supervisory official is not liable under the theory of *respondeat superior* for the alleged torts of his subordinate employees, for only the master (employer) is liable). *See also Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), pertaining to liability under 42 U.S.C. 1983. The United States Court of Appeals for the District of Columbia Circuit explained this maxim as such:
   ... a superior officer is not subject to vicarious liability for the torts of his subordinates, whether at common law or under § 1983, because they are both servants of the same employer ...

*Carter v. Carlson*, 447 F.2d 358, n. 39 (D.C. Cir. 1971), *rev'd on other grounds*, *sub nom District of Columbia v. Carter*, 409 U.S. 418 (1973). Citing *Robertson v. Sichel, supra*, the court explained that, "of course, Carlson's master for this purpose is his employer, the District, and not the supervisory officers who are in fact his fellow employees."

The Supreme Court has held that "municipal liability under § 1983 attaches where -- and only where -- a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986) (citing *City of Oklahoma v. Tuttle*, 471 U.S. 807, 823 (1985)* (Cited for the proposition that "policy generally implies a course of action consciously chosen from among various alternatives").

Here, Banks never alleged that the District of Columbia had any specific policy or custom to subject him to conditions that rose to Constitutional violations. Plaintiff merely makes conclusory statements that the District's policies, customs, and/or practices are deficient, and presumably were the moving forces behind his injuries. *See* Complaint generally.

All three defendants were sued in their official capacities. A claim against a government official in his or her official capacity is considered a claim against the government. *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985). "[A]n official capacity suit is to be treated , in all respects other than name, as a suit against the entity [of which the officer is an agent]." *Id. at 166*. Such a claim against defendants in their official capacity would fail for the same reasons as a claim against the District of Columbia discussed above.

In short, Plaintiff has failed to assert, and cannot demonstrate, the existence of any policy, practice or custom sufficient to establish a *prima facie* case of municipal liability under § 1983. Defendants are entitled to an order of dismissal.

**3. Plaintiff fails to State any Injury.**

Plaintiff fails to allege that he suffered any specific physical injury, and is, therefore, barred from recovering damages pursuant to the provision of the Prison Litigation Reform Act that prohibits recovery for mental or emotional injury in the absence of physical injury. *42*

*U.S.C. § 1997e(e).* That section provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a showing of physical injury." That section has been deemed constitutional. *Davis v. District of Columbia, 158 F.3d 1342 (D.C.Cir. 1998).*

Consistent with the above-referenced provision of the PLRA, plaintiff is barred from recovering compensatory or punitive damages for any mental or emotional injury Plaintiff's complaint here alleged no specific physical injury or, indeed, any injury at all.  While he complains of an assortment of alleged conditions, he fails to assert any injury resulting from these alleged conditions.  This failure alone is fatal to his claims.

4. **Defendants are Entitled to Qualified Immunity from Suit.**

The doctrine of qualified immunity was defined by the Supreme Court in *Harlow v. Fitzgerald*, *457 U.S. 800 (1982)*, as one which shields government officials "discretionary functions as long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id. at 818.*  Since Harlow was decided, the Supreme Court further expanded the qualified immunity standard in *Mitchell v. Forsyth*, *472 U.S. 511 (1985).* The Court stated that "Unless the plaintiff's allegations state a claim of violation of *clearly established law*, a defendant pleading qualified immunity is entitled to dismissal *before* the commencement of discovery. *Id. at 536. (Emphasis supplied).  See also Hunter v. District of Columbia, 943 F.2d 69 (D.C. Cir. 1991).*

Banks fail to allege that either defendant Williams, Pane or Tally violated any clearly established law of which a reasonable person in their respective position should have known.  In fact, given the complaint in this case, plaintiff does not allege anything against these defendants

that would constitute a cognizable constitutional claim-- much less a violation of clearly established law.

In the context of constitutional tort actions against government officials, the Supreme Court has routinely admonished district courts not to perpetuate lawsuits otherwise crying out for dismissal:

> Insubstantial lawsuits can be quickly terminated by federal courts alert to the possibilities of artful pleading. Unless the complaint states a compensable claim for relief under the Federal Constitution, it should not survive a motion to dismiss.

*Butz v. Economy, 438 U.S. 478, 507-508 (1978); accord Harlow v. Fitzgerald, 457 U.S. 800, 808, 877-818.* The application of the Supreme Court's decisions in *Harlow*, *Mitchell* and *Butz* are based upon the necessity to shield government officials from vexacious lawsuits, which deprive government officials of administrative discretion:

> [O]fficials of government [to] be free to exercise their duties unembarrassed by the fear of damage suites in respect to acts done in the course of those duties – suites which consume time and energies which would otherwise be devoted to governmental service and the threat of which might appreciably inhibit the fearless, vigorous, and effective administration of policies of government.

*Barr v. Mateo, 360 U.S. 564, 571 (1959).* The relevant dispositive inquiry in determining [if an official is entitled to qualified immunity is] whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Id. at 2156. (citing Malley v. Briggs, 457 U.S. 335, 341 (1986)* (qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law").

**5. Plaintiff failed to exhaust his administrative remedies.**

Finally, plaintiff has failed to exhaust his administrative remedies concerning the claims he has raised in this federal complaint. Plaintiff has neither alleged nor shown that he has

exhausted administrative remedies that were available to him under the District of Columbia's Inmate Grievance Procedure, as required by the Prison Litigation Reform Act, *42 U.S.C. § 1997e(a)*.

The PLRA requires that no action with respect to prison conditions be brought "until such administrative remedies as are available are exhausted." *42 U.S.C. §1997e(a)*. The purpose of the grievance procedures is to give prison officials an opportunity to address alleged problems and to relieve the courts of unnecessary litigation. Plaintiff seeks to turn the grievance process on its head in his attempt to create a federally protected interest for himself. Even if the jail's inmate grievance process was flawed, that fact is not enforceable as a federal right. For this reason alone, plaintiff's claims should be dismissed. *Porter v. Nussle, 534 U.S. 516, 520 (2002); Jackson v. District of Columbia, 254 F.3d 262, 269, 270-71 (D.C. Cir. 2001)*.

### III.   CONCLUSION

Wherefore, for all the above-stated reasons, plaintiff's complaint should be dismissed.

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        RICHARD S. LOVE [340455]
        Chief, Equity I

        __/s/_____
        DENISE J. BAKER [493414]
        Assistant Attorney General, DC
        441 Fourth Street, NW
        Sixth Floor South
        Washington, DC  20001
        202-442-9887