## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIMON BANKS ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 05-1514 (ESH) |
| ) | |
| S. ELWOOD YORK, JR., et al. ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' MOTION TO STAY DISCOVERY

Pursuant to Fed. R. Civ. P. 26(c), Defendants Dr. Gregory Pane, Captain N. Tally, and Mayor Anthony Williams (collectively "the District") hereby move this Honorable Court to stay discovery in this matter pending resolution of defendants' dispositive motion on the grounds that: (1) the issues raised in defendants' dispositive motion are issues of law that do not involve issues of disputed fact; (2) granting defendants' dispositive motion will resolve this case; and (3) plaintiff has yet to state a claim upon which relief can be granted, as his claims here are substantively meritless. The grounds for this motion are more fully set forth in the accompanying memorandum of points and authorities incorporated by reference herein. A proposed Order also is attached hereto.

Pursuant to LCvR 7(m), undersigned counsel discussed the subject motion with plaintiff, who did not consent to the relief requested herein.

WHEREFORE, the District respectfully requests that this Honorable Court:

A. Grant the Defendants' Motion to Stay Discovery, and

B. Grant the District such other and further relief as the nature of its cause may require.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

RICHARD S. LOVE [340455]
Chief, Equity I


_____/s/_____
DENISE J. BAKER [493414]
Assistant Attorney General, DC
441 Fourth Street, NW
Sixth Floor South
Washington, DC  20001
202-442-9887

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Stay Discovery was filed electronically with the Court for ECF service and mailed, US postage prepaid, this 2nd day of June 2006 to:

Dr. Simon Banks
P.O. Box 17052
Alexandria, VA  22302

                                                                                                                               _____
                                                                                                                              Denise J. Baker

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SIMON BANKS ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 05-1514 (ESH) |
| ) | |
| S. ELWOOD YORK, JR., et al. ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF
### <u>DEFENDANTS' MOTION TO STAY DISCOVERY</u>

Defendants, Dr. Gregory Pane, Captain N. Tally, and Mayor Anthony Williams (collectively "the District"), by and through undersigned counsel, respectfully submit this Memorandum of Points and Authorities in Support of their Motion to Stay Discovery, pursuant to Fed. R. Civ. P. 26(c).

### I. Introduction

The District filed a Motion to Dismiss the above captioned complaint on April 14, 2006. Plaintiff requested and received an extension of time to oppose the motion to dismiss, which is now due on June 6, 2006. Plaintiff seeks discovery by way of interrogatories and requests for production of documents at this time.[1]

---

[1] Defendants acknowledge that Plaintiff has granted an extension of time to answer the discovery.

**II. Argument**

The discovery rules, as with the entire Federal Rules of Civil Procedure, are designed to achieve "a just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Accordingly, courts are empowered, upon motion and for good cause shown, to "make any order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense," including an order that discovery not be conducted. Fed. R. Civ. P. 26(c). Similarly, a court may alter the sequence and timing of discovery "for the convenience of the parties and witnesses." Fed. R. Civ. P. 26(d).

In light of these general principles, courts should stay discovery when a dispositive motion is pending and the discovery request is immaterial to the issue before the Court. *See, e.g., Chagnon v. Bell*, 642 F.2d 1248, 1265–66 (D.C. Cir. 1980); *Moldea v. New York Times Co.*, 137 F.R.D. 1, 2 (D.D.C. 1990). Here, the individual defendants are entitled to qualified immunity. Proceeding with discovery before this Court rules on defendants' dispositive motion would vitiate the individual defendants' qualified immunity defense. "Unless the plaintiff's allegations state a claim of violation of *clearly established law*, a defendant pleading qualified immunity is entitled to dismissal *before* the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 536 (1985) (*emphasis supplied*). Furthermore, "qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" *Saucier v. Katz*, 533 U.S. 194 (2001) (*citing Mitchell*, 472 U.S. at 526)).

Also, Plaintiff fails to allege that he suffered any specific physical injury, and is, therefore, barred from recovering damages pursuant to the provision of the Prison

Litigation Reform Act that prohibits recovery for mental or emotional injury in the absence of physical injury. *42 U.S.C. § 1997e(e)*. That section provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a showing of physical injury." That section has been deemed constitutional. *Davis v. District of Columbia, 158 F.3d 1342 (D.C.Cir. 1998).* Additional grounds are raised in defendants' motion to dismiss.

If the motion to dismiss is granted, discovery prior to the Court's decision will result in an unnecessary expenditure of the time, resources, and energy of the parties and the Court. To avoid such an unnecessary expenditure, courts in this and other jurisdictions routinely grant motions to stay discovery until a dispositive motion is decided by the trial court.

In approving a stay of discovery pending resolution of an initial motion, the D.C. Circuit has said that "[i]n the case of suits against government officials, we are mindful that uncontrolled discovery in the course of insubstantial lawsuits can be a form of harassment that imposes an undue burden on the time and resources of public officials and their agencies." *Chagnon v. Bell*, 642 F.2d 1248, 1266 (D.C. Cir. 1980) (affirming trial court's stay of discovery pending resolution of dispositive motion). *See also Brennan v. Local Union No. 639, Int'l. Brotherhood of Teamsters*, 494 F.2d 1092, 1100 (D.C. Cir. 1974), *cert. denied*, 429 U.S. 1123 (1977) (affirming trial court's grant of protective order suspending discovery until decision on motion for summary judgment); *Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("[i]t is well settled that discovery is generally

considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.") (*citing Anderson v. United States Attorneys Office*, No. Civ.A. 91-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992)). *See also Chavous, supra*, at 2 ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned and to make the most efficient use of judicial resources.'" (citations omitted).

Cases following the principles enunciated above are legion. *See, e.g.*, *Institute Pasteur v. Chiron Corp.,* 315 F. Supp.2d 33, 37 (D.D.C. 2004); *Brennan v. Local Union No. 639,* 494 F.2d 1092, 1100 (D.C. Cir. 1974) (upholding grant of protective order staying discovery until after ruling on summary judgment motion); *White v. Fraternal Order of Police,* 909 F.2d 512, 517 (D.C. Cir. 1998); *Moldea v. The New York Times,* 137 F.R.D. 1 (D.D.C. 1990); *cf. Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

### III. Conclusion

Based on the above, the District respectfully requests that this Honorable Court enter an order pursuant to Fed. R. Civ. P. 26(c), to stay discovery pending resolution of the District's dispositive motion.

    Respectfully submitted,

    ROBERT J. SPAGNOLETTI
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

    RICHARD S. LOVE [340455]
    Chief, Equity I

                                      _____/s/_____
                                      DENISE J. BAKER [493414]
                                      Assistant Attorney General, DC
                                      441 Fourth Street, NW
                                      Sixth Floor South
                                      Washington, DC  20001
                                      202-442-9887

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIMON BANKS ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 05-1514 (ESH) |
| ) | |
| S. ELWOOD YORK, JR., ETAL. ) | |
| ) | |
| Defendants. ) | |

## ORDER

Upon consideration of the Defendants' Motion to Stay Discovery, the Memorandum of Points and Authorities in Support thereof, any opposition thereto, the entire record herein, and it appearing that the relief should be granted, it is hereby:

ORDERED, that the Defendants' Motion to Stay Discovery be, and hereby is, GRANTED, and it is

FURTHER ORDERED, that all discovery in this matter is hereby STAYED until the resolution of the District's dispositive motion.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

DATE:_____

Copies to:

Denise J. Baker
Assistant Attorney General
Equity Division
Office of the Corporation Counsel
441 Fourth Street, NW, 6th Floor North
Washington, D.C. 20001


Simon Banks
P.O. Box 17052
Alexandria A 22302