UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIMON BANKS, )<br>)<br>     Plaintiff )<br>)<br>v. )<br>)<br>S. ELWOOD YORK, JR., ET AL. )<br>)<br>     Defendants )<br>_____ ) | Civil Action No. 05-1514 (ESH)<br>Ellen Segal Huvelle, Judge<br><br>June 7, 2006 |

**PLAINTIFF'S MOTION TO AMEND THE COMPLAINT
PURSUANT TO FEDERAL RULE CIVIL PROCEDURE
15
PURSUANT TO THE LOCAL RULES OF THIS
COURT THE PLAINTIFF DISCUSSED THIS
MOTION AND DEFENDANTS PANE, TALLY AND WILLIAMS
OPPOSE THE FILING OF THIS MOTION**

Comes now Simon Banks, Plaintiff and moves this Honorable Court pursuant to Fed. R. Civ. P. 15 to amend the Complaint and in support cites the following:

1. The Plaintiff recently suffered damages and injury to his person, his Constitutional Rights and his liberty, as a consequence of prior actions of the defendants as the result of deliberate indifference to the rights of the Plaintiff and in order for the Plaintiff to secure full relief and so that the defendants will be on notice of the Plaintiff's total claims, the Complaint must be amended.

2. Named defendants Devon Brown and Robert Cook have not been served and are not included in the defendant's dispositive motion.

RECEIVED
JUN - 7 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

3. The Plaintiff has served discovery upon the defendants which have not been responded to in accordance with the Rules governing this Court and the Plaintiff has filed motion to compel discovery.

4. The Plaintiff incorporate by reference Plaintiff's Memorandum of Law In Support of Motion To Amend the Complaint.

5. The Plaintiff incorporate by reference Plaintiff's Motion to Stay disposition on defendant's Motion for Summary Judgment until the completion of discovery and until after the Court decides Plaintiff's Motion for Leave to Amend the Complaint.

6. The Plaintiff incorporate by reference Plaintiff's Amended Complaint against defendants Devon Brown and Robert Cook and/or In the Alternative Plaintiff's Motion to Sever Defendants.

**WHEREFORE,** Plaintiff pray that the Court grant Plaintiff's Motion to Amend the Complaint.

_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
drsbanks@msn.com,

## CERTIFICATE OF SERVICE

I, hereby certify that a copy of this pleading, electronically mailed, postage prepaid, this 7th day of June, 2006, to the following:

Denise J. Baker,
Assistant Attorney General, DC
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
(202) 442-9887

_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
drsbanks@msn.com,

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SIMON BANKS,  )
             )
      Plaintiff )
             )
v.           )   Civil Action No. 05-1514 (ESH)
             )   Ellen Segal Huvelle, Judge
S. ELWOOD YORK, JR., ET AL.  )
             )
      Defendants )
             )   June 7, 2006

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND THE COMPLAINT PURSUANT TO FEDERAL RULE CIVIL PROCEDURE 15

Comes now Simon Banks, Plaintiff and moves this Honorable Court pursuant to Fed. R. Civ. P. 15 to amend the Complaint and in support cites the following:

### Legal standard for a Motion to Amend the Complaint``

Under Federal Rules of Civil Procedure 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a), *Wiggins v. Dist. Cablevision, Inc.*, 853 F. Supp. 484, 499 (D.D.C. 1994)(Lamberth, J.); 6 Fed. Prac. & Proc. 2d § 1474. [1] According to the Court of Appeals, Rule 15(a) "guarantee[s] a plaintiff an absolute right" to amend the complaint once at any time so long as the defendant has not served a responsive pleading and the

---

[1] When a plaintiff's amendment of the complaint is "as a matter of course" under Rule 15(a), the plaintiff's filing of a motion requesting the court's leave to amend does not nullify the plaintiff's right to amend and invoke the court's authority to deny leave. E.g., *Pure County, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002).

RECEIVED
JUN - 7 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

court has not decided a motion to dismiss. *James v. Hurson Assocs., Inc. v. Glickman,* 229 F.3d 277, 282-83 (D.C. Cir. 2000)(citing Fed. R. Civ. P. 15(a)). Once a responsive pleading is filed, however, a party may amend its complaint only by leave of the court or by written consent of the adverse party. *Foman v. Davis,* 371 U.S. 178, 182 (1962). The grant or denial of leave is committed to the discretion of the district court. *Firestone v. Firestone,* 76 F. 3d 1205, 1208 (D.C. Cir. 1996). The court must heed Rule 15s mandate that leave is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman,* 371 U.S. at 182; *Caribbean Broad. Sys., Ltd v. Cable & Wireless P.L.C.,* 148 F.3d 1080, 1083 (D.C. Cir. 1998). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Denial of leave to amend therefore constitutes an abuse of discretion unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments. *Foman,* 371 U.S. at 182; *Caribbean Broad. Sys.,* 148 F.3d at 1083.

**Defendants Devon Brown, Director of D.C. Department of Corrections and Robert Cook, Warden, District of Columbia Jail, have not submitted responses to the Complaint prior to this instant motion and are critical defendants to all claims. [Emphasis Added]**

With regard to undue delay, the text of Rule 15 does not prescribe a time limit on motions for leave to amend. Fed. R. Civ. P. 15(a); *Caribbean Broad. Sys.,* 148 F.3d at 1084. Accordingly, a court should not deny leave to amend based solely on time elapsed between the filing of the complaint and the request for leave to amend. *Atchinson v.*

2

*District of Columbia,* 73 F.3d 418, 426 (D.C. Cir. 1996)(citing *Hayes v. New Eng. Millwork Distribs., Inc.,* 602 F.2d 15, 19 (1st Cir. 1979)). Nor does the prolonged nature of a case affect whether the plaintiff may amend his complaint. *Caribbean Broad. Sys.,* 148 F.3d at 1084 (concluding that the length of litigation is relevant only insofar as it suggests bad faith or prejudice). Rather, the court should take into account the actions of other parties and the possibility of resulting prejudice to the opposing party. *Id.; Atchinson,* 73 F.3d at 426.

To demonstrate such prejudice, the opposing party "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendment been timely." *Dooley v. United Techs. Corp.,* 152 F.R.D. 419, 425 (D.D.C. 1993)(quoting *Foremost-McKesson Inc. v. Islamic Rep. Of Iran,* 759 F. Supp. 855, 858 (D.D.C. 1991)). For example, prejudice may exist when allowing an amendment would necessitate reopending discovery at a relatively late state in the proceedings. E.g., *Societe Liz, S.A. v. Charles of the Ritz Group. Ltd.,* 118 F.R.D. 2, 4 (D.D.C. 1987)(finding prejudice when the motion to amend was filed just prior to the close of discovery, with trial fast approaching); *Indep. Petrochemical Corp., v Cas & Sur. Co.,* 1987 WL 9232, at *2 (D.D.C. March 25, 1987)(finding prejudice when the proposed amendment would prolong discovery after the previously announced deadline.) Finally, prejudice may exist "when the effect of the amendment is to impair the opposing party's ability to present evidence." *Prince v. Suffolk County Dep't of Health Servs.,* 1995 WL 144782, at *6 (S.D.N.Y. Apr. 3, 1995).

**The defendants cannot show any of the above that would justify denying the Motion to Amend.**

**Because the Plaintiff's Amended Complaint supersedes the original complaint, the amended complaint is now the operative complaint.** *Washer v. Bullit County*, 110 U.S. 558, 562 (1884); *Bancoult*, 214 **F.R.D.** at 13 (noting that "the original complaint is now superseded by the amended complaint"); **6 Fed . Prac. & Proc.** 2d § 1476 (explaining that an amended pleading "under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified'").

### NEW EVIDENCE AND RECENT HARM AND DAMAGES

The new evidence include the lost of four teeth in May, 2004, and the resulting damage to four other teeth of the Plaintiff as a consequence of defendant's negligent conduct, breach of duty of care, and reckless indifference to the medical needs of the Plaintiff. The new evidence further include the defendant's unlawfully, unconstitutionally, and negligently failure to release the Plaintiff on March 20, 2006 and further depriving the Plaintiff of liberty, and subjecting the plaintiff to unlawful detention and failure to release the Plaintiff after the expiration of his sentence on March 20, and by subjecting the Plaintiff to continued incarceration until 10:30 p.m. on April 28, 2006. **See Affidavit of Simon Banks. See Motion of Attorney Cynthia Nordone, praying for the immediate release of Plaintiff, filed on April 28, 2006.**

A motion to amend a complaint to add a party may also implicate Federal Rules of Civil Procedure 20 and 21, the joinder rules. *Oneida Indian Nation v. County of Oneida*, 199 F.R.D. 61, 72 (N.D.N.Y. 2000)

The Director of the Department of Corrections and the Warden of the District of Columbia Changed from York to Brown and from Larry Corbitt to Robert Clay,

4

respectively, subsequent to the bringing of the instant civil action. They were not served service of process.

There is no genuine dispute that when a public officer is a party to an action in his official capacity and during its pendency ceases to hold office, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d)(1).

The Plaintiff moves the Court to amend the complaint based upon "recently discovered additional facts, harm and damages, which are necessary and pertinent to [the] Plaintiff's ability to redress all of his claims. In particular, the Plaintiff seeks to add a negligence claim and claims for unlawful detention, failure to release after expiration of sentence. The Plaintiff further seeks to add recently discovered facts which expound on already existing claims in an effort to more accurately describe and put the defendants on notice of the basis for the claims.

**WHEREFORE,** Plaintiff pray that the Court grant Plaintiff's Motion to Amend the Complaint.

_/s/ Simon Banks_
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
drsbanks@msn.com,

## CERTIFICATE OF SERVICE

I, hereby certify that a copy of this pleading, electronically mailed, postage prepaid, this 7th day of June, 2006, to the following:

Denise J. Baker,
Assistant Attorney General, DC
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
(202) 442-9887

_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
drsbanks@msn.com,