RECEIVED

JUN 0 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SIMON BANKS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1514 (ESH) |
| | ) | Ellen Segal Huvelle, Judge |
| S. ELWOOD YORK, JR., ET AL. | ) | |
| | ) | |
| Defendants | ) | |
| | ) | June 8, 2006 |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S
## MOTION TO STAY DISCOVERY

Comes now Simon Banks, Plaintiff, and submit Opposition to Defendants's

Motion to Stay Discovery, and in support, cites the following:

1.    Plaintiff incorporate by Plaintiff's Motion to Amend the Complaint.

2.    Plaintiff incorporate by reference Plaintiff's Motion to Compel Discovery.

3.    Plaintiff incorporate by reference Plaintiff's Rule 56(f) Motion to Deny

Defendants' Motion Without Prejudice, or Alternatively, For Extension of

Time in Which to Complete Discovery.

Plaintiff's motion under Rule 56(f) should be granted.  This case presents the

classic Rule 56(f) case.  The case is factually complex and the defendants filed its

summary judgment motion before a scheduling order has even been entered.[1]

*Loughlin v. United States,* 2002 U.S. Dist. LEXIS 22312, *72 (D.D.C. 2002)

---

[1] The parties are in sort of limbo on discovery in this case. The Plaintiff initiated discovery on April 4, 2006.  The defendants have not responded.  Rather, the defendants have filed a motion to stay discovery until after the Court Rules on its dispositive motion for summary judgment.

(premature to grant summary judgment where non-movant has not yet conducted discovery). Any summary judgment motion filed before the Court has issued a Scheduling Order and before discovery has commenced is premature. *Cobell*, 30 F. Supp. 2d at 28-29.

Defendants are trying an end run around Plaintiff's Rule 26(b) discovery rights by filing a premature summary judgment motion based upon a couple of declarants whom do not have personal knowledge of most of the allegations in the complaint.

Plaintiff is entitled to full Rule 26(b) discovery on his claims and defenses. Defendants do not have the power to define the scope of discovery merely by filing a summary judgment motion based on its theory of the case. If the defendants position were correct, defendants as a matter of practice could always disregard Rule 26(b) and deny the Plaintiff discovery on his claims simply by filing a thinly supported summary judgment motion.

As this court stated in *Cobell v. Babitt,* in slightly different context, 30 F. Supp. 2d 24, 27-28 (D.D.C. 1998) (later restyled *Cobell v. Norton,* (defendants filed motions to dismiss and motion for summary judgment after scheduling order issued but before close of discovery):

> As explained below and in Plaintiff's Motion to Amend the Complaint, the Court clearly expects to rule on dispositive motion of the defendants when all of the defendants are in the case. Case law place restrictions on the court's review at the motion to dismiss phase. Moreover, a postponed determination of certain issues furthers an orderly administration of justice, even though the Court recognizes that there would b a certain advantage to resolving all of these issues now.

**There is no advantage to judicial economy** nor to the interest of justice to bifurcate discovery. The Plaintiff has Overdetention Claims in the

instant case as well as the case involving the joined defendants, Brown and Cook.

The key discovery item which Plaintiff need on the Overdetention claim and overcrowding claim is the DC Computer Database of prisoners and detainees showing their release dates and exit dates – both to prove his **Monell Claim** under § 1983 and to discover a list of comparable **victims**. This evidence is independently discoverable under Rule 34 and will be **needed to prove the §1983 municipal liability claim** on the Overdetention issue. Plaintiff needs discovery to show Overdetention with respect to long and short term detainees. Plaintiff needs discovery to show lack of and inadequate medical care, dental care, prior knowledge of the resultant effect of failure to provide the Plaintiff with a temporary crown to protect the seven teeth that were irreparably damage and subsequently removed, after the Plaintiff had expended in excess of $8000.00 to prepare his teeth for a permanent crown. The defendants destroyed the crown and refused to replace it with deliberate indifferent to the medical needs of the Plaintiff, on the issue of prior knowledge of defendants that the Plaintiff ought to have been released by March 20, 2006, when the defendants did not release the Plaintiff until April 28, 2006 at 10:30 pm.; and on the issue of overcrowding, and on the issue of retaliation for petitioning government for redress. The Plaintiff further needs discovery on why the defendants did not reassign the Plaintiff to the Central Treatment Facility given the Plaintiff's custody level, age and other relevant points. After the Plaintiff was entitled to be released, after the Plaintiff's

sentence had expired, the Plaintiff suffered strip searches, lockdowns, deprivation of medical attention, deprivation of cardiac-dietary diet.

The Plaintiff has complied with the requirements of Rule 56(f) by demonstrating specifically how a continuance....will enable plaintiff to rebut the assertions contained in the motion for summary judgment motion. The Plaintiff has stated with some precision the material sought, and exactly how those materials will help in opposing summary judgment." Moore, *supra,* ¶56.10[8][d], at 56-80.10 (footnotes omitted).

The Plaintiff has met this requirement under the Rule which "provides for comparatively limited discovery for the purpose of showing facts sufficient to withstand a summary judgment motion, rather than Rule 26, which provides for broad pretrial discovery." *First Nat'l Bank v. Cities Services Co.,* 391 U.S. 253, 265 (1968).

The Plaintiff has further certified that he has attempted to obtain the defendants' consent to his motion pursuant to LCvR7.1(m).

Order of Judge Lamberth in *Marcus Bynum v District of Col* 02-956 (RCL) Memorandum and Order, filed Nov. 18, 2002.

Supplemental Memorandum of Points and Authorities of defendant District of Columbia in opposition to motion of plaintiff for preliminary injunction

Plaintiff state that in *Watson v. Gaines, Civil Action No. 01 CV 2418 (GK), Judge Kessler has required the DCDC to provide plaintiff's counsel "lists" of D.C. Jail inmates subject to detainers (Pltfs. Reply Mem. 6n.4), thereby implying an ongoing duty to report to the Plaintiff in that case*

The plaintiff needs a tally of all the people being held on detainers
The District's custom and practice of detaining prisoners beyond the expiration of their
release date, the name, release date, exit date and actual exit date of all prisoners, records
relating to dates of incarceration, that defendants record management system that ensures
the timely release of detainees. The Plaintiff needs evidence of all claims of
mismanagement of department records with respect to over detention.

Any document containing the efforts taken by the defendant to preserve documents
related to the above. The Plaintiff needs any and all declarations relating to the same
submitted in the Bynum case. The Plaintiff needs the Department of Corrections system
of tracking inmates in its custody. Any and all declaration of Smith submitted in the
*Bynum case, supra,* regarding the above referenced.

With respect to overdetention, Plaintiff was supposed to be released as soon as
reasonably possible after he became entitled to release by court order, by operation of law
or by some other reason. The two Circuit Courts of Appeals that have addressed claims
similar to Plaintiff's both support plaintiff's claims. *Young v. City of Little Rock,* 249
F.3d 730, 735 (8th Cir. 2001)(upholds jury verdict holding that transporting arrestees
whose case was dismissed back to jail and taking 2 ½ hours to process her out was
unreasonable); *Lewis v. O'Grady,* 853 F.2d 1366, 1372 (7th Cir. 1988)(any overdetention
over 4 hours after arrestee entitled to release must be justified by jailor). See also, Office
of the Attorney General, State of California, 63 Ops. Cal. Atty. Gen. 706, 1980 WL
96903 (Cal.A.G.) (taking six or seven hours to process out an inmate who is entitled to
release is unconstitutional.

Plaintiff needs to get Corrections Director Smith's Declaration submitted in various cases including the *Bynum case*, paragraph 44, refers to the American Correctional Association Standards. The same standards require a detention facility to record for every person booked into the facility the date and duration of confinement, and a copy of the court order or other basis of confinement. The standards also require a detention facility to make a determination at the time a new inmate is admitted to the facility that the inmate is legally committed to the facility.

The Department of Corrections is liable for all misconduct to which it is a party, whether or not it is the only entity violating constitutional rights, on a theory of joint and several liability. See also, *Mack v. Suffolk County,* 154 F. Supp. 2d 131, 147 (D. Mass. 2001) (City of Boston liable for acts of County of Suffolk in subjecting to blanket strip searches City of Boston female arrestees sent by City to County Jail pending arraignment.

Contrary to defendants' assertion, the Prison Reform Litigation Act is inapplicable and irrelevant to this case, with respect to the overdetention issue which is not related to prisoners contesting their conditions of confinement.

District of Columbia Defendant's memorandum in support of motion to dismiss, filed Oct 2, 2002, Marcus Bynum, et al v. District of Columbia 02cv956 provide some admissions that proves the Plaintiff's case of negligence, policy, custom, pattern, practices and procedures, that are on-going and continuous and have as of date of Plaintiff's release, unabated.

See *Young v. City of Little Rock,* 249 F.3d 730 (8th Cir. 2001); *Gary v. Sheaham,* 1998 U.S. Dist. LEXIS 13378 (E.D. Ill. 1998). Overdetention inmates are to be released as soon as possible.

D.C. Code § 24-201.06 requires that a prisoner shall be released by the Department of Corrections on the date of the expiration of the prisoner's term of imprisonment, less any time credited toward the service of a prisoner's sentence. The federal rule is the same. 18 USCA § 3624(a). Lewis v. O'Grady, 853 F.2d 1366, 1372 (7th Cir. 1988) Any overdetention over 4 hours after arrestee entitled to release must be justified by jailor). See also, Office of Attorney General, State of California, 63 Ops. Cal. Atty. Gen. 706, 1980 WL 96903 (Cal. A.G.)( taking six or seven hours to process out an inmate who is entitled to release is unconstitutional.

In the *Bynum case,* Defendants conceded the DC Jail Records Office cannot track inmates in Department of Corrections Custody.

Plaintiff's basis theory on the overdetention claim is that the Department of Correction has no effective inmate management system that can ensure release of prisoners by their release date.

The Smith Declaration, in *Bynum, supra,* paragraph 44, refers to the American Correctional Association Standards. The same standards require a detention facility to record for every person booked into the facility the date and duration of confinement, and a copy of the court order or other basis of confinement. The standards also require a detention facility to make a determination at the time a new inmate is admitted to the facility a determination that the inmate is legally committed to the facility.

# A DEFENDANT IS NOT ENTITLED TO AN AUTOMATIC STAY ON ALL PENDING CLAIMS JUST BECAUSE HE FILES A MOTION TO DISMISS WITH REGARD TO SOME CLAIMS.

**A defendant is not entitled to an automatic stay on all pending claims just because he files a motion to dismiss or motion for summary judgment. See, e.g., *Digital Equipment Corp. v. Currie Enterprises,* 142 F.R.D. 8 (D. Mass. 1991).**

**The Court has ruled, that defendants are not entitled to an automatic stay on all pending claims.  See Amended Complaint.**

See *Logan v. Shealy,* 660 F.2d 1007 (4th Cir. 1981) *Dob*rowolskyj v. *Jefferson County,* 823 F.2d 955, 959 (6th Cir. 1987), policy of strip searching inmates violate their constitutional rights.

**Plaintiff states a cause of action of overdetention.**

## PROCEDURAL POSTURE

The purpose of a 12(b)(6) motion is not to test the merits of Plaintiff's claim, but rather to test whether it states a cause of action.  Plaintiff's complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond a doubt that no set of facts alleged in support of their claims would entitle him to relief.  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Haynesworth v. Miller,* 261 U.S. App. D.C. 66, 820 F.2d 1245 (D.C. Cir. 1987).  Plaintiff's well pled allegations must be taken as true, and all

reasonable inferences must be drawn in his favor. *Scheuer v. Rhodes,* 416 U.S.

232m 236 (1974); *Phillips v. Bureau of Prisons,* 192 U.S. App. D.C. 357, 591

F.2d 966, 968 D.C. Cir. 1979; *Alexander v. FBI,* 971 F. Supp 603, 607 (D.D.

C. 1997).

**PLAIN**TIFF HAS OVERCOME QUALIFIED IMMUNITY CLAIM  See

Amended Complaint.

The Plaintiff has established (1) that he has advanced "an actual constitutional

right" and (2) that the right was "clearly established" at the time o fthe alleged violations

– that is that "the contours of the right [were] sufficiently clear that a reasonable [state

actor]…would understand that what he [was] doing violated that right." *Butera,at ;646,*

*citing inter alia, Wilson v. Layne,* 526 U.S. 603, 6y09 (1999); *Anderson v. Creighton,*

483 U.S. 635, 640 (1987).

The Plaintiff has met his burden of showing that the facts alleged show that the

defendant's conduct violated a constitutional rights. *Saucier v. Katz,* 533 U.S. 194, 201

(2001).  The right violated by the defendants would be clear to a reasonable

[defendant]…that his conduct was unlawful in the situation he confronted." *Saucier,*

*supra, at 202.*  Further, the defendants violated Plaintiff's Fifth Amendment Right not to

be deprived of liberty without due process. *Harlow v. Fitzgerald, 457 U.S. 800, 818*

*(1982).*

The Plaintiff's complaint allege the requisite outrageous conduct, that the

defendant's conduct was so egregious, so outrageous, that it may fairly be said to shock

the contemporary conscience."" *Butera, at 651, quoting County of Sacramento v. Lewis,*

523 U.S. 833, 847 n. 8 (1998).

The Plaintiff incorporate by reference Plaintiff's Amended Complaint as to Defendants DeVon Brown, Defendant District of Columbia and Defendant Robert Clay.

Finally, the Plaintiff has established by affidavits that if Plaintiff is allowed to take discovery on his theories, then Plaintiff will be able to respond to defendants' motion for summary judgment.

**WHEREFORE,** Plaintiff pray that defendants Motion to Stay Discovery be denied.

Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
drsbanks@msn.com,


## CERTIFICATE OF SERVICE

I, hereby certify that a copy of this pleading, Plaintiff's Opposition to Defendants' Motion to Stay Discovery was sent via electronic mail and mailed, postage prepaid, this 8th day of June, 2006, to the following:


**VIA EMAIL TO:**
**Denise.baker@dc.gov**
**djbakerbrown@msn.com**
Denise J. Baker,
Assistant Attorney General, DC
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
(202) 442-9887

Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
drsbanks@msn.com,