UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SIMON BANKS, )
)
Plaintiff )
)
v. )     Civil Action No. 05-1514 (ESH)
)     Ellen Segal Huvelle, Judge
S. ELWOOD YORK, JR., ET AL. )
)
Defendants )
)     June 9, 2006

**PLAINTIFF'S OPPOSITION TO DEFENDANT,
ANTHONY WILLIAMS, DR. GREGORY PANE
AND CAPTAIN NORA TALLY MOTION
TO DISMISS THE COMPLANT**

Comes now Simon Banks, Plaintiff and submit Opposition to Defendants Anthony Williams, Dr. Gregory Pane and Captain Nora Tally's (Collectively "defendants") Motion to Dismiss the Complaint (or Motion for Summary Judgment).

In Support of Plaintiff's Opposition, Plaintiff refer the Court to Plaintiff's Opposition to Defendants Motion to Stay Discovery.

The defendants filed its motion when the Plaintiff was in jail in the Central Treatment Facility (CTF) and unable to secure adequate access to the jail's law library, and that there were problems with access, securing copies of legal research.

In Support of Plaintiff's Opposition, Plaintiff incorporate by reference Plaintiff's Amended Complaint as to Defendants DeVon Brown, Robert Clay and District of Columbia Government.

In Support of Plaintiff's Opposition Plaintiff refer the Court to Plaintiff's Motion to Amend the Complaint and Plaintiff's Memorandum of Law In Support of Motion to Amend the Complaint.

In Support of Plaintiff's Opposition, Plaintiff refer the Court to Plaintiff's Motion to Stay Disposition on Defendant's Motion to Dismiss until Plaintiff has been afforded discovery and an opportunity to supplement his response to Defendants Motion to Dismiss.

The Plaintiff is unable to appropriately respond to defendants motion to dismiss and/or for summary judgment because of the inability of the Plaintiff to secure discovery. The defendants have moved for extension of time to respond to discovery promptly initiated by the Plaintiff on April 4, 2006. See Motion to Compel. The defendants have further filed motion to stay discovery until after the court rules on their dispositive motion to dismiss and/or for summary judgment.

The Plaintiff filed grievance complaints with the warden of the DC Jail and the Director of Corrections respecting the issues set forth in the complaint and the Plaintiff needs discovery to perpetuate the record on the issue of exhaustion of administrative remedies in Accordance with the Prison Litigation Reform Act, 18 U.S.C. §3626 (2005)

The Plaintiff needs discovery on the issue of overcrowding and on the issue of commingling the Plaintiff with "high custody" inmates, and to show that it is the municipal policy, custom and usage of the defendants to engage in such conduct, pattern and practice.

Plaintiff needs discovery to show that the defendant's policy, practices, custom and usage, and the conditions that the defendants subjected the Plaintiff to, violated the

2

Plaintiff's rights pursuant to the Fifth Amendment and the Fourteenth Amendment, and the Eighth Amendment, in that such conditions were cruel and unusual punishments, egregious, outrageous, and that the Plaintiff, because of this policy was subjected to wanton infliction of pain that was grossly disproportional to the severity.

Plaintiff needs discovery to show that the defendants custom, practices, and policies amounted to deprivations that are objectively sufficient and serious and that the defendants were deliberately indifferent to the Plaintiff's health or safety.

Plaintiff needs discovery to show that the inadequate law library of the DC Jail and the conditions of the Plaintiff's confinement and the shortcomings cited by the Plaintiff hindered the Plaintiff's efforts to pursue his non-frivolous claims.

Plaintiff needs discovery to show that because of the conditions of the Plaintiff's confinement Plaintiff was prevented from pursuing civil actions filed by the Plaintiff in the United States District Court, *Banks v. Comey, (Banks' v Holder, et al)*, and Plaintiff needs discovery to show and establish that the official policy or custom of defendants itself is "the moving force of the constitutional violations.

Subsequent to defendants filing its motion to dismiss and subsequent to the Plaintiff's release from incarceration on April 28, 2006, the Plaintiff suffered additional damages, injury, and deprivation of constitutional rights. See Plaintiff's Amended Complaint against Defendants DeVon Brown, Robert Clay and the District of Columbia Government, which the Plaintiff incorporate by reference as if pleaded fully and completely herein.

The Plaintiff incorporate by reference Plaintiff's Memorandum of Law In Opposition to Defendants' Motion to Dismiss (and/or summary judgment).

3

_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
drsbanks@msn.com,

## CERTIFICATE OF SERVICE

I, hereby certify that a copy of this pleading, Plaintiff's Opposition to Defendants Motion to Dismiss was mailed, via email, to the following, this 9th day of June, 2006

**VIA EMAIL TO:**
**Denise.baker@dc.gov**
**djbakerbrown@msn.com**
Denise J. Baker,
Assistant Attorney General, DC
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
(202) 442-9887

_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
drsbanks@msn.com,

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SIMON BANKS, )
 )
 )
              Plaintiff )
 )
v. ) Civil Action No. 05-1514 (ESH)
 ) Ellen Segal Huvelle, Judge
S. ELWOOD YORK, JR., ET AL. )
 )
              Defendants )
 ) June 9, 2006

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S OPPOSITION TO DEFENDANTS
WILLIAMS, TALLY AND PANE MOTION TO
DISMISS THE COMPLAINT

Comes now Simon Banks, Plaintiff, and submit Memorandum of Law In Support of Plaintiff's Opposition to Defendants Anthony Williams, Gregory Pane and Nora Tally's Motion to Dismiss the Complaint (summary judgment), and in support submit the following:

The case is factually complex and the defendants filed its summary judgment motion before a scheduling order has even been entered.[1] *Loughlin v. United States*, 2002 U.S. Dist. LEXIS 22312, *72 (D.D.C. 2002)

(premature to grant summary judgment where non-movant has not yet conducted discovery). Any summary judgment motion filed before the Court has issued a

---

[1] The parties are in sort of limbo on discovery in this case. The Plaintiff initiated discovery on April 4, 2006. The defendants have not responded. Rather, the defendants have filed a motion to stay discovery until after the Court Rules on its dispositive motion for summary judgment.

Scheduling Order and before discovery has commenced is premature. *Cobell*, 30 F. Supp. 2d at 28-29.

Defendants are trying an end run around Plaintiff's Rule 26(b) discovery rights by filing a premature summary judgment motion based upon a couple of declarants whom do not have personal knowledge of most of the allegations in the complaint.

Plaintiff is entitled to full Rule 26(b) discovery on his claims and defenses. In addition to the issues set forth in Plaintiff's Opposition to defendants motion to dismiss, Plaintiff needs discovery on the issues that arose subsequent to the defendants filing of its dispositive motion.

Defendants do not have the power to define the scope of discovery merely by filing a summary judgment motion based on its theory of the case. If the defendants position were correct, defendants as a matter of practice could always disregard Rule 26(b) and deny the Plaintiff discovery on his claims simply by filing a thinly supported summary judgment motion.

As this court stated in *Cobell v. Babitt,* in slightly different context, 30 F. Supp. 2d 24, 27-28 (D.D.C. 1998) (later restyled *Cobell v. Norton,* (defendants filed motions to dismiss and motion for summary judgment after scheduling order issued but before close of discovery):

> As explained below and in Plaintiff's Motion to Amend the Complaint, the Court clearly expects to rule on dispositive motion of the defendants when all of the defendants are in the case. Case law place restrictions on the court's review at the motion to dismiss phase. Moreover, a postponed determination of certain issues furthers an orderly administration of justice, even though the Court recognizes that there would b a certain advantage to resolving all of these issues now.

2

**There is no advantage to judicial economy** nor to the interest of justice to bifurcate discovery. The Plaintiff has Overdetention Claims in the instant case as well as the case involving the joined defendants, Brown and Cook.

The key discovery item which Plaintiff need on the Overdetention claim and overcrowding claim is the DC Computer Database of prisoners and detainees showing their release dates and exit dates – both to prove his *Monell* **Claim** under § 1983 and to discover a list of comparable **victims.** This evidence is independently discoverable under Rule 34 and will be **needed to prove the §1983 municipal liability claim** on the Overdetention issue. Plaintiff needs discovery to show Overdetention with respect to long and short term detainees. Plaintiff needs discovery to show lack of and inadequate medical care, dental care, prior knowledge of the resultant effect of failure to provide the Plaintiff with a temporary crown to protect the seven teeth that were irreparably damage and subsequently removed, after the Plaintiff had expended in excess of $8000.00 to prepare his teeth for a permanent crown. The defendants destroyed the crown and refused to replace it with deliberate indifferent to the medical needs of the Plaintiff, on the issue of prior knowledge of defendants that the Plaintiff ought to have been released by March 20, 2006, when the defendants did not release the Plaintiff until April 28, 2006 at 10:30 pm.; and on the issue of overcrowding, and on the issue of retaliation for petitioning government for redress. The Plaintiff further needs discovery on why the defendants did not reassign the Plaintiff to the Central Treatment Facility given the Plaintiff's custody level, age and other relevant points. After the Plaintiff was entitled to be released, after the Plaintiff's sentence had expired, the Plaintiff suffered strip searches, lockdowns, deprivation of medical attention, deprivation of cardiac-dietary diet.

The Plaintiff has complied with the requirements of Rule 56(f) by demonstrating specifically how a continuance....will enable plaintiff to rebut the assertions contained in the motion for summary judgment motion. The Plaintiff has stated with some precision the material sought, and exactly how those materials will help in opposing summary judgment." Moore, *supra*, ¶56.10[8][d], at 56-80.10 (footnotes omitted).

The Plaintiff has met this requirement under the Rule which "provides for comparatively limited discovery for the purpose of showing facts sufficient to withstand a summary judgment motion, rather than Rule 26, which provides for broad pretrial discovery." *First Nat'l Bank v. Cities Services Co.*, 391 U.S. 253, 265 (1968).

The Plaintiff has further certified that he has attempted to obtain the defendants' consent to his motion pursuant to LCvR7.1(m).
Order of Judge Lamberth in *Marcus Bynum v District of Col* 02-956 (RCL) Memorandum and Order, filed Nov. 18, 2002.
Supplemental Memorandum of Points and Authorities of defendant District of Columbia in opposition to motion of plaintiff for preliminary injunction
Plaintiff state that in *Watson v. Gaines, Civil Action No. 01 CV 2418 (GK)*, *Judge Kessler has required the DCDC to provide plaintiff's counsel "lists" of D.C. Jail inmates subject to detainers (Pltfs. Reply Mem. 6n.4), thereby implying an ongoing duty to report to the Plaintiff in that case*

The plaintiff needs a tally of all the people being held on detainers
The District's custom and practice of detaining prisoners beyond the expiration of their release date, the name, release date, exit date and actual exit date of all prisoners, records relating to dates of incarceration, that defendants record management system that ensures

4

the timely release of detainees. The Plaintiff needs evidence of all claims of mismanagement of department records with respect to over detention.
Any document containing the efforts taken by the defendant to preserve documents related to the above. The Plaintiff needs any and all declarations relating to the same submitted in the Bynum case. The Plaintiff needs the Department of Corrections system of tracking inmates in its custody. Any and all declaration of Smith submitted in the *Bynum case, supra,* regarding the above referenced.

With respect to overdetention, Plaintiff was supposed to be released as soon as reasonably possible after he became entitled to release by court order, by operation of law or by some other reason. The two Circuit Courts of Appeals that have addressed claims similar to Plaintiff's both support plaintiff's claims. *Young v. City of Little Rock,* 249 F.3d 730, 735 (8th Cir. 2001)(upholds jury verdict holding that transporting arrestees whose case was dismissed back to jail and taking 2 ½ hours to process her out was unreasonable); *Lewis v. O'Grady,* 853 F.2d 1366, 1372 (7th Cir. 1988)(any overdetention over 4 hours after arrestee entitled to release must be justified by jailor). See also, Office of the Attorney General, State of California, 63 Ops. Cal. Atty. Gen. 706, 1980 WL 96903 (Cal.A.G.) (taking six or seven hours to process out an inmate who is entitled to release is unconstitutional.

Plaintiff needs to get Corrections Director Smith's Declaration submitted in various cases including the **Bynum case**, paragraph 44, refers to the American Correctional Association Standards. The same standards require a detention facility to record for every person booked into the facility the date and duration of confinement, and a copy of the court order or other basis of confinement. The standards also require a

5

detention facility to make a determination at the time a new inmate is admitted to the facility that the inmate is legally committed to the facility.

The Department of Corrections is liable for all misconduct to which it is a party, whether or not it is the only entity violating constitutional rights, on a theory of joint and several liability. See also, *Mack v. Suffolk County,* 154 F. Supp. 2d 131, 147 (D. Mass. 2001) (City of Boston liable for acts of County of Suffolk in subjecting to blanket strip searches City of Boston female arrestees sent by City to County Jail pending arraignment.

Contrary to defendants' assertion, the Prison Reform Litigation Act is inapplicable and irrelevant to the supplemental issues in this case, which the Plaintiff is entitled to raise against these defendants as the Plaintiff has raised against defendants District of Columbia Government, DeVon Brown, Director D.C. Department of Corrections and Robert Clay, Warden, DC Jail, with respect to the overdetention issue which is not related to prisoners contesting their conditions of confinement.

District of Columbia Defendant's memorandum in support of motion to dismiss, filed Oct 2, 2002, Marcus Bynum, et al v. District of Columbia 02cv956 provide some admissions that proves the Plaintiff's case of negligence, policy, custom, pattern, practices and procedures, that are on-going and continuous and have as of date of Plaintiff's release, unabated.

See *Young v. City of Little Rock,* 249 F.3d 730 (8th Cir. 2001); *Gary v. Sheaham,* 1998 U.S. Dist. LEXIS 13378 (E.D. Ill. 1998). Overdetention inmates are to be released as soon as possible.

D.C. Code § 24-201.**06 requires that a prisoner shall be released by the Department of Corrections on the date of the expiration of the prisoner's term of**

6

imprisonment, less any time credited toward the service of a prisoner's sentence. The federal rule is the same. 18 USCA § 3624(a). Lewis v. O'Grady, 853 F.2d 1366, 1372 (7th Cir. 1988) Any overdetention over 4 hours after arrestee entitled to release must be justified by jailor). See also, Office of Attorney General, State of California, 63 Ops. Cal. Atty. Gen. 706, 1980 WL 96903 (Cal. A.G.)( taking six or seven hours to process out an inmate who is entitled to release is unconstitutional.

In the *Bynum case,* Defendants conceded the DC Jail Records Office cannot track inmates in Department of Corrections Custody.

Plaintiff's basis theory on the overdetention claim is that the Department of Correction has no effective inmate management system that can ensure release of prisoners by their release date.

The Smith Declaration, in *Bynum, supra,* paragraph 44, refers to the American Correctional Association Standards. The same standards require a detention facility to record for every person booked into the facility the date and duration of confinement, and a copy of the court order or other basis of confinement. The standards also require a detention facility to make a determination at the time a new inmate is admitted to the facility a determination that the inmate is legally committed to the facility.

Plaintiff states a cause of action of overdetention a claim that the Plaintiff ought to be allowed to litigate in one proceeding arising out of the instant case.

**PROCEDURAL POSTURE**

The purpose of a 12(b)(6) motion is not to test the merits of Plaintiff's claim, but rather to test whether it states a cause of action. Plaintiff's complaint should not be

7

dismissed under Rule 12(b)(6) unless it appears beyond a doubt that no set of facts alleged in support of their claims would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Haynesworth v. Miller*, 261 U.S. App. D.C. 66, 820 F.2d 1245 (D.C. Cir. 1987). Plaintiff's well pled allegations must be taken as true, and all reasonable inferences must be drawn in his favor. *Scheuer v. Rhodes,* 416 U.S. 232m 236 (1974); *Phillips v. Bureau of Prisons,* 192 U.S. App. D.C. 357, 591 F.2d 966, 968 D.C. Cir. 1979; *Alexander v. FBI,* 971 F. Supp 603, 607 (D.D. C. 1997).

**PLAIN**TIFF HAS OVERCOME QUALIFIED IMMUNITY CLAIM  See Amended Complaint.

The Plaintiff has established (1) that he has advanced "an actual constitutional right" and (2) that the right was "clearly established" at the time o fthe alleged violations – that is that "the contours of the right [were] sufficiently clear that a reasonable [state actor]…would understand that what he [was] doing violated that right." *Butera, at ;646, citing inter alia, Wilson v. Layne,* 526 U.S. 603, 6y09 (1999); *Anderson v. Creighton,* 483 U.S. 635, 640 (1987).

The Plaintiff has met his burden of showing that the facts alleged show that the defendant's conduct violated a constitutional rights. *Saucier v. Katz,* 533 U.S. 194, 201 (2001). The right violated by the defendants would be clear to a reasonable [defendant]…that his conduct was unlawful in the situation he confronted." *Saucier, supra, at 202.* Further, the defendants violated Plaintiff's Fifth Amendment Right not to be deprived of liberty without due process. *Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).*

The Plaintiff's complaint allege the requisite outrageous conduct, that the defendant's conduct was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'"" *Butera, at 651, quoting County of Sacramento v. Lewis,* 523 U.S. 833, 847 n. 8 (1998).

The Plaintiff incorporate by reference Plaintiff's Affidavit Filed in Support of the Complaint as if pleaded fully and completely herein.

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that a motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions on file and affidavits show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) To be material, the fact must be capable of affecting the outcome of the litigation, and to be genuine, the issue must be supported by admissible evidence sufficient for a reasonable trier of fact to find in favor of the non-moving party. See. *Langingham v. U.S. Navy,* 813 F.2d 1236, 1243 (D.C. Cir. 1987)

Summary judgment is appropriate under Federal Rule of Civil Procedure 56© when no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 317, 322-23 (1986). A genuine issue of material fact exist if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). As with Rule 12(b)(6) motions for dismissal, facts and inferences drawn from those facts must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (197). Summary

9

judgment may be granted, however, if evidence favoring the non-moving party is merely colorable, or is not significantly probative. *Anderson,* 477 U.S. at 249-50 (citations omitted). Once the moving party files a proper summary judgment motion, the burden shifts to the non-moving party to produce "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Anderson,* 477 U.S. at 250. For a non-moving party to establish a genuine issue for trial exists, it must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

Local Rule of Civil Procedure 56.1 sets forth specific procedures for parties to follow when moving for summary judgment. "Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue..."(emphasis added) LCvR56.1. A party's opposition to summary judgment "shall be accompanied by a **separate concise statement of genuine issues** setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement." (emphasis added) *Id.;* See *Burke v. Gould,* 286 F.3d 513, 517 (D.C. Cir. 2002). This procedure "isolates the facts that the parties assert are material, distinguishes disputed from undisputed facts, and identifies the pertinent parts of the record." *Burke,* 286 F.3d at 517 (citing *Gardels v. Cent. Intelligence Agency,* 637 F.2d 770, 773 (D.C. Cir. 1980).

**Summary Judgment should be entered only 'after adequate time for discovery,** *Berkeley v. Home Ins. Co.,* 68 F.3d 1409, 1414 (D.C. Cir. 1995)(quoting from *Mohammed Hussain v. Anthony Prinicipi,* Civil Action No. 03-0367, at 7 (Oct. 28, 2004)

10

(Judge HuVelle United States District Judge). The Plaintiff simply has not had opportunity to secure **any discovery and discovery is critical in this case where the defendants suppressed from the Plaintiff records and record evidence regarding all of the issues set forth in the complaint. It is simply unfair to subject the Plaintiff to a default judgment at this stage of the proceedings.**

The Plaintiff incorporate by reference Plaintiff's Amended Complaint as to Defendants DeVon Brown, Defendant District of Columbia and Defendant Robert Clay.

/s/ Banks

## CERTIFICATE OF SERVICE

I, hereby certify that a copy of this pleading, was mailed, postage prepaid, this 9th day of June, 2006, to the following:

Denise J. Baker,
Assistant Attorney General, DC
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
(202) 442-9887

/s/ Banks
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
drsbanks@msn.com,

11