UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
SEP 0 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| SIMON BANKS, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>S. ELWOOD YORK, JR., ET AL. )<br>)<br>Defendants )<br>) | Civil Action No. 05-1514 (ESH)<br>Ellen Segal Huvelle, Judge<br><br>September 8, 2006 |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENT TO THIRD AMENDED COMPLAINT**

**PLAINTIFF'S CERTIFICATION PURSUANT TO LCVR 7.1 (M)**
**That before filing his motion Plaintiff requested defendant's consent**
**To the relief requested in such motion however the defendants did not**
**Give their consent to the relief requested in the motion**

Comes now Simon Banks, Plaintiff and submit motion for leave to file supplement to Third Amended Complaint, and in support cites the following:

The Plaintiff seeks to file copies of letters and some of the grievances filed by the Plaintiff with the defendant for purposes of showing Plaintiff's exhaustion of administrative remedies and for showing that the defendants were on notice of injuries and the deprecatory condition that the plaintiff suffered that resulted in further aggravation of pre-existing injuries and damages suffered by the Plaintiff while incarcerated in the District of Columbia Jail and the Central Treatment Facility of the District of Columbia Jail, District of Columbia Department of Corrections.

The Plaintiff incorporate Plaintiff's Memorandum of Law In Support of Motion for Leave to Supplement the Third Amended Complaint.

*[signature]*

Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
drsbanks@msn.com,


## CERTIFICATE OF SERVICE

I, hereby certify that a copy of this pleading, Plaintiff's Motion for Leave to File Supplement to 3rd Amended Complaint, was mailed, postage prepaid, this 8th day of September, 2006, to the following:


**Denise.baker@dc.gov**
**djbakerbrown@msn.com**
Denise J. Baker,
Assistant Attorney General, DC
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
(202) 442-9887

*[signature]*

Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
drsbanks@msn.com,

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SIMON BANKS,         )
                    )
        Plaintiff    )
                    )
v.                   )    Civil Action No. 05-1514 (ESH)
                    )    Ellen Segal Huvelle, Judge
S. ELWOOD YORK, JR., ET AL. )
                    )
        Defendants   )
                    )    September 8, 2006

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENT TO THIRD AMENDED COMPLAINT**

Comes now Simon Banks, Plaintiff pursuant to Fed. R. Civ. P. 6 and 15, and submit Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Leave to file Supplement to Third Amended Complaint, and in support cites the following:

The Plaintiff seeks to file copies of letters and some of the grievances filed by the Plaintiff with the defendant for purposes of showing Plaintiff's exhaustion of administrative remedies and for showing that the defendants were on notice of injuries and the deprecatory condition that the plaintiff suffered that resulted in further aggravation of pre-existing injuries and damages suffered by the Plaintiff.

<u>**Legal standard for a Motion to Amend the Complaint**</u>`

Under Federal Rules of Civil Procedure 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a), *Wiggins v. Dist. Cablevision, Inc.,* 853 F. Supp. 484, 499 (D.D.C.

1994)(Lamberth, J.); 6 Fed. Prac. & Proc. 2d § 1474.[1] According to the Court of Appeals, Rule 15(a) "guarantee[s] a plaintiff an absolute right" to amend the complaint once at any time so long as the defendant has not served a responsive pleading and the court has not decided a motion to dismiss. *James v. Hurson Assocs., Inc. v. Glickman*, 229 F.3d 277, 282-83 (D.C. Cir. 2000)(citing Fed. R. Civ. P. 15(a)). Once a responsive pleading is filed, however, a party may amend its complaint only by leave of the court or by written consent of the adverse party. *Foman v. Davis,* 371 U.S. 178, 182 (1962).

The grant or denial of leave is committed to the discretion of the district court. *Firestone v. Firestone,* 76 F. 3d 1205, 1208 (D.C. Cir. 1996). The court must heed Rule 15s mandate that leave is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman,* 371 U.S. at 182; *Caribbean Broad. Sys., Ltd v. Cable & Wireless P.L.C.,* 148 F.3d 1080, 1083 (D.C. Cir. 1998). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Denial of leave to amend therefore constitutes an abuse of discretion unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments. *Foman,* 371 U.S. at 182; *Caribbean Broad. Sys.,* 148 F.3d at 1083.

**Defendants Devon Brown, Director of D.C. Department of Corrections and Robert Cook, Warden, District of Columbia Jail, have not submitted responses to**

---

[1] When a plaintiff's amendment of the complaint is "as a matter of course" under Rule 15(a), the plaintiff's filing of a motion requesting the court's leave to amend does not nullify the plaintiff's right to amend and invoke the court's authority to deny leave. E.g., *Pure County, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002).

**the Complaint prior to this instant motion and are critical defendants to all claims. [Emphasis Added]**

The pleadings that the Plaintiff seek to join to the complaint pursuant to Fed. R. Civ. P. 18 supports Plaintiff's allegation that the Plaintiff exhausted his administrative remedies and placed the defendants on notice of the injuries and damages sustained by the Plaintiff and that are likely to be sustained by the Plaintiff.

With regard to undue delay, the text of Rule 15 does not prescribe a time limit on motions for leave to amend or to supplement. Fed. R. Civ. P. 15(a); *Caribbean Broad. Sys.*, 148 F.3d at 1084. Accordingly, a court should not deny leave to amend based solely on time elapsed between the filing of the complaint and the request for leave to amend. *Atchinson v. District of Columbia,* 73 F.3d 418, 426 (D.C. Cir. 1996)(citing *Hayes v. New Eng. Millwork Distribs., Inc.,* 602 F.2d 15, 19 (1st Cir. 1979)). Nor does the prolonged nature of a case affect whether the plaintiff may amend his complaint. *Caribbean Broad. Sys.,* 148 F.3d at 1084 (concluding that the length of litigation is relevant only insofar as it suggests bad faith or prejudice). Rather, the court should take into account the actions of other parties and the possibility of resulting prejudice to the opposing party. *Id.; Atchinson,* 73 F.3d at 426.

To demonstrate such prejudice, the opposing party "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendment been timely." *Dooley v. United Techs. Corp.,* 152 F.R.D. 419, 425 (D.D.C. 1993)(quoting *Foremost-McKesson Inc. v. Islamic Rep. Of Iran,* 759 F. Supp. 855, 858 (D.D.C. 1991)). For example, prejudice may exist when allowing an amendment would necessitate reopending discovery at a relatively late state

in the proceedings. E.g., *Societe Liz, S.A. v. Charles of the Ritz Group. Ltd.*, 118 F.R.D. 2, 4 (D.D.C. 1987)(finding prejudice when the motion to amend was filed just prior to the close of discovery, with trial fast approaching); *Indep. Petrochemical Corp., v Cas & Sur. Co.*, 1987 WL 9232, at *2 (D.D.C. March 25, 1987) (finding prejudice when the proposed amendment would prolong discovery after the previously announced deadline.) Finally, prejudice may exist "when the effect of the amendment is to impair the opposing party's ability to present evidence." *Prince v. Suffolk County Dep't of Health Servs.*, 1995 WL 144782, at *6 (S.D.N.Y. Apr. 3, 1995).

**The defendants cannot show any of the above that would justify denying the Motion to Supplement the Complaint.**

*/s/ Simon Banks/*
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
drsbanks@msn.com,

## CERTIFICATE OF SERVICE

I, hereby certify that a copy of this pleading, Plaintiff's Memorandum of Law in support of Plaintiff's Motion for Leave to File Supplement to 3rd Amended Complaint, was mailed, postage prepaid, this 8th day of September, 2006, to the following:

**Denise.baker@dc.gov**
**djbakerbrown@msn.com**
Denise J. Baker,
Assistant Attorney General, DC
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
(202) 442-9887

*[signature: Simon Banks]*
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
drsbanks@msn.com,

RECEIVED
SEP 0 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT