UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SIMON BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1514 (ESH) |
| | ) | |
| S. ELWOOD YORK, JR., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on plaintiff's "Motion to File Supplement to Third Amended Complaint" and defendants' motion for an extension of time to file a response. For the reasons stated below, the Court will deny the former and grant the latter motion.

The Federal Rules of Civil Procedure allow for the filing of a supplemental pleading so that a plaintiff may "set[] forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). Leave to file a supplemental complaint is left to the Court's discretion, and should be "freely granted . . . where such supplementation will promote the economic and speedy disposition of the controversy between the parties, will not cause undue delay of trial, inconvenience and will not prejudice the rights of any other party." *Wells v. Harris*, 185 F.R.D. 128, 132 (D. Conn. 1999) (citations omitted).

Review of plaintiff's "supplement" suggests that Rule 15(d) is inapplicable. He neither

proposes to amend the allegations of his pleading, nor submits a proposed supplemental pleading, nor adds parties, nor adds claims.  Rather, he seeks leave "to file copies of letters and some of the grievances filed by the Plaintiff with the defendant for purposes of showing Plaintiff's exhaustion of administrative remedies and for showing that the defendants were on notice of injuries and the deprecatory condition that the plaintiff suffered" as a result of his detention.  Pl.'s Mot. at 1.  His motion appears to be a motion to amend his Third Amended Complaint by adding exhibits in anticipation of defenses that could be raised in an answer, or arguments which could be raised in a dispositive motion.

A plaintiff has an "absolute right to amend [his] complaint once at any time before the defendant has filed a responsive pleading." *James V. Hurson Assoc., Inc. v. Glickman*, 229 F.3d 233, 282-83 (D.C. Cir. 2000); *see Anderson v. USAA Cas. Ins. Co.*, 218 F.R.D. 307, 309 (D.D.C. 2003).  Plaintiff already has exercised this right with the filing of his Amended Complaint on June 12, 2006.  Subsequent amendments require that a plaintiff first seek leave of court or obtain the opposing party's written consent before filing another amended complaint.  *See* Fed. R. Civ. P. 15(a).  The decision to grant leave to amend a complaint is left to the court's discretion. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  "[I]t is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by [previous] amendments . . . [or] futility of amendment.'" *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  The Court has granted plaintiff leave to file not only a Second Amended Complaint on August 1, 2006 but also a Third Amended Complaint on August 23, 2006.

The Court notes that pleading standards are minimal.  Rule 8(a) of the Federal Rules of

Civil Procedure requires that a complaint contain short and plain statements of the grounds on which the court's jurisdiction depends, and of the claim showing that the pleader is entitled to relief.  Plaintiff need only "give the defendant fair notice of what [his] claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47-48).  The applicable rules of procedure do not mandate the filing of exhibits or attachments to a complaint.  Denial of leave to amend the Third Amended Complaint by adding exhibits does not prejudice plaintiff in any way.

This civil action barely has progressed in the 14 months since its inception.  The lack of progress is due in large part to plaintiff's past efforts to amend his complaint.  The filing of plaintiff's First Amended Complaint and subsequent motions to file a Second and Third Amended Complaint understandably prompted motions by defendants for additional time to file a response.  Further amendment to plaintiff's pleading will cause additional delays and undue hardship to defendants.

Accordingly, it is hereby

ORDERED that plaintiff's Motion to File Supplement to Third Amended Complaint [Dkt. #52] is DENIED.  It is further

ORDERED that the Clerk of Court shall issue summonses and cause service to be effected on defendants Devon Brown, Robert Clay, Edward D. Reiskin, Gloria Nelson, Fozia Abdulwahab, and John Caufield in their official and individual capacities, and on defendant Corrections Corporation of America.  It is further

ORDERED that plaintiff's Motion for Discovery Scheduling Order [Dkt. #48] is DENIED WITHOUT PREJUDICE. It is further

ORDERED that the Motion to Enlarge Time to Answer or Otherwise Respond to the Third Amended Complaint or Supplement to Third Amended Complaint [Dkt. #51] filed on behalf of defendants Anthony Williams, Gregory Pane, and Nora Tally is GRANTED. These defendants shall file an Answer or other response to the Third Amended Complaint not later than 10 days after the date of entry of this Order.

SO ORDERED.

                                                                                              s/
                                         ELLEN SEGAL HUVELLE
                                         United States District Judge

Dated: September 18, 2006