**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SIMON BANKS<br>P.O. BOX 17052<br>ALEXANDRIA, VA 22302,<br><br>            Plaintiff,<br><br>    v.<br><br>DEVON BROWN, DIRECTOR DC DEPARTMENT<br>OF CORRECTIONS<br>1923 VERMONT AVENUE, NW<br>WASHINGTON, DC 2003, et al.<br>102 WOODMONT BOULEVARD, SUITE 800<br>NASHVILLE, TN 37205<br><br>JOHN CAUFIELD, WARDEN<br>CENTRAL TREATMENT FACILITY (CTF)<br>CORRECTIONS CORPORATION OF AMERICA<br>1901 E. STREET, S.E.<br>WASHINGTON, DC 20003,<br><br>            Defendant. | Civil Action No. 1:05-c v-1514 (ESH) |

## **DEFENDANT JOHN CAULFIELD'S ANSWER TO THIRD AMENDED COMPLAINT**

Defendant, John Caulfield (aka Doug Caulfield), for his Answer to Plaintiff's Third Amended Complaint, admits, denies, and alleges as follows:

1. This answering Defendant denies each and every allegation of Plaintiff's Third Amended Complaint which is not specifically admitted, denied, or otherwise plead to.

2. In answering paragraph 1 of Plaintiff's Third Amended Complaint, this answering Defendant is without sufficient knowledge or information as to the truth of the allegations contained in paragraph 1 of Plaintiff's Third Amended Complaint and therefore, denies the same.

3. Paragraph 2 is omitted in Plaintiff's Third Amended Complaint, therefore no response is required by this answering Defendant.

4. In answering paragraph 3 of Plaintiff's Third Amended Complaint, this answering Defendant is without sufficient knowledge or information as to the truth of the allegations contained in paragraph 3 of Plaintiff's Third Amended Complaint and therefore, denies the same.

5. In answering paragraph 4 of Plaintiff's Third Amended Complaint, this answering Defendant is without sufficient knowledge or information as to the truth of the allegations contained in paragraph 4 of Plaintiff's Third Amended Complaint and therefore, denies the same.

6. In answering paragraph 5 of Plaintiff's Third Amended Complaint, this answering Defendant is without sufficient knowledge or information as to the truth of the allegations contained in paragraph 5 of Plaintiff's Third Amended Complaint and therefore, denies the same.

7. In answering paragraph 6 (a)-(c) of Plaintiff's Third Amended Complaint, these allegations are not directed at this answering Defendant, therefore no response is required by this answering Defendant.  To the extent that paragraph 6 (a)-(c) asserts any wrongdoing against this answering Defendant, Defendant denies the same.  This answering Defendant denies the remaining allegations contained in paragraph 6 of Plaintiff's Third Amended Complaint to the extent that they assert any wrongdoing against this answering Defendant.

8. In answering "EXHAUSTION" paragraph of Plaintiff's Third Amended Complaint, this answering Defendant is without sufficient knowledge or information as to the truth of the allegations contained in "EXHAUSTION" paragraph of Plaintiff's Third Amended Complaint and therefore, denies the same.

9. In answering paragraphs 7-15 of Plaintiff's Third Amended Complaint, this answering Defendant is without sufficient knowledge or information as to the truth of the allegations contained in paragraph 7-15 of Plaintiff's Third Amended Complaint and therefore, denies the same.

10. In answering paragraph 16 of Plaintiff's Third Amended Complaint, this answering Defendant admits only that John Caulfield is the Warden at Correctional Treatment Facility, a Corrections Corporation of America private prison. This answering Defendant is without sufficient knowledge or information as to the truth of the remaining allegations contained in paragraph 16 of Plaintiff's Third Amended Complaint and therefore, denies the same.

11. In answering paragraphs 17-35 of Plaintiff's Third Amended Complaint, this answering Defendant is without sufficient knowledge or information as to the truth of the allegations contained in paragraphs 17-35 of Plaintiff's Third Amended Complaint and therefore, denies the same.

12. In answering paragraph 36 of Plaintiff's Third Amended Complaint, this answering Defendant admits only that Correctional Treatment Facility is a private prison doing business pursuant to a correctional services contract entered into between Corrections Corporation of America and the District of Columbia. This answering Defendant denies the remaining allegations contained in paragraph 36 of Plaintiff's Third Amended Complaint.

13. In answering paragraph 37 of Plaintiff's Third Amended Complaint, this answering Defendant admits only that Correctional Treatment Facility is a private prison doing business pursuant to a correctional services contract entered into between Corrections Corporation of America and the District of Columbia. This answering Defendant denies the remaining allegations contained in paragraph 37 of Plaintiff's Third Amended Complaint.

14. In answering paragraph 38 of Plaintiff's Third Amended Complaint, this answering Defendant admits only that Correctional Treatment Facility is a private prison doing business pursuant to a correctional services contract entered into between Corrections Corporation of America and the District of Columbia. This answering Defendant denies the remaining allegations contained in paragraph 38 of Plaintiff's Third Amended Complaint.

15. In answering paragraph 39 of Plaintiff's Third Amended Complaint, this answering Defendant is without sufficient knowledge or information as to the truth of the allegations contained in paragraph 39 of Plaintiff's Third Amended Complaint and therefore, denies the same.

16. In answering paragraph 40 of Plaintiff's Third Amended Complaint, this answering Defendant admits only that Correctional Treatment Facility is a Minimum- and Medium-security facility. This answering Defendant denies the remaining allegations contained in paragraph 40 of Plaintiff's Third Amended Complaint.

17. In answering paragraphs 41-76 of Plaintiff's Third Amended Complaint, this answering Defendant is without sufficient knowledge or information as to the truth of the allegations contained in paragraphs 41-76 of Plaintiff's Third Amended Complaint and therefore, denies the same.

18. This answering Defendant denies the allegations contained in paragraphs 77-80 to the extent that these allegations are directed at this answering Defendant.

19. In answering paragraph 81 of Plaintiff's Third Amended Complaint, these allegations are not directed at this answering Defendant, therefore no response is required by this answering Defendant. To the extent that paragraph 81 asserts any wrongdoing against this answering Defendant, Defendant denies the same.

20. In answering paragraphs 82-85 of Plaintiff's Third Amended Complaint, this answering Defendant is without sufficient knowledge or information as to the truth of the allegations contained in paragraphs 82-85 of Plaintiff's Third Amended Complaint and therefore, denies the same.

21. In answering paragraphs 86-88 of Plaintiff's Third Amended Complaint, these allegations are not directed at this answering Defendant, therefore no response is required by this answering Defendant. To the extent that paragraphs 86-88 assert any wrongdoing against this answering Defendant, Defendant denies the same.

## COUNT 1—NEGLIGENT TRAINING AND NEGLIGENT SUPERVISION
### (Defendants DeVon Brown, Robert Clay, and Gloria Nelson)

22. This answering Defendant incorporates by reference his responses in paragraphs 1-21 above.

23. In answering paragraphs 90-98 of Plaintiff's Third Amended Complaint, these allegations are not directed at this answering Defendant, therefore no response is required by this answering Defendant. To the extent that paragraphs 90-98 assert any wrongdoing against this answering Defendant, Defendant denies the same.

24. In answering paragraphs 99-104 of Plaintiff's Third Amended Complaint, these allegations are not directed at this answering Defendant, therefore no response is required by this answering Defendant. To the extent that paragraphs 99-104 assert any wrongdoing against this answering Defendant, Defendant denies the same.

### COUNT 2—CONSTITUTIONAL VIOLATIONS
#### (Defendants DeVon Brown and Robert Clay)

25. This answering Defendant incorporates by reference his responses in paragraphs 1-24 above.

26. In answering paragraphs 106-121 of Plaintiff's Third Amended Complaint, these allegations are not directed at this answering Defendant, therefore no response is required by this answering Defendant. To the extent that paragraphs 106-121 assert any wrongdoing against this answering Defendant, Defendant denies the same.

### COUNT III—§ 1983 RESPONDEAT SUPERIOR LIABILITY
#### (Defendant District of Columbia)

27. This answering Defendant incorporates by reference his responses in paragraphs 1-26 above.

28. In answering paragraphs 123-135 of Plaintiff's Third Amended Complaint, these allegations are not directed at this answering Defendant, therefore no response is required by this answering Defendant. To the extent that paragraphs 123-135 assert any wrongdoing against this answering Defendant, Defendant denies the same.

### COUNT III [sic]—§ 1983 RESPONDEAT SUPERIOR LIABILITY
### (Defendant District of Columbia)

29. This answering Defendant incorporates by reference his responses in paragraphs 1-28 above.

30. In answering paragraphs 137-146 of Plaintiff's Third Amended Complaint, these allegations are not directed at this answering Defendant, therefore no response is required by this answering Defendant. To the extent that paragraphs 137-146 assert any wrongdoing against this answering Defendant, Defendant denies the same.

### COUNT IV—§ 1983 MONELL CUSTOM AND PRACTICE DIRECT LIABILITY
### (Defendant District of Columbia)

31. This answering Defendant incorporates by reference his responses in paragraphs 1-30 above.

32. In answering paragraphs 148-165 of Plaintiff's Third Amended Complaint, these allegations are not directed at this answering Defendant, therefore no response is required by this answering Defendant. To the extent that paragraphs 148-165 assert any wrongdoing against this answering Defendant, Defendant denies the same.

### COUNT V—§ 1983 CONSTITUTIONAL VIOLATIONS REGARDING EXTRADITION
### (Defendant District of Columbia)

33. This answering Defendant incorporates by reference his responses in paragraphs 1-32 above.

34. In answering paragraphs 167-174 of Plaintiff's Third Amended Complaint, these allegations are not directed at this answering Defendant, therefore no response is required

by this answering Defendant. To the extent that paragraphs 167-174 assert any wrongdoing against this answering Defendant, Defendant denies the same.

### COUNT VI—VIOLATION OF EIGHTH AMENDMENT RIGHTS

35. This answering Defendant incorporates by reference his responses in paragraphs 1-34 above.

36. This answering Defendant denies the allegations contained in paragraphs 176-176 "MEDICAL CARE AT THE DC JAIL SUFFERS FROM SYSTEMIC DEFICINCIES" of Plaintiff's Third Amended Complaint.

37. In answering paragraphs 176C-176Z5 of Plaintiff's Third Amended Complaint, these allegations are not directed at this answering Defendant, therefore no response is required by this answering Defendant. To the extent that paragraphs 176C-176Z5 assert any wrongdoing against this answering Defendant, Defendant denies the same.

38. In answering paragraphs 177-178 of Plaintiff's Third Amended Complaint, these allegations are not directed at this answering Defendant, therefore no response is required by this answering Defendant. To the extent that paragraphs 177-178 assert any wrongdoing against this answering Defendant, Defendant denies the same.

### ACTIONS AGAINST DEFENDANT CORRECTION [sic] CORPORATION OF AMERICA

39. This answering Defendant incorporates by reference his responses in paragraphs 1-38 above.

40. This answering Defendant denies the allegations contained in paragraphs 180-189.

## RELIEF REQUESTED

This answering Defendant denies that Plaintiff is entitled to the relief he requested.

## AFFIRMATIVE DEFENSES

41. As a separate defense, and in the alternative, this answering Defendant alleges that Plaintiff fails to state a claim upon which relief may be granted.

42. As a separate defense, and in the alternative, this answering Defendant states that he did not cause any of Plaintiff's injuries, losses, or damages, if any.

43. As a separate defense, and in the alternative, this answering Defendant states that Plaintiff's did not exhaust administrative remedies available to him.

44. As a separate defense, and in the alternative, this answering Defendant alleges that Plaintiff failed to comply with D.C. Code § 12-309 prior to filing suit, this barring this action.

45. As a separate defense, and in the alternative, this answering Defendant alleges that Plaintiff's injuries, losses, and damages, if any, were the result of the negligence of someone other than this answering Defendant, thereby reducing or eliminating damages owed by this answering Defendant.

46. As a separate defense, and in the alternative, this answering Defendant states that he violated no duties owed to Plaintiff.

47. As a separate defense, and in the alternative, this answering Defendant states that this answering Defendant acted in good faith and without malice at all time and his actions were objectively reasonable under all circumstances.

48. As a separate defense, or in the alternative, this answering Defendant alleges that pursuant to Correctional Treatment Facility's contract with the District of Columbia,

Correctional Treatment Facility is not responsible for medical or dental treatment of inmates housed at Correctional Treatment Facility and has assumed no duty with respect to medical treatment of inmates at Correctional Treatment Facility and therefore this answering Defendant cannot be held liable for such.

49. As a separate defense or in the alternative, this answering Defendant alleges that Plaintiff's claims are neither recognized nor recoverable under D.C. Code § 12-101, *et seq.*

50. As a separate defense or in the alternative, this answering Defendant alleges that Plaintiff has failed to set forth the requisite showing of subjective intent necessary to sustaining a cause of action alleging a constitutional violation, thereby warranting dismissal of this claim.

51. As a separate defense or in the alternative, this answering Defendant alleges that there existed no conduct in this case motivated by an evil motive or intent, nor did any conduct involve reckless or callous indifference to the rights of plaintiff, thereby precluding punitive damages.

52. To the extent supported by the evidence, this answering Defendant will rely on the following affirmative defenses should subsequent discovery reveal these differences are appropriate. Specifically, this answering Defendant asserts the following affirmative defenses set forth in Rule 8(c) Fed. R. Civ. P. and Rule 12, including but not limited to: assumption of risk, contributory negligence, duress, estoppel, fraud, illegality, release, res judicata, waiver, collateral estoppel, claim preclusion and/or issue preclusion, insufficiency of process and insufficiency of service of process.

This answering Defendant reserves the right to amend his Answer to Plaintiff's Third

Amended Complaint, to assert additional defenses or withdraw defenses, and to add counterclaims as may become necessary after reasonable opportunity, or discovery has occurred up through and including the trial in this matter.  This answering Defendant demands a jury trial as to all triable issues.

WHEREFORE, having fully answered Plaintiff's Third Amended Complaint, this answering Defendant requests that the claims against him be dismissed, that judgment be entered in favor of this answering Defendant, that he be awarded his reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and for such other and further relief as the Court deems just and proper.

Dated: this 7th day of November, 2006.

    s/ Daniel P. Struck
Daniel P. Struck, Bar No. 012377
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Telephone:  (602) 263-1700
Facsimile:   (602) 263-1784

Kelvin L. Newsome, Bar No. 439206
Megan Starace Ben'Ary, Bar No. 493415
LECLAIR RYAN, A PROFESSIONAL CORPORATION
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314
Telephone:(703) 684-8007
Facsimile: (703) 684-8075

Attorneys for Defendant *Caulfield*

Electronically filed this 7th day of November, 2006 with:

United States District Court
   for the District of Columbia

Copy mailed even date to:

Simon Banks
P.O. Box 17052
Alexandria, VA  22302
*Plaintiff Pro Per*


  __s/  Carol S. Madden_____

1708883.1