UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIMON BANKS,   ]<br>  ] <br>PLAINTIFF   ]<br>  ]<br>Vs.   ]<br>  ]<br>STEVEN SMITH   ]<br>  ]<br>DEFENDANT   ]<br>  ]<br>  ] | Case No. 1: 04CV00903<br>Judge Royce C. Lamberth<br><br>DCCA No. 02-BG-1374<br><br>June 24, 2005 |

**Plaintiff was unable to secure the government's response to whether or not it objects to the filing of this pleading. The government has not responded regarding this pleading.**

**PLAINTIFF'S MOTION FOR MANDAMUS DIRECTING LARRY CORBETT, ACTING WARDEN AND ELWOOD YORK, JR. DIRECTOR OF DC DEPARTMENT OF CORRECTIONS FOR CORRECTION OF TIME SERVED, GOOD TIME CREDIT RECORDS AND RELEASE DATE**

Comes now the plaintiff pursuant to 28 U.S.C. § 2254, 2253 (c) (1) (a) and submit Motion for Mandamus directing Larry Corbett, Acting Warden and Elwood York, Jr., Director of DC Department of Corrections for Time Served, Good Time Credit and Release Records of the DC Jail, and in support of the motion cites the following:

**EXHAUSTION**

The plaintiff has met the Classification Officers as well Larry Corbett, Acting Warden, DC Jail on February 12, 2005 regarding the issue the need to correct the Plaintiff's Times Served, Good Time Credit Records and Release Records. Notwithstanding promises, no action has been taken to correct plaintiff's records.

**STATEMENT OF FACTS UPON WHICH THERE EXISTS NO GUENUINE DISPUTE**

1. Plaintiff was incarcerated on April 8, 2004.

2. Plaintiff was erroneously released to Alexandria, Virginia, Sheriff's Office in connection with a Detainer issued by the Circuit Court of Alexandria on June 23, 2004 from the DC Jail.

3. Prior to plaintiff's release from Circuit Court of Alexandria, plaintiff was brought before a DC Superior Court Judge and advised that plaintiff had completed his sentence, and therein informed plaintiff that plaintiff would be released from custody of the DC Jail.

4. When plaintiff was released on June 23, 2004 to the city of Alexandria, Judge Noel Kramer issued a Bench Warrant and a Detainer for the plaintiff.

5. Plaintiff remained incarcerated in the City Jail, Alexandria, Virginia until December 19, 2004 which was subsequent to plaintiff's sentence for time served, six months, in the Alexandria City Jail.

6. All the while the plaintiff was in the custody of the Alexandria City Jail, the plaintiff was under sentence issued by Judge Noel Kramer of the DC Superior Court, acting as a Designated Court of Appeals Judge for the District of Columbia Court of Appeals, which convened a disciplinary proceedings of Contempt of Court through Designated Judge Noel Kramer against the plaintiff.

7. When the plaintiff was returned to the DC Jail, the DC Jail had an entry erroneously recording plaintiff as "escaped". See plaintiff's Motion to Vacate and Expunge the "escape" designation, hereto attached.

8. The DC Jail Records continue to erroneously failed to credit the plaintiff with time served during the period June 23, 2004 through December 19, 2004.

9. The plaintiff incorporate by reference plaintiff's Memorandum of Points and Authorities in Support of Motion to Correct Plaintiff's Time Served Records.

The strength of this extraordinary Writ is in aid of the court's jurisdiction and extraordinary circumstances warrant the exercise of the court's jurisdiction.

Finally, the courts have opined, " To punish a person because he has done what the law plainly allows him to do is a Due Process Violation" of the most basic sort". *Bordenkircher v. Hayes, 434 U.S. 357, 363.* In a series of cases beginning with North *Carolina v. Pearce, 395 U.S. 711* and culminating in *Bordenkircher v. Hayes 434 U.S. 357*, the court has recognized this basic principle. For while an individual certainly maybe penalized for violating the law, he just certainly may not be punished for excising a protected statutory or constitutional right. Citing from *United States v. Goodwin*, 457, *U.S. 368 at 372*.) "The presence of a punitive motivation, therefore, does not provide an adequate basis for distinguishing  governmental action that is fully justified as a legitimate response to a perceived criminal conduct from governmental action that is an impermissible response to non-criminal protected activity." *United States v. Goodwin, 457 U.S. at 373."*

Adequate relief cannot be obtained in any other form and relief is needed that the Court cause a cessation of clear abuse of discretion. See *Los Angeles Brush Co. v.* James, 272 U.S. 701, 706 (1927) and *Mallard v. United States District Court*, 490 U.S. 296, 309 (1989), and see *McCullough v. Cosgrave*, 309 U.S. 634 (1940).

The relief requested is in aid of the Court's jurisdiction.  See *Ex Parte v. Bradley*, 7 Wall, 364 (1863).  See also *Ex Parte Parker*, 120 U.S. 737 (1887).  See also *Hughes v. Thompson*, 415 U.S. 1301 (1974).

The right to issue this Writ is clear and indisputable.  See *Gulf Stream Aerospace Corp. v. Mayacamas Corp.*, 45 U.S. 271, 288-90 (1988).  See also *Kerr v. United States District Court*, 426 U.S. 394.

There is no adequate relief at law the appellant stands to be unduly prejudiced if the motion is not granted.

Wherefore, the appellant request that the court issue a Mandamus

Wherefore, the appellant prays that the motion be granted.

Wherefore, the plaintiff pray that this Honorable Court Order the Warden Larry Corbett, and the Director of the DC Department of Corrections, Elwood York, Jr., to correct plaintiff's records to reflect credit for the time served while incarcerated in the City of Alexandria while under sentence in the District of Columbia from June 23, 2004 to December 19, 2004 as well as from April 8, 2004 to June 23, 2004.

_____
Simon Banks, J.D., Pro se

## CERTIFICATE OF SERVICE

I, hereby certify that a copy of this pleading was mailed to the following, this 24th day of June 2005:

Steven Smith
Warden
DC Jail
1901 D Street, S.E.
Washington, DC  20003

202-305-4882
Kenneth W. Wainstein
United States Attorney
555 – 4th Street, N.W.
Special Proceedings Section – 10th Floor
Washington, DC  20530

Robert Okum
Chief, Special Proceedings Section
555 – 4th Street, N.W.
Special Proceedings Section – 10th Floor
Washington, DC  20530

Janice Praver
Assistant United States Attorney
555 – 4th Street, N.W.
Special Proceedings Section – 10th Floor
Washington, DC  20530

_____
Simon Banks, J.D., Pro se
DC Jail
1901 D Street, S.E., #269768
Washington, DC  20003

And

Simon Bank, J.D., Pro se
P.O. Box 17052
Alexandria, VA  22302