**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SIMON BANKS )<br>)<br>Plaintiff, )<br>v. )<br>)<br>)<br>S. ELWOOD YORK, JR., et al. )<br>)<br>Defendants. )<br>) | Civil Action No. 05-1514 (ESH) |

DISTRICT DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' RULE 56 (f)
MOTION, AND DOCKET ENTRIES, NUMBERS 65, 66, 67 AND 70

Defendants, Anthony Williams, Gregory Pane, M.D., Nora Tally, Gloria Nelson, Edward D. Reiskin, and Devon Brown, (collectively the "District Defendants") oppose the Plaintiff's Motion pursuant to F.R.C.P. 56 (f), and move to strike the docket entries filed at numbers 65, 66, 67 and 70, which reference the plaintiff's Rule 56(f) motion.

In support of this motion, the District Defendants rely upon the accompanying Memorandum of Points and Authorities. A proposed Order is attached for the Court's consideration.

WHEREFORE, Defendants pray that this Honorable Court grant the relief requested in this motion.

Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

                                             ELLEN EFROS
                                             D.C. Bar No. 250746
                                             Chief, Equity I

                                             _____/s/_____
                                             BY:    DENISE J. BAKER [493414]
                                             Assistant Attorney General
                                             Equity I Section
                                             Civil Litigation Division
                                             441 4th Street, N.W.
                                             Washington, DC 20001
                                             (202) 442-9887

Dated:  November 24, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIMON BANKS )<br>)<br>Plaintiff, )<br>v. )<br>)<br>)<br>S. ELWOOD YORK, JR., et al. )<br>)<br>Defendants. )<br>) | Civil Action No. 05-1514 (ESH) |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants, Anthony Williams, Gregory Pane, M.D., Nora Tally, Gloria Nelson, Edward D. Reiskin, and Devon Brown (collectively the "District Defendants"), oppose the Plaintiff's Motion pursuant to F.R.C.P. 56 (f), and move to strike the docket entries filed at numbers 65, 66, 67 and 70, which reference the Rule 56(f) motion.

**I. BACKGROUND**

1. On October 10, 2006, defendants Nora Tally, Anthony Williams and Gregory Pane, M.D. filed a motion to dismiss plaintiff's third amended complaint. (Dkt. 55).

2. On November 23, defendants Devon Brown, Gloria Nelson, and Edward D. Reiskin filed a similar motion to dismiss plaintiff's third amended complaint. (Dkt. 60).

3. On November 6, 2006, this Court granted plaintiff until November 10, 2006, to "file a response to the earlier motion to dismiss" or file for an extension of time to respond to the motions to dismiss. Plaintiff did neither.

4. On November 9, 2006, plaintiff filed a pleading containing the caption, "Rule 56(f) Motion to Deny Defendant's Motion without prejudice or alternatively for extension of time in which to complete discovery." On neither November 9, 2006 nor November 10, 2006, did the plaintiff move for an extension of time to respond to defendants' motions to dismiss or respond to the motions to dismiss referenced in paragraphs 1 and 2 above.

5. Plaintiff's motion brought pursuant to Fed. R. Civ. Pro. 56 (f) (Dkt. Nos. 65, 66, 67 and 70 should be stricken since at no time did defendants file for summary judgment on plaintiff's third amended complaint. Therefore, plaintiff's Rule 56(f) motion is inappropriate. Likewise, plaintiff's affidavit in support of Rule 56(f) motion should be stricken.

## II. LEGAL ARGUMENT

It is appropriate and within this Court's jurisdictional powers to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from any pleading. Fed. R. Civ. Pro. 12(f). The plaintiff's response to this Court's order to respond to the motion to dismiss or request an extension of time to respond is, at the very least, redundant of his several requests for discovery (Dkt. 68, 70); immaterial since he never responded as ordered by this Court; and, impertinent, for flagrantly ignoring the Court's order.

Likewise, the plaintiff's Rule 56(f) motion is immaterial and should be stricken, since defendants did not file a motion for summary judgment prior thereto. Plaintiff failed to respond to the motions that were filed, which were motions to dismiss. (Dkt. Nos. 55 and 60).

### III.  CONCLUSION

Plaintiff had a duty to comply with the direct orders of this Court.  Instead, plaintiff skirts the material issues for the fourth time by initiating new areas of investigation and claims far afield from the case *sub judice*.  This Court gave plaintiff several opportunities to reply to motions to dismiss filed by defendants, resulting in three amended complaints.  Instead of responding to defendants' motions to dismiss in flagrant disregard of this Court's order, he seeks to file yet another fourth amended complaint.  (See, Exhibit A, plaintiff's email requesting permission to file 4th amended complaint dated November 4, 2006, attached hereto).

The docket entries at 65, 66, 67, and 70 should be stricken.

                                                      Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

ELLEN EFROS
D.C. Bar No. 250746
Chief, Equity I

_____/s/_____
BY:    DENISE J. BAKER [493414]
Assistant Attorney General
Equity I Section
Civil Litigation Division
441 4th Street, N.W.
Washington, DC 20001
(202) 442-9887

Dated:  November 24, 2006