UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SIMON BANKS, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>S. ELWOOD YORK, JR., ET AL. )<br>)<br>Defendants ) | Civil Action No. 05-1514 (ESH)<br>Ellen Segal Huvelle, Judge<br><br>November 24, 2006 |

**PLAINTIFF'S REPLY TO DISTRICT DEFENDANTS
OPPOSITION TO PLAINTIFF'S MOTION FOR JUDICIAL NOTICE**

**Judicial Notice**

It is without dispute that the court may take judicial notice of public records attached as exhibits *EEOC v. St. Francis Xavier Parochial Sch.,* 117 F.3d 621, 624-25 (D.C. Cir. 1997). The Exhibits attached to Plaintiff's Motion for Judicial Notice, support the Plaintiff's contention that the Plaintiff can prove facts in support of his claim of overdetention, and that the actions and inactions of the defendants and its defective release policy, records, its actions and inactions, and its implementation of its failed- on-going custom, policy, pattern, practices and procedures, caused the Plaintiff's unconstitutional overdetention and the unconstitutional overdetention of others, currently, recently, and within the past several years. *Abigail Alliance For Better Access to Developmental Drugs and Washington Legal Found. V. Von Eschenbach,* 445 F.3d 470, 475 (D.C. Cir. 2006)(quoting *Conley v. Gibson*, 355 U.S. 41-46 (1957) These referenced affidavits coupled with the affidavit of the Plaintiff tend to show that the Plaintiff can

prove set of facts that would entitle Plaintiff to relief and that affording the Plaintiff with discovery

There is no genuine dispute that the court may treat defendants' joint motions as one for summary judgment pursuant to Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 12(b); **See also,** *Flynn v. Tiede-Zoeller,* 412 F. Supp. 2d 46, 50 (D.D.C. 2006) (stating that "'t'he decision to convert a motion to dismiss into a motion for summary judgment…is committed to the sound discretion of the trial court") (citation omitted). Of course, the Plaintiff does wish that the court provide the Plaintiff with prior notice if the court intends to do so. Specifically, the Plaintiff contends that the question of whether the defendants' conduct was with "deliberate indifference," "intentional" or "willful" and pursuant to a custom, policy, pattern, practice and procedure, are factual issues appropriately resolved by discovery. And defendants joint motion to dismiss the Plaintiff's Third Amended Complaint should be denied or, at least, time for discovery should be allowed.

"When a district court converts a Rule 12(b)(6) motion to one for summary judgment, it must allow all parties both a reasonable opportunity to present all material made pertinent to such a motion by Rule 56 and a chance to pursue reasonable discovery." *Taylor v. FDIC,* 132 F.3d 753, 765 (D.C. Cir. 1997)(quoting Fed. R. Civ. P. 12(b)(6)) (internal quotation marks and other citation omitted); **See also,** *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)(holding that a grant of summary judgment is mandated "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish…an element essential to that party's case,…on which that party wiol bear the burden of proof at trial") (citation omitted).

Clearly, the Plaintiff is entitled to be afforded ample opportunity to respond to defendants' factual assertions and materials and respond to defendants' motions to dismiss and/or for summary judgment in his opposition with opposing affidavits under Rule 56©. **See** *Americable Int'l v. Dep't of Navy,* 129 F.3d 1271, 1274 n.5 (D.C. Cir. 1997.

In the District defendants' joint motion to dismiss Plaintiff's Third Amended Complaint, the District defendants assert that the Plaintiff could not show custom, usage, official policy, pattern and practice, connected with Plaintiff's overdetention claim. The exhibits/attachments and affidavits cited in the Plaintiff's Motion for Judicial Notice contradicts the District defendants claim.

The Plaintiff has exercised his recourse to the District defendants' joint motion for summary judgment, when the Plaintiff moved for a stay and for a continuance, and for the denial of the District defendants joint motions pursuant to Rule 56(f). *Banks v. Veneman,* 402 F. Supp. 2d 43, 48 (D.C.C. 2005)(observing that " [d]enial of a summary judgment motion under Rule 56(f) is appropriate when the record is undeveloped on elements of [the] plaintiff's claim")(citation omitted).

Rule 56(f) permits courts to "deny a motion for summary judgment or order a continuance to permit discovery if the party opposing the motion adequately explains why, at that timepoint, it cannot present by affidavit facts needed to defeat the motion." *Strang v. U.S. Arms Control & Disarmament Agency,* 864 F.2d 859, 861 (D.C. Cir. 1989) (citations omitted). Such an explanation must be made by affidavit, Fed. R. Civ. P. 56(f).

Through the affidavits referenced in the Plaintiff's Motion for Judicial Notice, the Plaintiff is attempting to show that there are genuine issues for trial. *Celotex,* 477 U.S. at

324, and that through these affidavits coupled with the affidavit of the Plaintiff, the Plaintiff has demonstrated he has and/or can make a sufficient showing on an essential element of ["the non-moving party's] case with respect to which [that party] has the burden of proof.'" *Nayar v. Howard Univ.,* 881 F. Supp. 15, 19 (D.D.C. 1995) (quoting *Celotex,* 477 U.S. at 323.

The referenced affidavits that the Plaintiff seek the taking of judicial notice of clearly identify facts to be discovered that would create a triable issue and why the Plaintiff cannot produce those facts in opposition to the defendants dispositive motions. *Banks,* 402 F. Supp. 2d at 47 (citing *Byrd v. EPA,* 174 F.3d 239, 248 n.8 (D.C. Cir. 1999), *cert denied,* 529 U.S. 1018 (2000)(emphasis added). The affidavits and exhibits that the Plaintiff seek the court take judicial notice of, mitigate in the Plaintiff's favor the requirement that "The party must also demonstrate a reasonable basis to suggest that discovery might reveal triable issues of fact." *Id.* (citing *Carpenter v. Nat'l Mortgage Ass'n,* 174 F.3d 231, 237 (D.C. Cir. 1999), *cert. Denied,* 528 U.S. 876 (1999).

The affidavits referenced by the Plaintiff, are "made on personal knowledge which set forth facts admissible in evidence and [which] show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). These affidavits plainly set forth facts as would be admissible in evidence, and suggest facts that would be adduced on the issue of overdetention were the Plaintiff be allowed to gather additional "depositions, answers to interrogatories, or…affidavits" in order to oppose the defendants' summary judgment motion, Fed. R. Civ. P. 56(e), and further tend to show that the defendants' actions and inactions were the product of a pattern, practice, custom, usage, based upon prior knowledge with reckless indifference to the Constitutional Rights

4

of the Plaintiff.  Moreover, these affidavits and exhibits the Plaintiff sees Judicial Notice of tend to show that the defendants' conduct was intentional or willful.

The defendants cannot show that the sworn statements made by the authors of the affidavits that the Plaintiff seek judicial notice of are based on hearsay.  The District simply maintain, P2¶1 of its opposition, that "*The adjudicative facts, if any, contained in the affidavits are subject to reasonable dispute, are not generally known within the territorial jurisdiction, and are not capable of accurate and ready determination by resort to sources whose accuracy could reasonably be questioned.*"  -- *¶C.  The persons taking the affidavits have not been the subject of deposition. --§D.  The adjudicative facts, if any, contained in the affidavits must be resolved by the factfinder." -- ¶F.  The District of Columbia Defendants would be deprived of resolving the factual disputes raised in the affidavits by generally accepted dispute resolution methods, such as, rebuttal evidence, cross-examination, and argument.*"

The District does not contend that the affidavit affiants statements are based on hearsay, and inadmissible based on Fed. R. Evid. 801(c).  Even if such could be established and it has not been established here, "Hearsay statements are admissible under certain limited exceptions.  **See** *generally*, Fed. R. Evid. 803.

The referenced affidavits and exhibits, attachments, show that the District defendants' over-detaining Plaintiff and others, conduct was "patently egregious and unlawful and that anyone undertaking [it] should have know it unlawful." *Laningham,* 813 F.2d at 1242. The affidavits further show that the District defendants were on notice that Plaintiff and others were aggrieved by the implementation and enforcement of its inmate release-and-sentence computation failed policy, custom, policy, practice and

5

procedures, and that its inaction of failing to correct this flawed policy, custom, pattern and practice, and failure to adequately train the employees that compute and facilitate its release policy resulted in Plaintiff's overdetention and the overdetention of others, and that because of the District's actions and inactions, the District's conduct was with flagrant disregard for the constitutional rights of the Plaintiff to be released at the expiration of his sentence and to be credited with all time served Plaintiff was entitled to be credited with.

As to the District implied piecemeal motion, Rule 56(a) does not contemplate summary judgment for a single claim in suit. *Biggins v. Oltmer Iron Works,* 154 F.2d 214, 217 (7th Cir. 1946), *Shultz v. United Steelworkers of America AFL-CIO-CLC (District 19)*, 319 F. Supp. 1172, 1173 (W.D. Pa. 1970).

The District Defendants only credible response is that discovery is needed at this point, and the Plaintiff agrees that discovery is needed at this point. However, the District has made no credible argument to justify its opposition to the Plaintiff's Motion for Judicial Notice.

The District Defendants has made no credible argument that require a hearing to resolve the issue of Judicial Notice. The pleadings are in on this point. A hearing would be a waste of judicial economy and frivolous.

Wherefore, the Plaintiff submit that the opposition of the District is insufficient to deprive the Plaintiff of Judicial notice of the public records that the Plaintiff seek judicial notice of.

_____//s//_____

    Simon Banks

### CERTIFICATE OF SERVICE

    I, hereby certify that a copy of this pleading, Plaintiff's Motion for _____ mailed, via electronic mail, this day of 24th day of November, 2006, to the following:

**VIA EMAIL TO**
**Denise.baker@dc.gov**
Denise J. Baker,
Assistant Attorney General, DC
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
(202) 442-9887

**VIA EMAIL TO**
Megan.benary@eclairryan.com
Megan S. Ben'Ary
LeClair Ryan
225 Reinekers Lane, Suite 700
Alexandria, VA 22314

**VIA EMAIL TO**
dstruck@jshfirm.com
**Facsimile 602 263-1784**
Daniel P. Struck
Jones, Skelton & Hochuli, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012


_____//s//_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
drsbanks@msn.com,
[703] 965-5637