# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **SIMON BANKS,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 05-1514 (ESH)** |
| | ) | **Ellen Segal Huvelle, Judge** |
| **S. ELWOOD YORK, JR., ET AL.** | ) | |
| | ) | |
| **Defendants** | ) | **November 28, 2006** |
| | ) | |

## PLAINTIFF'S MOTION TO STAY DISPOSITION
## OF DEFENDANT DISTRICT OF COLUMBIA JOINT MOTION
## TO DISMISS THE COMPLAINT UNTIL ALL INDISPENSIBE
## PARTIES ARE SERVED

### PLAINTIFF'S CERTIFICATION PURSUANT TO LCVR 7.1 (M)
**That before filing his motion Plaintiff requested defendant's consent**
**To the relief requested in such motion however the defendants did not**
**Give their consent to the relief requested in the motion**

Comes now Simon Banks, Plaintiff and submit Motion to Stay disposition of Defendant District of Columbia Joint Motions to Dismiss the Complaint until all indispensable parties are served, and in support of the Motion cites Plaintiff's Memorandum of Points and Authorities In Support of Plaintiff's Motion To Stay Disposition of Defendant District of Columbia Joint Motions to Dismiss the Complaint Until All Indispensable Parties are Served.

_____/s/_____

Simon Banks

## CERTIFICATE OF SERVICE

I, hereby certify that a copy of this pleading, Plaintiff's Motion for _____mailed, via electronic mail,
this day of  28th day of November, 2006, to the following:

**VIA EMAIL TO**
**Denise.baker@dc.gov**
Denise J. Baker,
Assistant Attorney General, DC
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
(202) 442-9887

**VIA EMAIL TO**
Megan.benary@eclairryan.com
Megan S. Ben'Ary
LeClair Ryan
225 Reinekers Lane, Suite 700
Alexandria, VA 22314

**VIA EMAIL TO**
dstruck@jshfirm.com
**Facsimile 602 263-1784**
Daniel P. Struck
Jones, Skelton & Hochuli, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012


_____/s/_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
drsbanks@msn.com,
703 965-5637

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **SIMON BANKS,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 05-1514 (ESH)** |
| | ) | **Ellen Segal Huvelle, Judge** |
| **S. ELWOOD YORK, JR., ET AL.** | ) | |
| | ) | |
| **Defendants** | ) | **November 28, 2006** |
| | ) | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STAY DISPOSITION OF DEFENDANT DISTRICT OF COLUMBIA JOINT MOTIONS TO DISMISS THE COMPLAINT UNTIL ALL INDISPENSIBE PARTIES ARE SERVED

Comes now Simon Banks, Plaintiff and submit Memorandum of Law In Support of Motion to Stay disposition of Defendant District of Columbia Joint Motions to Dismiss the Complaint until all indispensable parties are served, and in support of the Motion cites the following:

The Plaintiff incorporate by reference Plaintiff's Motion to Effect Service of Process Upon the District of Columbia and Robert Clay, Defendants.

The Plaintiff incorporate by reference Plaintiff's Errata to Plaintiff's Third Amended Complaint.

The Plaintiff incorporate by reference Plaintiff's Rule 56(f) Motion and Affidavit.

The Plaintiff cite the Plaintiff's Motion for Judicial Notice.

Neither the District of Columbia Government, nor Robert Clay, listed defendants in the Plaintiff's Third Amended Complaint, have been served with service of process. The Plaintiff is pro se and functioning in forma pauperis, and relies upon the Court and the Government to ensure that service of process is effectuated. This Court has previously directed that unserved parties be served with service of process.

**Irreparable Harm.**

Should the Court not grant the relief requested the Plaintiff is more likely than not to suffer irreparable harm to his Constitutional Rights by being deprived of substantive due process of law, procedural fairness, and denied the right and a fair opportunity to prosecute his complaint against all indispensable parties.

The Court frowns on piecemeal litigation and peacemeal relief.

**Public Interest**

The Public interest favors judicial economy and the right of the Plaintiff to prosecute all related claims in one cause of action.

**Likelihood Of Success On The Merits**

The totality of the circumstances mitigate that the Plaintiff more likely than not will prevail on the merits. *Mova Pharmaceutical Corp. v. Shalala,* 140 F.3d 1060, 1066 (D.C. Cir. 1998)(quoting *CityFed Fin.,* 58 F.3d at 746 (D.C. Cir. 1995). There is no genuine dispute that the Plaintiff was overdetained for some 40 days subsequent to the time that the Plaintiff sentence expired and the Plaintiff was entitled to be released on March 20, 2006, while the Plaintiff was released on April 28, 2006. **See Affidavit of the Plaintiff attached to Plaintiff's Motion for Extension of Time to Respond to District of Columbia Joint Motions to Dismiss, See Exhibit 1 hereto attached:** *Government of*

*the District of Columbia Department of Corrections November 1, 2006, response to Freedom of Information Act request,* which shows the District of Columbia miscalculated the Plaintiff's release date as October 2, 2006, that Plaintiff was entitled to be released on March 20, 2006, that the Plaintiff was released on April 28, 2006, and only after the Plaintiff filed his emergency pro se Motion pursuant to D.C. Code §23-110, on April 12, 2006, did the DC Department of Corrections correct Plaintiff's release date, first as March 21, 2006, then as March 20, 2006 and released the Plaintiff on April 28, 2006. **See Order of Hon. Ann O'Regan Keary (Pet's Emergency Motion for Release) – Exhibit 2 hereto attached.  See also Dkt#30, 06/13/2006.**

There is no genuine dispute that the District of Columbia has a record, custom, policy, pattern and practice of overdetaining inmates entitled to be released.  **See** Plaintiff's Exhibits In Support of Plaintiff's Rule 56(e) Motion, which contains affidavits in support of overdetention, the established failed release policies, custom practice of overdetaining parties entitled to be released, which has been on-going and continuous, that resulted in damages and constitutional injuries.  **See** *Joseph Heard v. District of Columbia, Carle A. Barnes v. District of Columbia,* No. 06-315 (RCL), *Marcus Bynum v. Odie Washington,* 02-Cv-956.

A court has broad discretion to **stay** all proceedings in an action pending resolution in a proceeding currently pending.  *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). "The power to stay proceedings is incidental to the power inherent ni every court to control the disposition of the cause on its docket with economy of time and effort for itself, counse, and for litigants." *Id*.

The Plaintiff has met his burden of establishing a clear case of hardsip. *Landis v. North American Co.,* 299 U.S. at 255.

The Plaintiff has met the applicable legal standard for preliminary injunctive relief by establishing the likelihood of irreparable injury. '[t]he basis of injunctive relief in federal courts has always been irreparable harm.'" *CityFed Financial Corp. v. Office of Thrift Supervision,* 58 F.3d 738, 747 (D.C. Cir. 1995)(quoting *Sampson v. Murray,* 415 U.S. 61, 88 (1974).

The Plaintiff seeks to preserve the status quo until all indispensable parties are served, and all parties listed are served with service of process so that this Honorable Court may address all claims in total. *Univ. of Texas v. Comenisch,* 451 U.S. 390, 395 (1981).

**Judicial Economy.**

Judicial efficiency mitigate that this Honorable Court grant equitable relief. *Board of Regents of the Univ. of Okla v. NCAA*,  546 F. Supp. 1276 (W.D. Okla. 1982)

**Broad Equitable Powers of the Court.**

This court has broad equitable powers. *Renegotiation Board v. Bannercraft Co.,* 415 U.S. 1 (1974)(citing *Porter v. Warner Holding Col.,* 328 U.S. 395, 403 (1946). **See** *Neal v. Director, Dist. of Columbia Dep't of Corrections,* 1995 WL 517244, at1 (D.C. Cir. 1995), enabled the district court to "order such affirmative action as may be appropriate, which may include, but is not limited to…any other equitable relief as the court deems appropriate."  Similarly, in *United States v. Savran,* 755 F. Supp.l 1165, 1177 (E.D.N.Y> 1991), the applicable statute authorized a court to take "such other action, as is warranted to prevent a continuing and substantial injury.

**Municipal Liability**

The plaintiff has allege facts suggesting that the municipality was aware of the need to correct its overdetention, and failure to timely release inmates when they are entitled to be released, and that there is a need to change its custom, policy, practices and procedures.  **See,** e.g. *Baker*, 326 F. 3d at 1306-07 (reversing 12(b)(6)

The Plaintiff has shown an informal custom or practice of unconstitutional conduct, that the policymaker(s) "knew of or disregarded a practice" of unconstitutional behavior by its employees.  *Triplett v. District of Columbia*, 108 F.3d 1450, 1453 (D.C. Cir. 1997).

Furthermore, and that such practice or custom of overdetention is "longstanding" and constitute the "standard operating procedure" of the local government entity.  Id. at 1454 (quoting *Jett v. Dallas Independent School Dist*., 491 U.S. 701, 737 (1989)).

Wherefore, the Plaintiff pray that the relief requested be granted.


_____/s/_____
Simon Banks



**CERTIFICATE OF SERVICE**

I, hereby certify that a copy of this pleading, Plaintiff's Memorand of Law In Support of Motion to Stay District of Columbia Govt's Motions to Dismiss the Third Amended Complaint was mailed, via electronic mail,
this day of  28th day of November, 2006, to the following:

**VIA EMAIL TO**
**Denise.baker@dc.gov**
Denise J. Baker,
Assistant Attorney General, DC
441 Fourth Street, NW
Sixth Floor South

Washington, DC 20001
(202) 442-9887

**VIA EMAIL TO**
Megan.benary@eclairryan.com
Megan S. Ben'Ary
LeClair Ryan
225 Reinekers Lane, Suite 700
Alexandria, VA 22314

**VIA EMAIL TO**
dstruck@jshfirm.com
**Facsimile 602 263-1784**
Daniel P. Struck
Jones, Skelton & Hochuli, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012

_____/s/_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
drsbanks@msn.com,
703 965-5637

.