# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**SIMON BANKS,**                    )
                                    )
                **Plaintiff**       )
                                    )
**v.**                              )          **Civil Action No. 05-1514 (ESH)**
                                    )          **Ellen Segal Huvelle, Judge**
**S. ELWOOD YORK, JR., ET AL.**     )
                                    )
                **Defendants**      )          **December 4, 2006**
_____)


## PLAINTIFF'S MOTION FOR LEAVE TO FILE
## FOURTH AMENDED COMPLAINT


## PLAINTIFF'S CERTIFICATION PURSUANT TO LCVR 7.1 (M)
**That before filing his motion Plaintiff requested defendant's consent
To the relief requested in such motion however the defendants did not
Give their consent to the relief requested in the motion**


Comes now Simon Banks, Plaintiff and submit Motion for Leave to File Fourth

Amended Complaint, and in support of the motion cites the following:

The Plaintiff incorporate by reference Plaintiff's Memorandum of Law In Support

of Plaintiff's Motion for Leave to File Fourth Amended Complaint.


_____/s/_____

Simon Banks

## CERTIFICATE OF SERVICE

I, hereby certify that a copy of this pleading, Plaintiff's Motion for Leave to File 4th Amended Complaint was served upon defendants, via electronic mail, this day of 4th day of November, 2006, to the following:

**VIA EMAIL TO**
**Denise.baker@dc.gov**
Denise J. Baker,
Assistant Attorney General, DC
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
(202) 442-9887

**VIA EMAIL TO**
Megan.benary@eclairryan.com
Megan S. Ben'Ary
LeClair Ryan
225 Reinekers Lane, Suite 700
Alexandria, VA 22314

**VIA EMAIL TO**
dstruck@jshfirm.com
**Facsimile 602 263-1784**
Daniel P. Struck
Jones, Skelton & Hochuli, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012


_____/s/_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
drsbanks@msn.com,
703 965-5637

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| SIMON BANKS, | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 05-1514 (ESH)** |
| | ) | **Ellen Segal Huvelle, Judge** |
| S. ELWOOD YORK, JR., ET AL. | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | **December 4, 2006** |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR LEAVE TO FILE FILE**
**FOURTH AMENDED COMPLAINT**

Comes now Simon Banks, Plaintiff pursuant to Fed. R. Civ. P. 6 and 15, and submit Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Leave to file Fourth Amended Complaint, and supplement the complaint with indispensable parties. In support of the Motion the Plaintiff cites the following:

The Plaintiff seeks to join parties and causes of actions to the complaint.  The indispensable parties to the complaint that the Plaintiff seek to join are:

(a)     District of Columbia Government (although previously a party but not listed on the cover page and under the title "parties" on the Third Amended Complaint)

(b)     S. Elwood York, Jr., former Director of DC Department of Corrections and previously listed as an original party,

(c)     Odie Washington, former Director of DC Department of Corrections

(d)     Larry Corbett, former Warden, DC Jail, CDF

(e)     Center for Correctional Health and Policy Studies, Inc.

(f)     The Plaintiff further seek to join causes of actions connected with the
above-referenced indispensable parties.

(g)     The cause of actions the Plaintiff seek to join in addition to the
Constitutional violations, include common law claims of:  Medical
Negligence, false imprisonment, intentional infliction of mental and
emotional distress, deprivation of procedural due process in violation of
the right to prosecute Petition for Writ of Habeas Corpus before the United
States District Court District of Columbia and the United States District
Court Eastern District of Alexandria, to contest the constitutionality of the
search and seizure of all of the Plaintiff's clients files, Plaintiff computer,
office equipment, records, books, research disks, based upon the
complaint of one client  whose complaint and related indictment was
dismissed by the Circuit Court of Alexandria, while the Commonwealth
Attorney, used the perjured affidavit of a detective citing the same clients
complaint to go on a fishing expedition and exploratory search to local
clients that would file a complaint.  Plaintiff's clients were told falsely by
the Assistant Commonwealth Attorney that Plaintiff abandoned them
when and while the Plaintiff was locked down in DC Jail, while promising
them a quid pro quo for their cooperation, and misleading them into
believing that the Plaintiff's federally authorized practice was not
authorized, when it has been for over 20 years.

## **Legal standard for a Motion to Amend the Complaint``**

Under Federal Rules of Civil Procedure 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served.  Fed. R. Civ. P. 15(a), *Wiggins v. Dist. Cablevision, Inc.,* 853 F. Supp. 484, 499 (D.D.C. 1994)(Lamberth, J.); 6 Fed. Prac. & Proc. 2d § 1474. [1] According to the Court of Appeals, Rule 15(a) "guarantee[s] a plaintiff an absolute right" to amend the complaint once at any time so long as the defendant has not served a responsive pleading and the court has not decided a motion to dismiss.  *James v. Hurson Assocs., Inc. v. Glickman,* 229 F.3d 277, 282-83 (D.C. Cir. 2000)(citing Fed. R. Civ. P. 15(a)).  Once a responsive pleading is filed, however, a party may amend its complaint only by leave of the court or by written consent of the adverse party.  *Foman v. Davis,* 371 U.S. 178, 182 (1962).

The grant or denial of leave is committed to the discretion of the district court. *Firestone v. Firestone,* 76 F. 3d 1205, 1208 (D.C. Cir. 1996).  The court must heed Rule 15s mandate that leave is to be "freely given when justice so requires."  Fed. R. Civ. P. 15(a); *Foman,* 371 U.S. at 182; *Caribbean Broad. Sys., Ltd v. Cable & Wireless P.L.C.,* 148 F.3d 1080, 1083 (D.C. Cir. 1998).  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Foman,* 371 U.S. at 182.  Denial of leave to amend therefore constitutes an abuse of discretion unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue

---

[1] When a plaintiff's amendment of the complaint is "as a matter of course" under Rule 15(a), the plaintiff's filing of a motion requesting the court's leave to amend does not nullify the plaintiff's right to amend and invoke the court's authority to deny leave. E.g., *Pure County, Inc. v. Sigma Chi Fraternity,* 312 F.3d 952, 956 (8th Cir. 2002).

prejudice, or repeated failure to cure deficiencies by previous amendments. *Foman,* 371 U.S. at 182; *Caribbean Broad. Sys.,* 148 F.3d at 1083.

**Defendants District of Columbia, the Warden of the District of Columbia Department of Corrections, Warden, District of Columbia Jail, have not submitted responses to the Complaint prior to this instant motion and are critical defendants to all claims.**

The Plaintiff seeks to join, Odie Washington, former director, DC Department of Corrections, and S. Elwood York, Jr., former Director of the DC Department of Corrections, and Larry Corbett, former warden of the DC Jail, and Center for Correctional Health and Policy Studies, Inc., whom are indispensable parties to these proceedings*. **It is critical to Plaintiff's civil action that these persons be joined as indispensable parties**. **[Emphasis Added]**

Because of the inability of the Plaintiff to thus far secure discovery, the stonewalling of the Department of Corrections, its office of personnel, its Human Resources Department of constantly giving the Plaintiff a run-around and requiring that the Plaintiff submit FOIA request for each and every piece of information regarding the dates of employment of these individuals, have mitigated in the Plaintiff's ability to join the right parties with the dates of their employment that is compatible with the adverse actions that the Plaintiff suffered.

The cause of actions that the Plaintiff seeks to join are supported by Fed. R. Civ. P. 18, and the persons Plaintiff seek to join are supported by Fed. R. Civ. P. 19.    With regard to undue delay, the text of Rule 15 does not prescribe a time limit on motions for leave to amend or to supplement. Fed. R. Civ. P. 15(a); *Caribbean Broad. Sys.,* 148 F.3d

at 1084. Accordingly, a court should not deny leave to amend based solely on time elapsed between the filing of the complaint and the request for leave to amend. *Atchinson v. District of Columbia,* 73 F.3d 418, 426 (D.C. Cir. 1996)(citing *Hayes v. New Eng. Millwork Distribs., Inc.,* 602 F.2d 15, 19 (1st Cir. 1979)). Nor does the prolonged nature of a case affect whether the plaintiff may amend his complaint. *Caribbean Broad. Sys.,* 148 F.3d at 1084 (concluding that the length of litigation is relevant only insofar as it suggests bad faith or prejudice). Rather, the court should take into account the actions of other parties and the possibility of resulting prejudice to the opposing party. *Id.; Atchinson,* 73 F.3d at 426.

To demonstrate such prejudice, the opposing party "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendment been timely." *Dooley v. United Techs. Corp.,* 152 F.R.D. 419, 425 (D.D.C. 1993)(quoting *Foremost-McKesson Inc. v. Islamic Rep. Of Iran*, 759 F. Supp. 855, 858 (D.D.C. 1991)). For example, prejudice may exist when allowing an amendment would necessitate reopening discovery at a relatively late state in the proceedings. E.g*., Societe Liz, S.A. v. Charles of the Ritz Group. Ltd*., 118 F.R.D. 2, 4 (D.D.C. 1987)(finding prejudice when the motion to amend was filed just prior to the close of discovery, with trial fast approaching); *Indep. Petrochemical Corp., v Cas & Sur. Co*., 1987 WL 9232, at *2 (D.D.C. March 25, 1987) (finding prejudice when the proposed amendment would prolong discovery after the previously announced deadline.) Finally, prejudice may exist "when the effect of the amendment is to impair the opposing party's ability to present evidence." *Prince v. Suffolk County Dep't of Health Servs.,* 1995 WL 144782, at *6 (S.D.N.Y. Apr. 3, 1995).

The defendants cannot show any of the above that would justify denying the

Motion to Supplement the Complaint.

WHEREFORE, Plaintiff pray that the relief requested be granted.


_____/s/_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
drsbanks@msn.com,


## CERTIFICATE OF SERVICE

I, hereby certify that a copy of this pleading, Plaintiff's Motion for Leave to File 4th Amended Complaint, was served, via electronic mail, this 4th day of December, 2006, to the following:

**VIA EMAIL TO**
**Denise.baker@dc.gov**
Denise J. Baker,
Assistant Attorney General, DC
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
(202) 442-9887

**VIA EMAIL TO**
Megan.benary@eclairryan.com
Megan S. Ben'Ary
LeClair Ryan
225 Reinekers Lane, Suite 700
Alexandria, VA 22314

**VIA EMAIL TO**
dstruck@jshfirm.com
**Facsimile 602 263-1784**
Daniel P. Struck
Jones, Skelton & Hochuli, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012

_____/s/_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
drsbanks@msn.com,
703 965-5637