EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SIMON BANKS

                    Plaintiff,                          Civil Action No. 05-1514 (ESH)

          v.

JOHN CAUFIELD, et al.,

                    Defendants.

## AFFIDAVIT OF JOYCE ALLEN

I, JOYCE ALLEN, being duly sworn according to law, upon my oath, depose and say:

      1.    I have been employed by Corrections Corporation of American (hereinafter "CCA") since October 2000. I currently am the Facility Grievance Officer at the Correctional Treatment Facility ("CTF") operated by Corrections Corporation of America in Washington, D.C.

      2.    I have reviewed the allegations contained in Plaintiff's Complaint.

      3.    I have personal knowledge that the matters in this Affidavit are true and accurate, and submit this Affidavit in support of Defendant Caulfield's Motion to Dismiss.

      4.    As Facility Grievance Officer, I am familiar with the CCA grievance policies and procedures regarding the available administrative remedies for inmates and detainees. My responsibilities include overall coordination of the grievance procedure at CTF, assigning a number to each grievance, coordinating the investigation of grievances,

1722418.1

completing the Grievance Officer's Report utilizing Form 14-5A, and maintaining all grievance records and documents, including the permanent grievance log.

5.      The inmate grievance procedure contained in CCA Policy 14-5 (attached hereto as Attachment A) was in effect at the time of Simon Banks' incarceration at CTF.

6.      Upon inmates' arrival to the facility, CCA/CTF provides an Inmate Handbook, which contains a summary of the facility grievance policies and procedures. Additionally, inmates have access to the complete grievance policy at the CTF Law Library or through facility staff.

7.      In order for an inmate or detainee to exhaust his administrative remedies, he should follow the facility grievance procedures and carry the grievance through to its finish. Prior to pursuing the formal grievance process, inmates and detainees should first avail themselves to the Informal Resolution Process by submitting an Inmate Request Slip or speaking with any staff member concerning the issue prior to submitting a grievance. If the complainant is dissatisfied with that the result, only then may the formal process be initiated.  At CTF, the formal grievance process contains four steps:

a.      Inmates  must  initially  send  grievances,  on  the  CCA Inmate/Resident Grievance Form (Form 14-5A), to the Grievance Officer within seven (7) days of the alleged incident.  (Step One).  The time for filing begins from the date the problem or incident became known to the inmate/resident.

b.      If the inmate finds the response unsatisfactory, he may appeal to the Warden within five (5) days of receipt of the Facility Grievance Officer's decision by

completing the Request for Warden/Administrator Review portion of the Grievance Form.. (Step Two).

        c.    If the inmate is unsatisfied with the Warden's response, he may appeal to the District of Columbia Department of Corrections' Contract Monitor within five (5) days of receipt of the Warden's response.(Step Three).

        d.    The inmate may then appeal the Contract Monitor's determination directly to the Director of the District of Columbia Department of Corrections within five (5) days of receipt of the Contract Monitor's decision (Step Four).

        8.    If an inmate fails to follow this procedure or omits any part of it, he has not exhausted the administrative remedies available. If an inmate or detainee fails to cooperate with the investigation process, he has failed to carry the grievance through to its finish and thus has failed to exhaust the administrative remedies available.

        9.    Additionally, the Grievance Policy includes procedures for inmates/residents to file Emergency Grievances. Grievances may be considered Emergency Grievances if the subject matter of the grievance is such that compliance with the regular time guidelines would subject the grievant to risk of personal injury. If the grievant asks that the grievance be considered an emergency and details the basis for needing an immediate response, the Facility Grievance Officer, will, within 24 hours review the grievance to determine if an emergency exists. If an emergency exists, the Facility Grievance Officer will take initial action to resolve the grievance within twenty-four (24) hours of receipt. After initial action has been taken and within seventy-two (72) hours of receipt of the emergency grievance, the Facility Grievance Officer will prepare and issue a written decision to the Grievant.

1722418.1

10.    I have reviewed the grievance log for calendar years 2005-2006 and identified a total of five grievances which address the issues raised in Plaintiff's Complaint.

11.    On November 1, 2005, Inmate Banks submitted Grievance 05-3642 complaining that his 29 previous requests for a dental appointment and treatment in connection with purported dental pain were denied. Inmate Banks requested a dental appointment and a transfer to a facility where his private dentist could see him. The grievance was denied on November 7, 2005, with the explanation that the medical contractor is under the control of the District of Columbia Department of Corrections and CCA had no authority to provide dental care. Inmate Banks acknowledged receipt of this decision on November 7, 2005 and did not appeal. A true copy of the Facility Grievance Officer's file of Grievance 05-3642 is Attachment B hereto.

12.    On October 31, 2005, Inmate Banks submitted Grievance 05-3643 complaining that his cell was too cold, with temperatures ranging between 35-40 degrees Fahrenheit. This grievance was resolved on November 7, 2005, and Inmate Banks acknowledged receipt of the decision on the same day. Inmate Banks did not properly appeal. A true copy of the Facility Grievance Officer's file of Grievance 05-3643 is Attachment C hereto.

13.    On December 3, 2005, Inmate Banks submitted Grievance 05-3798 again complaining about cold temperatures. This grievance was resolved and acknowledged on December 9, 2005. Inmate Banks did not appeal. A true copy of the Facility Grievance Officer's file of Grievance 05-3798 is Attachment D hereto.

14.    On December 3, 2005, Inmate Banks submitted Grievance 05-3824 asserting that the law library had been closed for four out of the past six weeks and that

copies of cases were not timely provided. He requested that copies of case law be provided and that CTF purchase electronic copies of Supreme Court decisions. On December 27, the Grievance Officer reported that the law library was only closed for the Thanksgiving holiday, and that it was unknown why Inmate Banks did not show up during his scheduled hours on November 11 and 18 when other inmates from his housing unit were escorted to the library. In addition, the Grievance Officer indicated that a review of Inmate Banks' records show that Inmate Banks did not have any initial pleadings or pending criminal matters before the court, and that Inmate Banks was provided 90 percent of his requests. Inmate Banks acknowledged receipt of the decision on December 27, 2005 and appealed disputing that he received research material and that the "law library was a dysfunctional mess." The Warden replied to the appeal indicating that Inmate Banks was receiving all appropriate legal materials as requested and suggested that Inmate Banks request more library time.    A true copy of the Facility Grievance Officer's file of Grievance 05-3824 is Attachment E hereto.

      15.    On January 23, 2006, Inmate Banks submitted Grievance 06-245 complaining that the law librarian failed to copy 11 cases which hindered "sending excerpts of these case cites to my outside word processors/typists" and that since he could not receive a printout of a motion the same day he requested it, that he "handwrote an emergency request … and mailed it." The librarian and Principal of the Education Department, which oversees the Law Library, replied that the CCA/CTF policy on copying for inmates dictates that CTF is only required to provide free copies of documents that will be filed in court and that those documents had been provided as requested. Additionally, she clarified that inmates may hand-copy any case citations or quotations which are contained in library books. The grievance was deemed resolved by the Grievance Officer on January 30, 2006, and Inmate

Banks acknowledged receipt of that decision on the same day. Inmate Banks did not appeal, and thus, failed to exhaust his available administrative remedies regarding access to the law library. A true copy of the Facility Grievance Officer's file of Grievance 06-245 is Attachment F hereto.

16.    I hereby attest that Inmate Banks failed to properly exhaust the administrative remedies available to him for the allegations contained in his Third Amended Complaint.

**FURTHER AFFIANT SAYETH NAUGHT.**

                                        Joyce Allen
                                        Joyce Allen

WASHINGTON                    )
                              ) ss.
DISTRICT OF COLUMBIA          )

        SUBSCRIBED AND SWORN before me this 8th day of January, 2007, by Joyce Allen.

                                        Phoenix C. Ishmon
                                        Notary Public

My Commission Expires:

                    PHOENIX C. ISHMON
                    NOTARY PUBLIC DISTRICT OF COLUMBIA
                    My Commission Expires July 31, 2011

1722418.1

01/08/2007 18:04 FAX 2025442980    CORR TRMT FAC    ☑002

# ATTACHMENT A

| | |
|---|---|
| CHAPTER 14: | INMATE/RESIDENT RIGHTS |
| SUBJECT: | INMATE/RESIDENT GRIEVANCE PROCEDURES |
| SUPERSEDES: | JULY 15, 2000 |
| EFFECTIVE DATE: | DECEMBER 1, 2002 |
| FACILITY: | CORRECTIONAL TREATMENT FACILITY |
| FACILITY SUPERSEDES: | AUGUST 14, 2001 |
| FACILITY EFFECTIVE DATE: | MARCH 6, 2003 |

APPROVED:    **SIGNATURE ON FILE AT CORPORATE OFFICE**
**JIMMY TURNER**
**VICE PRESIDENT, OPERATIONS**

APPROVED:    **SIGNATURE ON FILE AT CORPORATE OFFICE**
**G. A. PURYEAR**
**EXECUTIVE VICE PRESIDENT/ GENERAL COUNSEL**

**14-5.1  PURPOSE:**

To establish procedures for inmates/residents to formally file complaints about facility conditions, treatment, policies, and procedures. To provide that such complaints are reviewed in a fair and expeditious manner and resolved in the best interest of both the inmate/resident and the facility.

**14-5.2  AUTHORITY:**

Corporate and Facility Policy and Contract.

**14-5.3  DEFINITIONS:**

A.    Emergency Grievance – A grievance, the resolution of which, if subject to the normal time limits, would subject the grievant to a substantial risk of personal injury or irreparable harm.

B.    Facility Grievance Officer – Facility staff member responsible for tracking, coordinating grievance investigations and answering grievances.

C.    Grievance - A written complaint concerning the substance or application of a written or unwritten policy or practice, any single behavior or action toward an inmate/resident by staff or other inmates, or any condition or incident within the department or institution which personally affects the inmate/resident.

D.    Grievant – The inmate/resident who filed the formal complaint

E.    Informal Resolution – An attempt to address concerns through discussion with appropriate staff.

F.    Inmate/Resident - Any adult or juvenile, male or female housed in a CCA facility. Inmates/residents may also be referred to as detainees, prisoners or offenders depending on classification and in accordance with facility management contracts.

G.    Reasonable Suspicion – A suspicion which is based upon documentable, articulable facts which, together with the employee's knowledge and experience, lead him/her to believe that an unauthorized situation or violation of rules exists.

H.    Reprisal – Any action or threat of action against anyone for the good faith use of or good faith participation in the grievance procedure.

Proprietary Information - Not for Distribution - Copyrighted
Property of Correction Corporation of America

## 14-5.4  POLICY:

Whenever possible, inmate/resident complaints and grievances should be resolved on an informal basis without the filing of a formal grievance. Many matters can and should be resolved directly and promptly between the inmate/resident and institutional staff without the necessity of filing a formal grievance. It is extremely important that institutional counseling staff take an active role in resolving as many complaints as possible prior to the filing of a grievance.

However, all inmates/residents will have access to formal grievance procedures any time the informal process has not provided successful resolution of the complaint.

Inmates/residents shall not be subject to retaliation, reprisal, harassment, or discipline for use or participation in the grievance procedure. Any allegations of this nature will be thoroughly investigated by the Warden/Administrator and reviewed by the appropriate Senior Divisional Director. The Senior Divisional Director will notify the Vice President, Operations of any allegations that are found to be credible.

## 14-5.5  PROCEDURES:

### A.    INFORMAL RESOLUTIONS

All facilities will have an informal resolution process in place. Inmates/residents are required to utilize the informal resolution process concerning questions, disputes or complaints prior to the submission of a formal grievance. If an inmate/resident does not receive resolution in the informal process, he/she may file a grievance and must document on the grievance that informal resolution was attempted.

**AT THIS FACILITY, THE INFORMAL RESOLUTION PROCESS IS AS FOLLOWS:**

**The inmate will fill out an inmate Request Slip or speak with any Staff member concerning an Issue that they may have, prior to submitting a grievance.**

### B.    GRIEVABLE MATTERS

The following matters are grievable through this grievance procedure by inmates/residents:

1.    Application of policies, rules, and procedures towards inmates/residents over which CCA has control;

2.    Individual staff and inmate/resident actions, including any denial of access of the grievance procedure;

3.    Reprisals against inmates/residents for utilizing the Inmate/Resident Grievance Procedures;

4.    The loss of property legitimately possessed by an inmate/resident only after the procedures outlined in CCA Corporate and Facility Policy 14-6 have been completed; and

5.    Any other matter relating to the conditions of care and supervision within the authority of CCA, except as noted below.

### C.    NON-GRIEVABLE MATTERS

The following matters are not grievable by inmates/residents through these grievance procedures:

1.    State and Federal court decisions;

2.    State and Federal laws and regulations;

3.    Final decisions on grievances;

**Proprietary Information – Not for Distribution – Copyrighted**
**Property of Correction Corporation of America**

4.  Contracting agency (BOP, INS, state department of corrections, etc.) policies, procedures, decisions or matters (i.e., institutional transfers, parole and probation decisions, etc.); or

5.  Disciplinary hearings or appeals (Disciplinary actions must follow the procedure outlined in CCA Corporate and Facility Policy 15-2).

D.  **GRIEVANCE AVAILABLE REGARDLESS OF CLASSIFICATION**

Any inmate/resident confined to a CCA managed facility can invoke the grievance procedure regardless of disciplinary, classification, or other administrative decision to which the inmate/resident may be subject.

E.  **NO GRIEVANCES TO BE SUBMITTED ON BEHALF OF ANOTHER**

An inmate/resident may not submit a grievance on behalf of another inmate/resident; however, assistance from a staff member or inmate/resident may be provided when necessary to communicate the problem on the grievance form.

F.  **MULTIPLE GRIEVANCES**

1.  Inmates/residents will be limited to two (2) pending non-emergency grievances at any given time.

**At this facility additional procedures are as follows:**

**Non emergency grievances addressing different concerns may be submitted by an inmate with no limitation. If more than two (2) grievances are submitted addressing the same concern then only one of those grievances will be answered.**

2.  If an inmate/resident files a grievance when he/she has two(2) other active grievances pending, it will be logged and held by the Facility Grievance Officer until one of the previously submitted grievances has been completed.

3.  Grievances will be handled in the order they are received.

4.  The time guidelines below do not apply to those grievances held in suspended status.

5.  A grievance which is alleged by an inmate/resident to be an emergency will be reviewed by the Facility Grievance Officer. If the Facility Grievance Officer determines that the grievance is not an emergency, it will be treated as an ordinary grievance and will count against this limit of two (2) pending grievances.

G.  **TIME GUIDELINES**

1.  The total time for the grievance process will be no more than ninety (90) days from filing to a final appeal decision, unless unusual circumstances are present.

a.  The inmate/resident must file the grievance within seven (7) days of the alleged incident.

The time for filing begins from the date the problem or incident became known to the inmate/resident.

b.  The Facility Grievance Officer will, within fifteen (15) days of receipt of an inmate/resident grievance, conduct an investigation of the grievance and render a decision.

c.  The inmate/resident is to submit any appeal to the Warden/Administrator or designee within five (5) days of receiving the decision from the Grievance Officer.

d.  The Warden/Administrator will render a written decision on the grievance appeal within fifteen (15) days of receipt from the inmate/resident.

**Proprietary Information - Not for Distribution - Copyrighted**
**Property of Correction Corporation of America**

    **e.**   **AT THIS FACILITY, ADDITIONAL PROCEDURES ARE:**

        Grievances for Sexual Misconduct will follow the procedures contained in policy 14-100.

2.   Upon notice to the grievant, the time limitations may be extended to allow for a more complete investigation of the claims. Justification for the extension must be provided to the grievant on Form 14-6B, Grievance Extension Notice.

3.   At all stages of the grievance process, upon receipt of the grievance, the grievance will be date stamped.

**H.**   **EMERGENCY GRIEVANCE PROCEDURE**

1.   If the subject matter of the grievance is such that compliance with the regular time guidelines would subject the grievant to risk of personal injury, the grievant may ask that the grievance be considered an emergency and detail the basis for a need of immediate response.

2.   If the Facility Grievance Officer, after reviewing the basis for the grievance being designated an emergency, determines that an emergency does exist, action shall be taken to resolve the grievance within twenty-four (24) hours of receipt of the grievance.

3.   After the initial action, and within seventy-two (72) hours of receipt of the grievance, the Facility Grievance Officer will prepare and give a written decision to the grievant.

4.   If the grievant appeals the decision, the Warden/Administrator or designee will respond with a written decision within five (5) days.

**I.**   **FILING THE GRIEVANCE**

1.   In filing a grievance, the inmate/resident must complete the Inmate/Resident Grievance Form (Form 14-5A) and place it in the Grievance Mail Box, or, if a Grievance Mail Box is not used, forward it to the Facility Grievance Officer.

    The Facility Grievance Officer will check the Grievance Mail Boxes daily, except for weekends and holidays. If a mailbox is not used, grievances are to be forwarded daily to the Facility Grievance Officer.

    **AT THIS FACILITY, THE PROCEDURE FOR FORWARDING THE GRIEVANCE TO THE GRIEVANCE OFFICER IS AS FOLLOWS:**

    1.   Emergency grievances and grievances filed by inmates in segregation may be given to any staff member in the grade of Assistant Shift Supervisor or above. The receiving staff will provide a receipt for the grievance.

    2.   The inmate grievance form is a three part form, the last page of the form is the inmates copy to verify that the inmate submitted a grievance.

2.   Grievances are considered special correspondence. If a sealed envelope is labeled "Grievance" and addressed to the Facility Grievance Officer, it will not be opened for inspection unless there is reasonable suspicion to believe the sealed envelope contains contraband. If reasonable suspicion exists and the Warden/Administrator or designee's approval is obtained, the envelope may be opened and inspected only for contraband.

3.   If a grievance is submitted for review and the grievant is released from custody, efforts to resolve the grievance will normally continue. It is the grievant's responsibility to notify the Facility Grievance Officer of the pending release and to provide a forwarding address and any other pertinent information.

**Proprietary Information - Not for Distribution - Copyrighted**
**Property of Correction Corporation of America**

    **4.**    AT THIS FACILITY, PROCEDURES FOR FILING A GRIEVANCE AGAINST THE CONTRACTING AGENCY ARE AS FOLLOWS:

        <u>NONE</u>

**J.**    FACILITY GRIEVANCE OFFICER

The Warden/Administrator is to designate an individual or individuals as Facility Grievance Officer(s) whose responsibilities will include the following:

1. overall coordination of the grievance procedure,

2. see that informal resolution has been attempted,

3. assign a number to the grievance and maintain a permanent grievance log,

4. coordinate the timely investigation of grievances,

5. prepare written decisions on grievance matters utilizing Form 14-5A

6. ensure that when a grievance decision specifies that an action is to be taken, that a date is included for completing the action,

7. provide a copy of the completed Form 14-5A to the grievant and have him/her sign it upon receipt,

8. follow-up that all remedies/ required actions are fulfilled by the imposed deadline, and

9. maintain all grievance records and documents as outlined in 14-5.5.M.

**K.**    GRIEVANCE REMEDIES

The grievance procedure is to afford the grievant a meaningful remedy. Remedies shall cover a broad range of reasonable and effective resolutions. Remedies include the following:

1. Replacement - Restoration of property by substituting a similar or like item. This will normally be ordered before monetary reimbursement is given. Replacement as a grievance remedy will only occur after the procedures of CCA Corporate and Facility Policy 14-6 have been followed.

2. Reimbursement – Money will be given for items lost or destroyed. The value to be reimbursed will be determined by the Warden/Administrator. Reimbursement as a grievance remedy will only occur after the procedures of CCA Corporate and Facility Policy 14-6 have been followed.

3. Change of procedures or practices appropriately related to the complaint or conditions;

4. Correction of records; or

5. Other remedies, as appropriate

**L.**    APPEAL

1. If a grievant is not satisfied with the decision of the Facility Grievance Officer, the grievant may appeal to the Warden/Administrator or designee by completing the Request for Warden/Administrator Review portion of the grievance form and submitting this form to the Warden/Administrator. The Warden/Administrator or designee's decision is final unless otherwise specified in the facility management contract.

AT THIS FACILITY, ADDITIONAL APPEAL PROCEDURES ARE AS FOLLOWS:

<u>**i.**    If the inmate is not satisfied with the Warden's response, the inmate may appeal to the Contract Monitor within five (5) days of receipt of the Warden's decision.</u>

**Proprietary Information - Not for Distribution - Copyrighted**
**Property of Correction Corporation of America**

    ii.    **If the inmate is not satisfied with the Contract Monitor's response, the inmate may appeal to the Director DC Department of Corrections within five (5) days of receipt of the Contract Monitor's decision.**

    iii.    **All appeals must have the original grievance and response attached when filed.**

    iv.    **The Grievance Officer will log all appeals and forward the appeal, along with any supporting documentation, to the appropriate level of appeal office in accordance with Department Order 4030.1D.**

2. The Warden/Administrator or designee will review the issue of the grievance and the decision to determine if the grievance has been appropriately addressed. The Warden/Administrator can obtain and review any information necessary to render a decision as to the appeal.

3. A copy of the completed grievance form will be returned to the Facility Grievance Officer who will forward a copy to the inmate/resident.

4. Barring extraordinary circumstances, a grievance will be considered settled if the decision at any step is not appealed by the inmate/resident within the given time limit.

5. Grievances which are prematurely appealed to the Warden/Administrator or designee will be returned without review.

M. RECORDS

1. Records regarding the filing and disposition of grievances shall be collected and maintained systematically by the Facility Grievance Officer through either hard copy or computerized form. The record shall include a log showing the following:

    a. grievance number;

    b. date of receipt;

    c. name of grievant;

    d. subject of grievance;

    e. disposition date;

    f. brief description of the disposition; and

    g. appeal results, if any.

This log will be forwarded to the Corporate Quality Assurance Department on a monthly basis.

2. Record Retention. Records will be retained according to CCA Corporate and Facility Policy 1-15.

3. Record Location. No copies of grievances shall be placed in an inmate/resident's file.

4. Confidentiality. Records regarding the participation of an individual in the grievance procedures will not be available to employees or inmates/residents, except for clerical processing of records by CCA. Employees participating in the disposition of a grievance shall have access to records essential to the resolution of the grievance.

N. DISTRIBUTION AND TRAINING

A copy of this Policy and Procedure will be available to each staff member currently employed and for each inmate/resident currently housed at the facility. All new staff will receive a presentation on this Policy and Procedure during pre-service training. New inmates/residents will be informed of the grievance procedure upon entry to the facility and a copy will be

Proprietary Information - Not for Distribution - Copyrighted
Property of Correction Corporation of America

available in the inmate/resident handbook or library.  If there is difficulty in understanding the procedure, every effort shall be made to explain the policy and procedure on an individual basis.

**O.**    **AT THIS FACILITY, ADDITIONAL PROCEDURES ARE AS FOLLOWS:**

**A copy of the Grievance Log will be provided to the Contract Monitor on a monthly basis.**

## 14-5.6  REVIEW:

The General Counsel and the Vice President, Operations will review this policy on an annual basis.

## 14-5.7  APPLICABILITY:

All CCA facilities except those facilities that are required to follow the Contracting Agency's grievance policy

## 14-5.8  ATTACHMENTS:

1.    Form 14-5A - Inmate/Resident Grievance Form

2.    Form 14-6B – Grievance Extension Notice

3.    Other Forms for this facility are as follows:

    **NONE**

## 14-5.9  REFERENCES:

ACA Standards.  The ACA Standards for this facility are:

**3-4271**

Proprietary Information - Not for Distribution - Copyrighted
Property of Correction Corporation of America

Grievance No.:_____                                    Form 14-5A – For Offical Use Only

Name (Print): _____
                                    Last Name                              First                              Middle Initial

Number: _____    Housing Assignment: _____

INFORMAL RESOLUTION ATTEMPTED?        Yes _____    No _____

NAME OF STAFF CONTACTED _____

_____
_____
_____
_____
_____
_____
_____

_____

Inmate/Resident's Signature: _____ Date Submitted: _____

**GRIEVANCE OFFICERS**

_____
_____
_____
_____

**GRIEVANCE OFFICER'S DECISION**

_____
_____

Grievance Officer's Signature: _____ Date: _____

Inmate/Resident's Signature (upon receipt): _____ Date: _____

APPEAL:  Yes _____    No _____    STATE REASON (S) FOR APPEAL: _____

_____
_____
_____

**WARDEN/ADMINISTRATOR'S RESPONSE**

_____
_____

Warden/Administrator's Signature: _____ Date: _____

Inmate/Resident's Signature (upon receipt) _____ Date: _____

Revised 02/01/02

Form 14-5B

# GRIEVANCE EXTENSION NOTICE

INMATE'S NAME:_____

INMATE'S NUMBER:_____ HOUSING ASSIGNMENT:_____

DATE:_____ GRIEVANCE NUMBER#_____

This is to inform you that your grievance will not be answered by the seven (7) day deadline. More time is necessary to complete the investigation of your complaint.

Justification:_____

_____

_____

The Warden/Administrator has granted a _____ day extension which means that your grievance will be answered and returned to you by _____.

Facility Grievance Officer's Signature:_____ Date:_____

Inmate's Signature:_____ Date:_____

Revised 02/01/02

# ATTACHMENT B

Grievance No.: 3642

Form 14-5A – For Offical Use Only

## CCA INMATE/RESIDENT GRIEVANCE FORM

Name (Print): **Banks, Simon**
Last Name                First                Middle Initial

Number: 269768          Housing Assignment: E2A, Cell 16

INFORMAL RESOLUTION ATTEMPTED?     Yes ✓     No _____

NAME OF STAFF CONTACTED  E. F. Figuerea, Director Med. J.

STATE GRIEVANCE (include documentation, witnesses, date of incident and any other information pertaining to the grievance subject. Attach additional pages if necessary.) Appeal to Warden Figurea

This is to appeal the denial on 99 Request for Dental Appointment and Emergency Treatment to treat Dental Pain, Chipped Tooth and New New Cracked and Chipped tooth. 29 Request for (Inmate Sick Request) Dental Appointment and Treatment. My front tooth was broken and chipped again on Oct 29, 2005. I Request an Emergency Appointment

Requested Action Emergency Dental appointment or a Transfer to D.C. General so that dentist Purnell Brady may Provide Medical Assistance and Install Permanent Dental Crown PRE-PAID $8,111

Inmate/Resident's Signature: Simon Banks     Date Submitted: Nov 1 2005

## GRIEVANCE OFFICER'S REPORT

The medical contractor (CHIPS) is the responsibility of the D.C. Department of Corrections, not CCA. The Warden has no authority or responsibility for the Medical or _____

## GRIEVANCE OFFICER'S DECISION

Grievance Denied.

Grievance Officer's Signature: _____ g allen     Date: 11/2/05
Inmate/Resident's Signature (upon receipt): Simon Banks     Date: 11-2-05

APPEAL:  Yes _____  No _____     STATE REASON (S) FOR APPEAL: _____

## WARDEN/ADMINISTRATOR'S RESPONSE

Warden/Administrator's Signature: _____     Date: _____
Inmate/Resident's Signature (upon receipt) _____     Date: _____

Revised: 02 01-03

# ATTACHMENT C

Grievance No.: 3648  3642 ✓

Form 14-5A - For Offical Use Only

## CCA INMATE/RESIDENT GRIEVANCE FORM

Name (Print): Banks    Simon
_Last Name_    _First_    _Middle Initial_

Number: 269768    Housing Assignment: E2A — Cell 10

INFORMAL RESOLUTION ATTEMPTED?    Yes ✓    No _____

NAME OF STAFF CONTACTED _____

**STATE GRIEVANCE** (include documentation, witnesses, date of incident and any other information pertaining to the grievance subject. Attach additional pages if necessary).

Monday, Oct 3, 2005 (I have no Blanket)
During the past 7 days (one week)
the cells, in particular my cell E2A-10,
has been extremely cold with temperature
Ranging between 35° and 40° (Deg. Far)
virtually all inmates are complaining,
the central Heating seems to have received Heat two day

Requested Action    Provide Blankets,
turn Heat on in cells, and compensate me for
7 days of misery and Health-Hazardous temperatures

Inmate/Resident's Signature: Simon Banks    Date Submitted: 10-31-05

**GRIEVANCE OFFICER'S REPORT**
Per Mrs. C. Smith the maintenance
supervisor the heat has been turned
on. Inmate Banks failed to attempt to
resolve this issue informally by submitting
an inmate request slip to his case-manager

**GRIEVANCE OFFICER'S DECISION**
for a blanket. Resolved.

Grievance Officer's Signature: Unin_____    R. Allen    Date: 11/2/05

Inmate/Resident's Signature (upon receipt): X Simon Banks    Date: 11-9-05

APPEAL:  Yes _____  No _____    STATE REASON (S) FOR APPEAL: _____

_____

_____

**WARDEN/ADMINISTRATOR'S RESPONSE**

_____

_____

Warden/Administrator's Signature: _____    Date: _____

Inmate/Resident's Signature (upon receipt) _____    Date: _____

Rev Sec 02-01-02

# ATTACHMENT D

Grievance No.: 3798

Form 14-5A – For Offical Use Only

## CCA INMATE/RESIDENT GRIEVANCE FORM    DEC 5 REVISION

Name (Print): Bento                    Smith
              Last Name              Frist         Made Intal

Number: 269768          Housing Assignment: E2A

INFORMAL RESOLUTION ATTEMPTED?    Yes  ✓        No _____

NAME OF STAFF CONTACTED  Ms. A. F. Jenny et

STATE GRIEVANCE (include documentation, witnesses, date of incident and any other information pertaining to the grievance subject. Attach additional pages if necessary).

From November 16 2005 To The Present 12-3-2005
12 and continuing, with Exception 2 Days when
Temperature out side Rose 60°F on My cell Wall 15 as well as
All 3tes Who in the Unit have been Extremely cold with
Temperatures Flux vatting From 30 To 40 in the cells.
ON Dec 2, 2005 We were issued Jackets. The temp. in my cell
was Extremely cold. I have a cold and consequence.

Requested Action  Damages For Pain, Suffering Vio of Const. Rights,
and For Maintaining This Depreciatory Condition,
and For Negligence and Deliberate indifference etc.

Inmate/Resident's Signature: Darron Banks        Date Submitted: FRI Dec 3, 2005

## GRIEVANCE OFFICER'S REPORT

_____

_____

_____

## GRIEVANCE OFFICER'S DECISION

I dispute this Assertion as Fabricated  temperatures were taken at 15° (c) 72° to 80°
so if you all unblock your cell furniture, paper tape
You will feel the inmate _____

Grievance Officer's Signature: Kate Smith        Date: 12-9-05

Inmate/Resident's Signature (upon receipt): Darron Banks    Date: 1/4/15

APPEAL:  Yes _____    No  ✗        STATE REASON (S) FOR APPEAL:

## WARDEN/ADMINISTRATOR'S RESPONSE

_____

_____

Warden/Administrator's Signature: _____        Date: _____

Inmate/Resident's Signature (upon receipt) _____        Date: _____

Revised 02 01-02

# ATTACHMENT E

Grievance No. 3824 *At Visit*

Form 14-5A – For Offical Use Only

## CCA INMATE/RESIDENT GRIEVANCE FORM

Name (Print): BANKS    SIMON
                  *Last Name*      *First*          *Middle Initial*

Number: 269768    Housing Assignment: EOR CTF

INFORMAL RESOLUTION ATTEMPTED?    Yes _____    No _____
NAME OF STAFF CONTACTED _____

STATE GRIEVANCE (include documentation, witnesses, date of incident and any other information pertaining to the grievance subject. Attach additional pages if necessary).

Law Library Closed for 4 weeks in of my past Six weeks. Moreover, Librarian Mr Bivens, has not provided me with copies of CASE Cite Printouts submitted to her Sept 9 and Oct 2, 2005. She stated my Printouts and copies had to be Approved by the Warden. My request for copies are being Censored and Suppressed with a Rick Wing —

Requested Action    Cease and desist censoring, Provide requested copies; Approve Request for CD, and Floppy Disks containing Decision of the Supreme Court with Librarian as custodian of Disks

Inmate/Resident's Signature: Simon Banks    Date Submitted: 12-5-2005

### GRIEVANCE OFFICER'S REPORT

A review of the attached reveals that inmate Banks was sentenced on 10-3-04 on case # M-6425-04 its A-D to contempt. Inmate Banks does not have any pretrial proceedings before the court. There is no documentation in his institutional record that inmate Banks has any

### GRIEVANCE OFFICER'S DECISION

criminal matters before the court. The law library was closed on Thanksgiving on 11-24-05 and 11-25-05. Based on documentation inmate Banks has received 90% of the services processed via written request. [illegible]

Grievance Officer's Signature: Simon Banks  R.W. Vern    Date: [illegible]

Inmate/Resident's Signature (upon receipt): Simon Banks    Date: 12-27-05

*[left margin handwriting:] 12-29-05 SB I reject the officer Reports decision Simon Banks Not true*

APPEAL:    Yes ✓    No _____    STATE REASON (S) FOR APPEAL: I deny I Received any percentage of Service; the Law Library is a DYS functional Mess. I have been severely prejudiced in my Appeal and Pending Litigation. I have not Received Research material

### WARDEN/ADMINISTRATOR'S RESPONSE

On investigating of services DYS for the facility approach legal matter it of request I regret you did not general law library —

Warden/Administrator's Signature: [signature]    Date: 1-10-06
Inmate/Resident's Signature (upon receipt): Simon Banks    Date: 1-10-2606

*[bottom left margin handwriting:] SB under Protest, I dont Agree SB*

Prvmsc 02 01 02



**CORRECTIONS CORPORATION OF AMERICA**

**To:**       J. Allen, Grievance Coordinator
            J. Davis-Boykins, Education, Principal

**From:**    S. Bivens, Librarian

**Reference:**   Grievance 3824 (Banks, Simon #269768)

**Date:**     December 27, 2005

I alone do not have the authority to close the Law Library and the dates in question the Law Library was open. Why he was not in attendance, I can not answer but and escort went to pick up the units. Copies are attached of the sign in sheets for these dates. Please note that on November 25, 2005 programs were not running because of Thanksgiving Holiday.

After reviewing the E2A request folder I did not find a request dated for October 14, 2005. A copy of the request form dated for October 21, 2005 was completed and attached for review.

The Law Library does provide disk for inmates use. The disks are store and secured in the Law Library. You have already been granted permission of usage of the computer and a disk. This issue has been previously address see attached.

## November 2005

| Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|--------|--------|---------|-----------|----------|--------|----------|
|        |        | 1       | 2         | 3        | 4      | 5        |
| 6      | 7      | 8       | 9         | 10       | 11     | 12       |
| 13     | 14     | 15      | 16        | 17       | 18     | 19       |
| 20     | 21     | 22      | 23        | 24       | 25     | 26       |
| 27     | 28     | 29      | 30        |          |        |          |

3524

Sheila's Myers

12/27/2005 - 00/45 AM

## December 2005

| Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|---|---|---|---|---|---|---|
| | | | | 1<br>@ (10:30 AM - 11:30 AM)<br>pto | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | 31 |

12/27/2005 - 09:45 AM

Shamika Bivens

3824

| Unit: | E2 AB |
| --- | --- |
| Date: | 11/18/05 |

| NAME/DCDC NUMBER | UNIT/CELL | Typewriter |
| --- | --- | --- |
| 1. Richard Marshall 237-460 | E2B  18 | |
| 2. Andrew Wilson 254-135 | E2B  30 | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| 10. | | |
| 11. | | |
| 12. | | |
| 13. | | |
| 14. | | |
| 15. | | |
| 16. | | |
| 17. | | |
| 18. | | |
| 19. | | |
| 20. | | |



3824

11/11/05

E2 A/B

| NAME | DCDC NUMBER | UNIT/CELL |
|------|-------------|-----------|
| 1. W. LAWSON | 275-100 | E2A/13 |
| 2. Woodall King | 204-46e | E/2/B |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| 10. | | |
| 11. | | |
| 12. | | |
| 13. | | |
| 14. | | |
| 15. | | |
| 16. | | |
| 17. | | |
| 18. | | |
| 19. | | |
| 20. | | |

Case 1:05-cv-01514-RCL   Document 323   Filed 10/09/07   Page 31 of 43

**Unit:** Med 96 / E2 A B

**Date:** 12-2-05          3824

| NAME/DCDC NUMBER | UNIT/CELL | | Typewriter |
|---|---|---|---|
| 1. G. Riddick  953 E19 | | # 2 | |
| 2. Martin, Barry | Med #96 | 4 | |
| 3. Mr Dennis White | c | | |
| 4. R Packs | E 2 B | 13 | |
| 5. | | | |
| 6. | | | |
| 7. | | | |
| 8. | | | |
| 9. | | | |
| 10. | | | |
| 11. | | | |
| 12. | | | |
| 13. | | | |
| 14. | | | |
| 15. | | | |
| 16. | | | |
| 17. | | | |
| 18. | | | |
| 19. | | | |
| 20. | | | |

Form 17-100G

# CORRECTIONS CORPORATION OF AMERICA
# CORRECTIONAL TREATMENT FACILITY

3824

## INMATE REQUEST SLIP

TO: __Law Library__          DATE: 10-24-05    UNIT: E2A

FROM: (Name: Last, First) Banks, Simon          DCDC #: 269766

### PLEASE INDICATE BY CHECK ( ) THE NATURE OF REQUEST

( ) Classification or Reclassification      ( ) Parole
( ) Custody Review                          ( ) Personal or Family Problem (s)
( ) Legal Call                              ( ) Detail job
( ) Education                               ( ) Sentence Structure
( ) Escorted Trip                           ( ) Unit Change
( ) Canteen                                 ( ) Other (Specify)
( ) Classification Appeal
( ) Visiting List(will only be changed every 6 months)

Comments : Please Provide me 30 copies
of form usrm on Disk #3
and 5 copies of Mail Log on
Disk #3,

Simon Banks

Actions Taken/Remarks:

Completed

_____ Signature (after complete)          Date of service



**CORRECTIONS CORPORATION OF AMERICA**

3824

**To:**        Inmate Simon Banks, 269-768, E2A-16A

**Through:**   Walter Fulton, Program Manager
               Jeanette Davis-Boykins, Principal

**From:**      S. Bivens, Librarian

**Reference:** Computer Access

**Date:**      September 12, 2005

---

Your request was forwarded to me on September 12, 2005, from Mr. Fulton thru Mrs. J. Boykins.   You have been granted permission to use the computer in the Law Library on Fridays from 7:30 a.m. to 8:30 a.m.  Please ensure that the officer on your unit is aware and proper notification is given to the Escorting Department.  Lieutenant A. Stewart is in charge of the Escorting Unit.



**CORRECTIONS CORPORATION OF AMERICA**

3824

Disclaimer

I, ~Simon Banks~, on ~Sepp 13~, 2005 understand that Corrections Corporation of America/Correctional Treatment Facility will not be held liable for my usage of the computers. I clearly understand that other inmates will have access to the equipment. I am not to make files or make passwords on the equipment that an authorized CCA/CTF staff member can not obtain. I understand that there is no printer, and my paperwork will be issued in a timely manner.

Note: I have followed the proper procedure to obtain usage of the computers and a copy is on file. I will sign in and state start/end time on the sign-in sheet.

Inmate Signature    Date                     Staff Signature    Date

9-13-05                                      9/13/05

# Computers

3824

## Computer Workstation CPU1

| NAME | NUMBER | UNIT | TIME START | TIME END | DATE | |
|------|--------|------|-----------|----------|------|---|
| Banks | 369768 | E2A | 8:30 AM | | 9-30-05 | |
| Banks | " | " | 8:50 AM | | 10-7-05 | |
| Banks | " | " | 8:55 AM | | 10-21-05 | ask #3 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

## Computer Workstation CPU2

| NAME | NUMBER | UNIT | TIME START | TIME END | DATE |
|------|--------|------|-----------|----------|------|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Form 14-58

3824

## GRIEVANCE EXTENSION NOTICE

INMATE'S NAME: Banks, Simon

INMATE'S NUMBER: 2966 768   HOUSING ASSIGNMENT: E2-A
2169-768
DATE: 12/12/05   GRIEVANCE NUMBER# #3824

This is to inform you that your grievance will not be answered by the fifteen (15) day deadline. More time is necessary to complete the investigation of your complaint.

Justification: Ms. Bivens is currently on personal leave. Therefore, she will not be able to respond to this grievance until she returns to work.

The Warden/Administrator has granted a 15 day extension which means that your grievance will be answered and returned to you by January 10, 2006

Facility Grievance Officer's Signature: D. Allen   Date: 12/12/05

Inmate's Signature: X Simon Banks   Date: 12-13-2005

Revised 12/01/02



CORRECTIONS CORPORATION OF AMERICA
1901 E Street SE
Washington DC 20003

# MEMORANDUM

TO: _____ *Boykins* _____

FROM:     J. Allen
          Grievance Coordinator

DATE:     12/7/05    Return Date: _12/12/05_

RE:       Attached Grievance (s)  3824

Please investigate the attached grievance (s) and submit a response to my
officer within three days of the above date. If additional time is needed for
further investigation please notify this office in writing. Thanking you in
advance for your assistance in this matter.

UNIT MANAGERS/SUPERVISORS PLEASE MEET WITH THE
INMATE AND OBTAIN SIGNATURES.
OBTAIN STATEMENTS FROM STAFF INVOLVED, OR ANY
OTHER SUPPORTING DOCUMENTATION.

## INMATE REQUEST FOR PRINTOUT OF THE
## FOLLOWING CASES

### November 15, 2005

I requested that the following cases be printed out three weeks prior to Nov. 15, 2005
**Without success:**

1. *Hsu v. United States*, 392 A.2d …..(D.C. )
2. *Pennsylvania Bd. Of Prob. And Parole v. Scot*, 524 U.S. 357, 364 (1998)
3. *Morrissey v. Brewer*, 408 U.S. 471 (1972)
4. *Williams v. Johnson*, 171 F.3d 300, 306 (5th Cir. 1999)
5. *United States v. Zentgraft*, 20 F.3d 906, 910-11 (8th Cir. 1994) (Remand to Parole Commission
6. *Braxton v. U.S. 852 A.2d 941*
7. *U.S. v. Ellerbe*, 372 F.3d 462, 362 U.S. App. D.C. 95
8. *Forte v. U.s., 856 A.2d 567 (A claim not in appeal brief is waived)*
9. ~~*Braxton v. U.S. 852 A.2d 941*~~
10. *Dyson v. U.S.*, 848 A.2d 603
11. *Jones v. U.S.* 853 A.2d 146
12. *Morten v. U.S.* 856 A.2d 595
13. *Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 1
14. *Nuclear Energy Institute, Inc. v. Environmental Protection Agency*, 373 F.3d, 1251; 362 U.S. App. D.C. 204
15. *In re Estate of Course*, 850 A.2d 304
16. *U.S. ex rel Trotten v. Bombardier Corp.*, 350 F.3d 488 (or 468); and 363 U.S. app. D.C. 180

### EVIDENTIARY SUFFICIENCY

*Alfaro v. U.S. 859 A.2d 149*
*Vaas v. U.S. 851 A.2d 479*

*Roudebush v. Harke*, 405 U.S. 15, 20-22 (1972)
*Shultz v. Braga*, 290 F. Supp. 637 (D.Md. 2003)

3824

**ATTACHMENT F**

Grievance No. _245_

Form 14-5A — For Offical Use Only

## CCA INMATE/RESIDENT GRIEVANCE FORM

Name (Print): _BANKS_ _Simon_ JAN 20 PM 5:17
            Last Name        First         Middle Initial

Number: _269-768_        Housing Assignment: _E-2A_

INFORMAL RESOLUTION ATTEMPTED?    Yes _____    No _✓_ (Futile)
NAME OF STAFF CONTACTED

STATE GRIEVANCE (include documentation, witnesses, date of incident and any other information pertaining to the grievance subject. Attach additional pages if necessary).

See Attachment 1

ON 1-17-2006, I handed MS Bivens, Law Librarian 2
Request slips, one For The printed out From Computer
Disk #6, 4 Listed Items, and 2 copies of 11 Case opinions
which I secured From off-Facility Sources, After waiting
2 months To NO AVAIL, when I was unable To secure Them From
MS. Bivens, Moreover, ON 1-17-2006 I Emphasized To MS Bivens I
Needed, critically to have The Request Back ON 1-17-06. ON 1-23-2006 I did NOT

Requested Action _I shall take under Advisement_

Inmate/Resident's Signature _Simon Banks_    Date Submitted: _1-23-2006_

### GRIEVANCE OFFICER'S REPORT

_See Attached Memo_
_JNB_

### GRIEVANCE OFFICER'S DECISION

_Resolved_

Grievance Officer's Signature _____    Date: _1/30/06_
Inmate/Resident's Signature (upon receipt): _Simon Banks_    Date: _1-30-06_

APPEAL:  Yes _____  No _____    STATE REASON (S) FOR APPEAL: _____

### WARDEN/ADMINISTRATOR'S RESPONSE

Warden/Administrator's Signature: _____    Date: _____
Inmate/Resident's Signature (upon receipt) _____    Date: _____

Revised 03-01-03

Attachment 1
1-23-2006 . . .

BANKS, SIMON  CCA Inmate Grievance Form
#269468    1-23-2006

Grievance Against Ms. Bivens, Law Librarian

Re: 1-20-2006 and
1-22-2006 Failure
To Perform

**CONTINUATION SHEET**
(1-23-2006)

✱ Bad-Faith Induced
Detrimental Reliance

I did not receive requested (urgent) copies in packet Ms. Bivens brought to me at E-2A. Rather, I received all of my original copies of case cite opinions and none of the requested copies from them. I did, however, received copies of the 4 documents printed out from the computer Disk #6, I requested. Because I did not receive the request for extension of time to file Mandamus appeal on Friday, as Ms. Bivens promised, I handwrote an Emergency Request that had to be postmarked as having been mailed by the 21st of Jan. 2006, and mailed it along with two other time sensitive requests.

Although I lost the weekend, critical time, I was prepared to forgive this exponential reckless indifference. However, when I reviewed the packet Ms. Bivens returned to me without copying any of the 11 cases-cites I acquired from an outside source, [vivid] [Emphasis Added] I am further behind in two appeals and a case where I am the moving party. I was falsely induced to believe I am in possession of the 11 case cites she copied from when none of them were copied. I am hindered in sending excerpts of these case cites to my outside word processor/ Typists.

_Simon Banks_
Inmate Signature

1-23-2006
Date

MEMORANDUM

TO:        Inmate Simon Banks
           269-768
           CCA/CTF

FROM:      Jeanette Davis-Boykins
           Principal, Education Department
           CCA/CTF

           Shameka Bivens
           Law Librarian
           CCA/CTF

DATE       January 30, 2006

SUBJECT:   Response to Grievance #245

---

On January 19, 2006, you submitted an Inmate Request Slip, on which you requested 3 copies of 1 F P Forms, U.S. Court of Appeals, D.C. I copied those 12 pages for you and delivered them to you on Friday, January 20, 2006.

On January 19, 2006, you also requested the following:

> (1) Braxton vs. United States (pages 1 and 9)
> (2) Alfaro vs. United States (pages 1 and 7)
> (3) In Re Estate of Ralph H. Couse (entire document)
> (4) Roy Banks vs. Office of the Senate SGI (entire document)
> (5) Shao T. Hsu vs. United States (entire document)
> (6) Curtis Morton—Felder vs. United States (entire document)
> (7) Nuclear Energy Institute vs. Environmental (pgs. 1, 12, 28-42)
> (8) Emmett M. Jones vs. United States (entire document)
> (9) James Forte vs. United States (entire document)
> (10) Tracey Punkney vs. United States (entire document)
> (11) United States of America vs. Lydell Ellerbe (entire document)

The CCA/CTF policy governing the copying of materials for inmates dictates that CTF has a legal requirement to copy documents that will be filed in court. Unless designated indigent by CTF, the inmate is required to pay for all copies reproduced for his/her use. Therefore, this request does not meet the criteria for free copying. Additionally, if the case is in a book in the Law Library, CTF policy dictates that the inmate can read it and hand copy it himself/herself.

On January 2006, you requested additional information on a plain white sheet of paper. I filled that request for: (1) cover letter request for extension of time (4 copies); (2) petitioner's second motion for extension of time (4 copies); (3) recommend Gary Jones (4 copies); (4) SB Form Letter #1 (7 copies). Additionally, I asked you to please use the correct form when requesting Law Library services.

I hope this memorandum answers any questions that you may have concerning CCA/CTF policy on copying. I had to await clarification on this issue from my supervisor so that I could respond to you correctly.