UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
DR. SIMON BANKS,                    )
                                    )
        Plaintiff,                  )
                                    )   Civil Action No. 05-1514 (ESH)
        v.                          )
S. ELWOOD YORK, JR., et al.,        )
                                    )
        Defendants.                 )
_____ )

**DISTRICT DEFENDANTS' REPLY TO BRIEF IN OPPOSITION TO MOTION TO DISMISS THIRD AMENDED COMPLAINT**

**I. BACKGROUND**

For the third time in as many complaints, plaintiff fails to set forth sufficient facts to support his complaint, and misconstrues the arguments made by the District Defendants in support of their combined motions to dismiss the third amended complaint. Instead, plaintiff reiterates a 39-page lengthy tome, which contains excerpts parsed from case law that are only tangential to his claim, if at all. The opposition to the District Defendants' dismissal motion adds no new facts, no new legal arguments or even properly rebukes the cogent law and facts asserted by the District Defendants.

Notwithstanding plaintiff's failure to advance any coherent or legally supportable argument to support his opposition to the pending motion, to assist the Court, the District Defendants will attempt to succinctly clarify plaintiff's purported facts. In doing so, the District Defendants will show that plaintiff's claims are not viable as a matter of constitutional law, even though plaintiff has written prolix reams of pleadings in an attempt to bootstrap his action to

1

other putative class actions. At most, plaintiff may have alleged a common law negligence claim, which more appropriately should be decided in the D.C. Superior Court.

### A. Facts As Alleged by Plaintiff

Leaving aside the additional 52-pages of verbiage within the third amended complaint and the 39-pages of plaintiff's opposition to motion to dismiss, plaintiff's factual allegations are as follows:

1. Over-Detention—Plaintiff was released on April 28, 2006; however his sentence expired on March 20, 2006;

2. Dental—Plaintiff's dental bridge was damaged in a jail-shake-down. Plaintiff did not receive another bridge. The dental care provided by the District Defendants' independent contractor was to pull plaintiff's teeth; not makea new dental bridge;

3. Cold Temperatures—The jail facilities were chilly;

4. Law Library—The law library did not have sufficient volumes or times of access to meet plaintiff's needs;

5. Housing—Plaintiff was housed with common criminals as opposed to being housed at his location of choice at the Correctional Treatment Facility (CTF); and,

6. Housing—Plaintiff was housed with an HIV-infected inmate.

### B. Standard of Review

For the purposed of a motion to dismiss, it is undisputed that the District Defendants must accept all well-pleaded facts (citations omitted). However, other that the above-stated allegations outlined succinctly in numbers 1-7, above, the remainder of plaintiff's third amended complaint and opposition to motion to dismiss is mere surplusage and should be ignored, or even stricken by the Court.

Plaintiff fails to state constitutionally protected claims under the applicable standard of review or in any case. First, with regard to the alleged over-detention factual assertion, plaintiff's fallacious position appears to be that since there are other actions that have made such constitutional claims, plaintiff's claim should be sustained if plaintiff uses the same buzzwords. There, however, is no such legal standard. Plaintiff's over-detention claim must stand on its own merit which, most decidedly, based on the facts as alleged, it does not do. Secondly, with regard to the remainder of the factual assertions, this Court has recognized that these are grievable matters requiring an administrative decision prior to appeal to this or any Court of competent jurisdiction.

Lastly, to the extent that any of these claims arise under a theory of negligence, plaintiff has an affirmative statutory duty to appropriately notify the District Defendants pursuant to local law, Rule 12-309 of the D.C. Superior Court rules of civil procedure. This plaintiff failed to do. Nowhere in plaintiff's extensive pleadings does he acknowledge that he has done so.

## II. LEGAL ARGUMENT

The District Defendants do not want to beat the proverbial "dead horse" by reiterating legal arguments made in the prior motions, oppositions, and replies. That being said, the District Defendants briefly address the most salient legal issues below.

### A. Banks' Overdetention Claim Fails to Plead Sufficient Facts to Raise Triable Issues of Fact

Plaintiff cannot sustain a constitutional claim for overdetention, even assuming that he was over-detained as alleged in the amended complaint. The Seventh Circuit squarely addressed this issue in *Armstrong v. Squadrito*, 152 F.3d 564 (7th Cir. 1998), when it recognized that it must be the repeated nature of plaintiff's complaints that raise a triable issue of fact regarding

deliberate indifference to overdetention. *Id.* at 580.  A simple comparison of the facts of *Armstrong* to the case at bar demonstrates that Plaintiff's claim cannot be sustained.

The plaintiff in *Armstrong* was overdetained for 57 days after making repeated complaints.  The Seventh Circuit denied the defendant's motion for summary judgment holding that plaintiff's "daily complaints" over a period of more than forty days and the four to five "inmate request forms" he completed, but his guards would not accept, constituted "repeated and increasingly strenuous complaints [that] should have provided the guards with sufficient knowledge to suspect improper confinement and take additional action." *Id*.  Such facts, the court reasoned, gave rise to an inference of deliberate indifference. *Ibid*.

By comparison, this court need only review the second amended complaint filed in this action to know that Banks does not meet the *Armstrong* standard.  The second complaint, at paragraph 14, only alleges that "[t]he plaintiff was released on April 28, 2006 at 10:00 PM although the Plaintiff's sentence expired on March 20, 2006." In support thereof, plaintiff attaches the settlement agreement in *Bynum v. District of Columbia*, (D.D.C. 02-956) (RCL).  There are no additional facts pled or documents appended to support **repeated** complaints about **his personal** overdetention.   It is likewise unlikely, therefore, that Banks repeatedly complained to the guard or to the District Defendants prior to his release from detention.

For Banks to sustain his overdetention claim as a matter of law, he must plead sufficient facts from which it may be determined that there was a substantial risk that **he** was being wrongfully detained or that the District Defendants "knowingly failed to investigate." *Ibid*.  He must show that **he** made repeated complaints that were ignored.  Instead, plaintiff attempts to bootstrap a constitutional claim to other class actions plaintiffs' claims or by way of excerpts

4

copied from class action briefs filed on behalf of others by appending the *Bynum* settlement to support his personal claim.

Even the discovery that plaintiff seeks supports the position that he is attempting to bootstrap. Plaintiff is attempting to intervene in class actions in which overdetention is alleged. He is not and cannot support this individual **constitutional** claim for overdetention.

### B. Banks Failed to Exhaust Administrative Remedies

An inmate is required to exhaust all administrative remedies before filing a civil lawsuit. Plaintiff has neither alleged nor shown that he has exhausted administrative remedies that were available to him under the District of Columbia's Inmate Grievance Procedure ("IGP"). While plaintiff submitted a variety of IGP documents, none of them demonstrate that all available administrative remedies, including an appeal beyond the institutional administrator, were exhausted. For this reason alone, plaintiff's amended complaint should be dismissed. *Porter v. Nussle*, 534 U.S. 516, 520 (2002); *Jackson v. District of Columbia,* 254 F.3d 262, 269, 270-71 (D.C. Cir. 2001).

### C. Banks Failed to State Sufficient Facts to Sustain Eighth Amendment Violations

Plaintiff fails to set forth facts sufficient to reflect deliberate indifference to a ***serious*** medical need. "[E]ven deliberate indifference by prison officials need not violate the Eighth Amendment where the prisoner's medical condition is not sufficiently serious." *Johnson-El v. District of Columbia,* 579 A.2d 163, 167 (D.C. 1990), citing *Shabazz v. Barnauskas*, 790 F.2d 1536, 1538 (11th Cir. 1986). A serious medical need must be "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied 513 U.S. 1154 (1995). Here, Banks does not allege any such serious medical need.

Furthermore, even if such claims rose to the level of a constitutional violation, *respondeat superior* is not available under Section 1983. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Plaintiff neither asserts that District Defendants were directly involved in the conduct which caused his alleged dental injury or that the alleged injury was the result of a municipal policy or practice.

### D.  Banks Failed to Comply with the SCR-12-309 Notice Requirement

The requirement of compliance with the time limit specified in § 12-309 is strict, absolute, and unqualified. In *District of Columbia v. Dunmore*, the D.C. Court of Appeals held that § 12-309 must be construed narrowly against claimants, writing:

> Section 12-309 is not, and does not function as, a statute of limitations. Rather, it imposes a notice requirement on everyone with a tort claim against the District of Columbia, and compliance with its terms is "mandatory as a prerequisite to filing suit against the District."

662 A.2d 1356, 1359 (D.C. 1995) (internal citations omitted).

The *Dunsmore* court also emphasized that, for purposes of calculating the timeliness of a § 12-309 letter, "the six-month clock begins to run from the moment the plaintiff sustains the injury." *Id.*; *see also DeKine v. District of Columbia*, 422 A.2d 981, 986 (D.C. 1980) (affirming dismissal of action for false arrest where §12-309 letter arrived *one day* late); *Kelton v. District of Columbia*, 413 A.2d 191, 921 (D.C. 1980) ("§ 12-309 starts the clock at the moment 'the injury or damage was sustained'").

Plaintiff's complaint fails to state a specific time that he sustained his purported injuries other than the date he was released from jail. Plaintiff did not file as Rule 12-309 notice **at any time**. For these reasons, plaintiff's state law claims should fail.

### III.  CONCLUSION

For the foregoing reasons, and those more specifically set forth in the District Defendants' Motion to Dismiss, the relief sought by the District Defendants should be granted.

               Respectfully submitted,

LINDA SINGER
Acting Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

ELLEN EFROS [250746]
Chief, Equity Section I


\_\_\_\_\_/s/_____
Denise J. Baker
D.C. Bar No. 493414
Assistant Attorney General