UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MERLE WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 02-980 (GK/JMF) |
| | ) |
| DISTRICT OF COLUMBIA, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c) and this Court's Order of October 16, 2003, defendants District of Columbia, Odie Washington, Elwood York, and Leona Bennett ("defendants"), through counsel, respectfully move for a protective order to prevent disclosure of (1) internal Department of Corrections' audits of the Central Detention Facility and (2) a March 1998 report entitled "Evaluation of the District of Columbia Department of Corrections Records Office."

The grounds for this motion are fully set forth in the accompanying Memorandum of Points and Authorities, which is attached hereto and incorporated by reference.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Corporation Counsel, D.C.

KIMBERLY C. MATTHEWS
Acting Deputy Corporation Counsel
General Litigation Division

/s/ Teresa J.A. Quon /s/
TERESA J.A. QUON [462500]
Acting Chief, General Litigation, Section III

                                                          /s/ Carl J. Schifferle /s/
                                                          CARL J. SCHIFFERLE [463491]
                                                          Assistant Corporation Counsel
                                                          441 4th Street, N.W., 6S064
                                                          Washington, DC 20001
                                                          (202) 724-6624


## LOCAL RULE 7.1(m) CERTIFICATE

Plaintiff's counsel refused consent to the relief requested herein.


                                                          /s/ Carl J. Schifferle /s/
                                                          CARL J. SCHIFFERLE
                                                          Assistant Corporation Counsel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MERLE WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 02-980 (GK/JMF) |
| ) | |
| DISTRICT OF COLUMBIA, <u>et al.</u>, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

<u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION FOR PROTECTIVE ORDER</u>

Defendants respectfully request that this Court enter a protective order preventing disclosure of (1) internal Department of Corrections' audits of the Central Detention Facility and (2) a March 1998 report entitled "Evaluation of the District of Columbia Department of Corrections Records Office." In support of this request, defendants assert that these documents are protected by the deliberative process privilege and provide herewith declarations from Odie Washington, Director of the Department of Corrections, and Regina C. Gilmore, Manager of the Department's Office of Internal Controls, Compliance and Accreditation.[1]

I.  INTRODUCTION

A few years ago the District of Columbia Department of Corrections, in coordination with the Office of the Chief Financial Officer, contracted with the National Council on Crime

---

[1] The 1998 report, attached hereto as Exhibit A, is excerpted to exclude confidential or privileged information so as to avoid any waiver of privilege, inadvertent or otherwise. Defendants offer to make available for in camera review or to file under seal the challenged documents if the court requests or requires so in deciding this motion.

and Delinquency ("NCCD") to conduct a study of the performance and staffing of the Records Office. (Exh. A., "1998 Report," at 1). In conducting the study, Mr. Austin reviewed personnel, training and disciplinary files of Records Office staff, conducted on-site evaluations, and interviewed numerous Records Office staff members. (Id.) Mr. Austin, along with Julie Murray, prepared a written report in March 1998, entitled "Evaluation of the District of Columbia Department of Corrections Records Office." (Id.) Mr. Austin discussed the findings and recommendations of the report with Ms. Margaret Moore, then Director of the Department of Corrections, and members of her staff. (Exh. B, Austin Depo. 77-78).

In retaining Mr. Austin to conduct the Records Office study, the District of Columbia Department of Corrections required that the contents of the report remain confidential and classified. The authors of the report, Mr. Austin and Ms. Murray, stated therein:

> It is important to note that the files reviewed for the staffing analysis were confidential. Access was granted based upon the agreement that all information compiled was for the sole purpose of completing the audit of the Records Office in order to make the most informed recommendations to the Director of the Department of Corrections. The contents of this report, therefore, should remain classified and be distributed at the discretion of the Director.

(Exh. A at 1). At his deposition, Mr. Austin did not dispute the purpose or confidentiality of the report. (Exh. B, Austin Depo. 79-80).

In addition to procuring the 1998 study of the Records Office, the District of Columbia Department of Corrections also conducted internal audits of the Records Office in 2000. Those internal audits were conducted through the Department's newly established Office of Internal Affairs, Compliance and Accreditation, as part of a comprehensive review of all major program disciplines at the Central Detention Facility. (Exh. C, Gilmore Decl. ¶ 3). The Department

considered the findings and recommendations contained in the internal audits to be confidential and intended only for internal quality assurance purposes. (Exh. C, Gilmore Decl. ¶ 5).

By memorandum opinion and order of July 25, 2003, this Court granted the defendants' motion to disqualify plaintiff's expert James Austin. Defendants based their motion, in part, on the confidentiality of the 1998 Report prepared by Dr. Austin, and this Court found that it was "objectively reasonable" for the District of Columbia "to conclude that a confidential relationship exists" between them. (Order at 4). Defendants respectfully submit that the same rationale of confidentiality also applies to the production of the underlying report itself and similar audits, and therefore the District of Columbia hereby moves for a protective order.

II. ARGUMENT

The deliberative process privilege protects the contents and recommendations of the internal studies and audits of the Records Office. As the District of Columbia Circuit recently explained:

> The deliberative process privilege protects "confidential intra-agency advisory opinions . . . disclosure of which would be injurious to the consultative functions of government." [NLRB v.] Sears, [Roebuck & Co.,] 421 U.S. [132] at 149 [(1975)] (internal citations and quotation marks omitted). It encompasses "documents reflecting advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated, as well as other subjective documents that reflect the personal opinions of the writer prior to the agency's adoption of a policy." TWRF [Taxation With Representation Fund v. IRS], 646 F.2d [666] at 677 [(D.C. Cir. 1981)] (citing Sears, 421 U.S. at 150).

Tax Analysts v. IRS, 294 F.3d 71, 80 (D.C. Cir. 2002). In other words, the deliberative process privilege protects "'predecisional communications' reflecting an agency's internal deliberations."

3

Id., quoting NLRB v. Sears, 421 U.S. at 151-52.

"The ultimate purpose of [the deliberative process privilege] is to prevent injury to the quality of agency decisions" by promoting open and candid deliberations within the agency. NLRB v. Sears, 421 U.S. at 151. As the District of Columbia Circuit has explained:

> If government employees expected that every written recommendation, cost analysis, or feasibility opinion -- as well the criteria used in reaching the same -- would be the object of intense scrutiny by the party adversely affected thereby, they would be likely only to communicate orally and/or conclusionally. The cost of such an eventuality in terms of efficiency and quality of decisionmaking could be great indeed.

Mead Data Central, Inc. v. United States Dep't of the Air Force, 575 F.2d 937 (D.C. Cir. 1978), 566 F.2d 242, 256 (D.C Cir. 1977) (per curiam). Accordingly, the courts have concluded that "[t]he quality of administrative decision-making would be seriously undermined if agencies were forced to 'operate in a fishbowl' because the full and frank exchange of ideas on legal or policy matters would be impossible." Mead Data Central, Inc. v. United States Dep't of the Air Force, 566 F.2d 242, 256 (D.C Cir. 1977).

As indicated in the 1998 report, the Records Office study compiled information "in order to make the most informed recommendations to the Director of the Department of Corrections." (Exh. A at 1; Exh. D., Washington Decl.). Thus, the report constitutes "'predecisional communications' reflecting an agency's internal deliberations, [] not communications that explain a decision that has already been made." Id., quoting Sears, 421 U.S. at 151-52. Notably, the privilege applies regardless of "[w]hether the author of the report is a regular agency employee or a temporary consultant." Formaldehyde Instit. v. Department of Health & Human Servs., 889 F.2d 1118, 1123 (D.C. Cir. 1989). Similarly, the findings and recommendations of

4

the 2000 internal audits of the Records Office reflect predecisional communications designed to assist government decisionmaking.  (See Exh. C, Gilmore Decl.). [2]

While plaintiff contends that the privilege is overcome where the government's subjective motivation is the issue in a lawsuit, plaintiff's claim of "deliberate indifference" does not reach that level.  See In re Subpoena Duces Tecum Served on the Office of the Comptroller of the Currency, 145 F.3d 1422, on rehearing at 156 F.3d 1279 (D.C. Cir. 1998).  In the underlying case in In re Subpoena Duces Tecum, supra, plaintiff corporation sued the FDIC, alleging that it fraudulently forced the corporation to transfer assets to an insolvent bank in order for the FDIC to reduce losses that it would incur as a receiver.  The instant case, however, does involve a subjective intent to defraud or discriminate illegally, for example, and plaintiff does not allege any animus directed specifically at him.  It follows that the report is "collateral" to plaintiff's claim; otherwise, any allegation challenging the management or supervision of a government office or agency would result in a limitless exception to the privilege.  See id., 156 F3d at 1279-80.; see also Centifanti v. Nix, 865 F.2d 1422, 1432 (3rd Cir. 1989) (upholding deliberative process privilege in Section 1983 suit).

---

[2] It should also be noted that the personnel files used and discussed in the 1998 Records Office study are confidential pursuant to statute.  As D.C. Code § 1-631.01 (2001) provides, "All official personnel records of the District government shall be established, maintained and disposed of in a manner <u>designed to ensure the greatest degree of applicant or employee privacy</u> while providing adequate, necessary and complete information for the District to carry out its responsibilities . . ."  (emphasis added).  Under the Code and its implementing regulations, the disclosure of such personnel information is essentially limited to appropriate personnel and law enforcement agencies.  D.C. Code § 1-631.03; 6 DCMR § 3100 et seq.

5

III.     CONCLUSION

For the foregoing reasons, this Court should grant defendant District of Columbia's motion for protective order, consistent with the proposed order attached hereto.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Corporation Counsel

KIMBERLY C. MATTHEWS
Acting Deputy Corporation Counsel
General Litigation Division


/s/ Teresa J.A. Quon /s/s
TERESA J.A. QUON [462500]
Acting Chief, General Litigation, Section III


/s/ Carl J. Schifferle /s/
CARL J. SCHIFFERLE [463491]
Assistant Corporation Counsel
441 4th Street, N.W., 6S064
Washington, DC 20001
(202) 724-6624

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MERLE WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 02-980 (GK) |
| | ) |
| DISTRICT OF COLUMBIA, <u>et al.</u>, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

### ORDER

Upon consideration of the defendants' motion for protective order, the memorandum of points and authorities filed in support thereof, any opposition thereto, and the entire record herein, it is by the Court this _____ day of _____, 2003,

ORDERED, that the defendants' motion for protective order is hereby GRANTED; and it is,

FURTHER ORDERED, that plaintiff may not obtain or discover (1) the study or report prepared by James Austin and Julie Murray dated March 1998, entitled "Evaluation of the District of Columbia Department of Corrections Records Office" and (2) internal Department of Corrections' audits of the Central Detention Facility conducted by the Department's Office of Internal Controls, Compliance and Accreditation.

FURTHER ORDERED, that plaintiff shall not disclose or utilize any information obtained from Mr. James Austin based upon the study or report entitled "Evaluation of the District of Columbia Department of Corrections Records Office," dated March 1998, and that plaintiff shall return to defendant's counsel all copies of the report obtained or disseminated.

2

FURTHER ORDERED, that the Clerk shall place under seal Mr. Austin's expert report attached to plaintiff's Rule 26(a)(2) statement [19].

_____
GLADYS KESSLER
UNITED STATES DISTRICT COURT JUDGE