UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
7

|  |  |  |
|---|---|---|
| SIMON BANKS, | ) | |
|  | ) | |
| Plaintiff | ) | |
|  | ) | |
| v. | ) | Civil Action No. 05-1514 (ESH) |
|  | ) | Ellen Segal Huvelle, Judge |
| S. ELWOOD YORK, JR., ET AL. | ) | |
|  | ) | |
| Defendants | ) | |
|  | ) | November 9, 2006 |

**PLAINTIFF'S RULE 56(f) AFFIDAVIT**

1. My name is Simon B**anks,** I am the Plaintiff herein. I possess a law degree however, I am not a mem**ber** of the B**ar.**

2. I am making this affidavit in support of Plaintiff's Rule 56(f) Motion In Opposition to defendants' motion to Stay Discovery and in support of Plaintiff's Motion to Deny Defendants' Motion for Summary Judgment without prejudice, or alternatively, for Extension of Time in which to complete Discovery.

3. I have personal knowledge of the discovery Plaintiff need to present facts essential to justify his opposition to defendants' joint motions to dismiss and/or for summary judgment motion on the issue of compliance with exhaustion of administrative remedies, on the strip search issue, on the Overdetention issue, on the Overcrowding issue, on the destruction of Plaintiff's Dental Crown and deliberate indifference to Plaintiff's medical

      needs that resulted in the destruction of seven of the Plaintiff's teeth which ultimately resulted in four teeth having been pulled after the Plaintiff's release from custody, on the issue of Overdetention, Plaintiff having been released some 40 days after he was entitled to be released and after the Plaintiff's sentence had expired, in violation of the injunction issued by Judge Lamberth in the *Bynum v. District of Columbia* Case, Case No. 02cv956.

4.    **At** the present time Plaintiff does not have facts essential to justify his opposition to defendants' Motion to Dismiss and/or for summary judgment motion on the exhaustion of administrative remedies claim, on the overcrowding claim, on the Overdetention claim, on the claim of custom usage, systemic policy, pattern and practice claim (**except as set forth in the affidavits submitted on the overdetention and strip search referenced as "Plaintiff's Exhibits in Support of Plaintiff's Rule 56(e) Motion and as set forth as in Plaintiff's Second Set of Exhibits In Support of Plaintiff's Rule 56(e) Motion );** **(42 U.S.C. § 1983) , the defendants immunity to governmental entitles and public employees acting within the scope of their duties,** on whether the Superior Court Clerk's Office intervening conduct, superseded the defendants liability for subsequent events that led to Plaintiff's overdetention, and Plaintiffs needs discovery on Plaintiffs' claims regarding the defendants' violation of the Plaintiff's extradition rights under the District of Columbia Compact Act, the District of Columbia extradition Act, the United States Extradition

       Act, to show official liability for alleged deliberate indifference, based upon what was reasonably foreseeable to the prison and medical officials.

5. The facts and evidence Plaintiff needs as set forth above, are within the sole possession of the District of Columbia Government defendants, its employees, agents and assigns.

6. As of the present date the Plaintiff has not had any discovery whatsoever.

7. **While defendants admit in its joint motions to dismiss that Plaintiff was unlawfully overdetained from March 20, 2006 through April 28, 2006, (See Government of District of Columbia Department of Corrections, November 1, 2006, response to Plaintiff's Freedom of Information Act, hereto attached as Plaintiff's Attachment #1.),** the Plaintiff needs discovery to show that there was no justifiable superseding cause that relieve the defendants of responsibility.  See *Restatement (Second of Torts* § 442 (1965).

8. The Plaintiff needs discovery to show that the defendants set in motion a series of events that the defendants knew or reasonably should have known would cause others to deprive the Plaintiff of his constitutional rights.

9. The Plaintiff needs discovery to show that the defendants Brown, Clay and Nelson, failed to exercise control or failed to supervise their subordinates that led to the Plaintiff's unlawful detention and other unconstitutional deprivations in violation of § 1983.

10. The Plaintiff needs discovery to show that there was no reasonable mistake of fact and no reasonable mistake of law.

11. The Plaintiff had a clearly established right to be free from unlawful detention, overdetention, strip searches, unconstitutional transfer of the Plaintiff to the State of Virginia in violation of the Plaintiff's right to an extradition hearing, and to show that the Plaintiff objected to being transferred to the State of Virginia at all times relevant, and that the Plaintiff did not waive his right to an extradition hearing, and that the Plaintiff was misled into believing he was going to be released from custody pursuant to the Order of the District of Columbia Court of Appeals (Judge Noel Kramer) sitting by designation, on June 7, 2004, three days after the Plaintiff protested in open court, and through written pleadings, any transfer of Plaintiff to Alexandria, Virginia.

12. The Plaintiff needs discovery to show that subsequent to the Plaintiff's release from the authorities of Alexandria, Virginia, on December 17, 2004, that the Plaintiff was entitled to be released from custody of the District of Columbia forthwith, because the Plaintiff could not be required to serve his sentence in installments and because subsequent to the Plaintiff's appeal of his sentence in June-July, 2004, Judge Kramer did not have jurisdiction to *sua-sponte* re-sentence the Plaintiff by using another case number. The case was then pending before the District of Columbia Court of Appeals and it continues to retain jurisdiction of the Plaintiff's appeal to the present date.

13. The Plaintiff needs discovery to show that the defendants, because of reckless and deliberate indifference to the Constitutional rights of the Plaintiff, repeatedly miscalculated and defectively computed Plaintiff's release date and ignored Plaintiff's repeated pleas dating back as far as one year prior to Plaintiff's release from D.C. Jail, that the six months the Plaintiff spent in the custody of the City of Alexandria must be credited against the sentence imposed, and that the defendants conduct was excessively severe and egregious to constitute a constitutional violation.

14. Plaintiff needs discovery on the destruction of Plaintiff's dental crown claim, on the medical treatment afforded Plaintiff for Plaintiff's diabetes and Plaintiff's negligent dental treatment claim, to show that the harm caused to the Plaintiff was foreseeable and that the conduct of the defendants were exceedingly egregious.

15. The Plaintiff needs discovery on the claim of Plaintiff regarding failure of defendants to reassign Plaintiff to the Central Treatment Facility (CTF) based upon the defendants own policy, practices and procedures, and that because of reckless and deliberate indifference, coupled with some internal and undisclosed order and/or request initiated by the government, the Plaintiff was singled out for harsh treatment because the Plaintiff had petitioned the Congress, the FBI, the Department of Justice and the Government for Redress

16. Similarly the Plaintiff needs discovery on Plaintiff's strip search claim; and on Plaintiff's claim that the defendants with reckless disregard for the

rights of the Plaintiff, placed inmates in the Plaintiff's cell with open soars over their bodies and whom were knowingly suffering with chronic disease, and on the Plaintiff's retaliatory action claim that after Plaintiff brought such claims to Captain Nora Tally, Captain Nora Tally retaliated against the Plaintiff and placed the Plaintiff in solitary confinement, despite the Plaintiff's clearly established right not to be placed in disciplinary segregation because the Plaintiff was not determined to have violated any rules, regulations of the Department of Corrections or the Central Detention Center, notwithstanding, the Plaintiff was placed in the hole, where the Plaintiff was locked down 23 hours per day and taken to visiting halls with chains on the Plaintiff's hands, waist and feet.

17. The Plaintiff has made efforts to obtain discovery. The defendants after expiration of the time for submitting responses to Plaintiff's discovery, informed the Plaintiff that they would not submit responsive responses when the Plaintiff attempted to resolve the discovery dispute. Thereafter the court issued order effectively staying discovery.

18. The Plaintiff needs discovery regarding the contracts of the Correction Corporation of America regarding its delegation of authority and liability for medical services to Center for Correctional Health and Policy Studies, Inc. and other medical services providers, which are in the custody, control and supervision of the defendant Correction Corporation of American and Defendant District of Columbia Government.

19. The Plaintiff needs discovery to show municipal liability under *Monell v. Dep't of Social Servs. Of the City of New York,* 436 U.S. 658, 694 (1978), to perpetuate the record to show that the conduct of the defendants were pursuant to municipal policy, custom, pattern and practice of the District of Columbia with respect to all of the above-referenced and that the entity is responsible under § 1983 for Plaintiff's injuries.

20. The Plaintiff needs discovery to show that defendants Brown, Clay and Nelson were official policymakers and that because of unconstitutional decisions and inactions of these policymakers caused the Plaintiff injuries.

21. The Plaintiff needs computer discovery as well as other discovery.

I, Simon Banks, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the foregoing is true and correct.

_____

Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302

### CERTIFICATE OF SERVICE

I, hereby certify that a copy of this pleading, was mailed, via electronic mail, this 9th day of November, 2006, and otherwise delivered on November 13, 2006, to the following:

**VIA EMAIL TO**
**Denise.baker@dc.gov**
Denise J. Baker,
Assistant Attorney General, DC
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
(202) 442-9887

**VIA EMAIL TO**
Megan.benary@eclairryan.com
Megan S. Ben'Ary
LeClair Ryan
225 Reinekers Lane, Suite 700
Alexandria, VA 22314

**Facsimile 602 263-1784**
Daniel P. Struck
Jones, Skelton & Hochuli, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012

_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
drsbanks@msn.com,

8