NOTICE OF MOTION AND MOTION TO INTERVENE AS PARTICIPANT IN
PROTECTIVE ORDER, MEM. OF POINTS AND AUTHORITIES -CASE NO.-02-956

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCUS BYNUM, ET AL ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 02-956 |
| ) | |
| ) | (RCL) |
| DISTRICT OF COLUMBIA, ET AL ) | |
| ) | |
| Defendants ) | January 4, 2007 |
| ) | |

## SIMON BANKS' APPLICANT, MOTION TO INTERVENE
## LIFT AND TO MODIFY PROTECTIVE ORDER

APPLICANT CERTIFICATION PURSUANT TO LCVR 7.1 (M)
That before filing his motion Applicant requested the parties consent
To the relief requested in such motion and the Plaintiff's does not
Object to the filing of this Motion for the relief requested
Subject to restrictions; Defense counsel has not taken a position

Comes now Simon Banks, ("Applicant") and submit Motion to intervene in the instant case pursuant to Fed. R. Civ. P. 24(a) and (b) for purposes of lifting and modifying the Protective Order entered by this Honorable Court, for the further purposes of securing copy of all disclosures, discovery, declarations, affidavits, depositions, interrogatories, admissions, studies, reports, graphs, electronic files, databases, identities of witnesses disclosed pursuant to Rule 26(a)(1), identities of experts, provided the Plaintiffs.

NOTICE OF MOTION AND MOTION TO INTERVENE AS PARTICIPANT IN
PROTECTIVE ORDER, MEM. OF POINTS AND AUTHORITIES -CASE NO.-02-956

NOTICE OF MOTION AND MOTION TO INTERVENE AS PARTICIPANT IN PROTECTIVE ORDER, MEM. OF POINTS AND AUTHORITIES -CASE NO.-02-956

_____/s/_____
Dr. Simon Banks, J.D.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCUS BYNUM, ET AL ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 02-956 |
| ) | |
| ) | (RCL) |
| DISTRICT OF COLUMBIA, ET AL ) | |
| ) | |
| Defendants ) | January 4, 2007 |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
SIMON BANKS' APPLICANT, MOTION TO INTERVENE
AND TO MODIFY PROTECTIVE ORDER**

Applicant is Plaintiff in the pending case *Simon Banks v. District of Columbia, et al,* Civil Action No. 05-1514, brought pursuant to 42 U.S.C. § 1983, where Applicant allege, *inter alia,* that the District of Columbia subjected the Plaintiff to 40 days over-detention, when it released the Plaintiff from incarceration on April 28, 2006, as a consequence of the Plaintiff having filed a D.C. Code § 23-110, pro se, although it is without dispute that the Plaintiff's misdemeanor sentence expired on March 20, 2006.

In the Civil Action, *Id.* Applicant allege that Plaintiff's over-detention, false imprisonment is based upon the District's deliberate indifference, municipal policy, custom, pattern and practice, notwithstanding the Plaintiff's numerous prior notices issued to the District coupled with a history of prior notices connected with **the Shaw Report**, the Report of John L. Clark, Corrections Trustee for the District of Columbia,

NOTICE OF MOTION AND MOTION TO 2 INTERVENE AS PARTICIPANT IN PROTECTIVE ORDER, MEM. OF POINTS AND AUTHORITIES -CASE NO.-02-956

NOTICE OF MOTION AND MOTION TO INTERVENE AS PARTICIPANT IN
PROTECTIVE ORDER, MEM. OF POINTS AND AUTHORITIES -CASE NO.-02-956

who prepared a Report to the United States Attorney General entitled, "Review of the Handling of Leo Gonzales Wright and Similar Offenders Sentenced by the U.S. District Court for the District of Columbia" **(the "Wright Report"),** which documented a long pattern of systemic problems dealing with case management, classification and records office management at the Records Office. (Wright Report, Major Findings, F-14).

**Applicant share common questions of law and fact**

Moreover, the Applicant/Plaintiff allege in the case of *Simon Banks v. District of Columbia, et al. Id.* that he suffered strip searches, over-detention, constitutional deprivation of medical treatment, mal-practice, and cruel and unusual punishment in violation of the Eighth Amendment, the Fifth, Fourth and Fourteenth Amendments.

**Applicant Seek Permissive Intervention Pursuant to Fed. R. Civ. P. 24(b)(2).**

The Applicant's position, defenses and issues to be prosecuted are similar to the Plaintiffs in the instant case, and the Applicant's need for the discovery material, declarations, affidavits, and disclosures that the District provided the Plaintiffs in the instant case, is critical to the Applicant's right to a fair trial and the issues in Applicant's pending civil action.  The Applicant needs the District to produce to the Applicant and to have access to the following records produced to the Plaintiffs herein: (Pursuant to Order Document 108, filed 03/22/2004)):  (1) records from selected fields, from the DC Jail's database JACCS, the District of Columbia Superior Court's database, CIS, and the entire Records Office "discrepancy" databases (databases that records all persons prematurely released or overdetained, as well as other data); (2) code documentation and other documents (in electronic format where available) required to interpret, program and decode the databases, including documents explaining any codes used in the databases,

NOTICE OF MOTION AND MOTION TO INTERVENE AS PARTICIPANT IN PROTECTIVE ORDER, MEM. OF POINTS AND AUTHORITIES -CASE NO.-02-956

and (3) persons most knowledgeable about the databases for depositions ("database discovery"), database records in delimited ascii text file, free format with delimiters, using delimiter that does not also perform some other function in the database, and labels which refer to each column in text format, delimited by tabs.

The Applicant needs a copy of (1) a list (provided to the Plaintiffs) of every person who was overdetained and the length of the overdetention, and (2) a list of every person who was returned to the DC Jail with no other pending cases, detainers or warrants, and was then subjected to a blanket strip search after a judge ordered his/her release during the period from May 1, 1999 up to the date the case is terminated;

The Applicant needs, to be provided and have access to the following records provided, *Id.,* copy of CD or DVD or DVDs, in the original format and in Excel format, all of the discrepancy data bas(s), discrepancy database which include all databases containing persons released before or after their court ordered release dates and also includes the "release discrepancy database" mentioned on page 391 of the deposition of Steven Smith taken on March 6, 2003.

The Applicant needs, to be provided and access to the following records provided, *Id.,* copy of:

| | |
|---|---|
| Jail database | Records from fields in the following tables:  Booking, BondMaster, Charge History, Charges, Detainer, Disposit, Good Time, Grieve, Moad, OSF, PHAUDIT, RCLOCA, RTYPE, SCOM, TRHIST. |
| Superior Court | Each field in the Superior Court database corresponding |

NOTICE OF MOTION AND MOTION TO4NTERVENE AS PARTICIPANT IN
PROTECTIVE ORDER, MEM. OF POINTS AND AUTHORITIES -CASE NO.-02-956

NOTICE OF MOTION AND MOTION TO INTERVENE AS PARTICIPANT IN
PROTECTIVE ORDER, MEM. OF POINTS AND AUTHORITIES -CASE NO.-02-956

| | |
|---|---|
| Database | to each entry in the one page "Update Final Disposition" data entry screen on page 3 of Plaintiffs' Exhibit 3 from the Foor-Cipullo deposition (page 3 which was attached) |
| Discrepancy | Entire databases |
| Databases | |

The Applicant needs, to be provided and have access to the following records provided, *Id.*, copy of, all depositions taken by the respective parties, copy of all stipulations and admissions entered into by the respective parties, copy of all statements of material facts not in dispute asserted by the respective parties.

The Applicant's participation in the Protective Order entered into by the parties hereto will not prejudice or delay the adjudication of the rights of the parties; and this motion to intervene is timely. Fed. R. Civ. P. 24(b)(2).

## SUMMARY OF ARGUMENT

The Applicant's Motion to Intervene in the Protective Order engaged in by the parties to these proceedings should be granted pursuant to the equitable discretion of this Honorable Court.  The Applicant claims an interest relating to the property or transaction which is the subject of the action and the Applicant is so situated that the exclusion of the Applicant from the protective order may as a practical matter impair or impede the Applicant's ability to protect his interest, unless the Applicant's interest is adequately represented by existing parties.

The Applicant possess an Interest Relating to the Subject Matter of this action. "The requirement of a significantly protectable interest is generally satisfied when the "interest is protectable under some law, and …there is a relationship between the

NOTICE OF MOTION AND MOTION TO INTERVENE AS PARTICIPANT IN
PROTECTIVE ORDER, MEM. OF POINTS AND AUTHORITIES -CASE NO.-02-956

protected interest and the claim at issue." *Arakaki v. Cayetano,* 324 F.3d 1079, 1084 (9th Cir.), *cert. Denied,* 540 U.S. 1017 (2003), *quoting Sierra Club v. United States EPA,* 995 F.2d 1478, 1484 (9th Cir. 1993).

**Applicant Should be Granted Leave to Intervene
Pursuant to Fed. R. Civ. P. 24(B).**

Federal Rule of Civil Procedure 24(b)(2) provides for permissive intervention, upon timely motion, "when an applicant's claim or defense and the main action have a question of law or fact in common." In exercising its discretion to permit a party to intervene under this rule, "the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(2); *cf. Southern California Edison Co. v. Lynch,* 307 F.3d 794, 803 (9th Cir. 2002), *quoting City of Los Angeles,* 288 F.3d at 403 (permissive intervention allowed where potential intervenor shows "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common"). A significant protectable interest is not required by Rule 24(b). Rather, the Court need only find that the intervenor's "claim or defense and the main action have a question of law or fact in common." *Kootenai Tribe of Idaho v. Veneman,* 313 F.3d 1094, 1107 n.7 (9th Cir. 2002).

**The Applicant's Interest May be Impaired as a Result of the Litigation**

The Applicant need merely show that the disposition of the action "may as a practical matter impair or impede [its] ability to protect [its] interest." Fed. R. Civ. P. 24(a)(2). This requirement also is to be construed liberally. "If any applicant would be substantially affected in a practical sense by the determination made in an action, [the applicant] should, as a general rule, be entitled to intervene." Fed. R. Civ. P. 24(a)(2),

NOTICE OF MOTION AND MOTION TO INTERVENE AS PARTICIPANT IN PROTECTIVE ORDER, MEM. OF POINTS AND AUTHORITIES -CASE NO.-02-956

Advisory Committee Note. *United States v. City of Los Angeles,* 288 F.3d 391, 399 (9th Cir. 2002)("Whether an applicant's interest would be impaired by disposition of a lawsuit depends on the range of dispositions open to a court about which an applicant is entitled to be concerned, not the specific disposition the original parties are seeking to have a court approve."), *quoting Brennan v. Conn. State UAW Cmty. Action Program Council,* 60 F.R.D. 626, 631 (D.Conn. 1973); *Southwest Center for Biological Diversity v. Berg,* 268 F.3d 810, 822 (9th Cir. 2001). See *Mova Pharmaceutical Corp. v. Shalala,* 140 F.3d 1060, 1074 (D.C. Cir. 1998)(quoting Fed. R. Civ. P. 24(a). Rule 24(a) Impliedly refers not to any interest the applicant can put forward, but only to a legally protectable one." *Mova Pharmaceutical,* 140 F.3d at 1074 (quoting *Southern Christian Leadership Conference v. Kelly,* 747 F.2d 777, 779 (D.C. Cir. 1984)).

Permissive Intervention is available, at the Court's discretion, upon timely application "when an applicants claim or defense and the main action have a question of law or fact in common."

**The Information Applicant Seek is Relevant to, and Would be Discoverable in, the Collateral action which Applicant is litigating**

The Applicant has shown that the information that the Applicant seek is discoverable in the collateral action which Applicant is litigatin. See *Cunningham v. Rolfe,* 131 F.R.D. 587, 590 (D.Kan. 1990). Put another way, discovery here may not be used to subvert limitations on discovery in another proceeding.

**Applicant's Motion is Timely by Reason of Fact Applicant does not Seek to Intervene as a Party, only as a Participant in Protective Order**

The Court must consider three factors in determining whether a motion to intervene is timely: "(1) the stage of the proceeding at which an applicant seeks to

NOTICE OF MOTION AND MOTION TO INTERVENE AS PARTICIPANT IN PROTECTIVE ORDER, MEM. OF POINTS AND AUTHORITIES -CASE NO.-02-956

NOTICE OF MOTION AND MOTION TO INTERVENE AS PARTICIPANT IN
PROTECTIVE ORDER, MEM. OF POINTS AND AUTHORITIES -CASE NO.-02-956

intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Alisal Water Corp.,* 370 F.3d at 921, *quoting California Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.,* 309 F.3d, 1119 (9th Cir. 2002).

The Applicant agrees to be bound by the same terms, conditions, that the parties to the instant protective order has committed to, and that this Honorable Court frees the parties to these proceedings to provide the Applicant a copy of all discovery, declarations, disclosures, affidavits, provided the various counsels to the Plaintiffs.

**WHEREFORE,** the Applicant pray this Honorable Court Lift and modify the protective order and afford the Applicant the right to be a participant in the Protective Order for the limited purpose of being afforded the right to receive the documents, tangible and electronic evidence provided the Plaintiffs, subject to the restrictions, pains and penalties connected therewith.

_____/s/_____
Dr. Simon Banks, J.D.


**CERTIFICATE OF SERVICE**

I, hereby certify that a copy of this pleading and notice of Motion to Intervene as a participants in the Protective Order entered into by the parties to these proceedings, was mailed, via electronic mail, this 4th day of January, 2007 to the following:

**William Charles Cole Claiborne, III**
LAW OFFICES OF WILLIAM CLAIBORNE
717 D Street, NW
Suite 210
Washington, DC 20004-2813
(202) 824-0700
(202) 824-0745 (fax)
law@claiborne.net

NOTICE OF MOTION AND MOTION TO INTERVENE AS PARTICIPANT IN
PROTECTIVE ORDER, MEM. OF POINTS AND AUTHORITIES -CASE NO.-02-956

**Lynn E. Cunningham**
306 Westview Drive
P.O. Box 1547
DuBois, WY 82513
(307) 455-3334
(202) 994-4693 (fax)
lcunningham@law.gwu.edu

Maria C. Amato
Counsel for District of Columbia
Senior Assistant Attorney General
Civil Litigation Division, Equity Section 1
Also, Office of General Counsel
DC Department of Corrections
441 4th Street, N.W., 6th Floor South
Washington, D.C. 20001
202 724-6642, 202 671-0088
maria.amato@dc.gov

**Denise J. Baker**
Office of the Attorney General, D.C.
441 4th Street, NW
Room 6S028
Washington, DC 20001
202-442-9887
202-727-0431 (fax)
denise.baker@dc.gov

**Richard S. Love,**
Chief Equity Division
Office of the Attorney General, D.C.
441 4th Street, N.W., 6th Floor
Washington, D.C. 20001.

**Barrett S. Litt**
LITT, ESTUAR,HARRISON & KITSON, LLP
1055 Wiltshire Boulevard
Suite 1880
Los Angeles, CA 90017
(213) 386-3115
(213) 380-4585 (fax)
blitt@littlaw.com

NOTICE OF MOTION AND MOTION TO INTERVENE AS PARTICIPANT IN
PROTECTIVE ORDER, MEM. OF POINTS AND AUTHORITIES -CASE NO.-02-956

NOTICE OF MOTION AND MOTION TO INTERVENE AS PARTICIPANT IN
PROTECTIVE ORDER, MEM. OF POINTS AND AUTHORITIES -CASE NO.-02-956

_____/s/_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, VA. 22302
drsbanks@msn.com

Case 1:05-cv-01514-RCL   Document 96-38   Filed 01/24/2007   Page 10 of 10

NOTICE OF MOTION AND MOTION TO INTERVENE AS PARTICIPANT IN
PROTECTIVE ORDER, MEM. OF POINTS AND AUTHORITIES -CASE NO.-02-956