**BEFORE THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Dr. Simon Banks
Doctor of Laws
1901 D Street, S.E.
#269768
Washington, DC  20003

                                                     Case No.

And

Dr. Simon Banks
Doctor of Laws                                       July 6, 2005
P.O. Box 17052
Alexandria, VA  22302

       Plaintiff

Vs.

S. Elwood York, Jr.,
Acting Director DC Department of Corrections
In his official capacity
1923 Vermont Avenue, N.W.
Washington, DC  20001

Larry Corbitt,
Acting Warden District of Columbia Jail
In his official capacity and
In his personal capacity
DC Jail
1901 D Street, S.E.
Washington, DC  20003

Captain N. Tally,
In her official capacity
DC Department of Corrections,
DC Jail
1901 D Street, S.E.
Washington, DC  20003

Edward D. Reiskin
District of Columbia Deputy Mayor for Public Safety,
In his official capacity
1350 Pennsylvania Avenue, N.W., Suite 327
Washington, DC  20004

Anthony Williams
Mayor District of Columbia
In his official capacity
1350 Pennsylvania Avenue, N.W.
Washington, DC  20004

Dr. Gregory Pane
Director of District of Columbia
Department of Health
In his official capacity
825 North Capitol Street, N.E.
Washington, DC  20002

       Defendants


1.  COMPLAINT FOR TEMPORARY, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF FOR DECLARATORY JUDGMENT, MANDAMUS AND FOR DAMAGES

JURISDICTION

2.  This action arises under 42 U.S.C. § 1983, 42 U.S.C § 1981, 42 U.S.C. § 1988, the Civil Rights Act of 1964, 28 U.S.C. § 1337, 28 U.S.C. § 1331; 28 U.S.C. § 1343; the Privacy Protection Act ("PPA"); 42 U.S.C. § 2000 a a, the Declaratory Judgment Act 28 U.S.C.A. § 2201, 28 U.S.C. § 1291; Rule 65 of the Federal Rules of Civil Procedure, the Equal Protection and Due Process Clauses of Amendment V and of the Fourteenth Amendment; the First, Fourth, Fifth and Sixth Amendments of the United States Constitution.

3.  IDENTIFICATION OF PARTIES

Dr. Simon Banks, Doctor of Laws, at all times relevant an inmate at the District of Columbia Jail.

S. Elwood York, Jr., the Acting Director District of Columbia Department of Corrections.

Larry Corbett, Acting Warden District of Columbia Jail.

Captain N. Tally, Captain District of Columbia Jail

Edward D. Reiskin, District of Columbia Deputy Mayor for Public Safety

Anthony Williams, Mayor of the District of Columbia

Dr. Gregory Pane, Director of District of Columbia Department of Health

## 2. JURISDICTION

This action arises under 42 U.S.C. § 1983, 42 U.S.C. § 1981, 42 U.S.C. § 1988, the Civil Rights Act of 1964, 28 U.S.C. § 1337, 28 U.S.C. § 1331, 28 U.S.C. § 1343; Privacy Protection Act ("PTA"), 42 U.S.C. 2000 a a, the Declaratory Judgment Act, 28 U.S.C.A. § 2201, 28 U.S.C. § 1291, Rule 65 of the Federal Rules of Civil Procedure, the Equal Protection and Due Process Clauses of Amendment Five and of the Fourteenth Amendment; the First, Fourth, Fifth and Sixth Amendment of the U.S. Constitution.

## 4. STATEMENT OF FACTS

From on or about December 21, 2004 to the present, the defendants individually and collectively have subjected the plaintiff to the following:

### A. OVERCROWDING

An overcrowded jail that exceeds the population cap to the rated design capacity, that resulted in the plaintiff and other inmates suffering a twenty-three hour lockdown seven days a week, poor-third world sanitary and health conditions, deprivation of recreation and medical services, and imminent threat to personal safety.

### B. MEDICAL CARE AT THE DC JAIL SUFFERS FROM SYSTEMIC DEFICIENCIES

The jail where the plaintiff is confined suffers from systemic deprivation of medical care, poor and extremely deficient medical care and services, lack of dental care, failure to respond to request for dental and other medical care needs.

### C.  THE DC JAIL SUFFERS FROM INADEQUATE MEDICAL HEALTH PROFESSIONALS

The DC Jail where plaintiff is confined suffers from systemic personal indifference with respect to its policy of providing medical care to inmates, inadequate staffing of medical health professionals including doctors, nurses, nursing assistants, which has resulted in continued failure to respond to plaintiff and other inmates numerous requests for medical needs and which have resulted in prolong delays from one week to ninety days to secure an appointment with a doctor, dentist, nurse, optometrist where the plaintiff has waited for in excess of ninety days for an appointment with the jail's podiatrist and optometrist and dentist to no avail.

### D.  DEFECTIVE AND UNSANITARY THIRD-WORLD SHOWERS

The defendants have directly and indirectly caused the plaintiff to be confined in the DC Jail Block, S.W. 1 where the showers are infested with bacteria, standing water, infested with various diseases and/or disease causing germs, bacteria.  The showers are made of aluminum and exhibit a third-world structure, a throwback to the 18th Century, where water collects because of insufficient drainage.

### E.  INADEQUATE DIETARY AND NUTRITIONAL HEALTH CARE PROFESSIONALS

The DC Jail where the plaintiff is confined suffers from inadequate dietary staff, nutritional health professionals, and as a consequence the plaintiff and other inmates

whom require diabetic foods, have been denied nutritional diets and foods to accommodate our dietary needs, in particular the needs of diabetics.

### F.  DEFICIENT LAW LIBRARY RESOURCES AND STAFF

The DC Jail where the plaintiff is confined has an inadequate jail law library which suffers from a lack of staff, which is unable to accommodate a population that exceeds from 2,300 to 2,400 inmates and contains antiquated law books, Federal Reporters Third Series, Atlantic Reporters Second Series, a deficiency in Fed. Supplements, Advance Sheets and current volumes of the District of Columbia Codes, a deficiency in the current criminal code, a deficiency in the United State Reports, Supreme Court Reports, all which expire at 2001; a total lack of Slip. Opinions, Shepherds which expire at 2001; a lack of c.d.s which contain current laws, a lack of Black's Law Dictionary which is a third edition, some five editions behind current law all which prejudices and deprive the plaintiff and other inmates with access to the courts.

### G.  INSUFFICIENT SECURITY AND LACK OF CORRECTIONAL OFFICERS

The DC Jail where the plaintiff is confined lacks appropriate security, correctional officers and other staff to prevent a jail riot, or injury to staff as well as to the respective overcrowded inmate population, and thus pose an imminent threat of personal injury, personal safety, assault and/or death to the respective inmates, in particular and as well as to staff and to inmates whom are fragile, and inmates whom are elderly and inmates who are rated at a low or minimum custody threat levels.

### H.  DANGEROUS COMMINGLING OF INMATES

The DC Jail where the plaintiff is confined commingles, recklessly, negligently, and unwarrantly, dangerous felons, felons with murder charges, with misdemeanors

defendant awaiting trial for stealing a coca cola, and with other low-custody rated inmates. This systemic policy shows a reckless indifference for the safety, health and welfare of inmates.

### I. DEFECTIVE GRIEVANCE PROCESS

The jail where plaintiff is confined does not process inmates grievances, and does not provide inmates with receipts of their grievances that they filed and submit. The jail systemically failed to credit, record or respond to grievances. These actions are systemically designed to preempt and frustrate inmates ability to exhaust administrative remedies, a jurisdictional pre-requisite.

### J. SYSTEMIC SMOKE SCREENS TO FRAUDULENTLY DISGUISE AND SUPPRESS DISMAL HEALTH-SAFETY CRISIS AND DEPRECATORY CONDITIONS

The DC Jail where the plaintiff is confined engages in systemic cosmetic smokescreens orchestrated to distort inmate despair, disguised intrinsic defects, unsanitary conditions, rats, roaches, insects, and the potential for out-of-control spontaneous combustions; a jail that would make the Iraq's Abu Ghraib Prison look like a country club, or the Ritz Carlton.

### K. LACK OF READING MATERIALS

The DC Jail where plaintiff is confined lacks magazines, reading materials and books to reduce boredom, despair, hopelessness, suicidal acts and inmate altercations, as well as dangers to society for retribution.

### L. LACK OF RECREATIONAL BUDGET/ RECREATIONAL EQUIPMENT

6

The DC Jail where the plaintiff is confined does not provide a standard gym, table tennis, volleyball courts, weight lifting apparatus, walking room, et cetera, and there is not established recreational budget for the DC Jail.

### M. DEFECTIVE ROACH INFECTED MATTRESSES

The DC Jail where the plaintiff is confined contains hundreds of torn, unsanitary and defective mattresses and blankets which have not been cleaned for months and are systemically left on beds and are repeatedly recycled to other inmates whom are processed in the jail's intake section as well as disseminated to other inmates. Some mattresses contain roaches and other insects.

### N. ONE DESK, ONE CHAIR FOR TWO INMATES IN ONE-MAN CELLS

The DC Jail where the plaintiff is confined possess one man cells where two inmates are confined, there is one desk with one attached steel seat for each two-man cells causing squabbles over the desks and chair space and usage for inmates whom are locked down for an average of twenty-three hours per day, seven days a week. This is a deprivation of basic human needs.

### O. DEFICIENT COMMISSARY

The DC Jail where the plaintiff is confined has a contract with a company to provide commissary items to inmates which has failed to fill inmate order for some six months, such as lotions, skin oils, hair oils, peanut butter and where such items as coffee, tea are not included. As well as other items which are not filled by the contractor. This has resulted in a breach of contract that has adversely affected the inmate population who has contracted with the DC Jail to receive orders that they fill out.

### P. LACK OF AND NO PROVISIONS FOR NAIL CLIPPERS

The jail where the plaintiff is confined has systemically deprived the plaintiff and other inmates for some six months and longer of fingernail clippers, toenail clippers, and/or any manner by which the plaintiff could get his nails cut off, resulting in the plaintiff suffering for months with extraordinary fingernails and toenails.

### Q. DEPRIVATION OF BASIC HUMAN NEEDS

The DC Jail where the plaintiff is confined, through its policy, practices and procedures deprived the plaintiff and other inmates of basic medical and human needs including skin lotions, sufficient blankets for cold cells, microwave ovens for heating cold foods and other foods improperly cooked, for heating coffee, tea and soups.

### R. REGULAR SEWAGE BACKUP

The DC Jail where the plaintiff is confined has regular sewage backups and subjects the plaintiff and other inmates to lockdown confinement in areas where sewage stench is nauseating, sickening and triggers pulmonary anxiety, mental and emotional stress and nausea. Moreover, the sewage system and frequent backup poses an exponential health risk, if not an epidemic of colossal proportion.

### S. LACK OF DENTAL CARE

The DC Jail where the plaintiff is housed has two dentist who provide dental services limited to pulling teeth whether or not sound medical diagnosis and prognosis suggest tooth retention an alternative medical treatment and regimen. There are two dentists for in excess of 2,300 inmates. In order for inmates to receive dental services offered based upon expediency and opposed to sound medical judgment, inmates are required to sign a waiver rendering the jail and its medical staff harmless, or forego dental treatment, i.e.

pulling of one's tooth (teeth). Moreover, upon rejecting the tooth pulling alternative, inmates are required to sign a form rejecting dental treatment. There is no provision on the form that offers the rejectee inmate and opportunity to state what specifically is being rejected.

### T.  UNAUTHORIZED OPENING OF MAIL OUTSIDE OF THE INMATE PRESENCE INCLUDING LEGAL MAIL

The correctional officers and/or staff of the DC Jail opened plaintiff's legal and personal mail on numerous occasions during the months of January through April 2005, outside of the plaintiff's presence, a violation of plaintiff's right to Due Process, Equal Protection and Privacy.

### U.  HAZARDOUS BUNK BEDS WITHOUT LADDERS

The DC Jail where plaintiff has been confined has bunk beds without ladders and require inmates to negotiate getting up and down these steel bunk beds, to their peril where many have suffered falls and injuries, in particular the elderly, the impaired, the disabled. These bunk beds pose an imminent threat of injury and harm each time an inmate is required to negotiate getting up, on and down from these structural hazards.

### V.  DC DEPARTMENT OF HEALTH FAILURE TO INSPECT JAIL FOR HEALTH AND SAFETY

Because the District of Columbia Department of Health and its Director, has failed to conduct regular audits and evaluation of the unsanitary and unsafe conditions that systemically plague the DC Jail's facility, and egregious health and safety crisis exist unabated, systemically and stratigistically ignored. This reckless indifference for the rights of the inmate population has resulted in a human health-safety crisis.

### W. LACK OF REHABILITATIVE COURSES

The DC Jail where the plaintiff is confined lacks: rehabilitative courses, adequate staffing, adequate ventilation, adequate heating and air filtering and poses environmental risk because of lack of clean air and lack fresh air.

### X. DEFECTIVE HEATING AND VENTILATION

Because of the DC Jail lack of heating and lack of ventilation, ventilating air ducts and air vents, air filters, the plaintiff and other inmates suffered from temperature ranging from thirty and forty degrees during the months of December through March 2005.

Y. Because of the reckless disregard for the constitutional rights of the plaintiff and deliberate indifference of the defendants to the needs of the plaintiff and other inmates setforth in paragraphs 5A through X "here of " the plaintiff has suffered deprivations of his constitutional rights, equal protection of the laws, deprivation of due process.

### Z. DESTRUCTION OF PLAINTIFF'S DENTAL CROWN AND REFUSAL TO REPLACE

When the correctional officers during the jail shakedown took plaintiff's temporary crown containing protection for seven of plaintiff's teeth that were sawed down and when the DC Jail's Dentist and the defendant failed to provide and protect plaintiff's exposed teeth which repeated became infected and at the present posed a serious risk of loss and irreparable harm and after plaintiff's serious medical/dental needs were diagnosed by the jail's two physicians, the defendants acted with reckless disregard and deliberate indifference to plaintiff's medical/dental health needs by refusal to accommodate plaintiffs health crisis.

### Z1.  RETALIATION AND REPRISAL FOR WHISTLEBLOWING ACTIVIES AND FOR PETITIONING THE COURT AND CONGRESS FOR REDRESS

In retaliation for plaintiff's whistleblowing activies and for petitioning the Courts, the Congress and the DC Jail for redress, the defendants' York and Corbett has subjected the plaintiff to systemic retaliation and reprisal from December 2004 to the present, by retaliating against the plaintiff in cell blocks where the plaintiff is locked down twenty-three hours per day despite the plaintiff's age, low custody level, and despite plaintiff was previously housed at the Central Treatment Facility (CTF) contract facility, where the plaintiff was not locked down at all prior to being illegally transferred to Virginia on June 23, 2004, including failure to provide plaintiff with dental access.

### Z2.  UPON CANCELLATION OF PLAITIFF'S ASSIGNMENT TO THE LAW LIBRARY

The defendant York and Corbett abruptly cancelled the plaintiff's assignment to the law library as a Volunteer Assistant and removed other library assistants as a smokescreen to disguise denying plaintiff access to the DC Jail's Library.  The defendant Corbett directly and indirectly facilitated the abrupt closure of the law library on Tuesday, May 3, 2005 to prevent plaintiff access to the law library after Corbett received pleadings requesting leave to exceed the page limit where defendant Corbett is a defendant as Warden in the stead of defendant Smith in the Case of Banks v. Smith, et al.

### Z3.  DEFENDANT CORBETT DIRECTEDLY AND INDIRECTLY FACILITATED THE CANCELLATION OF PLAINTIFF'S DIETARY MEALS ON MAY 2, 2005 CAUSING PLAINTIFF TO BE TAKEN OFF THE DIABETIC DIET LIST, DEPRIVING PLAINTIFF OF MILK, FRUIT, LOW SUGAR FOODS, LOW STARCH FOODS AND THREATENS PLAINTIFF'S GENERAL HEALTH AND SAFETY

### Z4.  THE DEFENDANT YORK AND CORBETT PLACED AN INMATE IN A CELL WHERE THE PLAINTIFF IS CONFINED WHO HAS SORES FROM HIS HEAD TO HIS FEET

The defendants York and Corbett placed an inmate in a cell where the plaintiff is confined whom has sores from his head to his feet. Many of the sores are open. The inmate, Mr. Davis, date of birth 5-5-58 suffers from fungus infection, and a disease resulting from heroin and other drugs addition, and poses an imminent health risk to the plaintiff.

### Z5.  INCORRECTLY SUBJECTING THE PLAINTIFF TO AN EXTRA SIX MONTHS OF CONFINEMENT BY SETTING PLAINTIFF'S RELEASE DATE SIX MONTHS AFTER EXPIRATION OF SENTENCE

Defendant's York and Corbett incorrectly subjected the plaintiff to an extra six months of confinement by setting plaintiff's release date six months after expiration of the sentence. In this case the plaintiff was under a bench warrant and the detainer issued by Judge Noel Kramer in July 23, 2004 although plaintiff was released to Virginia authority pursuant to a scheme and plan to subject plaintiff to trial in the state of Virginia and to subject the plaintiff to an enhanced sentence. The actions of defendant York and Corbett by failing to credit the plaintiff with time incarcerated in the state of Virginia between July 23, 2004 through December 19, 2004 was intentional.

Because of the defendant's systemic policies, practices and procedures, the deliberate indifference to plaintiff and other inmates medical, educational, safety, recreational, legal, rehabilitative, sanitary and diseased control needs, the plaintiff and other inmates have suffered an unconstitutional effect and adverse affect upon plaintiff's constitutional rights in particular during the period December 19, 2004 to the present.

### 5.  COUNT I
### VIOLATION OF RIGHTS PROTECTED BY 42 U.S.C. § 1983

6. The plaintiff incorporate by reference paragraphs 1 through 5 as if pleaded fully and completely herein.

7. The plaintiff incorporate by reference paragraphs 5A through 5-S and 5-U through 5-Z5 of the complaint which the defendants York and Corbett violated the rights of the plaintiff setforth in 42 U.S.C. 1983.

8. The action of defendants York, Corbett and Williams constitutes reckless disregard and deliberate indifference to the rights of the plaintiff.

9. The actions of defendants York, Corbett and Williams as set forth in paragraphs 5A through and 5S and 5-U through 5Z-5 of the complaint caused the plaintiff to suffer harm and injury to his constitutional rights, his person and damages.

10. On June 29, 2005, defendant Tally placed plaintiff in a disciplinary punishment, involuntary lock down and involuntary protective punishment at 5:30 p.m. after the plaintiff complained to her that the new person that the DC Jail placed in plaintiff's cell had a major disease and thereby placed plaintiff in an unwarranted and negligent jeopardy to his person.

11. As a consequence of the actions of defendants York, Tally and Corbett the plaintiff suffered injury to his constitutional rights.

12. As a consequence of the actions of defendants York, Tally and Corbett, the plaintiff suffered from mental and emotional distress.

13. As a smokescreen of the actions of the defendants

### 14. COUNT II
### VIOLATION OF 28 U.S.C. § 1343

15. The plaintiff incorporate by reference paragraphs 1 through 13 of the complaint.

16. The conduct of defendants York, Corbett, Reiskin, Pane, and Williams as setforth in paragraphs 5A through 5Z5 violate the plaintiff's rights pursuant to 28 U.S.C. § 1343.

17. The conduct of the defendants as set forth in paragraphs 1 through 16 of the complaint was pursuant to systemic municipal policy of the District of Columbia and its practices and procedures.

18. The conduct of the defendants were willful with reckless, wanton disregard and deliberate indifference to the rights of the plaintiff and other inmates of the DC Jail.

19. As a consequence of the actions of defendants, the plaintiff was injured.

20. Wherefore the plaintiff pray that the Court award the plaintiff damages as follows:

    A. Actual damages $100,000.00

    B. Consequential damages $2 Million Dollars

    C. Punitive damages $1 Million Dollars

### 21. COUNT III
### VIOLATION OF RIGHTS PROTECTED BY THE EIGHTH AMENDMENT

22. The plaintiff incorporate by reference paragraphs 1 through 21 of the complaint

23. The actions of defendants York, Corbett and Williams as set forth in paragraphs 5A through 5S and 5U through 5 Z-5 of the complaint violates plaintiff's rights protected by the Eighth Amendment of the United States Constitution.

24. The actions of defendants Williams and Pane of the Department of Health as set forth in paragraphs T of the complaint violates plaintiff's rights under the Eighth Amendment of the United States Constitution.

25. The actions of defendants Reisner and defendant Williams as set forth in paragraph 5A through 5Z5 violates the plaintiff's rights protected by the Eighth Amendment of the United States Constitution.

26. The actions of defendants individually and collectively were pursuant to the systemic municipal policy, practices and procedures of the District of Columbia.

27. The actions of the defendants individually and collectively were willful, with deliberate indifference to the rights of the plaintiff and other inmates of the DC Jail.

28. As a consequence of the defendants actions the plaintiff was injured.

29. Wherefore the plaintiff pray the court award damages to the plaintiff as follows:

        b.        Actual damages $100,000.00

        c.        Consequential damages $2 Million Dollars

        d.        Punitive damages $10,000.00

### 30. COUNT IV
### 42 U.S.C § 1981

31. The plaintiff incorporate paragraphs 1 through 30 of the complaint.

32. The actions of defendants York, Williams and Corbett as set forth in the paragraphs 5A through 5S and 5U through 5Z-6, violate the plaintiff's rights pursuant to 42 U.S.C. § 1981 to contract with the District of Columbia Department of Corrections, the DC Jail and the Federal Bureau of Prisons for Humane and Rights protected by the

United States Constitution as are incorporated in the Due Process Clause, the Equal Protection Clause of the United States Constitution.

33. The actions of the defendants were pursuant to the municipal policy, practices and procedures of the District of Columbia.

34. The actions of the defendants were willful, with reckless disregard and deliberate indifference to the rights of the plaintiff.

35. As a consequence of the defendants' intentional acts and conduct the plaintiff was injured.

36. Wherefore, the plaintiff pray that the Courts award damages as follows in favor of the plaintiff:

  e.  Actual damages $200,000.00

  f.  Consequential damages $3 Million Dollars

  g.  Punitive damages $5 Million Dollars

### 37. COUNT V
### PRIVACY PROTECTION ACT ("PTA"), 42 U.S.C. § 2000 aa AND ATTORNEY-CLIENT PRIVLEDGE

38. The plaintiff incorporate by reference paragraphs 1 through 37 of the complaint.

39. The actions of defendant York and Corbett as set forth in paragraphs 5R violate the plaintiff's privacy rights as protected by the Privacy Protection Act ("PPA") and attorney-client privilege.

40. The actions of the defendants York and Corbett were willful, with reckless disregard and deliberate indifference to the rights of the plaintiff.

41. The actions of defendants York and Corbett were pursuant to the systemic municipal policy, practice and procedures of the District of Columbia Government.

42. As a consequence of the actions of defendant York and Corbett, the plaintiff was injured.

43. Wherefore the plaintiff pray the Court award damages as follows in favor of the plaintiff:

    A. Actual damages $5,000.00

    B. Consequential damages $25,000.00

    C. Punitive damages $2,000.00

**44. COUNT VI**
**VIOLATION OF REVENUE SHARING ACT, THE DISTRICT OF COLUMBIA APPROPRIATION PROVISIONS/ACT/BILL, TITLE VI, AND EXECUTIVE ORDER 11246**

45. The plaintiff incorporate by reference paragraphs 1 through 44 of the complaint.

46. The actions of defendant York, Corbett, Reiser and Williams as set forth in paragraphs 5A through 5S and 5U through 5Z5, violate plaintiff rights pursuant to the Revenue Sharing Act, the District of Columbia Appropriations Provisions/Act/Bill and Executive Order 11246 ("EO11246").

47. The actions of the defendant Department of Housing as set forth in paragraph 5 of the complaint violate the plaintiff's rights pursuant to the Revenue Sharing Act of the District of Columbia, and the District of Columbia Appropriations Provisions/Bills/Act, Title VI and Executive Order 11246.

48. The actions of defendants individually and collectively were based upon discrimination per se and discrimination based upon classification purposes

17

convict/inmates, race (Black/Hispanic), the majority of the jail's population being Black and Hispanic.

49. The actions of defendants were pursuant to the systemic municipal policy, practice and procedure of the District of Columbia.

50. The actions of the defendants' were willful, with reckless disregard and deliberate indifference to the rights of the plaintiff.

51. As a consequence of the actions of the defendants the plaintiff was injured.

52. Wherefore, the plaintiff pray that the Court award damages in favor of the plaintiff as follows:

A. Actual damages $200,000.00

B. Consequential damages $ 10 Million Dollars

C. Punitive damages $10 Million Dollars

Wherefore, the plaintiff pray that the Court award cost of Court, counsel fees and any and all other relief the Court deems appropriate.

The plaintiff incorporate by reference the affidavit of Simon Banks, the Plaintiff's Motion for Temporary, Preliminary, and Permanent Injunctive Relief.

Wherefore, the plaintiff pray that the Court grant the relief requested.

_____
Simon Banks, J.D., Pro Se

**CERTIFICATE OF SERVICE**

I, hereby certify that the parties are being served pursuant to Rule 4 with a copy of this complaint.

S. Elwood York, Jr.,
Acting Director DC Department of Corrections
1923 Vermont Avenue, N.W.
Washington, DC  20001

Larry Corbett, Acting Warden
DC Jail
1901 D Street, S.E.
Washington, DC  20003

Captain N. Tally
DC Jail
1901 D Street, S.E.
Washington, DC  20003

Edward D. Reiskin
District of Columbia Deputy Mayor for Public Safety,
1350 Pennsylvania Avenue, N.W.
Suite 327
Washington, DC  20004

Anthony Williams
Mayor District of Columbia
1350 Pennsylvania Avenue, N.W.
Washington, DC  20004

Darlene Fields
Office of the Attorney General
For the District of Columbia
441 – 4th Street, N.W.
6th Floor South, Suite 600
Washington, DC 20001

Dr. Gregory Pane
Director of District of Columbia
Department of Health
825 North Capitol Street, N.E.
Washington, DC  20002


_____
Simon Banks
DC Jail
1901 D Street, S.E., #269768
Washington, DC  20003

And

Simon Banks
P.O. Box 17052
Alexandria, VA  22302