UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SIMON BANKS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 05-1514 (ESH) |
| ) | Ellen Segal Huvelle, Judge |
| S. ELWOOD YORK, JR., ET AL. ) | |
| ) | |
| Defendants ) | January 24, 2007 |
| ) | |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT
CAUFIELD'S MOTION TO DISMISS THIRD AMENDED COMPLAINT
AND TO STRIKE REFERENCE TO PLAINTIFF AS "INMATE BANKS"
BECAUSE IT IS A PRETEXTUAL DISGUISE AND INNUENDO TO DISGUISE
THE RACIAL EPITHET "NIGGER BANKS" OR SIMILAR RACIAL SLUR**

PLAINTIFF'S CERTIFICATION PURSUANT TO LCVR 7.1 (M)
That before filing his motion Plaintiff requested defendant's consent
To the relief requested in such motion however the defendants did not
Give their consent to the relief requested in the motion

Comes now Dr. Simon Banks, J.D., Plaintiff, and Motion this Honorable Court to Strike Defendant Caufield's Motion to Dismiss Third Amended Complaint and to Strike reference to Plaintiff as "Inmate Banks" because it is a pretextual disguise and innuendo to disguise the racial epithet "Nigger Banks" or similar racial slur, and in support, the Plaintiff cites the following:

1.  Defendant Caufield's Motion to Dismiss Third Amended Complaint, is in violation of Local Rule 7.1(m), and the rules of this Honorable Court that require counsel to seek consent for the filing of motions prior to filing

      motions in this jurisdiction.  Attorney Daniel P. Struck, did not seek or secure from the Plaintiff Plaintiff's position, a clear violation of this Court Rules.  While it is clear that attorney Daniel P. Struck is not a member of the District of Columbia Bar, but a member of the Arizona Bar, needless to say, it is required that he become familiar with the Rules of this Jurisdiction and this Honorable Court.

2.    Defendant Caulfield's motion throughout the pleading refers negatively to the Plaintiff as "inmate Banks".  Neither the Plaintiff's name is "inmate Banks" nor is the Plaintiff's status in this case is "inmate Banks".  Rather, the Plaintiff is a Plaintiff.  Moreover, at the time the Plaintiff filed the Third Amended Complaint and at the present time as well, the Plaintiff is not an inmate.  There is no justification for adverse counsel (using a veil) referring to the Plaintiff as "inmate Banks" but to denigrate, smear, humiliate; besmirch the Plaintiff with racial euphemisms and innuendoes.

3.    The Plaintiff, a former Chief Administrative Law Judge and Hearing Examiner of the District of Columbia Commission on Human Rights, take umbrage at being singled out for racial-adjective-name calling, out of the Plaintiff's name, title and status in this case, and as a human being.  Perhaps this is the habit of Mr. Struck and perhaps this conduct is permitted in Arizona, but certainly not in the District of Columbia or any State of these United States.

4.      The conduct of attorney Struck is in bad faith, offends and is violative of Rule 11 of the District of Columbia Rules and the Federal Rules of Civil Procedure.

**Controlling Legal Standard:  An Objective Standard**

In applying the pre-1998 version of Rule 11, "the courts generally followed a somewhat nebulous standard of subjective good faith." 2 James Wm. Moore et al., *Moore's Federal Practice* **§ App. 101[2] (3d ed. 1997).** Following the 1983 amendments, however, the lawyer who signs the document now certifies that to the best of his knowledge, information, and belief formed after reasonable inquiry that, *inter alia,* the allegations and other factual contentions in it have evidentiary support. Fed. R. Civ. P. 11(b)(3). "This provision established an objective standard of conduct." MOORE et al., *supra,* § 11 App. 101[2].  Hence, when the Rule 11 proceeding is commenced by motion filed by one of the parties, the courts have, without exception, held counsel to an objective standard of reasonableness.  *Bus. Guides, Inc. v. Chromatic Commc'ns Enters, Inc.,* 498 U.S. 533, 549 (1991); *Int'l Brotherhood of Teamsters v. Ass'n of Flight Attendants, AFL-CIO,* 864 f.2D 173, 176 (D.C. Cir. 1988); *Westmoreland v. CBS, Inc.,* 770 F.32d 1168, 1177 (D.C. Cir. 1985.[1]

Accordingly, based upon any objective standard, there is no evidentiary support that counsel to Caulfield could conjure that would support the use of "inmate Banks" as tangentially applicable to evidentiary support, the Plaintiff, nor as being a proper reference to the Plaintiff based upon the Plaintiff's status or based upon the Plaintiff's name and title.  In addition, there is a clear basis for the

---

[1] *Accord In re Pennie & Edmonds,* 323 F.3d 86, 90 (2d Cir. 2003).

contention that the name-calling of attorney Struck is in bad faith and meant as a slur, designed to denigrate, humiliate, intimidate; disparage, excoriate, to castigate the Plaintiff, and to single the Plaintiff out for selective verbal abuse and offense. This reference to the Plaintiff is beyond cavil. The Plaintiff ought not be subjected to a diatribe by adverse out-of-state counsel—an offense to his pro hac vice privileged status, and a violation of ethical propriety, which does not befit the dignity of the Court.

**WHEREFORE,** plaintiff pray that the relief requested be granted.


_____

Simon Banks


**CERTIFICATE OF SERVICE**

I, hereby certify that a copy of this pleading, Plaintiff's Motion to Strike Defendant Caufield's Motion to Dismiss Third Amended Complaint, was mailed, via electronic mail, this day of 24th day of January, 2007, to the following:

**VIA EMAIL TO**
Denise.baker@dc.gov
Denise J. Baker,
Assistant Attorney General, DC
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
(202) 442-9887

**VIA EMAIL TO**
Megan.benary@eclairryan.com
Megan S. Ben'Ary
LeClair Ryan
225 Reinekers Lane, Suite 700

Alexandria, VA 22314

**VIA EMAIL TO**
dstruck@jshfirm.com
**Facsimile 602 263-1784**
Daniel P. Struck
Jones, Skelton & Hochuli, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012

_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
drsbanks@msn.com,
703 965-5637

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SIMON BANKS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1514 (ESH) |
| | ) | Ellen Segal Huvelle, Judge |
| S. ELWOOD YORK, JR., ET AL. | ) | |
| | ) | |
| Defendants | ) | January __ , 2007 |
| | ) | |

**ORDER**

Upon consideration of Plaintiff's Motion to Strike Defendant Caulfield's Motion to Dismiss Third Amended Complaint, the argument, it is, this ___day of January, 2007,

**HEREBY**
**GRANTED**

_____
United States District Judge

6