# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **SIMON BANKS,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 05-1514 (ESH)** |
| | ) | **Ellen Segal Huvelle, Judge** |
| **S. ELWOOD YORK, JR., ET AL.** | ) | |
| | ) | |
| **Defendants** | ) | **November 13, 2006** |
| | ) | |

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANT CAULFIELD'S MOTION TO DISMISS OPINED TO BE MOTION FOR SUMMARY JUDGMENT

PLAINTIFF'S CERTIFICATION PURSUANT TO LCVR 7.1 (M)
That before filing his motion Plaintiff requested defendant's consent
To the relief requested in such motion however the defendants did not
Give their consent to the relief requested in the motion

Comes now Simon Banks, Plaintiff, pursuant to Fed. R. Civ. P. 6(b)(1) and

submit Motion for a 20-day extension of time to submit response to defendant Caulfield's

motion to dismiss (treated as motion for summary judgment).

The Plaintiff's response to defendant's Caulfield's motion to dismiss Plaintiff's

Third Amended Complaint as to Caulfield and CCA is due February 16, 2007.

The Plaintiff, amongst other things detrimentally relied upon the Department of

Corrections Records Office (DOC) FOIA officer, statement of some 30 days ago and then

again two weeks ago, that the Plaintiff could pick up Plaintiff's institutional records.  The

Plaintiff telephoned Mr. Oluwasegun Obebe, Records Information & Privacy Officer, some ten days ago for an update on receiving these records and twice Mr. Obebe stated he would telephone me as soon as possible and as of the present date, the Plaintiff has not received his institutional records which include records held by CCA/CTF. Amongst these records are grievance complaints and appeals filed at the CTF which were still pending when the Plaintiff was released on April 28, 2006.  Up to this date and time, DOC's inmate records and facesheet for the Plaintiff showed that the DOC had determined Plaintiff's release to be October 2, 2006.

The Plaintiff needs the additional time to also search for the Plaintiff's daily log and notes which showed the dates and times the CTF (CCA) was on lockdown and the library was closed for the most part during the months of February, March, April, 2006 which severely prejudiced the Plaintiff's appeal, appealing the decision of the Virginia Court of Appeals, which was made prior to the Commonwealth's attorney release to the Plaintiff Plaintiff's computer, plaintiff's office records, business records, client files of attorneys the Plaintiff represented as well as government employees of the FBI, the CIA, the House of Representatives, Secret Service Agents, medical doctors,  police officers, of whom the Plaintiff represented before administrative law judges of the United States Merit Systems Protection Board, the EEOC,  in the various states, including Okinawa, Japan.  The Plaintiff's appeal was severely prejudiced by the actions and inactions of Defendant Caulfield, CCA/CTF, which caused the brief of Plaintiff that was due by or before March 20, 2006, to be late.

The Plaintiff needs these files to show damage suffered by the Plaintiff because of lack of access to the CTF/CCA law library, because of both inaccessibility due to

lockdowns and inaccessibility because of inability to get copies of researched cases, inability to get access to computers, and because the Plaintiff was overdetained from March 20, 2006 through April 28, 2006.  During this period of time the Commonwealth Attorney of Alexandria suppressed and withheld from the Plaintiff virtually all of the Plaintiff's client files, some 270 (each of which contained exculpatory evidence), showing the clients Plaintiff represented before administrative agencies, the services rendered, et cetera, with exception of 20 files these released,  and out of these 20 released files  the Commonwealth lost 17 of the 20 sham indictments which were either dismissed or the Plaintiff was exonerated by the jury.  The Plaintiff had previously requested the FBI and the United States Congress and the President to investigate the deprivation of a fair trial, the wholesale withholding of *Brady material* and a frame-up.

Moreover, the Plaintiff's case was sabotaged by the Plaintiff's two attorneys whom the Plaintiff attempted to fire when they informed the Plaintiff that they would not be a party to any actions that would aid the Plaintiff in Plaintiff's $50 Million civil suit against two detectives and the Commonwealth Attorney, for withholding exculpatory evidence and for seizing all of Plaintiff clients files, shutting down Plaintiff entire office based upon the complaint of one client who's case was dismissed by the Circuit Court of Alexandria, based upon the Plaintiff's cross-examination of her in the District of Columbia, before Judge Noel Kramer.  Plaintiff's appointed counsel refused to call any of some 30 witnesses, called one witness, a Swatt team police officer, who was a counter-sniper assigned to the President of the United States.  Plaintiff one his case before the United States Merit Systems Protection Board after a 2-day trial.  After the trial, he wrote an accommodation letter, neither the fact that he was a police officer, or that he authored

a letter commending Plaintiff's services as his representative.  The detectives whom

seized an office full of files, filed a perjurious affidavit, were not called despite the

Plaintiff's protest.

The Plaintiff needs additional time to secure copies of other grievance complaints

that were filed by the Plaintiff with the CTF as well as pending appeals of grievances

filed by the Plaintiff regarding both the CTF law library deficiency, inaccessibility, and to

impeach the author of the affidavit submitted by Caulfield in support of  Caulfield's

motion to dismiss.

The Plaintiff generally needs a 20-day extension of time to prepare a defense to

Caulfield's Motion for Summary Judgment, and to acquire affidavits in opposition.



_____/s/_____

Simon Banks



## CERTIFICATE OF SERVICE

I, hereby certify that a copy of this pleading, Plaintiff's Motion for extension of
time to submit response to defendant caulfield's motion to dismiss was mailed, via
electronic mail, 13th day of February, 2007, to the counsels for the defendants
respectively.


_____/s/_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
drsbanks@msn.com,
703 965-5637

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                    )
**SIMON BANKS,**                    )
                                    )
                    **Plaintiff**   )
                                    )
**v.**                              )          **Civil Action No. 05-1514 (ESH)**
                                    )          **Ellen Segal Huvelle, Judge**

5

**S. ELWOOD YORK, JR., ET AL.**            )
                                            )
                            **Defendants**   )         **February 14, 2006**
_____ )


### PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES
### IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION
### OF TIME TO SUBMIT RESPONSE TO CAULFIELD AND CCA'S
### MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

In Support of the Motion the Plaintiff submit the following:

1.    Fed. R. Civ. P. 6(b).
2.    The Motion.
3.    The Record.
4.    Due Process and simple fairness.
5.    The Equitable jurisdiction of the Court.
6.    The Defendant Caulfield does not stand to be unduly prejudiced by the grant of the motion.


_____/s/_____

Simon Banks


### CERTIFICATE OF SERVICE

I, hereby certify that a copy of this pleading, Plaintiff's Motion for extension of time and Memorandum of law in support of Plaintiff's motion to submit response to defendant caulfield's motion to dismiss Plaintiff's third amended complaint, was mailed, via electronic mail, 13th day of February, 2007, to the counsels for the defendants respectively.


_____/s/_____
Dr. Simon Banks, J.D.
P.O. Box 17052

Alexandria, Va. 22302
drsbanks@msn.com,
703 965-5637