UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SIMON BANKS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1514 (ESH) |
| | ) | Ellen Segal Huvelle, Judge |
| S. ELWOOD YORK, JR., ET AL. | ) | |
| | ) | |
| Defendants | ) | February 21, 2007 |

**PLAINTIFF'S RULE 56(f)
AFFIDAVIT IN SUPPORT
OF MOTION FOR A DISCOVERY**

Defendants were notified of the Plaintiff's intent to file
This affidavit but did not consent to it and did not consent to
Any motion for discovery

**Re: Response to Caulfield's Motion to Dismiss the Third Amended Complaint.**

Comes now Simon Banks, Plaintiff and swear under the penalty of perjury, pursuant 28 U.S.C. § 1754, to the best of my knowledge and belief, that:

The Plaintiff is unable to submit sufficient defense to the Motion of Defendant Caulfield to dismiss the Third Amended Complaint absent discovery and in support the Plaintiff cites the following:

1. Plaintiff needs the requested discovery set forth in Plaintiff's Motion for extension of time to respond to defendant Caulfield's Motion to Dismiss the Third Amended Complaint, to acquire facts and evidence within the sole possession of defendant Caulfield, the Correction Corporation of

      America and employees located at the Central Treatment Facility of the District of Columbia.

2. Amongst the facts and evidence kept in the sole possession of defendant Caulfield are: a) records of dates and times the law library of CTF was either shutdown and not accessible to inmates, b) records of dates and times the law library was not accessible to inmates from the section where the Plaintiff was housed, c) records of dates and times that the CTF law library was inaccessible because of repairs, lack of designated staff assigned to operate the CTF law library, d) records of dates and times that the CTF law library had instituted rules notifying inmates, including the Plaintiff that copying of documents would have to be paid for, e) records of dates and times that the staff of the CTF law library notified inmates and staff of CTF that the law library at CTF would not be accessible because the copying machines were in disrepair, f) records of dates and times that the photocopying machine(s) located at the CTF law library was inoperatable and inmates as well as the Plaintiff were not afforded opportunity to make copies from law books, legal material, g) records of grievance complaints filed by inmates due to lack of access to the CTF law library, h) records of dates and times the Plaintiff's unit was scheduled to come to the law library and was denied access, h) records of dates and times the CTF law librarian impeded Plaintiff's access to legal material because officers assigned to escort Plaintiff and other inmates from the

      Plaintiff's unit were unavailable and/or did not escort Plaintiff to the CTF law library.

3. The Plaintiff needs discovery to acquire facts and evidence within the sole possession of defendant Caulfield and employees at CTF to show that Plaintiff's appeals of denial of grievances were still pending and unresolved as of the dates the Plaintiff was overdetained to the date the Plaintiff was released from custody, April 28, 2006.

4. The Plaintiff needs discovery of law library employees and correctional officers assigned to escort inmates to the CTF law library to show both the impediments to inmate accessibility to the CTF law library as well as lack of access to the Law Library Computer, there being two computers available for 35 to 40 inmates, nearly all limited to 50 minutes of library access at the same time, and that it was impossible to acquire access to the computer on many occasions, and that inmates waiting their turn to use the computer on many days they were assigned to have access to the CTF law library, they were required to leave the law library and return to their housing units without ever getting access to the law library 2 available computers.

5. The Plaintiff needs discovery from the dentist, medical staff, and other employees assigned to the CTF medical unit to show that the Plaintiff appealed denial of medical/dental treatment, and that further appeal by grievance was futile because of the positions taken and/or articulated by both the dentist, the medical staff, the contract monitor, the assistant

    warden, the warden and the Director of the Department of Corrections, whom all stated and/or indicated to the Plaintiff that the medical services was the obligation and responsibility of private contractors, which CTF and its employees had no control over, therefore, effectively misleading the Plaintiff as to the Plaintiff's appeal rights pursuant to the grievance process, at certain points.

6.     The Plaintiff further needs discovery to show that the process, method and procedure of the affiant, Joyce Allen and author of the affidavit submitted by defendant Caulfield, regularly and systematically misled inmate grievants as to the grievance and appeal process. Moreover, the affiant is swearing to evidence that she has no personal knowledge.

7.     The Plaintiff needs discovery to show that the Plaintiff never received 90 percent or 50 percent of the Plaintiff's request.

8.     Plaintiff needs discovery to show that it was impossible for the Plaintiff to handwrite case holdings and research cases during 40 to 50 minutes available for law library access, when Plaintiff and other inmates whom were on paper were afforded 60 minutes of library time, when in fact on most occasions the correctional officers assigned to escort Plaintiff and other inmates from their respective units were routinely late 10 to 15 minutes and then the Plaintiff and other inmates upon arrival to the law CTF library were required to sign in and then wait for the law librarian to come out of her office and authorize inmates moval towards books, and on occasion when the computer was accessible, inmates had to wait for the

       law librarian to insert her access code so that the computers could be used by the inmates whom were the first to rush to the two available computers.

9. In the absence of discovery the Plaintiff is severely and unduly prejudiced as to his constitutional rights and ability to prosecute his complaint and defend against defendant Caulfield's motion to dismiss the Third Amended Complaint.


_____/s/_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
drsbanks@msn.com,