Dr. Simon Banks  
Doctor of Laws  
P.O. Box 17052  
Alexandria, VA  22302  
And  
CTF  
1901 E Street, S.E., #269768  
Washington, DC  20003

March 13, 2006


**202-698-3301 VIA FACSIMILE**
Frank Luna, Warden
Mr. Fulton, Manager
CTF
1901 E Street, S.E.
Washington, DC 20003

RE:  Ms. Bevins, Law Librarian

Subject:  Continued Obstruction, Deliberate Indifference to Access to the Courts and the Law Library

Dear Mr. Luna and Mr. Fulton:

This is, with great reluctance, to report the conduct of Ms. Bevins, Law Librarian as, "continued obstruction, deliberate indifference, unwarranted delay" and abuse of discretion."  Ms. Bevins, in addition to the absence of professional responsibility, repeatedly committed unwarranted delay and performance of the simplest functions, i.e. the mere click on the computer to printout a single document which in the instant case is a three-page memorandum of law which completes an eighteen-page legal pleading that include fourteen exhibits.  This is a time sensitive legal pleading.  I fear the future will continue to reflect the past.

On Wednesday, March 8, 2006, at 3:50 p.m. Ms. Bevins ordered me to shut down my computer and bring her the disk.  I did so comply immediately.  When I arrived at Ms. Bevins' office, I requested that she printout one document from my disk "Points of Law." I further submitted a written request.  Ms. Bevins in response stated she would not do it then and that she did not know when she would get to it, that she had other things to do, things for other inmates.  Ms. Bevins then ordered all inmates to the exit door.  She stood at the exit door waiting for seventeen minutes while leaning up against the door, presumably waiting for an escort to take us back to our respective units.  Subsequently, Ms. Bevins closed her door, went to her office and clicked on her computer and appeared to be perusing files on it for another eight minutes.  I again went

to Ms. Bevins and requested that all she needed to do was to click on one document and print it out. Ms. Bevins went into a tirade stating that she has other inmates who needed things and she is not going to put me in front of them.

Ms. Bevins then again, went to the exit door and waited another five minutes for an escort officer to take us back to our respective units. I repeated that the document was urgent. Ms. Bevins then appeared to relent indicating that she would get it later that day. As of the close of business, March 8, 2006 no printed material was delivered to me from Ms. Bevins.

At 7:45 a.m., March 9, 2006 I had the officer in the unit call Ms. Bevins' office and leave a message on her machine informing Ms. Bevins that I was waiting for the requested document and that it was urgent. After hearing no response and receiving no document from Ms. Bevins at 12.30 p.m. I again had the unit officer leave a message on Ms. Bevins' recorder that I was waiting for the requested document that it was urgent that I receive it within the next hour. I had previously told Ms. Bevins that I needed to dictate the contents of this document to a secretary for typing and filing. As of 1:30 p.m. this date I have not heard anything from Ms. Bevins regarding the requested document.

## SHAM MEDICAL APPOINTMENT CALLS THAT INTERFERED WITH LIBRARY ACCESS

On Monday, March 6, 2006, when and while I arrived at the Law Library I received a notice for Ms. Bevins that I was to go to Medical immediately. When I arrived at Medical the officers there stated that I was not on their list and that no one from there called for me to come there. While I was required to stay there from 1:00 p.m. to 5:00 p.m. simply because I could not secure an escort back to my unit and that I had got caught up in the count.

On Tuesday, March 7, 2006, I received a second call to go to Medical and when I arrived at Medical at 1:00 p.m. the same time I was to go to the Law Library for legal work, I was again told by the officers at the Medical Unit I was not on their list and that no one there called for me to come to the Medical Unit for any medical reason. However, I was successful in securing an escort back to the Law Library at 2:00 p.m. When I inquired of the officer in the unit, Ms. DuBall she stated that she had received a call that requested that I go to medical and that she was surprised that I was not on the list and that I had no medical appointment. She made a note in her book of this incident.

It was late on Friday, March 10, 2006 when I finally received my request from Ms. Bevins. On Friday, March 10, 2006, when I inquired of Ms. Bevins when I could receive the printout citations I requested on Wednesday, Ms. Bevins in a loud, boisterous mean-spirited tirade, told me that she has other things to do and went on for several minutes berating me deliberately, abusively and in a loud, highly disrespectful manner where all in the library could hear. When she finished her diatribe she said, "Don't say anything. Get out of my office. The discussion is over." This is the third occasion where I attempted to have a brief discussion with Ms. Bevins only to be cut off with an order not

to say anything. I am of the contention that Ms. Bevins deliberately delayed printing out my material which only required a click of the mouse. There seems to be a lack of professional pride, a predisposition of hostility coupled with extreme incompetence for the position she holds.

Accordingly, I respectfully request additional time for access to the Law Library and that Ms. Bevins does not continue to be an obstruction which would further impair my ability to have access to the courts.

Wherefore, the undersigned request that some action be taken to edify Ms. Bevins on her responsibility and her requirement to conduct herself in a manner that befits the dignity of proper courtesy and respect.

Sincerely,


Simon Banks