UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SIMON BANKS,        )<br>                     )<br>         Plaintiff   )<br>                     )<br> v.                  )<br>                     )<br> S. ELWOOD YORK, JR., ET AL.   )<br>                     )<br>         Defendants  )<br>                     ) | Civil Action No. 05-1514 (ESH)<br>Ellen Segal Huvelle, Judge<br><br>March 8, 2007 |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS
UPON WHICH THERE EXIST GENUINE DISPUTE
IN OPPOSITION TO DEFENDANT CAUFIELD JOINT MOTION
TO DISMISS THIRD AMENDED COMPLAINT**

1.   The Plaintiff was entitled to be released from incarceration at both the District of Columbia Department of Corrections (DCDC), and from the District of Columbia Jail (DCJ), and from the Corrections Corporation of America (CCA), and from the Central Treatment Facility (CTF) on or about March 20, 2004.

2.   Because the Plaintiff was entitled to be released from custody as an inmate from the DCDC, the DCJ, the CCA, and from the CTF, as of March 20, 2004, the Plaintiff has a retroactive statutory and/or constructive substantive right and/or substantive due process right, to be free from any and all requirements of the Prison Litigation Reform Act, 42 U.S.C. §

1997e(a) ("PLRA") for the period March 20, 2006 through April 28, 2006, when the Plaintiff was actually released.

3. During the period March 20, 2006 through April 28, 2006, the Plaintiff was not legally an "inmate" or "prisoner" of DCDC, DCJ, CCA, or CTF.

4. During the period March 20, 2006 and April 8, 2006, the Plaintiff was not required to exhaust the administrative grievance process afforded by the CTF, the DCDC, the DCJ, the CCA, the CTF, or the District of Columbia Government as a condition precedent to filing a § 1983 claim against Caufield, DCDC, DCJ, CCA, CTF or the District of Columbia Government, in order to obtain monetary or equitable relief.

5. The CTF law library was administratively closed during weekdays (other than Saturday and Sunday) by the administrators, supervisors, officials of the CCA/CTF and/or Defendant Caufield, during the period March 20, 2006 and April 8, 2006, and as a consequence, Plaintiff was denied access to it.

6. During the period March 20, 2006 and April 28, 2006, the Plaintiff was denied access to the CTF Law library, although the Plaintiff had permission to use the CTF Law Library.

7. During the period March 20, 2006 and April 28, 2006, the designated law librarian, Ms. Bivins, was absent from the CTF law library and there was no substitute law librarian available to provide the Plaintiff with access to the law library and its resources.

8. During the period March 20, 2006 and April 28, 2006, the designated law librarian, Ms. Bivins, was away from the CTF Law Library for purposes of attending classes to assist her in performing law library responsibilities, and while Ms. Bivins was away, there was no substitute law librarian employee that replaced Ms. Bivins during the entire time she was absent from performing her assigned law librarian duties and functions.

9. During the period March 20, 2006 and April 8, 2006, the Plaintiff filed grievance complaints and issued letters regarding interruption in the Plaintiff's access to the CTF Law library and its resources.

10. During the period March 20, 2006 and April 8, 2006, there were two computers located in the CTF Law Library, and neither of the computer provided inmates access to the internet. They were used merely for word processing.

11. During the period March 20, 2006 and April 28, 2006, there were two computers located in the CTF Law Library although there was a normal inmate population that came to the library of 25 to 50 inmates and the Plaintiff was required to share access to the two computers with the 25 to 50 inmates.

12. During the period March 20, 2006 and April 28, 2006, the photocopy machine was in disrepair and the Plaintiff and other inmates were not allowed or afforded photocopies of any research they (the Plaintiff and others) had done.

13. During the period March 20, 2006 and April 28, 2006, the Plaintiff and other inmates scheduled to come to the CTF Law Library were picked up from their units 15 to 35 minutes late by the Correctional Officer assigned to escort the Plaintiff and other inmates to the CTF Law Library, causing the Plaintiff and other inmates scheduled to have one hour or two hours in the CTF Law Library, to be cut short of research time to less than 30 minutes.

14. During the period March 20, 2006 and April 28, 2006, the staff of the CTF Law Library informed the Plaintiff and other inmates that they would have to handwrite notes from law books, although the Plaintiff and other inmates whom arrived at the CTF Law Library on a regular basis 10 to 20 minutes late, and were required to stop research, and turn off computers 10 minutes before the expiration of their library scheduled time, leaving the Plaintiff and other inmates whom came to the CTF Law Library with less than 35 minutes to perform research and handwrite notes from casesnotes and/or library books.

15. During the period September 1, 2005 through April 28, 2006, the CTF Law Library lacked employees and adequate staff to perform photocopying of case cites designated by the Plaintiff and other inmates.

16. During the period September 1, 2005 through April 28, 2006, neither the Plaintiff nor other inmates whom were performing research at the CTF Law Library were not allowed to use the Law Library photocopy machine(s) to make photocopies of casecites themselves.

17. During the period September 1, 2005 through April 28, 2006, there were periods of times that grievance forms containing a single page were disseminated to correctional officers and placed in units, in particular the unit where the Plaintiff was housed, which did not contain duplicate copies.

18. During the period March 20, 2006 and April 28, 2006, the Plaintiff suffered pain from his exposed teeth and the dentist at the CTF after diagnosing the Plaintiff's pain, provided two alternatives, a) to pull the Plaintiffs teeth, b) painkiller medicine.

19. During the period March 20, 2006 and April 28, 2006, the dentist assigned to the medical unit at the CTF did not provide the Plaintiff with any dental crown to cover the Plaintiff's exposed teeth when the Plaintiff visited the CTF dentist office complaining of pain and exposure.

20. During the period March 20, 2006 and April 28, 2006, the Plaintiff had a constitutional right to proper and adequate dental treatment for the Plaintiff's exposed teeth, including but not limited to a dental crown to protect the Plaintiff exposed teeth from further breakage and irreparable harm.

21. During the period March 20, 2006 and April 28, 2006, the dentist at the CTF did not provide the Plaintiff with a dental crown to protect Plaintiff's exposed teeth from further breakage and irreparable harm.

22. During the period September 2005 and March 20, 2006, the complained to the Dentist at the CTF that the Plaintiff was suffering from progressive destruction and breakage of his exposed teeth and needed a dental crown.

23. During the period September 2005 and March 20, 2006, the dentist located at the CTF whom treated the Plaintiff did not provide the Plaintiff with a dental crown to cover and protect the Plaintiff's exposed teeth.

24. It was an act of futility for the Plaintiff to file a grievance regarding the dentist failure to provide the Plaintiff with a dental crown to cover the Plaintiff's exposed teeth because the Dentist assigned to the DCDC, the DCJ, the CCA/CTF did not provided and was not authorized to provide the Plaintiff with a dental crown to cover the Plaintiff's exposed teeth. *Caulfield's Motion to Dismiss at 5¶#3*

25. The CTF facilities Officers did not resolve any of the Plaintiff's emergency grievances within 24 hours during the period September 1, 2006 through April 28, 2006.

26. The Plaintiff had pleadings pending in the District of Columbia Court of Appeals, the United States District Court for the District of Columbia, the United States Court of Appeals for the District of Columbia Circuit, and the Virginia Court of Appeals, during the period September 1, 2005 through April 28, 2006. *Caulfield's Motion to Dismiss at 6¶#3*

27. The Plaintiff was not provided 90 percent of his Law Library request. *Caulfield's Motion to Dismiss at 7¶1*.

28. Ninety Percent of the Plaintiff's research was done from outside of the CTF Law Library, and virtually all of the case cites submitted to the Law Librarian for printout was secured from outside the Institution, and even the casecites submitted for copies, there were only 4 occasions when the Plaintiff received printouts of cases.

29. Allen's affidavit is substantially based upon conclusive presumptions and not facts. She is only able to attest to the particular grievance forms where the Plaintiff did not place a check on the appeal box, that she attested to.

30. Ms. Allen (Affiant for Agency) has no personal knowledge of how many occasions the Plaintiff submitted request for library printouts.

31. Ms. Allen (Affiant for Agency), did not audit the Plaintiff's request for photocopies and her affidavit is based upon speculation and conclusive presumptions where she had no personal knowledge. (EX. 1 (Allen Aff.) at ¶14.)

32. The Plaintiff has raised Exhaustion in his Pleadings.

33. The Plaintiff was injured as a result of the denial of access to the CTF Law Library.

34. The Plaintiff's appeal to the Virginia Court of Appeals was dismissed based upon failure to comply with Virginia Procedural Rules and Failure to File in a Timely fashion, where the Plaintiff's deadline for filing his appeal in the Virginia Court of Appeals was March, 2005.

\_\_\_\_/s/_____
Simon Banks