UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SIMON BANKS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 05-1514 (ESH) |
| ) | Ellen Segal Huvelle, Judge |
| S. ELWOOD YORK, JR., ET AL. ) | |
| ) | |
| Defendants ) | |
| ) | March 13, 2007 |

**PLAINTIFF'S MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFF'S OPPOSITION TO
CAULFIELD'S COMBINED MOTION TO
DISMISS THE THIRD AMENDED COMPLAINT**

Comes now, Simon Banks, Plaintiff, and submit Memorandum **of Law In Support** of Plaintiff's Opposition to Caulfield's Combined Motion to Dismiss the Third Amended Complaint, and in support cite the following:

**The Plaintiff is not required to exhaust any administrative remedies connected with CCA/CTF grievance procedures during 3-20-2007 and 4-28-2007**

The Plaintiff was illegally, wrongfully and unconstitutionally confined at CCA/CTF during the period March 20, 2007 through April 28, 2007.

It is without dispute that the Plaintiff was released from incarceration on April 28, 2006, although the Plaintiff's sentence had expired on March 20, 2006. **See Document 81, Attachments Exhs. 1** (Facesheet showing corrected release date), **Exh. 2** (Order of Superior Court Judge O'Regan Keary showing date of release)

**Plaintiff did not sue or bring civil complaint against Caulfield until after the Plaintiff was released from incarceration**

The Plaintiff filed Plaintiff's Third Amended Complaint joining Caufield and Corrections Corporation of America (CCA) on June 12, 2006. (Document 32). The return of service upon Caulfield was filed regarding Caulfield on 10-23-2006, (Document 58) showing that service of process was affected upon Caulfield on 10-18-2006. *Id.* Caulfield submitted its answer to third amended complaint on 11-7-2006. **(Document 61),** and request for trial by jury. *Id.*

A prisoner in a Philadelphia youth detention facility claimed that treatment of a severe toothache that he had when first incarcerated was delayed until he developed an abscess in his cheek that burst, leaving a disfiguring facial scar. He also asserted that the treatment received even after the abscess burst was inadequate or delayed. The trial court found that these alleged facts stated a claim against the city for violation of the prisoner's constitutional rights. It also ruled that, since the prisoner was released from custody prior to bringing the lawsuit, he was not a "prisoner" required to exhaust his administrative remedies pursuant to 42 U.S.C. Sec. 1997e(h) of the Prison Litigation Reform Act (PLRA), and therefore could go forward with his lawsuit without having done so. *Burton v. City of Philadelphia,* 121 F. Supp. 2d 810 (E.D. Pa. 2000). **See also,** *Robbins v. Switzer,* 104 F.3d 895, 897 (7th Cir. 1997, *Page v. Torrey,* 207 F.3d 1136, 1139-40 (9th Cir. 2000).

Two federal courts of appeals, facing the issue of released prisoners, both held that plaintiffs who file prison condition lawsuits after their release from custody are not "prisoners" required to exhaust administrative remedies under the PLRA. *Page v. Torrey,*

98-56526, 201 F.3d 1136 (9th Cir. 2000), *Greig v. Goord,* 97-9340, 169 F.3d 165 (2nd Cir. 1999)

Former prisoner did not have to plead, in his complaint, that he had exhausted his available administrative remedies before filing his lawsuit claiming that there was deliberate indifference to his urgent medical needs while he was confined for seven hours in the local jail. Appeals court finds that, as a former prisoner, the plaintiff was not subject to the exhaustion requirement of the Prison Litigation Reform Act, 42 U.S.C. Sec. 1997e(h), and that, even if he was, he was under no obligation to plead exhaustion in his complaint, since the Act's exhaustion requirement is an "affirmative defense that the defendant has the burden to plead and to prove." *Nerness v. Johnson,* No. 04-2679, 401 F.3d 874 (8th Cir. 2005).

The Court held that a former prisoner could pursue claims for nominal damages for alleged violations of his First Amendment rights while incarcerated despite provision in Prison Litigation Reform Act, 42 U.S.C. Sec. 1997e(e) preventing him from pursing claims for compensatory damages in the absence of physical injury. Further, the fact that the prisoner had been released did not make his claim moot, as nominal damages are past damages. McDaniels v. McKinna, #03-1231, 96 Fed. Appx. 575 (10th Cir. 2004). [N/R]

With respect to Plaintiff's other claims where there were favorable results, inso faras the particular respective grievance was concerned, when there was a favorable result to the grievance, the Plaintiff had exhausted his administrative remedies. The Court held that where "Prisoner adequately exhausted his available administrative remedies on his claim of deliberate indifference to his medical needs before filing his federal civil rights lawsuit when he received a favorable result on his grievance, even

though he did not take his claim to the highest level possible. Prisoner was not required to appeal a favorable grievance decision, and a further appeal would not have given him any additional relief. " *Brady v. Attygala*, 196 F. Supp. 2d 1016 (C.D. Cal. 2002). [2002 JB Aug]

With respect to Plaintiff's cause of action against Caulfield/CCA, regarding denial of access to the law library and deficient medical treatment by the dentist assigned to CTF(CCA), which resulted in the extractions of several of the Plaintiff's teeth and the destruction of four of the Plaintiff's teeth as well as damage to the Plaintiff's dental health, subsequent to the Plaintiff release from incarceration on April 28, 2006, there was no remedies available to exhaust.

The Court opined, that "Prisoner's lawsuit concerning alleged inadequate medical care was not barred by failure to exhaust available administrative remedies when court found that he had no remedies available to exhaust. Prisoner's complaint was that prison medical personnel failed to arrange, in a timely manner, for him to be treated by specialists at a hospital where he was ultimately diagnosed as suffering from throat cancer. Appealing the denial of his administrative grievance, the court found, would not have provided him with any relief, since by the time the right to appeal existed, he had already been transferred, and had already suffered the harm." *Gabby v. Meyer*, #04-C0476, 390 F. Supp. 2d 801 (E.D. Wis. 2005).

**The Plaintiff has a valid right to bring lawsuit alleging violation of federal civil rights against CCA/CTF, agents of the District of Columbia, pursuant to §1983.**

The federal appeals court ruled that the prisoner's lawsuit could proceed to trial against the private company, rejecting its argument that the lawsuit should be barred

under the reasoning of *FDIC v. Meyer,* 510 U.S. 471 (1994), holding that federal civil rights claims for violations of constitutional rights may not be brought against agencies of the federal government, as they may against individual federal employees pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

The appeals court found that the reasoning of *Meyer* did not apply to a lawsuit against a private corporation, since it was not a federal governmental agency. In reaching this conclusion, the appeals court disagreed with another federal appeals court, see *Kauffman v. Anglo-American School of Sofia,* 28 F.3d 1223 (D.C. Cir. 1994) (*Meyer* bars *Bivens* claim against private entity acting under color of federal law), but agreed with the court in *Hammons v. Norfolk Southern Corp.,* 156 F.3d 701 (6th Cir. 1998) (holding that "nothing in *Meyer* prohibits a *Bivens* claim against a private corporation that engages in federal action."). The U.S. Supreme Court will now resolve this disagreement between the federal courts of appeal. *Malesko v. Correctional Services Corp.,* #99-7995, 229 F.3d 374 (2nd Cir. 2000), *cert. granted, Correctional Services Corp. v. Malesko,* #00-860, 2001 U.S. LEXIS 1967.

**The PLRA is inapplicable against Plaintiff's District of Columbia negligence laws.**

The court has opined that Prison Litigation Reform Act's provisions requiring the exhaustion of available administrative remedies before proceeding with a lawsuit did not apply to prisoner's New York state law negligence claim based on the alleged failure of correctional officers and prison officials to protect him from assaults by other inmates. *Nunez v. Goord,* 172 F. Supp. 2d 417 (S.D.N.Y. 2001).

**Finally, there is support for the contention that the Plaintiff's monetary claims connected with Plaintiff's grievances are not barred by the PLRA.**

In the following cases, courts have held that when a prisoner sues for monetary damages, the prisoner does not have to exhaust his administrative remedies because monetary damages are not "available" under prison grievance procedures: *Garrett v. Hawk*, #96- 1429, 127 F.3d 1263 (10th Cir. 1997); *Lunsford v. Jumao- As*, #96-56503, 155 F.3d 1178 (9th Cir. 1998); *Hollimon v. DeTella*, 6 F.Supp.2d 968 (N.D. Ill. 1998); *Jackson v. DeTella*, 998 F.Supp. 901 (N.D. Ill. 1998); *Sanders v. Elyea*, 1998 WL 67615 (N.D. Ill. Feb. 10, 1998); *Russo v. Palmer*, 990 F.Supp. 1047 (N.D. Ill. 1998); *Polite v. Barbarin,* 1998 WL 146687 (S.D.N.Y. March 25, 1998).

**WHEREFORE,** Plaintiff request that the motion of Caulfield (combined) to dismiss the Third Amended Complaint as to Caulfield be denied.

_____/s/_____
     Simon Banks