## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, VA  22302,

        Plaintiff,

    v.

DEVON BROWN, DIRECTOR DC DEPARTMENT
OF CORRECTIONS
1923 VERMONT AVENUE, NW
WASHINGTON, DC 2003, et al.
102 WOODMONT BOULEVARD, SUITE 800
NASHVILLE, TN  37205

JOHN CAUFIELD, WARDEN
CENTRAL TREATMENT FACILITY (CTF)
CORRECTIONS CORPORATION OF AMERICA
1901 E. STREET, S.E.
WASHINGTON, DC 20003,

        Defendant.

Civil Action No. 05-1514 (ESH)

### DEFENDANT CAULFIELD'S REPLY IN SUPPORT OF MOTION TO DISMISS

Plaintiff's allegations against Defendant Caulfield in his Third Amended Complaint are:
(1) Plaintiff did not have adequate dental care, (2) Plaintiff was exposed to cold temperatures, and (3) Plaintiff did not have reasonable access to the law library while he was incarcerated at the Correctional Treatment Facility ("CTF").

Plaintiff's Third Amended Complaint against Defendant Caulfield should be dismissed for the following reasons:  (1) Plaintiff failed to exhaust administrative remedies available to him in connection with all three claims, (2) Plaintiff was not denied library access, and (3) Plaintiff failed to allege actual injury with respect to his claim regarding access to the law library and cold

temperatures.

**1.   Plaintiff's Failure to Exhaust Administrative Remedies Warrants Dismissal.**

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), mandates that, prior to bringing a lawsuit, inmates are required to exhaust all available administrative remedies.  In his response to Defendant Caulfield's Motion to Dismiss, Plaintiff does not dispute that he failed to exhaust administrative remedies.  Rather, he argues that he should be excused from PRLA requirements.  None of Plaintiff's proffered excuses, however, relieve him of his obligation to comply with the PRLA.

**A.     Plaintiff's Over-Detention is Irrelevant to Exhaustion Requirement**

Plaintiff first argues that he was not required to exhaust administrative remedies during the period he was allegedly over-detained, i.e. March 20, 2006 through April 28, 2006. However, the conditions underlying the allegations contained in Plaintiff's Third Amended Complaint predate that period.[1]  Thus, Plaintiff's PLRA obligations were triggered and had expired well before the purported over-detention period.

**B.     Plaintiff's Release is Irrelevant to Exhaustion Requirement**

Plaintiff next argues that the PLRA does not apply to individuals who file suit after being released.  However, at the time Plaintiff filed his Complaint on or about July 29, 2005, Plaintiff was a prisoner within the meaning of the PRLA and had access to the administrative grievance system.  A plaintiff's status as a "prisoner" is to be determined as of the time he brought the lawsuit.[2]  That Plaintiff was no longer a prisoner at the time he amended the Complaint pursuant

---

[1] Specifically, Plaintiff's appeal in connection with his dental care grievance was due in November 2005.  *See* Motion to Dismiss of 1/16/07 at p. 7-8.  Plaintiff's appeal regarding cold temperatures was due in December 2005.  *See id.*  And, Plaintiff's appeal regarding library access was due in January 2006.  *Id.* at 8-9.
[2] *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir.1998).

to Fed. R. Civ. P 15(c) (adding Defendant Caulfield), does not excuse him from the exhaustion requirement since exhaustion is a precondition to the filing the original Complaint in federal court.[3]

Further, the PRLA exhaustion requirements would apply to Plaintiff's constitutional claims, which arose while he was incarcerated regardless of his status at the time of filing. Although Plaintiff cited cases suggesting that the PLRA does not apply to individuals who file suit after being released,[4] these cases are distinguishable here. First, *Page* held that the PRLA exhaustion requirement does not apply to a person civilly committed to a mental institution.[5] Here, however, unlike in *Page*, Plaintiff was serving a sentence at a correctional institution for an offense when his § 1983 claim arose. Second, and most importantly, *Page* and *Greig*, were decided before the Supreme Court decided *Booth v. Churner* and *Porter v. Nussle*.[6] Therefore, the *Page* and *Greig* courts did not have the benefit of the Supreme Court's analysis of the PRLA. Post *Booth* and *Churner* decisions have yielded different results.[7]

In *Morgan*, the plaintiff, who claimed a violation of his constitutional rights, filed suit against the sheriff and county one month after his release from jail, and ten months after the alleged injury. The defendants moved for summary judgment based upon the plaintiff's failure to

---

[3] *See Berry v. Kerik*, 366 F.3d 85 (2d Cir. 2003); *Dixon v. Page*, 291 F.3d 485, 488-89 (7th Cir. 2002) (exhaustion required for released prisoner who was confined when he filed his lawsuit); *Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532 (7th Cir.1999). Indeed, in *Berry*, the court concluded that because, at the time he filed his lawsuits, the plaintiff was incarcerated in the custody of the agency against which he had grievances, administrative remedies were available. *Berry*, 366 F.3d at 87.

[4] *See Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (stating that "only individuals who, at the time they seek to file their civil actions, are detained as a result of being accused of, convicted of, or sentenced for criminal offenses are 'prisoners'") ; *Greig v. Goord*, 169 F.3d 165, 167 (2d Cir. 1999) (litigants who file prison condition actions after release from confinement are no longer "prisoners" for purposes of PRLA).

[5] *Page*, 259 F.Supp.2d at 1139-40.

[6] *Booth*, 532 U.S. 731, 121 S.Ct. 1819 (2001); *Porter,* 534 U.S. 516, 122 S.Ct.983 (2002).

[7] *See, e.g., Morgan v. Maricopa County*, 259 F.Supp.2d 985 (D. Ariz. 2003)

exhaust administrative remedies. In determining that the PLRA requirements applied to a prisoner who filed suit after he was released, the court looked to the interpretation of Congress' intent in enacting the PLRA as laid out in *Porter* and *Booth*. The court noted that the purpose of § 1997e(a) was to reduce the quantity and improve the quality of prisoner suits, and to give corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. Importantly, the *Morgan* court stated that:

> Interpreting the PLRA as inapplicable to former prisoner's claim which arose during the prisoner's incarceration if a prisoner waits to file suit, like Morgan did, until a month after his release from custody and over ten month's after the cause of action arose would nullify Congress' intent in passing the PLRA. The absurdity of such an interpretation is reason enough to reject it.[8]

Here, even though Plaintiff seemingly argues that he filed suit after he was released,[9] *Morgan* holds that he was still required to exhaust his administrative remedies. To hold otherwise, would render the PRLA exhaustion requirements ineffective.

Plaintiff failed to exhaust administrative remedies as required by the PLRA.[10] Plaintiff does not dispute that fact. As a result, Defendant is entitled to summary judgment on all of Plaintiff's claims.

### C.    Plaintiff's Kitchen Sink Arguments Regarding Exhaustion Fail

In an effort to salvage his lawsuit against Defendant Caulfield, Plaintiff makes the following inapposite arguments.

Plaintiff argues that he is not required to appeal a favorable grievance decision before

---

[8] *Morgan*, 259 F.Supp.2d at 992.
[9] As explained above, Plaintiff was incarcerated at the time he filed his original complaint. That he was no longer incarcerated at the time he named Defendant Caulfield is of no consequence within the literal reading and plain meaning of the PRLA.
[10] *See* attached Ex. 1, Second Affidavit of Joyce Allen 3/15/07.

filing suit.[11]  Plaintiff failed, however, to indicate which, if any, grievances were decided in his favor.  Indeed, a reading of Plaintiff's grievances indicates that they were not decided in his favor.[12]  Thus, Plaintiff was required to appeal those grievances to the end.

Plaintiff next argues that he should be excused from the exhaustion requirement because, with respect to his claim regarding dental care, there were no remedies available to exhaust. Again, Plaintiff failed to establish why he believed there were no remedies to exhaust.  Further, while Defendant Caulfield submits that an adequate remedy was available to Plaintiff, this is not required.  The Supreme Court's decisions in *Booth v. Turner* and *Woodford v. Ngo*, clarified that a plaintiff must exhaust a mandatory administrative process even if the precise form of relief sought is not available in the administrative venue.[13]   In *Booth*, the Court observed that "Congress meant to require procedural exhaustion regardless of the fit between a prisoner's prayer for relief and the administrative remedies available."[14]

In addition, Plaintiff argues that the PRLA requirements do not apply to Plaintiff's negligence claims.  However, this argument is inapplicable here as Plaintiff has only alleged constitutional violations against Defendant Caulfield.

Plaintiff finally argues that he does not have to exhaust his administrative remedies because it would be futile for him to do so when he is seeking money damages, and he cannot be awarded money damages in the administrative system.  However, this precise argument has been

---

[11] Citing *Brady v. Attygala*, 196 F.Supp.2d 1016 (D. Cal. 2002).

[12] See denied Grievance 05-3642 (dental care); Grievance 05-3643 (cold temperatures) resolved but not to Plaintiff's satisfaction; Grievance 05-3824 (library access) both grievance and appeal were denied and Grievance 06-245 (library—copies of cases) deemed resolved but Plaintiff's requested relief was explicitly denied.

[13] *Woodford*, 126 S.Ct. 2378, 2382-83; *Booth*, 532 U.S. at 731 (2001).

[14] *Booth*, 532 U.S. at 731.

rejected by the Supreme Court in its recent decision in *Booth*.[15]  *Booth* held that administrative exhaustion was required even if the process could not result in a prisoner's desired form of relief.

**2.  Plaintiff Was Not Denied Access to the Courts.**

A prisoner does not have a "freestanding right to a law library or legal assistance."[16] Prisons need only provide the tools necessary to allow inmates to institute actions challenging sentences or conditions of confinement: "impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."[17]   Thus, prisons do not have an affirmative duty to provide a full and complete law library.[18]   Moreover, an inmate does not establish a denial of access to courts claim by merely alleging that library access or assistance is sub par.[19]

Here, Plaintiff does not dispute that he did not have any initial pleadings or pending criminal matters.  He also does not dispute that CTF provided him with access to legal materials. In fact, Plaintiff asserts that he was virtually provided free rein of the library, except that the library was closed four out of six weeks (which the record shows it was not) and that CTF would not continue to print out cases for him at CTF's expense.  However, CTF did print-out those documents Plaintiff typed and sought to file in court, as well as letters he wrote.

Thus, Defendant Caulfield provided Plaintiff with access to the courts which exceeded the directive of *Lewis*.

**3.  Plaintiff's Failure to State Actual Injury Warrants Dismissal**

In his response to the Motion to Dismiss, Plaintiff does not dispute that he failed to allege

---

[15] *Id.*
[16] *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 2180 (1996).
[17] *Id.* at 351, 116 S.Ct. at 2182.
[18] *Id.* at 384-5, 116 S.Ct. at 2186.
[19] *Id.* at 351, 116 S.Ct. at 2182.

actual injury in connection with his access to the law library and cold temperatures claims. Rather, Plaintiff cites *McDaniels v. McKinna,*[20] for the proposition that actual injury is not required. *McDaniels*, however, holds the opposite.[21] In any event, Plaintiff's reliance on *McDaniels* does not address the *constitutional* requirement for standing. Actual injury is necessary to acquire standing to prosecute an action for a claimed constitutional deprivation.[22] Here, it is undisputed that Plaintiff has failed to allege actual injury with respect to these claims, therefore, they should be dismissed.

## 4.    Conclusion

For the foregoing reasons, Defendant Caulfield respectfully requests that his Motion to Dismiss be granted, and Plaintiff's Third Amended Complaint be dismissed against this Defendant.

Dated: this 26th day of March, 2007.
By    /s/  Daniel P. Struck
　　　Daniel P. Struck, Bar No. CO0037
　　　dstruck@jshfirm.com
　　　JONES, SKELTON & HOCHULI, P.L.C.
　　　2901 North Central Avenue, Suite 800
　　　Phoenix, Arizona  85012
　　　Telephone:   (602) 263-1700
　　　Facsimile:    (602) 263-1784

---

[20] 96 Fed.Appx. 575, 2004 WL 887356 (10th Cir. 2004) (unpublished).
[21] *Id.* at **4 (PRLA prevented prisoner from alleging any claims for compensatory damages in the absence of physical injury).
[22] *Lewis*, 518 U.S. at 349-50, 116 S.Ct. at 2179.

Paul J. Maloney, Esq. #362533
pjm@carrmaloney.com
Mariana D. Bravo, Esq. #473809
mdb@carrmaloney.com
Colleen E. Durbin, Esq. #500039
ced@carrmaloney.com
1615 L Street, NW
Suite 500
Washington, D.C.  20036
Telephone:  (202) 310-5592
Facsimile:  (202) 310-5555

Attorneys for Defendant Caulfield

Electronically filed this 26th day with:

United States District Court
   for the District of Columbia

Copy delivered electronically this even date to:

Judge Ellen Segal Huvelle
United States District Court
   for the District of Columbia

Simon Banks, J.D.
P.O. Box 17052
Alexandria, VA  22302
*Pro Per*

Denise J. Baker
OFFICE OF THE ATTORNEY GENERAL
     FOR THE DISTRICT OF COLUMBIA
441 4th Street, NW
Room 6S028
Washington, DC 20001
Attorneys for Defendants Tally, Reiskin, Williams,
    Pane, Brown and Nelson

Richard S. Love
OFFICE OF CORPORATION COUNSEL
441 Fourth Street, NW
Washington, DC 20001
Attorneys for Defendants Tally, Williams and Pane

Paul Maloney
Mariana Bravo
CAR MALONEY, P.C.
1615 L Street, N.W., Suite 500
Washington, D.C.  20036


    /s/   Carol S. Madden