EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIMON BANKS<br><br>    Plaintiff,<br><br>v.<br><br>JOHN CAUFIELD, et al.,<br><br>    Defendants. | Civil Action No. 05-1514 (ESH) |

## SECOND AFFIDAVIT OF JOYCE ALLEN

I, JOYCE ALLEN, being duly sworn according to law, upon my oath, depose and say:

1. I have been employed by Corrections Corporation of American (hereinafter "CCA") since October 2000. I currently am the Facility Grievance Officer at the Correctional Treatment Facility ("CTF") operated by Corrections Corporation of America in Washington, D.C.

2. I have reviewed the allegations contained in Plaintiff's Complaint, Plaintiff's Sworn-To Reply to Defendant Caulfield's Combined Response to Plaintiff's Motion for Extension of Time Regarding Defendant's Motion to Dismiss and Plaintiff's Motion for Discovery, and Plaintiff's Affidavit in Support of Plaintiff's Opposition to Defendant Caulfield['s] Joint Motion to Dismiss Third Amended Complaint.

3. I have personal knowledge that the matters in this Affidavit are true and accurate, and submit this Affidavit in support of Defendant Caulfield's Motion to Dismiss.

4. In order for grievances to be timely, inmates must submit them within seven days of the incident, or of discovery of the problem. *See* Initial Affidavit of Joyce Allen ("Allen Aff.") at ¶ 7.a.

5. The inmate grievance procedure is explained orally when an inmate arrives at CTF for orientation. Additionally, inmates who request clarification of the process may receive it from the Correctional Officers on duty in their housing unit, their Counselor, their Unit Manager, and the Facility Grievance Officer. As Facility Grievance Officer, my job duties include making daily (Monday-Friday, except holidays) walkthroughs of each housing unit.

6. Inmates are required to acknowledge receipt of the Grievance Officer's Report and Decision by providing a second signature on the CCA Inmate/Resident Grievance Form. If an inmate expresses displeasure with the decision or refuses to sign the Inmate Grievance Form when I return it to him for acknowledgement, I explain the grievance appeal process. While Inmate Banks sometimes acknowledged receipt of the grievance officer's decision "under protest" such an acknowledgement is not a proper appeal, as I have advised numerous inmates.

7. The CTF Grievance Officer's Decision may be appealed to the Warden, by indicating the desire to appeal on the CCA Inmate/Resident Grievance Form and either returning it to me or by mailing the form indicating a desire to appeal directly to the Warden. Once the Warden has rendered a decision, the grievance is returned to the Facility Grievance Officer to be logged and then is sent to the inmate for acknowledgment of receipt of the Warden's decision.

8. Plaintiff's complaints regarding the law library were all previously known to Plaintiff and raised in his grievances filed on December 3, 2005 and January 23, 2006, and

were discovered by Plaintiff as early as November 18, 2005. *See* Attachments E and F to Allen Aff.

9. Plaintiff's complaints regarding dental care were all previously known to Plaintiff and raised in his grievance filed on November 1, 2005 and were known to Plaintiff as early as October 29, 2005. *See* Attachment B to Allen Aff. Plaintiff never appealed the November 7, 2005 resolution of this grievance.

10. Although neither CCA nor CTF is responsible for providing Plaintiff's medical and/or dental care, all grievances relating to medical and/or dental care are initially processed through the Facility Grievance Officer and logged, before being given to the Medical Grievance Officer for resolution. A review of the grievance log shows that Plaintiff did not file any other grievances relating to his medical care after November 1, 2005.

11. Plaintiff did not label and of his grievances as being an "Emergency Grievances" during the period from September 1, 2005 through April 28, 2006.

12. The six letters, dated September 23, 2005, October 7, 2005, October 28, 2005, February 13, 2006, February 22, 2006, and March 13, 2006, addressed variously to Warden Figueroa, Program Manager Fulton and Warden Luna, are not recognizable grievances or appeals. If they were in fact sent to the recipients, they are, at best, considered attempts at seeking informal resolution of Plaintiff's concerns, which is only a preliminary step to be taken before following the formal four-step grievance process as outlined in the CCA-CTF Inmate Grievance Policy. *See* Allen Aff. at ¶ 7.

13. I hereby attest that Inmate Banks failed to properly exhaust the administrative remedies available to him for the allegations contained in his Third Amended

Complaint or as described in Plaintiff's Affidavit in Support of Plaintiff's Opposition to Defendant Caulfield['s] Joint Motion to Dismiss Third Amended Complaint.

FURTHER AFFIANT SAYETH NAUGHT.

*Joyce Allen*
Joyce Allen

WASHINGTON           )
                     ) ss.
DISTRICT OF COLUMBIA )

SUBSCRIBED AND SWORN before me this 15th day of March, 2007, by Joyce Allen.

*Phoenix C. Ishmon*
Notary Public

My Commission Expires:

PHOENIX C. ISHMON
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires July 31, 2011

- 4 -