# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| )<br>SIMON BANKS,  )<br>)<br>　　　　　　Plaintiff  )<br>)<br>v.  )<br>)<br>S. ELWOOD YORK, JR., ET AL.  )<br>)<br>　　　　　　Defendants  )<br>)  | Civil Action No. 05-1514 (ESH)<br>Ellen Segal Huvelle, Judge<br><br><br>October 3, 2007 |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF
THE DECISION OF THE COURT DATED SEPTEMBER 17, 2007,
DISMISSING THE PLAINTIFF'S ALLEGATION THAT DEFENDANT
DISTRICT OF COLUMBIA WRONGFULLY CAUSED PLAINTIFF'S
EXTRADITION TO VIRGINIA ALTHOUGH THE PLAINTIFF NEVER
WAIVED HIS RIGHT TO AN EXTRADITION HEARING**

The Plaintiff did not secure the position of the Defendants regarding the
Instant motion, however, Plaintiff is of the opinion that the District Defendant
Oppose the motion

Come now, Simon Banks, Plaintiff, pursuant to Federal Rules of Civil Procedure

59(e), Rule 60(b)(6) and Local Rule 7, and submit Motion for Reconsideration of the

decision of the court dated September 17, 2007, dismissing the Plaintiff's allegation that

defendant District of Columbia wrongfully caused Plaintiff's extradition to Virginia

although the Plaintiff never waived his right to an extradition hearing, and although the

Plaintiff protested his extradition to Virginia.  Mem. Op. at 5, 22.

In support of the Motion the Plaintiff submit the following:

1.    On June 7, 2004, Judge Noel Anketell Kramer, designated Superior Court Judge serving specially as an associate Judge of the D.C. Court of Appeals issued an order releasing the appellant from custody with respect to the contempt charges that the government had lodged against the appellant.

2.    As of June 18, 2004 through the present date, the release order issued by Judge Noel Anketell Kramer has not been vacated and still remain in effect.

3.    Pending before the District of Columbia Court of Appeals En Banc for disposition is the issue of whether the appellant was entitled to be released as of June 7, 2004.

4.    A favorable decision regarding the Plaintiff's claim that the Plaintiff was entitled to be released on June 7, 2004 would effectively change the nature and scope of the prayer for relief in this case as well as establish, definitively that the Plaintiff was duped into believing that the Plaintiff was being released on June 18, 2004, and that the extradition of the Plaintiff to the State of Virginia was steered by the District of Columbia Government, in violation of the Plaintiff's Constitutional Procedural and Substantive Rights.

5.    Judge Kramer and the Judge sitting on June 18, 2004, misled the Plaintiff into believing that he was being released and that the Plaintiff was free to voluntarily present his defense to the charges of the Commonwealth of Virginia, set forth in the detainer order.  This belief was triggered by the Release Order contained in some record that was not accessible to the Plaintiff other than by vague reference.  The June 18, 2004 proceedings was not reflected or otherwise recorded in the docket sheet containing the case number

assigned to the Plaintiff, 02-BG-1374. On June 18, 2004, the Plaintiff

appealed the case to the DC Court of Appeals, nor was it or is it reflected in

the DCCA appeal case No. 04-SP-789.

6.    The Plaintiff never agreed to voluntarily return to the State of Virginia while

in custody and serving the consecutive contempt sentences imposed by Judge

Kramer.

7.    The Plaintiff was fraudulently, deceptively, and unconstitutionally transferred

to the State of Virginia, immediately after the Commonwealth Attorney seized

all of the Plaintiff's client files, business records, office equipment, and

exculpatory evidence, and this evidence was suppressed from the Plaintiff by

the Commonwealth Attorney and appointed defense counsel, until subsequent

to the decision of the Virginia Court of Appeals.

8.    Judge Kramer facilitated the transfer of the Plaintiff to the State of Virginia in

collaboration with Thomas Zeno, AUSA and John Griffith, AUSA, Detective

Charles Pak[1], the two appointed defense counsels, appointed by temporary

Alexandria, Virginia Circuit Judge Lisa Kemler, a candidate to be the first

female Circuit Judge for the Commonwealth of Virginia, together with the

Commonwealth Attorney, Randolph Sengel, and Assistant Commonwealth

Attorney, Elliott Casey, whom conspired and collaborated to suppress from

the appellant all but 10 client files, from a list of of several hundred client files

spanning from 1987 to April 8, 2004, when the appellant was stepped back

and held in jail based upon Judge Kramer's contention that the appellant was a

---

[1] Alexandria Police

danger to the community although the appellant t had no criminal record, nor any history of being a danger to the community.

9. It is an undisputed fact that the Plaintiff was not represented by any counsel on June 18, 2004, and that the Order as well as the Motion of Williams at 22 including the copy of a Superior Court Order for Return of Fugitive Upon Waiver dated June 18, 2004, is erroneous and plainly false, and contain misinformation.

10. On April 12, 2004, the Appellant filed a DC Code §23-110 Motion for Release and Correction of Sentence and a determination regarding the legal validity and authenticity of the June 7, 2004 release Order issued by Judge Noel Anketell Kramer (now an Association Judge on the DC Court of Appeals, and former President of the National Association of Women Judges)

11. As of the present date the designated Judge, Judge Ann O'Regan Keary, successor to Judge Noel Kramer, as Chief of the Criminal Division of the DC Superior Court, has not issued a decision upon the Plaintiff's April 12, 2004 §23-110 Motion which triggered the Plaintiff's release from jail on April 28, 2004, notwithstanding the intentional failure of the appointed appeal counsel, Attorney Cynthia Nordone, Esq. Whom had prior knowledge that the Plaintiff was subjected to being overdetained, and notwithstanding the Department of Corrections Facesheet, as of May 12, 2005, declaration and determination that the Plaintiff's release date was October 2, 2006.  But for the Plaintiff's self-help in filing his own DC Code §23-110 for release and to correct records, the Plaintiff would have been overdetained another six months, given the

egregious defective system of the DC Department of Corrections Records Office.

12.   On June 12, 2006, designated Judge Ann O'Regan Keary, ordered the appellant to show cause why his DC Code §23-110 Motion not be dismissed as moot.  On June 20, 2006, the Plaintiff submitted his response to the Show Cause Motion, coupled with Motion to Declaratory Judge, for a declaration regarding the legal validity of the June 7, 2004 release order issued by Judge Noel Kramer, as well as other issues the Plaintiff sought relief for.

13.   The Plaintiff incorporate by reference the Plaintiff's affidavit attached to this motion, dated October 3, 2007 as if pleaded fully and completely herein.

14.   In further support the appellant attached:

a)   The Appellant's Amended Petition for Rehearing En Banc filed in In Re Simon Banks, (erroneously and improvidently titled Simon Banks v. United States, 04-SP-789.

b)   The Appellant's Amended Petition En Banc Pursuant to DC Code §23-110 to Set Aside the Decision of the Per Curiam Panel.

c)   The Appellant's Petition En Banc to Dismiss the United States as a Party.

d)   The Appellant's Motion En Banc pursuant to DC Code §23-110 for an Order Directing the Designated Judge to issue a decision on the Appellant's DC Code §23-110 Petition for Release and for Correction of Records.

e)   The Appellant's Response to the Show Cause Order dated June 20, 2006.

f)  The Appellant's Motion to Recuse Judges:  Wagner, Washington, Ferren,

Reid, Ruiz, Blackburne-Rigsby and O'Regan Keary.

Wherefore, the Plaintiff pray that this Honorable Court Reconsider its dismissal of the

issue of wrongful extradition in violation of the Plaintiff's Constitutional Procedural

Rights, Extradition Treaty, and Compact Rights, as well as the Plaintiff's right to bring a

Petition for Writ of Habeas Corpus challenging the extradition before it took effect, and

that the Court allow the Plaintiff to engage in discovery on this issue to clear up any and

all discrepancies, in the interest of justice and to prevent manifest injustice.

_____/ s / _____
Simon Banks

CERTIFICATE OF SERVICE

I, hereby certify upon information and belief, that a copy of this pleading,
Plaintiff's Motion for Reconsideration of the Court's Order Dismissing the issue of
Wrongful Extradition to the State of Virginia, via electronic mail, this day of 5th day of
February, 2007, to counsel to parties to these proceedings.

_____/ s / _____
Simon Banks

**MEMORANDUM OF LAW**

The Court should grant the relief requested pursuant to Fed. R. Civ. P. 59(e)

and/or 60(b)(6), and Local R. 7.

6

A determination of whether relief from a judgment should be granted does not require the Court "to clarify its original" ruling. *Taylor v. Blakey,* No. Civ. A. 03-0173(RMU), 2006 WL 279103 at *4 (D.D.C. Feb. 6, 2006). Instead, the Court need only assess whether there exist "extraordinary circumstances" that merit granting relief from the Judgment. *Good Luck Nursing Homes, Inc. v. Harris,* 636 F.2d 572, 577 n.3 (D.C. Cir. 1980). Furthermore, in order "to preserve 'the delicate balance between the sancity of final judgments…and the incessant command of the court's conscience that justice be done in light of all the facts [.]'" the Court should grant relief from a judgment pursuant to Rule 60(b)(6) "sparingly." *Id.* At 577. The Court must therefore assess, without clarifying its original determination, whether the Plaintiff has demonstrated circumstances sufficiently extraordinary to justify relief from its judgment, here, relief from dismissal of the referenced claim.

Certainly, issuing a ruling based on an incorrect application of the law is a basis for reconsideration under Rule 60(b), *Ward,* 133 F. Supp. 2d at 63. In the instant case it is moreso an incorrect statement of facts submitted by the nonmoving party and an erroneous Order, containing patently incorrect statements. This ought to be sufficient to trigger the right to reconsideration and reconsideration.

_____/ s / _____
Simon Banks