## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SIMON BANKS,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| **v.** ) | **Civil Action No. 05-1514 (ESH)** |
| ) | **Ellen Segal Huvelle, Judge** |
| **S. ELWOOD YORK, JR., ET AL.** ) | |
| ) | |
| **Defendants** ) | |
| ) | **October 3, 2007** |

## AFFIDAVIT OF SIMON BANKS
## IN SUPPORT OF
## PLAINTIFF'S MOTION FOR RECONSIDERATION OF
## THE DECISION OF THE COURT DATED SEPTEMBER 17, 2007,
## DISMISSING THE PLAINTIFF'S ALLEGATION THAT DEFENDANT
## DISTRICT OF COLUMBIA WRONGFULLY CAUSED PLAINTIFF'S
## EXTRADITION TO VIRGINIA ALTHOUGH THE PLAINTIFF NEVER
## WAIVED HIS RIGHT TO AN EXTRADITION HEARING

I, Simon Banks, pursuant to the penalty of perjury and to the best of my knowledge and belief, state the following:

1.  On June 7, 2004, Judge Noel Anketell Kramer, designated Superior Court Judge serving specially as an associate Judge of the D.C. Court of Appeals issued an order releasing the appellant from custody with respect to the contempt charges that the government had lodged against the appellant.

2.  As of June 18, 2004 through the present date, the release order issued by Judge Noel Anketell Kramer has not been vacated and still remain in effect.

3.    Pending before the District of Columbia Court of Appeals En Banc for
      disposition is the issue of whether the appellant was entitled to be released as
      of June 7, 2004.

4.    I was never represented by any counsel or attorney at any proceeding
      connected with the case *In Re Simon Banks*, 02-BG-1374, restyled on appeal
      *Simon Banks v. United States of America,* 04-SP-789

5.    I was never represented by any counsel, nor was there any counsel appointed
      for me, at the June 18, 2004 proceedings referenced by the Court in its Mem.
      Op. at 22, and the Order and Williams Mot. At 22 is in error.

6.    A favorable decision regarding the Plaintiff's claim that the Plaintiff was
      entitled to be released on June 7, 2004 would effectively change the nature
      and scope of the prayer for relief in this case as well as establish, definitively
      that the Plaintiff was duped into believing that the Plaintiff was being released
      on June 18, 2004, and that the extradition of the Plaintiff to the State of
      Virginia was steered by the District of Columbia Government, in violation of
      the Plaintiff's Constitutional Procedural and Substantive Rights.

7.    Judge Kramer and the Judge sitting on June 18, 2004, misled the Plaintiff into
      believing that he was being released and that the Plaintiff was free to
      voluntarily present his defense to the charges of the Commonwealth of
      Virginia, set forth in the detainer order.  This belief was triggered by the
      Release Order contained in some record that was not accessible to the Plaintiff
      other than by vague reference.  The June 18, 2004 proceedings was not
      reflected or otherwise recorded in the docket sheet containing the case number

assigned to the Plaintiff, 02-BG-1374.  On June 18, 2004, the Plaintiff

appealed the case to the DC Court of Appeals, nor was it or is it reflected in

the DCCA appeal case No. 04-SP-789.

8.    The Plaintiff never agreed to voluntarily return to the State of Virginia while

in custody and serving the consecutive contempt sentences imposed by Judge

Kramer.

9.    The Plaintiff was fraudulently, deceptively, and unconstitutionally transferred

to the State of Virginia, immediately after the Commonwealth Attorney seized

all of the Plaintiff's client files, business records, office equipment, and

exculpatory evidence, and this evidence was suppressed from the Plaintiff by

the Commonwealth Attorney and appointed defense counsel, until subsequent

to the decision of the Virginia Court of Appeals.

10.   Judge Kramer facilitated the transfer of the Plaintiff to the State of Virginia in

collaboration with Thomas Zeno, AUSA and John Griffith, AUSA, Detective

Charles Pak[1], the two appointed defense counsels, appointed by temporary

Alexandria, Virginia Circuit Judge Lisa Kemler, a candidate to be the first

female Circuit Judge for the Commonwealth of Virginia, together with the

Commonwealth Attorney, Randolph Sengel, and Assistant Commonwealth

Attorney, Elliott Casey, whom conspired and collaborated to suppress from

the appellant all but 10 client files, from a list of of several hundred client files

spanning from 1987 to April 8, 2004, when the appellant was stepped back

and held in jail based upon Judge Kramer's contention that the appellant was a

---

[1] Alexandria Police

danger to the community although the appellant t had no criminal record, nor any history of being a danger to the community.

11.  It is an undisputed fact that the Plaintiff was not represented by any counsel on June 18, 2004, and that the Order as well as the Motion of Williams at 22 including the copy of a Superior Court Order for Return of Fugitive Upon Waiver dated June 18, 2004, is erroneous and plainly false, and contain misinformation.

12.  On April 12, 2004, the Appellant filed a DC Code §23-110 Motion for Release and Correction of Sentence and a determination regarding the legal validity and authenticity of the June 7, 2004 release Order issued by Judge Noel Anketell Kramer (now an Association Judge on the DC Court of Appeals, and former President of the National Association of Women Judges)

13.  As of the present date the designated Judge, Judge Ann O'Regan Keary, successor to Judge Noel Kramer, as Chief of the Criminal Division of the DC Superior Court, has not issued a decision upon the Plaintiff's April 12, 2004 §23-110 Motion which triggered the Plaintiff's release from jail on April 28, 2004, notwithstanding the intentional failure of the appointed appeal counsel, Attorney Cynthia Nordone, Esq. Whom had prior knowledge that the Plaintiff was subjected to being overdetained, and notwithstanding the Department of Corrections Facesheet, as of May 12, 2005, declaration and determination that the Plaintiff's release date was October 2, 2006.  But for the Plaintiff's self-help in filing his own DC Code §23-110 for release and to correct records, the Plaintiff would have been overdetained another six months, given the

egregious defective system of the DC Department of Corrections Records Office.

14.   On June 12, 2006, designated Judge Ann O'Regan Keary, ordered the appellant to show cause why his DC Code §23-110 Motion not be dismissed as moot.  On June 20, 2006, the Plaintiff submitted his response to the Show Cause Motion, coupled with Motion to Declaratory Judge, for a declaration regarding the legal validity of the June 7, 2004 release order issued by Judge Noel Kramer, as well as other issues the Plaintiff sought relief for.

Sworn to pursuant to 28 U.S.C. §1746, pursuant to the penalty of perjury, to the best of my knowledge and belief.


_____/s/_____
Simon Banks