**BEFORE THE DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 04-SP-789

**SIMON BANKS, Appellant**

v.

**DISTRICT OF COLUMBIA COURT OF APPEALS, Appellee**

(Improvidently titled by the Clerk of the District
of Columbia Court of Appeals)

No. 04-SP-789

July 27, 2007

**SIMON BANKS**

v.

**UNITED STATES, Appellee**

**(Although the United States is not a party and there is no federal interest**

(Hon. Noel A. Kramer, Trial Judge)

This is to note the filing of **Simon Banks**, **pro se Appellant, Motion En Banc, pursuant to DC Code § 23-110 (2001) to Setaside the Decision of the Per Curiam Panel.**

Come now, Dr. Simon Banks, J.D., pro se, Appellant, and submit Motion **En Banc, pursuant to DC Code § 23-110 (2001) to setaside the decision of the per curiam panel:**

    i)    because the appellant's right to effective assistance of counsel was violated,

    ii)    and because the appellant's right to assist in his appeal and represent himself, Pro Se, was violated,

    iii)    and because the D.C. Court of Appeals (DCCA) Judge Noel Anketell Kramer, designated by the Honorable Annice Wagner, Chief Judge DCCA, did not have jurisdiction over the appellant, at all times relevant, a resident of the State of Virginia, to require the appellant to appear in the District of Columbia, and stand trial. (Appellant at all times relevant, appeared specially before the Honorable Judge Kramer.

    iv)    and because the DCCA did not have jurisdiction over the appellant's practice of law before the United States Equal Employment Opportunity Commission, the United States Merit Systems Protection Board

    v)    and because appellant's related advertisement published in the Federal Times located in the State of Virginia and disseminated nationwide and internationally, which targets employees of the United States Government, the

appellant's market place, and such related conduct is protected conduct, protected by the Supremacy Clause, the Government Contact Exception, and the Free Speech Clause of the United States Constitution

**vi)** and because the appellant was released from the custody of the District of Columbia Department of Corrections, on June 7, 2004 by the trial Judge, the Honorable Noel Anketell Kramer, and the June 7, 2004 release order was never vacated or otherwise legally nullified,

**vii)** and because the appellant was denied a fair trial,

**viii)** and because the appellant was denied a fair appeal,

**ix)** and because the appellant was transferred to the State of Virginia in violation of the Extradition Act, the Compact Act, and Appellant's Substantive Constitutional Procedural Rights,

**x)** and because the appellant was denied counsel at sentencing, and in support the appellant cites the following:

**INEFFECTIVE COUNSEL**

**APPOINTED APPEAL ATTORNEY CYNTHIA NORDONE
AT ALL TIMES RELEVANT WAS AN INEFFECTIVE/CONFLICTED
APPEAL COUNSEL
AND
INACTIONS, FRIVOLOUS, UNFOUNDED DELAY AND ACTIONS OF
APPOINTED COUNSEL CYNTHIA NORDONE, THAT PREJUDICED THE
APPELLANT'S APPEAL, UNWARRANTEDLY PROLONGED THE
APPELLANT'S INCARCERATION AND WAIVED AND ABANDONED
SUBSTANTIVE RIGHTS AND ASSIGNMENT OF ERRORS THAT**

3

### PREJUDICED APPELLANT'S DUE PROCESS AND EQUAL PROTECTION RIGHTS

      1.      Appointed appeal counsel, Cynthia Nordone, knew and had reason to know, and had prior knowledge that Judge Noel Kramer had issued a release order, releasing the appellant from incarceration on June 7, 2004 and that Judge Kramer never vacated the order, and as a consequence the appellant was being unlawfully imprisoned from June 7, 2004 through April 28, 2007.  **By participating in the suppression of exculpatory evidence, intentionally abandoning and otherwise failing to prosecute some 1998 assignment of errors, and intentionally misleading the appellant that she was prosecuting the appellant's interest, attorney Cynthia Nordone, assumed the mantle of prosecutor and functioned as an organ of the State.  *Rickman v. Bell,* 131 F.3d 1150, 1156-57 (6th Cir. 1997) In addition,  appointed appeal counsel, Cynthia Nordone, acted as second prosecutors,  *Georgia v. McCollum,* 505 U.S. 42 (1992). Defense counsel's conduct constitute "state action" in violation of the Fourteenth Amendment. *Faretta v. California,* 442 U.S. 806, 820-821), defense counsel imposed upon the pro se Plaintiff, was an organ of the state**

      In Support of allegation of ineffective counsel, the appellant relies upon Release Order dated 7th day of June, 2004, signed by Judge Noel Anketell Kramer,  and the Court's docket sheet entries, in Case No. 02-BG-1374.

      2.      Appointed appeal counsel Cynthia Nordone, knew and had reason to know, that the appellant was scheduled to be over-detained by the District of Columbia Department of Corrections, and that the appellant was subjected to deprecatory conditions, and that the appellant needed immediate medical emergency relief, and that

4

should she not take immediate action, the appellant would be and was subjected to false imprisonment, over-detention, and suffered progressive deprivation of the appellant's medical condition.

In support, of the above-referenced, and this motion, appellant relies upon:

a) List of Exhibits Connected With Cynthia Nordone Ineffective/Conflicted, Appointed Appeal Counsel, In Support of the Appellant's Motion En Banc pursuant to DC Code § 23-110 (2001) to setaside the decision of the per curiam panel, hereto attached

b) .Appellant's Appeal Brief filed on November 16, 2005,

c) ** Defendant's Emergency Motion for Release and to Correct Sentence Pursuant to D.C. Code § 23-110 (1996), D.C. Code § 16-1901 (1989), (dated April 12, 2006) And/Or In the Alternative Emergency Motion for Mandamus Directing the Department of Corrections to Release the Defendant and/or in the Alternative Injunctive Relief Enjoining The D.C. Department of Corrections, Temporarily, Preliminarily and Permanently from Failing to Release the Defendant;

d) Respondent's Response to Show Cause Order dated June 8, 2006, issued by Judge Ann O'Regan Keary, "why Defendant's Motion, Defendant's Emergency Motion for Release and to Correct Sentence Pursuant to D.C. Code § 23-110 (1996), D.C. Code § 16-1901 (1989), (dated April 12, 2006) And/Or In the Alternative Emergency Motion for Mandamus Directing the Department of Corrections to Release the Defendant and/or in the Alternative Injunctive Relief Enjoining The D.C. Department of Corrections, Temporarily, Preliminarily and Permanently from Failing to Release the Defendant, should not be dismissed

e) Appellant's Supplemental Brief (Part II) In Support of Petition for Writ of Habeas Corpus, filed in *Banks v. Smith,* 04cv-00903, JRL United States District Court for the District of Columbia (providing a 74-page summary of the case, 02-BG-1374, dated April 15, 2005, and attached to "Appellant's pro se Motion for Emergency Medical Release and/or in the alternative home detention, filed July 22, 2005, in the instant case, and also attaching original complaint *Banks v. York,* No. 05-cv-01514, filed in the United States District Court for the District of Columbia, seeking injunctive relief pursuant to §1983 for violation of Eighth Amendment, for over-detention, and to prevent scheduled over-

5

        detention, and damages. See 3rd Amended Complaint, amended in 2006 after the Appellant was over-detained for some 40 days.

f)     Defendant's Motion for Temporary, Preliminary, and Permanent Relief from Attorney Cynthia Frank interference with the Defendant's D.C. Code §23-110 proceedings, and fraudulent attempt to sabotage the case.

g)     **"Appellant's ("Plaintiff's Motion for Mandamus Directing Larry Corbett, Acting Warden and Elwood York, Jr., Director of DC Department of Corrections for Correction of Time Served, Good Time Credit and Release Date of** filed on June 24, 2005, in *Simon Banks v. Steven Smith,* Case No. 1:04cv00903, DCCA No. 02-BG-1374 (Petition for Writ of Habeas Corpus Proceedings)

h)     **Plaintiff's Motion for Declaratory Judgment** Pursuant to 28 U.S.C. §2201 seeking the Declaration that the District of Columbia Court of Appeals Rule 49 is Unlawful and Unconstitutional Per Se and as Enforced against Appellant**, filed, June 24, 2005. USDC DC.**

i)     **Defendant's (Appellant) Motion of Defendant That the Court Certify to the Court of Appeals** the Issue of Territorial/Geographical Jurisdiction over the Cause of Action, for Purposes of an Interlocutory Appeal**, filed June 25, 2005.**

j)     **Appellant's Amended Petition for Rehearing En Banc**

k)     **Appellant's Motion to Amend Petition for Rehearing En Banc.**

l)     **Appellant's April 14, 2006 letter to Cynthia Nordone** Re: Appeal Brief, (My Concerns) – "This is to advise you that **the caption** of the case you are using **"Simon Banks v. United States of America," is "egregiously" in error** and "extremely" contradictory to verifying documentation on the record, my constitutional rights, my legal interest as well as my assignment of Errors regarding *Thomas Zeno, AUSA,* "Improperly mislabeling the –case.."

m)     **Appellant's 4th Motion to Terminate Cynthia Nordone, for Irreconcilable Differences, Breach of Fiduciary Duty, Conflict of Interest and for Dilatory Tactics, Dated March 14, 2006**

n)     Respondent's Response to Agency Objection to Motion for Trial By Jury, filed April 25, 2003

**o)**     Appellant's Emergency Motion En Banc for an order of mandamus directing Superior Court Judge Noel Kramer to issue a show cause order to John Griffith, Assistant U.S. Attorney District of Columbia to

6

show cause why he should not be held in contempt of court for subornation of perjury, for obstruction of justice, and Rule 11 (at 1¶c *Id.* Which provide**: "And Violation of Rule 11 in connection with the perjurious testimony of Alvin Milton, a witness that the government prepared and called to testify instead of his ex-wife, Brenda Page (appellant's client**)), In support of the motion, appellant incorporate by reference Motion En Banc for an Order of Mandamus directing Superior Court Judge Noel Kramer to issue an Order to Superior Court employee Alvin Milton to show cause why he should not be held in Contempt for Obstruction of Justice and for committing perjury before Judge Noel Kramer."

p)   **Appellant's letter to Mr. Brooks, DCCA, dated April 24, 2006. Re: Return of Postconviction Motion pursuant to DC Code § 23-110 (1996) – at 1¶1 provides: "This is to protest the return of the Postconviction Motion that was filed on April 12, 2006…." At ¶3 "It is highly irregular for the Clerk to revise my filing by placing an incorrect case number on the file to make it a Court of Appeals filing in connectioin with the appeal of the case….."**

3.   The appellant further incorporate by reference the list of attached exhibits as well as the exhibits themselves, referred to as **"Exhibits In Support of Motion to Declare Cynthia Nordone an Ineffective/Conflicted Appointed Appeal counsel."**

4.   Appointed appeal counsel, Cynthia Nordone was repeatedly warned and informed that the appellant was subjected to being over-detained and illegally incarcerated beyond the expiration of the appellant's sentence imposed by Judge Noel Kramer, and notwithstanding this prior knowledge, warnings, record evidence, which she knew and had reason to know, she took no action to protect the appellant from unlawful imprisonment.

5.   APPOINTED COUNSEL CYNTHIA NORDONE'S CONDUCT SO UNDERMINED THE PROPER FUNCTIONING OF THE ADVERSARIAL PROCESS THAT THE APPEAL BRIEF AND ORAL ARGUMENT CANNOT BE RELIED UPON AS HAVING PRODUCED A JUST RESULT

7

    **6.** In support, appellant relies upon **List of Exhibits Connected With Cynthia Nordone Ineffective/Conflicted, Appointed Appeal Counsel, In Support of the Appellant's Motion En Banc pursuant to DC Code § 23-110 (2001) to setaside the decision of the per curiam panel**. and the contents of each of these exhibits. See Appellant's Notice of filing the same. See list of exhibits attached hereto which are all of record.

    7. The basic principles governing our evaluation of Sixth Amendment ineffective assistance of counsel claims are well-settled. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). An ineffective assistance claim therefore has two components:

**APPOINTED COUNSEL'S CONDUCT DEFICIENT AND MADE ERRORS SO SERIOUS THAT COUNSEL WAS NOT FUNCTIONING AS THE "COUNSEL" GUARANTEED THE APPELLANT BY THE SIXTH AMENDMENT AND APPELLANT HAS SHOWN THAT COUNSEL'S DEFICIENT PERFORMANCE PREJUDICED THE APPEAL AND DEPRIVED THE APPELLANT OF A FAIR TRIAL ON APPEAL WHICH RESULT IS UNRELIABLE**

    8. The appellant has shown that counsel's performance was deficient. The appellant has made a showing that appointed appeal counsel, Cynthia Nordone, made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of fair trial, a trial whose result is reliable.

**THE FUNDAMENTAL FAIRNESS OF THE APPEAL PROCEEDINGS HAS BEEN SEVERELY PREJUDICED, AND DESPITE THE STRONG PRESUMPTION OF RELIABILITY, THE RESULT OF THESE PROCEEDINGS IS UNRELIABLE BECAUSE OF A BREAKDOWN IN THE ADVERSARIAL PROCESS THAT THIS COURT'S SYSTEMS COUNTS ON TO PRODUCE JUST RESULTS**

9.  *Id.* At 687. " In considering these two components, "the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged. In every case the court should be concerned with whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.: *Strickland v. Washington*, 466 U.S. 668, 686 (1984), At 696." (citing from *Cosio v. United States,* Slip Op Nos. 98-CF-1906 & 02-Co-1453 (June 21, 2007)

**THE TRIAL COURT AND THE PER CURIAM PANEL'S DECISION LACK EVIDENTIARY SUPPORT IN THE RECORD**

10. "[B]oth the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact." *Id*. At 698. On appeal, we accept the trial court's findings of fact unless they lack evidentiary support in the record. *Byrd v. United States*, 614 A.2d 25, 30 (D.C. 1992). We review the trial court's legal determination de novo. Id.; see, e.g. *United States v. Little*, 851 A.2d 1280, 1287 n. 10 (D.C. 2004) ("[W]e owe no deference to the trial court's legal conclusion as to whether counsel was deficient," *Chatman v. United States*, 801 A.2d 92, 110 (D.C. 2002) ("[O]ur review of the prejudice prong is *de novo*.")

**APPOINTED APPEAL COUNSEL'S PERFORMANCE WAS SIMPLY UNREASONABLE UNDER PREVAILING PROFESSIONAL NORMS AND APPEAL'S COUNSEL FELL WELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS**

9

11. Cynthia Nordone, Appointed Appeal Counsel's Performance was simply unreasonable under prevailing professional norms and appeal's counsel fell well below an objective standard of reasonable.

12. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. Accordingly, the defendant's burden to show that "counsel's representation fell below an objective standard of reasonableness." *Id*.

**APPOINTED APPEAL COUNSEL DID NOT UNDERTAKE OBJECTIVELY REASONABLE INVESTIGATION NOR DID SHE ENGAGE IN REASONABLE, PROFESSIONAL INVESTIGATION OF THE FACTS, THE ASSIGNMENT OF ERRORS, THE ISSUES FOR APPEAL, AND EFFECTIVELY ABANDONED THE APPELLANT WHEN AND WHILE THE APPELLANT WAS INCARCERTED UNJUSTLY AND OVER-DETAINED AND FALSELY IMPRISONED UNCONSTITUTIONALLY**

13. The proper functioning of the adversary process demands appropriate investigation and preparation by counsel. See *Monroe v. United States*, 389 A.2d 811, 817 (D.C. 1978).

**APPOINTED COUNSEL DECIDED NOT TO INVESTIGATE ALTHOUGH FACTS AND EVIDENCE WERE READILY AVAILABLE TO HER AND KNOWN TO HER THAT THE KNOWN EVIDENCE OUGHT TO HAVE LED APPOINTED COUNSEL TO INVESTIGATE THE ERRORS CITED BY THE APPELLANT IN THE APPELLANT'S 98 ASSIGNMENT OF ERRORS**

14. "In any ineffectiveness case," therefore, "a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances," id., taking into account "not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further." *Wiggins v. Smith*, 539 U.S. 510, 527 (2003). (citing from (citing from *Cosio v. United States,* Slip Op Nos. 98-CF-1906 & 02-Co-1453 (June 21, 2007)

10

15.     Similarly, the issue in evaluating counsel's performance is not the reasonableness of the strategy counsel ultimately pursued at appellant's trial, but "the reasonableness of the investigation said to support that strategy." Id. At 527.[17]

16.     Ultimately, "[t]he relevant question is not whether counsel's choices were strategic, but whether they were reasonable." Roe v. Flores-Ortega, 528 U.S. 470, 481 (2000) (citation omitted).

**APPOINTED APPEAL COUNSEL DID NOT NEED TO SCOUR THE GLOBE BUT MERELY REVIEW, INVESTIGATE AND ACCESS THE EVIDENCE PRODUCED BY THE APPELLANT, IN PLEADINGS, COMPLAINTS, MOTIONS, AND APPEALS, IN THE COURT'S RECORD AND OTHERWISE AVAILABLE AS WELL AS THAT WHICH WERE DEMANDED BY THE APPELLANT THAT APPEAL COUNSEL ENFORCE OR JUSTIFY WHY NOT**

17.     The duty to conduct a reasonably thorough investigation "does not force defense lawyers to scour the globe on the off chance something will turn up." *Rompilla*, 545 U.S. at 383 (citation omitted). Defense counsel has a basic obligation to "conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction." *Pettiford v. United States*, 700 A.2d 207, 21617 (D.C. 1997) (quoting American Bar Association Standards for Criminal Justice, The Defense Function 4-4.1 (a) (3d ed. 1993)). We take this as a succinct statement articulating the objective standard of reasonableness applicable to the duty to investigate – the standard of reasonableness that we must apply in this case. See *Rompilla,* 545 U.S. at 387 (referring

---

[17] *Accord Conner v. Quarterman, 477 F3d 287, 29394 (5th Cir. 2007) (The judgment is whether counsel's investigation was reasonable, not whether counsel's trial strategy was reasonable.") (citation omitted); Outten v. Kearney*, 464 F.3d 401, 417 (3d Cir. 2006) ("[T]he question before us is not whether counsel should have introduced mitigating evidence … it is whether the investigation supporting counsel's decision not to introduce mitigating evidence was itself reasonable.") (internal quotation marks and citation omitted).

11

to the ABA 17. (citing from *Cosio v. United States,* Slip Op Nos. 98-CF-1906 & 02-Co-1453 (June 21, 2007)

18.  Standards for guidance in determining what is reasonable investigation under prevailing norms of practice).

**APPELLANT HAS SHOWN THERE IS A REASONABLE PROBABILITY THAT, BUT FOR APPEAL COUNSEL'S PROFESSIONAL ERRORS, THE RESULT OF THE PROCEEDINGS WOULD HAVE BEEN DIFFERENT**

19.  In order to obtain relief on grounds of ineffective assistance of counsel, "[t]he defendant must show that there is a reasonable probability that, but for counsel's professional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

20.  With respect to the following, the appellant's reliance is, in substantial part, based upon the following:

**i.  because the appellant's right to effective assistance of counsel was violated,**

The appellant relies upon ¶s 1-20 above, the appellant relies upon "List of Exhibits Connected With Cynthia Nordone Ineffective/Conflicted, Appointed Appeal Counsel, In Support of the Appellant's Motion En Banc pursuant to DC Code § 23-110 (2001) to setaside the decision of the per curiam panel," hereto attached.

**ii.  and because the appellant's right to assist in his appeal and represent himself, Pro Se, was violated.**

The appellant reassert the reliance set forth in ¶i.

The appellant relies upon appellant's 4th Motion to Terminate Cynthia Nordone dated March 14, 2005, and appellant's letter to Cynthia Nordone dated April 14, 2006. The appellant further relies upon ¶s1- List of Exhibits Connected With Cynthia Nordone

Ineffective/Conflicted, Appointed Appeal Counsel, In Support of the Appellant's Motion En Banc pursuant to DC Code § 23-110 (2001) to setaside the decision of the per curiam panel, hereto attached

> iii. and because the D.C. Court of Appeals (DCCA) Judge designated by the Honorable Annice Wagner, Chief Judge DCCA, did not have jurisdiction over the appellant, at all times relevant, a resident of the State of Virginia, to require the appellant to appear in the District of Columbia, and stand trial

The appellant relies upon appellant's Amended Petition for Rehearing En Banc ("AMPRHEB") at 3-6, 9-14, and Appellant's pro se Brief filed on November 16, 2004, at 4-25, 26-51).

> iv. and because the DCCA did not have jurisdiction over the appellant's practice of law before the United States Equal Employment Opportunity Commission, the United States Merit Systems Protection Board

See appellant's reliance as set forth in ¶ "iii" hereof.

> v. and because appellant's related advertisement published in the Federal Times located in the State of Virginia and disseminated nationwide and internationally, which targets employees of the United States Government, the appellant's market place, and such related conduct is protected conduct, protected by the Supremacy Clause, the Government Contact Exception, and the Free Speech Clause of the United States Constitution

See appellant's reliance as set forth in ¶ "iii" hereof.

> vi. and because the appellant was released from the custody of the District of Columbia Department of Corrections, on June 7, 2004 by the trial Judge, the Honorable Noel Anketell Kramer, and the June 7, 2004 release order was never vacated or otherwise legally nullified,

The appellant relies upon the Order issued by Judge Noel Anketell Kramer dated June 7, 2004, releasing the appellant from custody with respect to all issues pertaining to the four charges.

    **vii.**    **and because the appellant was denied a fair trial**

The appellant relies upon appellant's Amended Petition for Rehearing En Banc.

    **viii.**    **and because the appellant was denied a fair appeal,**

The appellant relies upon appellant's Amended Petition for Rehearing En Banc and the exhibits listed and attached to this motion.

    **ix.**    **and because the appellant was transferred to the State of Virginia in violation of the Extradition Act, the Compact Act, and Appellant's Substantive Constitutional Procedural Rights.**

The appellant relies upon the Criminal Extradition Act, the Compact Act, and the appellant relies upon, The appellant relies upon the Order issued by Judge Noel Anketell Kramer dated June 7, 2004, releasing the appellant from custody with respect to all issues pertaining to the four charges.

    **x.**    **and because the appellant was denied counsel at sentencing.**

The appellant relies upon Amended Petition for Rehearing En Banc *Id.* At 13. See also, *Irving v. Hargett,* 59 F.3d 23, 30 (5th Cir. 1995).

**DENIAL OF RIGHT TO PROCEED PRO SE**

21. The actions of the Court in refusing access to appellant's files, clients' files and pending case so appellant could prepare this case operated as prohibiting from proceeding pro se.[18]

### VIOLATION OF RIGHT TO COUNSEL OF CHOICE

22. Appellant was denied counsel of choice when the court denied the Motion to Terminate Cynthia Nordone. See *U.S. v. Romano*, 849 F.2d 812, 820 (3rd Cir. 1988) (Pro se reversal error because court appointed counsel over defendant's objection after revoking defense's right to pro se representation); *U.S. v. Musa*, 220 F.3d. 1096, 1102 (9th Cir. 2000)(Reversible error moved the Court subject to defense counsel denying simply because the Court finds the current counsel to be adequate. See *Ful Minante*, 499 U.S. at 310-11, See also *McKaskale v. Wiggins*, 465 U.S. 468, 177 N. 8 (1984), Denial of rights to proceed pro se not subject to harmless error analysis but requires reversal pro se); C.E.D. *U.S. v. Betantouri-Hrretuche*, 933 F.2d. 89, 94 (1st Cir. 1991) ("Denial of Constitutional rights of self representation constitutes more than harmless error"); *Wilson v. Walker*, 204 F.3d 33, 37 (2nd Cir. 2000) denial of rights of self-representation is not subject to harmless error analysis and thus requires automatic reversal); *U.S. v. Sebbs*, 281 F.3d. 109, 120-121 (3rd Cir. 2002)

### APPOINTED COUNSEL CLEARLY SECRETLY REPRESENTED THE DC BAR AND THE DISTRICT OF COLUMBIA COURT OF APPEALS JUDGES

---

[18] See *Ful Minante*, 499 U.S. at 310-11, See also *McKaskale v. Wiggins*, 465 U.S. 468, 177 N. 8 (1984), Denial of rights to proceed pro se not subject to harmless error analysis but requires reversal pro se); C.E.D. *U.S. v. Betantouri-Hrretuche*, 933 F.2d. 89, 94 (1st Cir. 1991) ("Denial of Constitutional rights of self representation constitutes more than harmless error"); *Wilson v. Walker*, 204 F.3d 33, 37 (2nd Cir. 2000) denial of rights of self-representation is not subject to harmless error analysis and thus requires automatic reversal); *U.S. v. Sebbs*, 281 F.3d. 109, 120-121 (3rd Cir. 2002)

**KRAMER, WAGNER, AND THE UNITED STATES ATTORNEY AT THE SAME TIME IT WAS OPERATING UNDER AN APPOINTMENT TO REPRESENT THE APPELLANT ON APPEAL, THESE MULTIFACITED REPRESENTATIONS CONSTITUTE A CONFLICT OF INTEREST**

23.     The appellant's appointed appeal counsel was encumbered by a conflict of interest. When she acted to represent interest that conflicted with the appellant's whom had opposing interest See *Reynolds v. Chapman*, 253 F.3d 1337, 1347 (11th Cir. 2001); *U.S. v. Weaver*, 265 F.3d 1074, 1077(D.C. Cir. 2001) (conflict of interest because defendant's counsel represented codefendants, whose interests were adverse to those of defendant).

24.     *See Cuyler*, 446 U.S. at 348; see, e.g., *U.S. v. Schwarz*, 283 F.3d 76, 94 (2d Cir. 2002) (conflict of interest affected performance because counsel failed to pursue plausible alternative strategy that would have exculpated defendant but inculpated member of organization that counsel represented in related civil case); *U.S. v. Tatum*, 943 F.2d 370, 378-79 (4th Cir. 1991).

**WHEN APPOINTED COUNSEL FAILED TO FILE POSTCONVICTION MOTIONS DIRECTED BY THE APPELLANT INCLUDING DC CODE §23-110 FOR RELEASE, AND MOTION CHALLENGING THE CONSTITUTIONALITY OF THE DCCA'S ENFORCEMENT OF RULE 49 AGAINST THE APPELLANT A PUBLIC MEMBER IN THE ABSENCE OF A STATUTE, APPELLANT'S APPOINTED COUNSEL WAS INEFFECTIVE**

25.     See. e.g., *Baldayaque v. U.S.,* 338 F.3d 145, 152 (2nd Cir. 2003). (counsel's failure to file post-conviction motion to vacate despite being directed to by defendant "violated a basic duty of an attorney.

**WHEN APPOINTED COUNSEL FAILED TO RAISE THE OBVIOUS ISSUE OF VIOLATION OF EXTRADITION TREATY, COMPACT ACT, WHEN JUDGE KRAMER ISSUED A RELEASE ORDER, SUPPRESSED IT, AND FACILITATED THE TRANSFER OF THE APPELLANT TO VIRGINIA AFTER APPELLANT PROTESTED ANY TRANSFER AND DEMANDED EXTRADITION HEARING, AND WHEN APPOINTED COUNSE FAILED TO RAISE THE ISSUE OF DENIAL OF COUNSEL AT SENTENCING, COUNSEL WAS INEFFECTIVE**

26.     Appellant's appointed appeal counsel's failure to raise obvious and significant issues was ineffective assistance because it was without legitimate strategic purpose); *Carter v. Bowersox*, 265F.3d 705, 715-16 (8th Cir. 2001) (appellate counsel's failure to discover instructional error and raise due process claim on appeal was ineffective assistance because at least 1 juror was uncertain about defendant's guilt); *Delgado v. Lewis*, 223 F.3d 976, 980-82 (9th Cir. 2000) (counsel's failure to raise any arguable issues in appellate brief was ineffective assistance); *Banks v. Reynolds*, 54 F.3d 1508, 1515-16 (10th Cir. 1995) (counsel's failure to raise issues of trial counsel's conflict of interest and prosecution's failure to provide exculpatory material was ineffective assistance because claims were "clearly meritorious" and defendant prejudiced by counsel's error); *Eagle v. Linahan*, 279 F.3d 926, 943 (11th Cir. 2001)

THE CHIEF JUDGE AND THE PER CURIAM PANEL DEPRIVED THE APPELLANT OF RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, AND RIGHT TO PROCEED PRO SE, WHEN IT FAILED TO REVIEW ACTUAL AND/OR POTENTIAL CONFLICT OF INTEREST ARTICULATED BY THE APPELLANT WHICH APPARENTLY AFFECTED APPOINTED COUNSEL'S PERFORMANCE

27.     A trial court has a limited duty of avoid potential conflicts of interest. [1597] The court must initiate an inquiry if it knows or reasonably should know that a potential conflict exists.[1598]

---

[1597] See Cuyler, 446 U.S. at 346-47
[1598] See *Holloway v. Ark.*, 433 U.S. 475, 484-85 (1978) (court's failure to inquire into conflict of interest after defense counsel's pretrial warnings of conflict violated right to effective assistance of counsel because court has duty to avoid potential conflicts); see, e.g., *Harris v. Carter*, 337 F.3d 758, 761-62 (6th Cir. 2003)  failure of court to hold evidentiary hearing to determine whether conflict of interest adversely affected defendant due to conversations with codefendant's counsel merited remand).  But see *Cuyler*, 446 U.S. at 347 (no duty to inquire into conflict because provision of separate trial for codefendants reduced potential for

(11th Cir. 2001) (counsel's conflict of interest affected performance because prevented counsel from raising reasonable defenses in defendant's favor); *U.S. v. Weaver*, 265 F.3d 1074, 1077 (D.C. Cir. 2001 (conflict of interest affected performance because it led counsel to refrain from requesting substantial assistance motion). See *Strickland*, 466 U.S. at 692 (right to effective assistance of counsel impaired when defense counsel operates under conflict of interest because "counsel breaches the duty of loyalty, perhaps the most basic of counsel's duties").

### APPOINTED APPEAL COUNSEL ENTIRELY FAILED TO SUBJECT THE PROSECUTION'S CASE TO MEANINGFUL ADVERSARIAL TESTING AND THE ADVERSARIAL PROCESS AS A RESULT BECAME PRESUMPTIVELY UNRELIABLE

28.    Appellant's appointed counsel abandoned the appellant's pre-trial issues and 198 assignment of errors as well as arguments the appellant made challenging the prosecution case, sufficiency of evidence, prosecutorial misconduct, acts of entrapment, violation of the Government Contact Exception, enforcement of DC Ct. App. R 49 through order 18 which conflict with EEOC laws, 29 CFR §1614.605, and Virginia law, (appellant's home state) Virgina UPL, UPR 9-102 (See Amended Pet. For Rehearing En Banc at 9-10) operates as a conflict and such enforcement is pre-empted by rights afforded appellant through the Supremacy Clause.  **See Appellant's pro se Appellant's Brief filed on November 16, 2005, at 1-50.  See Appellant's Supplemental Brief (Part II) In Support of Petition for Writ of Habeas Corpus** (styled "Plaintiff's Supplemental Brief (Part II) In Support of Petition for Writ of Habeas Corpus) filed in *Simon Banks v. Steven Smith,* Case No. 04cv00903, RCL, DCCA No. 02-BG-1374, USDC DC) \*attached to "Appellant's Pro Se Motion for Emergency Medical Release and/or In the Alternative Home Detention, filed on July 22, 2005, in the instant appeal**.\***

29.     **See** *Cronic,* 466 U.S. at 659; **See,** *e.g., Rickman v. Bell,* 131 F.3d 1150, 1156-60 (6th Cir. 1997). (counsel abandonment of defense interest, arbitrarily abandoning appellant's assignment of errors, "constitute denial of assistance of counsel because prejudiced presumed from abandonment such that the court need not establish actual prejudice," *Griffin v. U.S.,* 109 F.3d 1217, 1219 (7th Cir. 1997), *McGurk v. Stenberg,* 163 F.3d 470, 473 (8th Cir. 1998), counsel's failure to discover that defendant had right to jury trial and inform defendant of that right, warranted presumption of prejudice; *Cargle v. Mullin,* 317 F.3d 1196, 1211 (10th Cir. 2003). *Ferretta v. California,* 422 U.S. 806 (1975

**WHEREFORE,** appellant pray that the Court En Banc setaside the decision of the per curiam panel, and make a decision on the record, and/or provide the appellant with an evidentiary hearing. And further, that this Honorable Court dissolve Order 18 and the injunction.

---

**Simon Banks, J.D.**
**Appellant Pro Se**
P.O. Box 17052
Alexandria, VA. 22302
703 965-5637
drsbanks@msn.com

CERTIFICATE OF SERVICE

I, hereby certify that a copy of this pleading was mailed, postage prepaid, and/or sent via electronic mail, this 27th day of July, 2007, to:

John P. Mannarino, Esq. AUSA
555 4th Street, N.W.
Washington, D.C. 20305
Tele# 202 514-0065
Jeffrey A. Taylor, Esq. AUSA
W. McLeese, III, AUSA
Lisa Schertler and
John D. Griffith
John.mannarino@usdoj.gov,
Jeffrey.taylor@usdoj.gov,
Roy.mcleese@usdoj.gov
lisa.schertler@usdoj.gov,
john.griffith@usdoj.gov

_____
**Dr. Simon Banks, J.D.**
**P.O. Box 17052**
**Alexandria, Va. 22302**
**703 965-5637**
**drsbanks@msn.com**