## DISTRICT OF COLUMBIA
## COURT OF APPEALS

| | |
|---|---|
| In Re Simon Banks | D.C.C.A. No. 02-BG-1374 |
| | 04-SP-789 |
| | Defendant's Collateral Attack upon |
| | Imposition of the Sentence and the Sentence |
| | Computation |
| | Response to Show Cause Order dated |
| | 06/08/2006 |
| | |
| | (Judge Ann O'Regan Keary, |
| | Sitting by Designation) |
| | |
| | June 21, 2006 |

**RESPONDENT'S RESPONSE TO SHOW CAUSE ORDER DATED JUNE 8, 2006**

Comes now Simon Banks, Respondent, Pro Se, and in response to the Court's Order directing the Respondent to Show Cause why the Motion and Order is not Moot, in support the Respondent cites the following:

The Respondent's Motion for an Order pursuant to DC Code § 23-110 is not moot because it does not determine the following:

1. The Court issued a Release Order on June 7, 2004 and a Bench Warrant on June 24, 2004 in connection with the release that the Court previously authorized. There was no further proceedings in the District of Columbia that the Respondent was scheduled to appear or that the Respondent had notice that he was required to appear at.

2. The Bench Warrant issued by the Court on June 24, 2004 is still outstanding. This the Respondent verified when he visited Special Proceedings Section of the Superior Court where the Respondent was

advised and provided a printout showing that the Warrant was still in effect and in the computerized system. There has been no Order issued quashing the Bench Warrant issued by Judge Kramer on June 24, 2004 and the Respondent stands to be irreparably harmed and severely prejudiced in violation of his constitutional rights under the Due Process Clause of the Fourteenth Amendment. See attached Order for Bench Warrant.

3. The Order issued by the Court June 8, 2006 in this case does not provide whom issued the Release Order and when it was issued, the factual basis, the process and procedure of the Release Order has not been specified.

4. The release of the Respondent was based upon completion and/or expiration of sentence and the Court does not provide when the respondent's sentence was completed and/or expired.

5. The institution, DC Department of Corrections never amended Petitioner's Face Sheet. See attached erroneous Face Sheet issued by the Department of Corrections with the revised release date of 10-2-2006.

6. The motion of Cynthia Nordone was filed:

   a) On the date of petitioner's release and,

   b) After petitioner-respondent had been moved from the Central Treatment Facility (CTF) to the DC Jail on Wednesday, April 26, 2006 for processing his release based upon a predetermination that the petitioner/respondent's sentence had been completed and that the release date previously calculated was erroneous. (The filing of the motion by Cynthia Nordone was merely an eleventh-hour attempt by

    Cynthia Nordone to take credit for actions she had done nothing to facilitate. See 4th Motion to Terminate Cynthia Nordone.

7. See also the following attachments:

   1. Order dated the 22nd day of July 2005 where Judge Kramer had no problem issuing a order denying Petitioner's Motion to Remove Designation of "Escape" from DC Jail on June 23, 2004, "when defendant was picked up on detainer by the Alexandria, Virginia Sheriff", Second Motion for Emergency Release and/or Release and Suspension of Remainder of Sentence," and "Motion for Emergency Medical Furlough." Other order was issued by Judge Kramer pursuant to D.C. Code § 24-241.01 (2001) which require the trial judge to issue orders even while she was an appellate judge.

   2. Respondent submitted notice to the Mayor C/O Risk Management informing the District of Columbia that the Respondent proposed to file suit in order to facilitate his Emergency Release from the DC Department of Corrections.

   3. Memo to the Warden regarding miscalculation of the Release Date for the Respondent.

   4. Motion in *Banks v. Smith,* Case No. 1:04 cv00903 (Judge Royce C. Lamberth) (DCCA No. 02-BG-1374) for Emergency Release.

5. Complaint on May 25, 2005 against the DC Jail that it had miscalculated the release date of the Respondent.

6. Judgment and Commitment Order of Judge Kramer dated June 3, 2004

7. Release Order issued by Judge Kramer dated June 7, 2004.

8. Request for Bench Warrant by Judge Kramer on June 24, 2004.

The above-referenced Bench Warrant issued by Judge Kramer was issued on June 24, 2004. This Bench Warrant is still outstanding. The Court needs to issue an Order quashing the Bench Warrant. There is no order in the record nullifying the warrant

Further, the issues in the Respondent's Motion Pursuant to § 23-110 has not been resolved. See Subject Index Page "i". The Subject Index provides clearly establish Laws of the United States preempt Rule 49 and Order 18 as issues that need to be decided:

**SUBJECT INDEX**

| SUBJECTS | PAGE |
|---|---|
| Clearly Established Law of the United States Preempt Rule 49 and Order 18……………………………………………………………2 | |
| All Contact Actions Alleged by the Government Against the Defendant as having Occurred in the District of Columbia were before Administrative Agencies of the United States ………………………………………………………………..6 | |
| The Injunction, Order 18, is for Vagueness and Violates Rule 65 (D) ……………………………………………………………...7 | |
| The Government Contact Exception Preempts The Court Jurisdiction over the Defendant in Connection with the Defendant's Contacts with the United States Government……………………………………………………..8 | |

Specific Jurisdiction under DC Code § 13-423 "Transacting Business"……………………………………………………………………9

The Government Must Establish Jurisdiction Over the Person……………………………………………………………………...…………10

The Government Failed to Show Regularly Doing Business or Persistent Course of Conduct Sufficient to Satisfy § 13-423 (A) (4) …………………………………………………….10

Submitting an Article that is Published Throughout the Nation does not Constitute Doing or Soliciting Business or Engaging in a Persistent Course of Conduct ………………………………11

The Contacts Doctrine Precludes the Conduct of Dianne Eickman as a Basis for Jurisdiction …………………………………………11

Defendant, a Resident of the State of Virginia from March 1987 to the Present was Authorized by the Laws of Virginia Which Preempt Rule 49 Order 18………………………………………………………………………12

**SUBJECTS**                                                                              **PAGE**

Dianne Eickman, Government Witness, Called Banks from a Location in the District of Columbia to Banks Located in the State of Virginia   ……………………………………………………………13

Entrapment by Estoppel …………………………………………………………….13

Mandamus is the Proper Means to Challenge an On-Going Wrong ……………………………………………………14

Defendant will be Prejudiced and Damaged in Ways Not Correctable on Appeal…………………………………………………………………….………….14

The Government showed no Injury……………………………………………….14

Fifth Amendment and Equal Protection……………………………………………………………...…………..15

Act and Injury Must Occur in the District of Columbia………………………………………………………………….16

The Department of Corrections Erroneously
Calculated Defendant's Release Date as
October 2, 2006 When Defendant Should
be Released on April 7, 2006……………………………………………………17

The Defendant was Subjected to the Harshest
of Sentence Ever Imposed in Connection with
a Rule 49 Violation Charge………………………………………………………18

The Defendant was Subjected to an Unduly
Oppressive Imprisonment in Connection
With the Charge Violation of Rule 49 ……………………………………………..18

Enforcement of Rule 49 an Order Came
Under a Color of State Law ………………………………………………………..18

Enforcement of Order 18
Prohibiting Nationwide Service ……………………………………………………19

Rule 49 is Unconstitutional as it
Has Been Applied to the Defendant ………………………………………………..19

And these issues are listed at pages 2 through 19.

The Respondent submitted the Emergency Motion for Release and to Correct Sentence pursuant to DC Code § 23-110 (1996) DC Code § 16-1901 (1989) and/or in the Alternative Emergency Motion for Mandamus. Respondent is requesting that the Court determine whether the laws of the United States preempt Rule 49 and Order 18, that is at Page 2 of Respondent's Motion. The Respondent is further requesting that the Court make an adjudicatory disposition of the interchangeability of the titles "Hearing Examiner" and "Administrative Law Judge" see page 3 and 4 of Respondent's Motion.

The Respondent further request that Court determine that the **Government Contacts Exception** shows that the Court lacked jurisdiction in connection with the telephone calls of Dianne Eickmann, lack of jurisdiction based upon defendant's interaction with Anthony Thompson, all of the issue set forth on page number 5, 6 and 7.

1. During the trial of the case the Defendant/Respondent raised the issue of lack personal jurisdiction based upon:

    (a) The Government Contacts Exception,
    (b) Lack of jurisdiction in connection with the telephone call Dianne Eickman made from the District of Columbia to the defendant in the State of Virginia,
    (c) Lack of jurisdiction based upon defendant's interaction with Anthony Thompson,
    (d) Lack of jurisdiction based upon pleadings submitted to the United States Department of Education located in the District of Columbia and because there was no testimony from any employee of the United States Department of Education who testified that it received the letter and that acceptance into evidence of the letter referenced by the government based upon hearsay, violated the defendant's rights pursuant to the Confrontation Clause; [1]
    (e) That the defendant's advertisement in the Federal Times, Army Times and Navy Times, located in the State of Virginia and distributed nationally and internationally to employees of the United States Government, did not form a basis for jurisdiction (see Government Contacts Exception),
    (f) In that Rule 49-Order 18, requiring the defendant to state in advertisement, stationery, document that the defendant was trading as Job Protectors, when the defendant was trading as Judge Banks' Group, and requiring the defendant to state that he was not authorized to render any opinion on anyone's legal rights, was preempted by the Supremacy Clause. See *Sperry v. State of Florida*, 373 U.S. 379 (1963),
    (g) And that Rule 49 – Order 18 conflicted with the defendant's rights under the laws of the United States which authorized the defendant's practice and defendant's related conduct in connection with defendant's practice out of an office located in the State of Virginia. (See footnote setting forth the laws of the United States that authorize the defendant's practice which preempt Rule 49-Order 18;
    (h) The defendant's telephone call-forwarding telephone number located in cyberspace which automatically call forwarded to defendant's telephone number in the State of Virginia cannot and does not afford jurisdiction upon the District of Columbia Courts over the defendant,
    (i) And that defendant's listing of business and telephone number located in the State of Virginia, is authorized by the defendant's business license and rights under the laws of the State of Virginia which preempt the DC Court Rule 49- Order 18 Injunction as well as such Injunction is outside the territorial jurisdiction of District of Columbia Courts and District of Columbia Code. See Defendant's Memorandum and Supplemental Memorandum on Jurisdiction, and

---

[1] See *Crawford v. Washington*, 541 US at 38, 124 S.Ct. at 1357. U.S. Const. Amend VI

    (j)   And defendant's advertisement in radio station which broadcast in Maryland, Virginia, and the District of Columbia is protected by the Commerce Clause and the Supremacy Clause.

### ALL CONTACT ACTIONS ALLEGED BY THE GOVERNMENT AGAINST THE DEFENDANT AS HAVING OCCURRED IN THE DISTRICT OF COLUMBIA WERE BEFORE ADMINISTRATIVE AGENCIES OF THE UNITED STATES

2. All contact actions alleged by the government against the defendant as having occurred in the District of Columbia were before Administrative Agencies of the United States in connection with the exercise of clearly established rights afforded defendant by the laws of the United States that authorize defendant's practice of law before Administrative Agencies of the United States. ***Id.***

3. The Court failed to provide defendant counsel at sentencing, and the Court erred when it did not inquire of defendant whether defendant wished to have counsel appointed and available at sentencing given the fact that defendant's position changed drastically when defendant was stepped back and incarcerated on April 8, 2004, without prior notice and held in the custody of Department of Corrections until June 3, 2004, the date of sentencing. This error violated defendant's Constitutional Right pursuant to the Sixth Amendment of the Constitution, the Right to Counsel. Because of the sua sponte arrest on April 8, 2004 and the Summary Proceedings on June 3, 2004, the defendant was unable to bring this claim at trial. The defendant never waived right to counsel. Moreover, the extent of inquiry before accepting a waiver of counsel at sentencing the Court never engaged in pursuant to the requirement of *Von Moltke v. Gillies*, 332 U.S. 708 (1948), *Moore v. Michigan*, 355 U.S. 155 (1957); *Robins v. United States*, 404 U.S. 1049 (1972 dissenting opinion). See also *Boyd v. Dutton*, 405 U.S. (1972). See also *Iowa v. Tovar*, 541 U.S. --, 124 S.Ct. 1379 (2004).

4. While the defendant did argue that the Court's enforcement of the Injunction, Order 18, requiring that defendant must state falsely that he was trading as "Job Protectors" when defendant was not, defendant was trading as "Judge Banks' Group", this was in conflict with the truth, the evidence and the facts. However, defendant did not articulate specifically that the Order was void for vagueness. Defendant did argue that defendant was misled into believing the Order was conflicted when the truth was unenforceable because it conflicted with the truth. Defendant did not argue that the Order, however, violated Rule 52, and nevertheless ought to be allowed to argue it in the present scenario and context of the instant motion.

The contention of Respondent that all contact actions alleged by the government against the defendant as having occurred in the District of Columbia were before Administrative Agencies of the United States and thus are protected.  See Page 6 of the Respondent's Motion.

The Respondent further request the Court to determine that Order 18 is unconstitutional vague and violates Rule 65 (d) and the Supremacy Clause.  See Respondent's Argument at Page 7 and 8 of Respondent Motion.

The Respondent request the Court make a determination that specific jurisdiction under DC Code § 13-423 of "Transacting Business" precludes jurisdiction of the Court in this case and in support the respondent refers to page 9 and 10 of Respondent's Motion.  The Respondent further at 10 of Respondent's Motion showed that a single responsive mailing cannot constitute meaningful contact under the Burger King Case.  The Respondent wishes the Court to determine the issues set forth at Page 10 of Respondent's Motion that the government must establish jurisdiction over the person and that the government failed to show regularly doing business or persistent course of conduct sufficient to satisfy § 13-423 (a) (4).

The Respondent further request that Court determine the issues set forth on page 11 on Respondent' Motion where petitioner points out that submitting an article that is published throughout the nation does not constitute doing or soliciting business or engaging in persistent course of conduct.

The Respondent further requests that the Court determine the Contacts Doctrine precludes the conduct of Dianne Eickman as a basis for jurisdiction.  See Page 11 through 12 Respondent's Motion.

The Respondent further request that the Court determine in that Respondent is a resident of the state of Virginia from March 1997 to the present date was authorized by the laws of Virginia which preempt Rule 49, Order 18. The Respondent in support submits the arguments of Respondent at Page 12 of Respondent's Motion pursuant to 23-110.

The Respondent further at Page 13 of Petitioner's Motion the Respondent submits argument on the basis of entrapment by estoppel. The Respondent is requesting that the Court issue an Order determining that the actions of Dianne Eickmann and others involved in the case subjected the Respondent to entrapment and that these actions of the government in this case triggered petitioner's rights under the Doctrine of Entrapment by Estopell. As set forth by the Respondent at Page 13.

The Respondent is further requesting that the Court determine the issues pursuant to a Mandamus as set forth a Page 14 of Respondent's Motion which provides Mandamus is the proper means to challenge an on-going wrong and that defendant will be prejudiced and damaged in ways not correctable on appeal and that the government has shown no injury. See Page 14 of Respondent's Motion pursuant to DC Code 23 § 110, et seq.

The Respondent further request the Court to make a determination pursuant to the Equal Protection Clause and the First Amendment Rights of the Petitioner as set forth in Respondent's arguments on Page 15 and 16 of Respondent's Motion.

The Respondent further request the Court to determine that an injury must occur in the District of Columbia in order for the Court to have jurisdiction and the Respondent submit his argument cited at page 16 through 17 of Respondent's Motion pursuant to Rule §23-110, supra.

The Respondent request the Court further determine that the Department of Corrections erroneously calculated Respondent's Release Date as October 2, 2006 when the defendant should have been released at an earlier date.  The Respondent request that the Court issue an Order determining specifically when Respondent's sentence was complete not just "when Respondent was eligible to be released but when the Respondent actually had a right to be released based upon the expiration of his sentence, and give the date the sentence expired.  The Respondent wants an Order resolving this issue on point.

The Respondent further request the Court to determine the issues set forth at Page 18 of Respondent's Motion that the respondent was subjected to an unduly oppressive imprisonment in connection with the charge violation of Rule 49 and that the enforcement of Rule 49 Order came under color of state law.  The Respondent wants a an adjudicatory disposition of this point.

The Respondent further wants a order determining that enforcement of Order 18 prohibition nationwide service violated the respondent's Constitutional rights under Commerce Clause.

The Respondent further request that the Court determine that Rule 49 is unconstitutional as it has been applied to the Respondent.  In support of this request the Respondent cites Page 19 through 20 of Respondent Motion pursuant to DC Code § 23-110 (1996).

Wherefore the Respondent submit that Respondent's, Pro Se Motion pursuant to DC Code § 23-110 is not moot and that the Court is required to make an adjudicatory disposition upon all the issues set forth in Respondent's Motion for the reasons, arguments and legal authority set forth in the Respondent's Motion.

_____
Simon Banks, J.D., Pro se

### CERTIFICATE OF SERVICE

I, hereby certify that a copy of this pleading was hand delivered to the following, this 21st day June, 2006:

Via facsimile to:
Attorney General for the District of
Columbia
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001

Roy McLeese, III
Assistant U.S. Attorney
U.S. Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530

John D. Griffith, Asst. US Atty.
Judicial Center Bldg.
555 4th Street, N.W.
Washington, DC  20001

_____
Simon Bank, J.D., Pro se
P.O. Box 17052
Alexandria, VA  22302