**BEFORE THE DISTRICT OF COLUMBIA COURT OF APPEALS**
**v.**

**DISTRICT OF COLUMBIA COURT OF APPEALS, Appellee**

(Improvidently titled by the Clerk of the District
of Columbia Court of Appeals)

No. 04-SP-789

**SIMON BANKS, Appellant**

**v.**

**UNITED STATES, Appellee**

August 8, 2007

**APPELLANT, PRO SE MOTION EN BANC PURSUANT TO §23-110 FOR AN ORDER DIRECTING THE DESIGNATED DC CODE §23-110 JUDGE TO MAKE EVIDENTIARY RULINGS**

**The appellee reserved its position with respect to the instant motion**

This is to note the filing of **Simon Banks**, **Pro Se Motion En Banc,** pursuant to DC Code §23-110, for an order directing the designated §23-110 Judge, the Honorable Ann O'Regan Keary, and/or her replacement, (§23-110 Judge) to make evidentiary rulings upon the appellant's emergency motion pursuant to DC Code §23-110 for Release and to Correct Sentence, filed on April 12, 2006, and Motion for Declaratory Judgment, pursuant to DC Code §23-110, filed on August 16, 2006.

The appellant further petition this Honorable Court for an order directing the §23-110 Judge to make evidentiary rulings regarding the following, with and/or without an evidentiary hearing, should there be sufficient evidence in the record.

***BEFORE THE DCCA, IN RE SIMON BANKS-SP-789***
***IMPROVIDENTLY TITLED SIMON BANKS V. UNITED STATES, 04-SP-78***

In support the appellant incorporate by reference **Simon Banks**, **pro se Appellant, Motion En Banc, pursuant to DC Code § 23-110 (2001) to Setaside the Decision of the Per Curiam Panel.**

The appellant's rights to the requested relief are clear and indisputable.

The appellant has no other adequate means to obtain at law to obtain the requested relief.

The appellant, pro se, petition this Honorable Court for an order directing the §23-110 Judge as follows:

1. **Vacate the style of the case, Simon Banks v. United States of America, and change it to Simon Banks v. District of Columbia Court of Appeals, and/or change it to such other appellee as is appropriate and legal.**

In support the appellant relies upon appellant's en banc motion to dismiss the United States as the Appellee. In further support the appellant state, the fact that there is no showing of any federal interest, any violation of any laws of the United States. Moreover, the United States Attorney was not brought into the case for purposes of representing the United States or any order issued by any United States Judge, it was brought into the case to prosecute the appellant for allege violation of Order 18, issued by Superior Court Judge Richard Levie, and the appeal is an appeal from an order issued from the case styled In Re Simon Banks 02-BG-1317.

2. **Vacate the bench warrant issued on June 24, 2004 by Judge Noel Anketell Kramer.**

**BEFORE THE DCCA, IN RE SIMON BANKS-SP-789**
***IMPROVIDENTLY TITLED SIMON BANKS V. UNITED STATES*, 04-SP-78**

In support the appellant relies upon the court's record, the docket sheet, and the fact that the appellant received no notice of any proceeding that he was required to attend and did not attend pursuant to any order of the trial court or any Judge of the District of Columbia, and the bench warrant otherwise is unnecessary and unwarranted.

3. **Vacate the fine imposed for victim compensation**

In support the appellant relies upon the record and the transcript of proceedings. There were two client witnesses that testified, Anthony Thompson and Cynthia Frank. Anthony Thompson was a reluctant witness whom testified that he was not a disgruntled client, and that he did not file any complaint and that the appellant rendered services to him that he requested and contracted with the appellant for in the State of Virginia. See Testimony of Anthony Thompson, referenced in the appellant's pro se brief, dated November 16, 2004, and attached as an exhibit to "Appellants Exhibits 29 and 30 to Appellant's Petition pursuant to DC Code §23-110 to Setaside the decision of the Per Curiam Panel, and in support of Appellant, Pro Se, Petition for Amended Petition for Rehearing En Banc, Motion for Declaratory Judgment, and Petition for Mandamus **(hereinafter "Appellant's Exhibits 29 and 30")** At 50 of Exhibit 30 shows that there was an insufficiency of evidence regarding the testimony of Anthony Thompson to convict the appellant on any of the four counts.. See **Appellant's Exhibit 30,** Tr221, Tr225, Tr226, Tr227, Tr231, Tr233, Tr234, Tr236.

**Cynthia Frank's Testimony**

With respect to the testimony of Cynthia Frank, there was insufficient evidence to convict the appellant on any of the four counts. Moreover, Cynthia Frank was called to

3

**BEFORE THE DCCA, IN RE SIMON BANKS-SP-789**
***IMPROVIDENTLY TITLED SIMON BANKS V. UNITED STATES,* 04-SP-78**

the stand as a collateral witness, called by the Government, even though she was not part of any of the government complaints lodged against the appellant. There was insufficient of evidence to support the court's determination that Cynthia Frank was a victim, sufficient to subject the appellant to sanctions regarding any victim, coupled with the fact that Frank was a collateral witness called outside of the government's complaint timeframe. to determine that she, Cynthia Frank, was a victim, to support the Court order assessing a victim penalty against the appellant. See **Appellant's Exhibit No. 30,** At 49 There was insufficient evidence to confer jurisdiction upon the court with respect to the testimony of Cynthia Frank (a collateral witness) to support the court's conclusion that the appellant was a danger to the community. See testimony of Cynthia Frank, Tr367-368, Tr356-363; Tr348-349; Tr352, Tr339, Tr.366.

4. **Vacate the $4000 fine imposed because it was excessive, cruel and unusual punishment, which is in addition to 2 years and 40 days served by the appellant, and violated the Appellant's rights pursuant to Eighth amendment.**

    The appellant relies upon the Eighth Amendment, and the fact that the sentence imposed by the court was the most severe in connection with any comparable alleged offense assessed by the court, historically for violation of a speech restraint order imposed by the Court for contempt of court connected with legal services. In addition, the punishment imposed substantially outweighed the offense committed. The appellant further relies upon the appellant's en banc motion pursuant to §23-110 to set aside the decision of the per curiam panel.

**BEFORE THE DCCA, IN RE SIMON BANKS-SP-789**
*IMPROVIDENTLY TITLED SIMON BANKS V. UNITED STATES,* **04-SP-78**

**5.    Vacate the order denying appellant appeal bond imposed upon the appellant in connection with Cynthia Frank, as evidence of appellant being a danger to the community, on the basis that there was insufficiency of evidence to support the conclusion that the appellant was a danger to the community.**

The appellant relies upon the record which does not contain facts that there was sufficient evidence on the record, given the appellant non- violent history and no previous felony convictions, to support the conclusion that the appellant was a danger to the community.  Moreover, there was insufficient evidence in connection with the testimony of Cynthia Frank for this court to determine that the appellant was a danger to the District of Columbia Community or any community.  **See Appellant's Exhibit 29 *Id.*,** At 49. There was insufficient evidence to confer jurisdiction upon the court with respect to the testimony of Cynthia Frank (a collaterial witness) See Tr367-368, Tr356-363; Tr348-349; Tr352, Tr339, Tr.366.

In addition, there was no evidentiary proof of dangerousness, and the court made such determination arbitrarily, and capriciously without evidentiary support and based upon a conclusive presumption.  **See**   *Kansas v. Hendricks*, 521 U.S. 346 (1997);  in which the court stated confinement may be sustained  provided the confinement takes place pursuant to proper procedures and evidentiary standards. *Foucha v. Louisiana,* 504 U. S. 71, 80. The Act unambiguously requires a precommitment finding of dangerousness either to one's self or to others, and links that finding to a determination that the person suffers from a "mental

**BEFORE THE DCCA, IN RE SIMON BANKS-SP-789**
***IMPROVIDENTLY TITLED SIMON BANKS V. UNITED STATES*, 04-SP-78**

abnormality" or "personality disorder." Generally, this Court has sustained a commitment statute if it couples proof of dangerousness.

The Supreme Court held, *Vitek v. Jones*, 445 U.S. 480, 492 . Due process requires that the nature of commitment bear some reasonable relation to the purpose for which the individual is committed. See, e.g., *Jones v. United State*, supra, at 368. Second, if he can no longer be held as an insanity acquittee in a mental hospital, he is entitled to constitutionally adequate procedures to establish the grounds for his confinement. *Jackson v. Indiana,* 406 U.S. 715 . Third, the substantive component of the Due Process Clause bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them. *Zinermon v. Burch*, 494 U.S. 113, 126 .

"The Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions `regardless of the fairness of the procedures used to implement them.'" *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). See also Salerno, supra, at 746; *Daniels v. Williams*, 474 U.S. 327, 331 (1986). Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action. *Youngberg v. Romeo*, 457 U.S. 307, 316 (1982).

**6.     Direct the §23-110 Judge to issue an order vacating the sentence served by the appellant subsequent to the June 7, 2004 release from custody order, signed the Honorable Noel Anketell Kramer, on the basis that the continued incarceration and rearrest of the appellant when the appellant was transferred back to the District of Columbia from his uninterrupted**

**BEFORE THE DCCA, IN RE SIMON BANKS-SP-789**
***IMPROVIDENTLY TITLED SIMON BANKS V. UNITED STATES,*** **04-SP-78**

> **incarceration in Virginia, on December 17, 2004, was unconstitutional, and a violation of due process.**

The appellant relies upon the Order issued by the Honorable Noel Anketell Kramer, dated June 7, 2004, releasing the appellant from custody in connection with the four charges charged against the appellant by the government, upon which the two-year sentence was imposed. Moreover, the record does not contain any order vacating the June 7, 2004 order. As such, the June 7, 2004 release order remain in effect and the appellant ought to have been released from custody as required by the court's June 7, 2004 order.

7. **Direct the 23-110 Judge and/or its designee, to dissolve Order 18 and the 1987 injunction, on the basis that it is unwarranted, coupled with the fact that the appellant has been a resident of the State of Virginia for 10 years and has not operated any business out of any offices located in the District of Columbia related to practicing law before administrative agencies of the United States for some 10 years.**

The appellant relies upon the record, that the appellant, from 1987 to the present, was a resident of the State of Virginia, excepting the time the appellant was incarcerated in the District of Columbia, and the fact that the appellant has not operated any business or service out of any office located in the District of Columbia, touching and concerning representation of parties before administrative agencies, and the activities prohibited by Order 18. The appellant has filed numerous Motions and Petitions for dissolve and vacate the injunction,

7

**BEFORE THE DCCA, IN RE SIMON BANKS-SP-789**
***IMPROVIDENTLY TITLED SIMON BANKS V. UNITED STATES*, 04-SP-78**

Order 18, and there has been no disposition regarding any of these motions by the appellate court. Moreover, justice mandates the dissolution of Order 18 and the vacating of the 1987 injunction. The appellant relies upon appellant's en banc motion pursuant to §23-110 to set aside the decision of the per curiam panel.

**8.      Direct the 23-110 Judge and/or its designee to direct the Department of Corrections to correct appellant's release records showing the appellant's release date, releasing the appellant from custody of the Department of Corrections, as June 7, 2004.**

The appellant relies upon the Order issued by the Honorable Noel Anketell Kramer, dated June 7, 2004, releasing the appellant from custody in connection with the four charges charged against the appellant by the government, upon which the two-year sentence was imposed. Moreover, the record does not contain any order vacating the June 7, 2004 order. As such, the June 7, 2004 release order remain in effect and the appellant ought to have been released from custody as required by the court's June 7, 2004 order.

The appellant further relies upon the Order issued by the Honorable Ann O'Regan Keary, dated June 8, 2006, in connection with the Judge's designation as temporary judge to resolve the appellant's Emergency DC Code §23-110 Emergency Motion for credit for time served, Immediate release and to Correct Sentence, filed April 12, 2006, which also attach "inmate record" from the DC Department of Corrections, showing the appellant re-arrest on 12-17-2004 with a release date of April 28, 2004, and a "short-term" and full-term release date of 3/20/2006. **It is now one year, 3 months and 18 days since the appellant filed**

8

**BEFORE THE DCCA, IN RE SIMON BANKS-SP-789**
***IMPROVIDENTLY TITLED SIMON BANKS V. UNITED STATES*, 04-SP-78**

**his Emergency DC Code §23-110 Motion, and one year and 40 days since Judge O'Regan Keary issued her June 21, 2006 order, which also required the appellant to show cause why the DC Code §23-110 motion should be denied as moot. See also appellant's response to the show cause order.** As of the present date, there has been no disposition of the appellant's Emergency Motion pursuant to DC Code §23-110, for release, correction of sentence imposed filed on April 12, 2006. See also, appellant's response to the show cause order issued by the Hon. Ann O'Regan Keary on June 21, 2006.

9. **Direct the 23-110 Judge and/or its designee to reach an adjudicatory disposition on the appellant's DC Code §23-110 Motion for release from custody and correct sentence imposed, based upon the records in evidence.**

The appellant relies upon the reliances set forth at ¶¶ 6-8 above as if pleaded fully and completely herein.

With respect to the above, see description of Exhibits 29 and 30 below.

| Exhibit No. | Description |
|---|---|
| 29 | Plaintiff's (Appellant herein) Supplemental Brief (Part II) in Support of Petition for Writ of Habeas Corpus, dated April 15, 2005, *Simon Banks v. Steven Smith,* Case No. 04cv00903, DCCA No. 02-BG-1374, RCL, which contain, at 3-4 Territorial scope of DCCA, at 7-9 Rule 49 is unconstitutional per se and as applied to appellant, At 3-66, 68 insufficiency of evidence to convict, at 67 "trial court withheld its disposition upon the jurisdictional issues until 3 minutes before the end of the trial and arguments, at 69 court erred in denying appellant right to call Thomas Zeno as a witness, and Zeno issuing false and fraudulent grand jury subpoenas, at 69-70 violation of ex post facto, at 71-72 deprived appellant of right to contract, liberty of interest of practicing |

**BEFORE THE DCCA, IN RE SIMON BANKS-SP-789**
*IMPROVIDENTLY TITLED SIMON BANKS V. UNITED STATES,* **04-SP-78**

| | |
|---|---|
| | law before administrative agencies that do not require a state bar license |
| 30 | **Appellant's Pro Se Brief, dated Nov. 16, 2005, which contain argument**: at 5-6 territorial limits of DCCA, at 6-10 federal laws that authorize appellant's federal practice of law before administrative agencies of the United States, at 12, lack of jurisdiction of the trial court to issue the show cause order to appellant, at 14 appellant noted that he appeared specially at all times relevant, at 14-24 insufficiency of the evidence, at 25 Motion to recuse the court, At 25-28 lack of jurisdiction with respect to the federal times, at 28-29 lack of jurisdiction with respect to telephone numbers 703 575-8487 and 202 347-5458 (Call forwarding No. forwarded in cyberspace), at 30 perjury re Gregory Pack, At 31-33 lack of jurisdiction re WJZW-FM, 105.9; At 33 Sham Grand Jury Subpoena; at 34-45 Perjurious testimony of Alvin Milton; at 45-46 Judge Kramer, Candidate for Associate Judge of the DCCA covered up perjury committed by her friend Alvin Milton and subornation of perjury committed by John Griffith, AUSA, At 46-47 There was insufficiency of evidence to declare appellant a danger to the community, the sentence imposed by the court was in retaliation against the appellant for participating in protected conduct and because of inherent conflict of interest, at 47 lack of jurisdiction over the appellant; at 48 Territorial limits of District of Columbia Local Courts; At 49 There was insufficient evidence to confer jurisdiction upon the court with respect to the testimony of Cynthia Frank (a collateral witness) See Tr367-368, Tr356-363; Tr348-349; Tr352, Tr339, Tr.366, At 50 Insufficiency of evidence regarding the testimony of Anthony Thompson. See Tr221, Tr225, Tr226, Tr227, Tr231, Tr233, Tr234, Tr236. |

**The appellant incorporate by reference the appellant pro se en banc motion for relief pursuant to DC Code §23-110 to setaside the decision of the per curiam panel.**

**The appellant incorporate by reference, "Simon Banks, en banc List of Exhibits Connected with Cynthia Nordone Ineffective/Conflicted, Appointed Appeal Counsel, In Support of the Appellant's Motion En Banc pursuant to DC Code §23-110 (2001) to setaside the decision of the per curiam panel**

### MEMORANDUM OF POINTS AND AUTHORITIES

There is no adequate relief at law.

The duties sought are not discretionary.

**BEFORE THE DCCA, IN RE SIMON BANKS-SP-789**
**IMPROVIDENTLY TITLED SIMON BANKS V. UNITED STATES, 04-SP-78**

The appellant meets the requirements for entitlement to the relief requested.

"It is well established that the writ of mandamus is an extraordinary remedy, available only in those few cases where a trial has refused to exercise or has exceeded its jurisdiction." *Banov v. Hon. Henry Kennedy,* 694 A.2d 850, 857 (D.C. 1997) (citing *Roche v. Evaporated Milk Ass'n,* 319 U.S. 21, 26 (1943)); *See also, Bowman v. United States,* 412 A.2d 10, 12 (D.C. 1980). "The right is 'clear and indisputable' and that he 'has no other adequate means to obtain relief.'" *Banov,* 694 A.2d at 857 (*citing Stebbins,* 673 A.2d at 193) "[I]s primary use is 'to confine [a]…court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so,'" *Bowman,* 412 Ad at 12 )quoting *Roche,* 319 U.S. at 26). The appeals court has jurisdiction to issue the writ to the trial court that could obviate or change the focus of the appeal's court review. See DC Code §23-110(f). **See** *Carter v. Cathedral Ave. Coop., Inc.,* 532 A.2d 681, 684 (D.C. 1987); *Swidler & Berlin, Chartered,* 745 A.2d 334, 337 (D.C. 2000)

---

**Dr. Simon Banks, J.D.**
**P.O. Box 17052**
**Alexandria, Va. 22302**
**703 965-5637**
**drsbanks@msn.com**

***BEFORE THE DCCA, IN RE SIMON BANKS*-SP-789**
***IMPROVIDENTLY TITLED SIMON BANKS V. UNITED STATES*, 04-SP-78**

CERTIFICATE OF SERVICE

I, hereby certify that a copy of this pleading was hand-delivered and/or mailed, postage prepaid, and/or sent via electronic mail, and/or hand-delivered, this 8th day of August, 2007, to:

John P. Mannarino, Esq. AUSA
555 4th Street, N.W.
Washington, D.C. 20305
Jeffrey A. Taylor, Esq. AUSA
W. McLeese, III, AUSA
Lisa Schertler and
John D. Griffith

_____
**Dr. Simon Banks, J.D.**
**P.O. Box 17052**
**Alexandria, Va. 22302**
**703 965-5637**
**drsbanks@msn.com**