**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

SIMON BANKS                          )
                                     )
                                     )
              Plaintiff,             )
       v.                            )        Civil Action No. 05-1514 (ESH)
                                     )
                                     )
S. ELWOOD YORK, JR., et al.          )
                                     )
              Defendants.            )
_____)

**DISTRICT DEFENDANTS', OPPOSITION TO PLAINTIFF'S**
**MOTION FOR RECONSIDERATION**

Pursuant to Fed.R.Civ.P. 59(e) and 60(b)(6) and Local Rule 7, Defendant, the District of

Columbia (hereinafter "the District") and Devon Brown (hereinafter "Director Brown")

(collectively "the District Defendants" or "Defendants"), by and through undersigned counsel,

respectfully oppose Plaintiff's request for reconsideration of the Court's Order dated September

17, 2007 in the above-captioned case.

## I.  BACKGROUND

On September 17, 2007, this Court dismissed Count V of Plaintiff's third amended

complaint, which alleged violations of Plaintiff's constitutional rights arising from his extradition

on detainer to Alexandria, VA.  Mem. Op. pages 22-23. (*See*, Third Amended Complaint (TAC)

¶¶ 166-174).  The Court took judicial notice of the *Superior Court Order for Return of Fugitive*

*Upon Waiver* dated June 18, 2004, which buttressed the District Defendants' executive authority

to detain and extradite plaintiff pursuant to the order.  Mem. Op. pages 22-23.  Plaintiff moved

this court to reconsider dismissal of Count V on October 4, 2007, 17 days after entry of the court

1

order dismissing Count V of Plaintiff's complaint pursuant to Fed. R. Civ. Pro. 59(e) and 60(b)(6), neither of which provides the requested relief on the facts alleged by Plaintiff.

## II.  LEGAL ARGUMENT

### A.  *Plaintiff's Motion Does Not Lie under Rule 59*

Rule 59(e) of the Federal Rules of Civil Procedure states that any motion to alter or amend a judgment "shall be filed no later than 10 days after entry of the judgment."  Plaintiff filed his motion 17 days after entry of the Court's order.  Therefore, Plaintiff's motion cannot lie under Rule 59 since it is plainly untimely.

Moreover, there are limits to what types of issues can be brought under a timely Rule 59 motion. Rule 59 motions "[m]ay not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Wright, *et al.*, 11 Federal Practice and Procedure (1995), § 2810.1, pp. 127-128. Plaintiff merely reiterates the same pleading set forth in his Third Amended Complaint (propriety of the detainer) and presents the same evidence that was raised prior to entry of judgment. Thus, even if it were timely, Plaintiff's motion would not lie under Rule 59.

### B.  *Rule 60 (b) Does Not Apply*

Rule 60(b) of the Federal Rules of Civil Procedure sets forth six grounds under which a party may move the court for relief from an order, final judgment, or other proceeding. It states:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud * * *; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

A "motion for relief under Rule 60(b) must be shaped to the specific grounds for modification or reversal enumerated in the rule * * *." Moore, *et al.*, 12 Moore's Federal Practice (2006), §59.05[7][b]. Plaintiff's motion sets forth none of the specific grounds enumerated in Rule 60 for reconsideration or modification of the order. Therefore, Plaintiff has failed to demonstrate that he is entitled to relief under Rule 60.

Furthermore, "Rule 60 is not a substitute for appeal, and motions under the rule have been denied when made to avoid the party's decision to settle the litigation or forego an appeal, after a deliberate dismissal, or when the defendant voluntarily elects not to appeal." Wright, *et al.*, 11 Federal Practice and Procedure (1995), § 2851, p. 230. Here, Plaintiff has or had an option to appeal the dismissal of Count V; yet voluntarily chose not to pursue that option. Plaintiff is not entitled, therefore, to relief under Rule 60.

Rule 60(b) motions are intended to preserve the delicate balance between the sanctity of final judgments and the command that justice be done in light of all the facts. *Douglas v. Kemp*, 721 F. Supp. 358, 360 (D.D.C. 1989). *See also Latham v. Wells Fargo Bank*, 987 F.2d 1199, 1203 (5th Cir. 1993) ("a Rule 60(b) motion may not be used as a substitute for a timely appeal")*; Friedman v. Wilson Freight Forwarding Co.*, 320 F.2d 244, 247 (3rd Cir. 1963) (failure to raise an available contention by a direct appeal, followed by an attempt to litigate the matter under Rule 60(b), is not a proper use of that Rule); *Frew v. Hawkins*, 401 F. Supp. 2d 619, 668, n. 80 (E.D. Tex 2005) ("Rule 60(b) is not simply a second chance for Defendants to litigate Plaintiffs' claims on the merits"). Plaintiff's motion is merely a substitute for the appeal of this Court's decision, alleging the same issues which Plaintiff abandoned. Plaintiff's motion should be denied on these grounds alone. However, District Defendants show below that Plaintiff's motion also fails to come within the specific grounds set forth in Rule 60(b)(6).

### C.  Plaintiff's Motion Fails Meet the Exceptional Circumstances Requirement of Rule 60(b)(6)

Rule 60(b)(6) provides a procedure by which a party may be relieved of a final judgment for "any other reason justifying relief from the operation of the judgment." In order to be relieved of a judgment based on Rule 60(b)(6), the moving party is required to show exceptional or extraordinary circumstances. *Ackermann v. United States*, 340 U.S. 193, 199-202 (1950); *Klapprott v. United States*, 335 U.S. 601, 613 (1949); *Raymond J. Van Skiver v. United States*, 952 F.2d 1241, 1244-1245 (10th Cir. 1991). Here, Plaintiff has made no showing of exceptional or extraordinary circumstances that would justify reconsideration of this Court's order.  In fact, the renewed pleading for reconsideration is a mere reiteration of the allegations set forth in plaintiff's third amended complaint.  (See, TAC, ¶¶ 166-174).  Plaintiff fails to cite to any new case law or dispositive facts that would compel this Court to accede to his request for extraordinary relief.

Plaintiff cannot use this catch-all provision as a way to appeal this Court's earlier judgment.  "In particular, it ordinarily is not permissible to use this motion [Rule 60(b)(6)] to remedy a failure to take an appeal." Wright, *et al.*, 11 Federal Practice and Procedure (1995), § 2864, pp. 359-360. *See also Ackermann v. United States*, *supra*, 340 U.S. at 198 (the petitioner cannot be relieved of his decision not to appeal "because hindsight seems to indicate to him that his decision * * * was probably wrong"); *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) ("Rule 60(b)(6) motions are not substitutes for timely appeals").  Plaintiff has missed his opportunity to appeal the dismissal of Count V.  There is no manifest reason to afford Plaintiff a second bite at the apple.

### III.  CONCLUSION

For all the above-stated reasons, Plaintiff's motion for reconsideration of the Court Order

dismissing Count V of Plaintiff's Third Amended Complaint should be denied.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE  C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Ellen A. Efros
ELLEN A. EFROS
Chief, Equity I

/s/ Denise J. Baker
DENISE J. BAKER
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)