fIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Dr. Simon Banks, J.D.<br>P.O. Box 17052<br>Alexandria, VA  22302,<br><br>    Plaintiff,<br>  v.<br><br>DEVON BROWN, DIRECTOR DC DEPARTMENT<br>OF CORRECTIONS<br>1923 VERMONT AVENUE, NW<br>WASHINGTON, DC 2003, et al.<br>102 WOODMONT BOULEVARD, SUITE 800<br>NASHVILLE, TN  37205<br><br>JOHN CAUFIELD, WARDEN<br>CENTRAL TREATMENT FACILITY (CTF)<br>CORRECTIONS CORPORATION OF AMERICA<br>1901 E. STREET, S.E.<br>WASHINGTON, DC 20003,<br><br>    Defendants. | Civil Action No. 05-1514 (ESH) |

## DEFENDANT CAULFIELD'S MOTION TO STRIKE PREMATURE NOTICE OF APPEAL

  Defendant John Caulfield moves to strike Plaintiff's Notice of Appeal filed on October 3, 2007 [Dkt. #127]. The Trial Court's Order of September 17, 2007 is not a final judgment, and Plaintiff is not entitled to interlocutory review. Therefore, Plaintiff's motion appealing that Order is premature and should be stricken.

  This motion is supported by the following Memorandum of Points and Authorities and the pleadings on file with the Court.

1834471.1

## MEMORANDUM OF POINTS AND AUTHORITIES AND AUTHORITIES

### Introduction

On September 17, 2007, this Court entered an Order [Dkt. #120] dismissing Plaintiff's claims against Defendant Caulfield, among other things. The Order did not, however, dispose of the entire case. Indeed, claims remain against the District of Columbia (some of which parallel claims against Defendant Caulfield) and Defendant Devon Brown individually. Despite this interim state, Plaintiff erroneously purports to both appeal the September 17 Order [Notice of Appeal at Dkt. #127] and have this Court reconsider a portion of the same Order [Motion for Reconsideration at Dkt. #124]. This type of procedural gymnastics/piecemeal litigation is precisely what the finality requirement (D.C. Code § 11-721(a) (2001)) was designed to preclude.

### Jurisdiction

Generally, a trial court loses jurisdiction to proceed with a case when a notice of appeal is filed. *Arthur v. Arthur*, 452 A.2d 160, 162 (D.C. 1982). However, where there is no final order or judgment pursuant to D.C. Code § 11-721(a) (2001), the Court of Appeals does not have jurisdiction to review issues "[s]o long as the matter remains open, unfinished or inconclusive." *McDiarmid v. McDiarmid*, 594 A.2d 79, 81 (D.C. 1991). Lack of finality in the lower court is a bar to appellate jurisdiction. *Rolinski v. Lewis*, 2003, 828 A.2d 739 (D.C. 2003).

Because this matter is still open and unfinished (i.e., claims and parties remain in the case), this Court maintains jurisdiction over all issues, including those concerning Defendant Caulfield. *Dyer v. William S. Bergman & Associates, Inc.*, 635 A.2d 1285, 1287 (D.C. 1993) ("[w]hen an appeal is prematurely filed, we lack jurisdiction to decide the substantive claims

raised on appeal because jurisdiction of the case is retained by the trial court.) Thus, this Court should strike the Notice of Appeal as premature and procedurally defective. If Plaintiff questions this Court's authority to proceed, he could seek a writ of prohibition. *Hammond v. Weekes*, 621 A.2d 838, 841 (D.C. 1993).

**Plaintiff's Appeal is Not Ripe Under D.C. Code § 11-721**

Appellate jurisdiction is statutorily limited to review of "final" orders and judgments of the Superior Court of the District of Columbia. *Dye*, 635 A.2d at 1286-87 (quoting D.C. Code § 11-721 (1989)). For an order to be "final" and therefore appealable, it must finally dispose of the entire case on its merits. *Trilon Plaza Co. v. Allstate Leasing Corp.*, 399 A.2d 34, 37 (D.C. 1979). To be sure, section 11-721 has been interpreted similar to the federal finality statute, 28 U.S.C.A. §129—to prohibit appeal from tentative, informal, or incomplete decisions. *McDiarmid*, 594 A.2d at 81. Consequently, as long as matters remain open, "'there may be no intrusion upon appeal.'" *Id.* (quoting *Trilon Plaza Co. v. Allstate Leasing Corp.*, 399 A.2d 34, 37 (D.C. 1979)). The finality requirement serves important policy goals of preventing unnecessary delays resulting from piecemeal appeals and refraining from deciding issues which may eventually be mooted by the final judgment. *Rolinski*, 828 A.2d at 739 (D.C. 2003).

Here, Plaintiff does not argue (nor can he) that this Court's September 17 Order was final and appealable pursuant to D.C. Code § 11-721. By its own terms, the Order does not purport to be final, namely, it does not dismiss all claims against all defendants, nor does the Court make an express determination of finality within the meaning of Fed. R. Civ. P. 54(b). Accordingly, Plaintiff's Notice of Appeal is procedurally defective and must be dismissed.

**Plaintiff is not Entitled to Interlocutory Review Under the Collateral Order Doctrine**

Likewise, Plaintiff does not qualify for appeal under the collateral order doctrine, which

is an exception to the finality rule. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); see also *United States v. Philip Morris, Inc.*, 314 F.3d 612, 617 (D.C.Cir.2003).

The collateral order doctrine is narrow exception, and its requirements are difficult to satisfy. *Hammond*, 621 A.2d at 842. To fall under this exception, the order must satisfy three requirements: it must (1) finally determine the disputed question, (2) resolve an important issue completely separate from the merits of the case, and (3) be effectively unreviewable on appeal from final judgment. *Id.* In 1985, the Supreme Court went one step further requiring that a right be "irretrievably lost" in the absence of an immediate appeal in order for the doctrine to apply. *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 431, 105 S.Ct. 2757, 2761 (1985). Simply put, a non-final order may be appealable only if it has "a final and irreparable effect on the important rights of the parties." *Bible Way Church of Our Lord Jesus Christ of the Apostolic Faith v. Beards*, 680 A.2d 419, 425 (D.C.1996) (internal quotation marks and citation omitted), cert. denied,520 U.S. 1155, 117 S.Ct. 1335(1997). An example of an "irreparable effect" is the denial of in forma pauperis status, without which, a indigent litigant is barred from proceeding with the case at all. *Hammond*, 621 A.2d at 842.

Here, assuming *arguendo* that Plaintiff satisfied the first two prongs of the test, he fails the third—Plaintiff will not be prejudiced or suffer an "irreparable effect" by having to wait until the entire case is resolved to appeal the decision concerning Defendant Caulfield. Indeed, by waiting, Plaintiff will have the benefit of being able to focus his efforts on one consolidated case rather than splitting his time between two courts. More importantly, the principals of the finality requirement (avoiding piecemeal litigation and judicial waste) will be served by requiring Plaintiff to consolidate any appeal.

**Conclusion**

For the foregoing reasons, Defendant Caulfield respectfully requests that this Court strike Plaintiff's notice of appeal [Dkt. #127].

Dated: this 16th day of October, 2007.    By    /s/ Daniel P. Struck
                                                Daniel P. Struck, Bar No. CO0037
                                                JONES, SKELTON & HOCHULI, P.L.C.
                                                2901 North Central Avenue, Suite 800
                                                Phoenix, Arizona  85012
                                                Telephone:  (602) 263-1700
                                                Facsimile:        (602) 263-1784


                                                Paul J. Maloney, Esq. #362533
                                                pjm@carrmaloney.com
                                                Mariana D. Bravo, Esq. #473809
                                                mdb@carrmaloney.com
                                                Colleen E. Durbin, Esq. #500039
                                                ced@carrmaloney.com
                                                1615 L Street, NW
                                                Suite 500
                                                Washington, D.C.  20036
                                                Telephone:  (202) 310-5592
                                                Facsimile:  (202) 310-5555

                                                Attorneys for Defendant *Caulfield*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 16th day of October, 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, VA  22302
*Pro Per*

Denise J. Baker, Esq.
OFFICE OF THE ATTORNEY GENERAL
    FOR THE DISTRICT OF COLUMBIA
441 4th Street, NW
Room 6S028
Washington, DC 20001
Attorneys for Defendants Tally, Reiskin, Williams,
    Pane, Brown and Nelson

Richard S. Love
OFFICE OF CORPORATION COUNSEL
441 Fourth Street, NW
Washington, DC 20001
Attorneys for Defendants Tally, Williams and Pane

Paul Maloney
Mariana Bravo
CAR MALONEY, P.C.
1615 L Street, N.W., Suite 500
Washington, D.C. 20036

Ellen A. Efros, Esq.
OFFICE OF THE ATTORNEY GENERAL
    FOR THE DISTRICT OF COLUMBIA
441 4th Street, NW
Room 6S028
Washington, DC 20001
Attorneys for Defendants, District of Columbia, Pane, Tally,
Brown, Reiskin and Mayor of the District of Columbia

Megan Starace Ben'Ary
LECLAIR & RYAN
225 Reinekers Lane
Suite 700
Alexandria, VA 22314

        /s/ Daniel P. Struck
    Daniel P. Struck, Bar No. CO0037
    JONES, SKELTON & HOCHULI, P.L.C.
    2901 North Central Avenue, Suite 800
    Phoenix, Arizona 85012
    Telephone:   (602) 263-1700
    Facsimile:   (602) 263-1784
    dstruck@jshfirm.com