UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SIMON BANKS,  )<br>  )<br>    Plaintiff  )<br>  )<br> v.  )<br>  )<br> S. ELWOOD YORK, JR., ET AL.  )<br>  )<br>    Defendants  )<br>  ) | Civil Action No. 05-1514 (ESH)<br>Ellen Segal Huvelle, Judge<br><br>October 17, 2007 |

PLAINTIFF'S MEET AND CONFER STATEMENT

**General Statement of the Case**

    A.    The Plaintiff has stated causes of actions upon which relief can be granted

.    B.    This case cannot be disposed of by summary judgment

    C.    Defendant Brown is not entitled to qualified immunity

    D.    The Court has pendent and ancillary jurisdiction over the Plaintiff's State Law

    E.    The Plaintiff allege Negligence claim and Negligent Supervision Claims

    F.    The Court has pendent and ancillary jurisdiction over the State Law Claims

    G.    The Court has jurisdiction over all non-constitutional claims

    H.    The Plaintiff exhausted his administrative remedies as to Plaintiff's lack of diabetic tray claims pursuant to the PLRA 42 U.S.C. §1992e(e)

    I.    The Plaintiff exhausted his administrative remedies as to Plaintiff lack of

    heat and exposure to cold temperatures claims in accordance with 42 U.S.C. §1992e(e)

J.    The District is liable to the Plaintiff for violation of the constitution. 42 U.S.C. § 1983.

K.    The Plaintiff has stated claims under 42 U.S.C. § 1983.

## ISSUES

The issues in this case include but are not limited to the following:

1. The Plaintiff claim for §1983 violation regarding Plaintiff's overdetention.

2. Eighth Amendment claims based upon the denial of a diabetic diet and lack of heat at the DC Jail.

3. First Amendment Claim, Opening Plaintiff's Legal and Personal Mail outside of Plaintiff's presence.

4. Plaintiff's negligent training and supervision claims.

5. Plaintiff's 1983 claim for overdetention and negligent training and supervision against Devon Brown. See Memorandum Opinion, September 17, 2007 at 41.

6. **The Plaintiff does not waive his related claims against Dr. Fozia Abdulwahab, CCA, CTF, which include denial of acceptable, adequate dental care, and deprivation of access to the courts causing the Plaintiff to suffer interference and severe prejudice to his appeal before the Virginia Court of Appeals, causing the Plaintiff to miss a critical filing deadline.** *Banks v. Commonwealth.*

7. **Plaintiff reserves his cause of actions against CCA, CTF for related State Law Claims, which will be included in Plaintiff's Motion to Amend or Supplement the Complaint with the State Law Claims which this Honorable Court has pendent jurisdiction over.**

## OVERDETENTION

8. Plaintiff provide in the 3d Amended Complaint that the DOC Staff failed to credit the six months Plaintiff served in Virginia, and negligently miscalculed Plaintiff sentence and his release date. *Id*. ¶¶ 21-23. Plaintiff was released from the DC Jail on April 28, 2006 rather than March 20, 2006 past the Plaintiff's release date. *Id*. ¶¶ 20, 23, 64.

9. Plaintiff suffered anxiety, loss of freedom, loss of liberty and damages as a result of the overdetention. See 3d Am. Compl. at ¶ 67.

10. Plaintiff's detention was due to the collapse of the Department of Corrections' Inmate Management System". See 3d Am Compl. at ¶ 65

11. Plaintiff's overdetention was also due to the "deliberate indifference by defendant District of Columbia [and] Devon Brown. See 3d Am. Compl. at ¶ 56.

12. The Plaintiff allege failure to train and supervise employees responsible for ensuring the Plaintiff's timely release. See *Id.* ¶¶90-97, 106-14, 129, 151-60.

13. The District's overdetention of Plaintiff and other prisoners not only was negligent, but also violated the Fourth, Fifth, Eighth and Fourteenth Amendment to the United States Constitution. See ¶¶ 90 – 97, 106 – 14, 129, 151 – 60. *Id.* See Memorandum Opinion, dated September 17 at 3.

**PLAINTIFF'S ALLEGATIONS AGAINST DEFENDANT DEVON BROWN**

14. Defendant Brown is liable in his official and personal capacity for deprivation of Plaintiff's constitutional rights in connection with his failure to train DOC Employees under his supervision.  See 3d Am Compl. ¶¶ 86 – 87, 106- 114 and for Plaintiff's overdetention and inaction.  See Mem. Op. at 30 – 34.  See 3d Am Compl. ¶¶ 106 – 10, 112 – 114.

**DISTRICT IS LIABLE TO PLAINTIFF FOR SUBJECTING THE PLAINTIFF TO COLD TEMPERATURES AT DC JAIL IN VIOLATION OF THE EIGHTH AMENDMENT**

15. The Plaintiff suffered cold temperatures in violation of the Eighth Amendment while housed at the DC Jail.  Mem. Op. at 19-20.

**DEPRIVATION OF SPECIAL DIETARY NEEDS**

16. Defendant District caused the Plaintiff to suffer deprivation of special dietary needs as a diabetic as set forth in the 3d Am Compl. ¶176(E), *Id. 178.*.  See also Mem. Op. ¶¶ at 18-20.

**UNAUTHORIZED OPENING OF LEGAL AND PERSONAL MAIL**

17. The Plaintiff suffered a violation of his First Amendment Rights and other Constitutional Rights when the District opened the Plaintiff's personal and legal mail outside of Plaintiff's presence.  See Mem. Op. at 20- 21.  See 3d Am Compl. ¶¶ 176 (F) (I)

**VOLUNTARY  DISCOVERY PRODUCTION**

**PURSUANT TO RULE 26(F) DEFENDANT SHALL PRESERVE AND VOLUNTARY PROVIDE PLAINTIFF DOCUMENTS AND/OR ELECTRONIC RECORDS RELATED TO THE FOLLOWING REQUESTS OF PLAINTIFF**

18. The Plaintiff is entitled to voluntary disclosures of the District Defendant.

19. The Plaintiff is entitled to discovery of the defendants in support of his *Monell Claims*[1].

20. The Plaintiff is entitled to discovery of the defendant District requiring it to produce databases of prisoners/inmates whom have been overdetained while in custody of the DC Department of Corrections ("DOC").

21. The Plaintiff is entitled to evidence of multiple instances of DOC's failure to release inmates, their overdetention, lack of adequate record keeping.

22. The Plaintiff is entitled to statistical evidence of overdetention.

23. The Plaintiff is entitled to evidence of upgrades in the DOC policies since the Wright Report.

24. The Plaintiff is entitled to statistical evidence of inmate releases.

25. The Plaintiff is entitled to evidence of cost benefits and effectiveness analysis conducted by DOC of its Records Office release policy and of it standard operating procedure, and of its policies practices and procedures.

26. The Plaintiff is entitled to evidence of specific instances of the District's failure to release inmates in a timely manner at the expiration of their sentences including declarations and affidavits submitted in the cases of *Bynum v. Odie Washington,* 02cv956 (RCL), *Carl Barnes* v. District of Columbia, 06-315 (RCL) and *Morgan* v *District of Columbia,* 07cv00172 (RCL).

27. The Plaintiff is entitled to disclosure and document production of discovery had between the parties in the cases of *Bynum, Barnes, Morgan, Id.* to

---

[1] *Monell v. Dept' Social Services*, 436 U.S. 658, (1978).

depositions, declarations, admissions, responses to production of documents produced and provided by and between the District and these parties as of the present date. These files are readily available with minimum search. **There is evidence that these requested documents are electronically stored.** They are part of the record in *Bynum v. Odie Washington,* 02-cv-956*, Barnes v. District of Columbia, 06*-315 (RCL), *Morgan*, and their authenticity, admission into evidence is without dispute. See LCvR 26.2.

28. Plaintiff request permission pursuant to the discovery rules to engage in written deposition, questions pursuant to Rule 31 following interrogatories.

29. The Plaintiff is entitled to disclosure of the addresses of the following witnesses requested by the Plaintiff.

30. whom the Plaintiff is entitled to depose and/or acquire affidavits from:

    a) Larry Corbett, Former Assistant Warden at the DC Jail during the period December 2004 through October 2005. Larry Corbett was a recipient of the Plaintiff's Motion for TRO and was a recipient of the Plaintiff's original complaint filed on May 6, 2005 and was a recipient of Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for Temporary, Preliminary and Permanent Injunctive Relief.

    b) Plaintiff is entitled to depose Larry Corbett as to Corbitt's knowledge of the Plaintiff's complaints.

c) The Plaintiff is entitled to depose Robert Clay, former Warden of the DC Jail. Mr. Clay was the Warden during the period April 4, 2006 and he was a recipient of interrogatories in connection with this case and had some knowledge of Plaintiff's initial civil complaint(s)

d) The Plaintiff is entitled to depose Elwood York. Elwood York was both an Acting Warden and Director of the Records Office for the DC Jail. Elwood York received Plaintiff's Motion for TRO and for Preliminary and Permanent Injunctive Relief on or about July 6, 2005. See Certificate of Service attached to Plaintiff's Motion for Temporary Injunctive Relief and Memorandum of Points and Authorities in support Plaintiff's Motion for Temporary Injunctive Relief.

e) The Plaintiff is entitled to discovery of the Director of Records of the Records' Office at the DC Jail during the period January 2005 through October 2007, regarding Department of Corrections Inmate Management System ("DOC")

f) The Plaintiff is entitled to discovery of the Receiving and Discharge Officer at the DC Jail during the period January 2005 through October 2007.

g) The Plaintiff is entitled to discovery of the Superior Court Computer Director who supervises the release and commitment data during the period January 2004 through October 2007.

h) The Plaintiff is entitled to discovery of the Director of the Inmate Management System Clerk Supervisor for the Department of Corrections during the period January 2004 through October 2007.

i) The Plaintiff is entitled to discovery of Steven Smith and other persons in charge providing release, discrepancy reports which were created during the period January 2005 through October 2007 and any and all declarations issued by Steven Smith in the *Bynum* Case whereby Steven Smith supplied a declaration of inmates who were overdetained.

j) The Plaintiff is entitled to discovery of John Pendergrapf of the Records Office of the DOC who was involved in generating Release Discrepancy Reports.

k) The Plaintiff is entitled to discovery of a knowledgeable employee of the DOC that was charged with implementing the recommendations connected with the Shaw Report and in connection with the contracts awarded for new automated Jail Inmate Management System for the Central Detention Facility.

l) The Plaintiff is entitled to discovery of any knowledgeable, designated employee of DOC who oriented or trained employees of DOC regarding using and implementing the recommendations contained in the Sentence Computation Manual generated by the Corrections Trustee in April 2000 and persons who implemented the recommendations of the Corrections' Trustee and provided training regarding the sentence computation manual.

m) The Plaintiff is entitled to discovery of Joyce Jones who was assigned to assist Elwood York in the Records Office in connection with the Office Plans for supervising the release policy of the DOC

n) The Plaintiff is entitled to discovery of the Legal Instrument Examiner assigned to the R & D Automated Jail Management System in connection with DOC Department Order 1281.1 and 1280.2A

o) The Plaintiff is entitled to discovery of the DC's Beal Abatement Plan and the DOC response to R-1. R-2, and R-3 desk audits of all Record Office positions, how many existed during the period from January 2004 through October 2007.

p) The Plaintiff is entitled to any knowledgeable employee of DOC who has knowledge about the archival of the inmate files by September 30, 2001 which were subject to

9

       computerized checks and utilized from September 30, 2001 to October 2007.  (See Plaintiff's Motion for Mandamus in the Case of *Banks v. Steven Smith, 04-903* (RCL) and served upon Elwood York on June 24, 2005.)  (Steven Smith was also served with Plaintiff's Motion for Mandamus on June 24, 2005 via facsimile and first class mail)

q) The Plaintiff is entitled to discovery of Charles Kim, Industrial Engineer who reengineered DOC Records Office operation, the JACCS (Automated Management System or Jail and Community Corrections System).

r) The Plaintiff is entitled to discovery of any knowledgeable person whom was charged with orientation/training/implementation of DOC employees the Department of Corrections on the use and application of DOC's 950 page Operations Manual which DOC indicate it show and/or provides from 0 to 14 percent error rate regarding all releases.  (The source of this contention is reflected in the news release of the Department of Corrections on September 30, 2002.)

s) The Plaintiff is entitled to Discovery of J. Myrick, Supervisor of Records Office during the period in question January 2005 through April 28, 2006.

t) The Plaintiff also is entitled to discovery of John Manuel who was the new Director of the Records Office that was assigned to the Records Office of the Department of Corrections in 2006.

u) The Plaintiff is entitled to discovery of Cheryl L. Warner, Deputy Director of the Records Office as of the present time.

v) The Plaintiff is entitled to discovery of the District of Columbia Statistician who provided statistics regarding errors in releases and failure to release for the Department of Corrections.

w) The Plaintiff is entitled to discovery of a knowledgeable employee of DOC knowledgeable of DOC's implementation of the Inspector General's recommendation and report dated October 2002 regarding the District of Columbia Jail Management challenges and improving the DC Jail Facility.

x) The Plaintiff's is entitled to discovery of the a knowledgeable employee/contractor whom participated in training of the DOC employees on the use of the JACCS (Jails and Community Correction System), on how employees learned how the log in/log out procedures and the execution of screen and tasks relevant to their specific jobs.

    y) The Plaintiff is entitled to discovery of a knowledgeable employee of the DOC, knowledgeable about how the District of Columbia Department of Corrections implemented the 1976 RMC Research Corporation Analysis and referenced the major recommendations, or reorganization of the Records Office and increased staffing in the office.

    z) The Plaintiff is entitled to discovery of a knowledgeable DOC employee whom is knowledgeable about evidence on spoliation [destruction of evidence] on electronically stored depositions, responses to discovery such as requests for admissions, authentication of documents, responses to interrogatories, interrogatories submitted, responses to request for production of documents, electronically stored on computers and existing on CDs or other electronically storage devices.

    aa) The electronically stored information that the Plaintiff is entitled to include:

The above-reference (set forth in ¶y) and:

    i) declarations, affidavits, deponents of depositions of Department of Corrections employees whom gather and assess statistics, and whom store, enter, retrieve, assess, access records of prisoner intake, prisoner release, discrepancies in release of inmate.

    ii)     grievances/complaints (administrative and civil) regarding failure of DOC to release prisoners when sentence expire and when inmates are entitled to be released from incarceration.

    iii)     Memorandums on training requirements,

    iv)     types of training afforded employees in the Records office of the DOC, and the identity of all trainers, training entities utilized by the DOC.

    v)     The Plaintiff is entitled to the identities of all demographic/statistical experts used by the DOC and their attorneys in the recent class-action cases, including but not limited to *Bynum v. Odie Washington, et al,* 02-cv-956, *Barnes v. District of Columbia,* 06-cv-315RCL.

In further support the above-referenced Plaintiff cites the following:

23. The Wright Report documented a long pattern of systemic problems dealing with case management, classification and records office management at the Records Office. (Wright Report, Major Findings, F-14).

24. Among the major findings of the Wright Report were a lack of adequate written policy and procedures resulting in out-of-date policies that either were being ignored or were ineffective, which resulted in an inmate records office management system that was "overwhelmed and in distress and suffering from years of prolonged inattention from top management." (Wright Report, Major Findings, F-14 and F-20).

25. The Wright Report also listed an extensive series of studies and recommendations that were "not seriously implemented" including studies dating back as

far a 1976.  The studies mentioned and some of their principal recommendations were as follows:

26.  1976 RMC Research Corporation Analysis.  Major Recommendations: reorganization of the Record Office and increased staffing in the office.

27.  1985 BOP Evaluation.  Major Recommendations:  creation of a headquarters level position at the Department of Corrections' to provide guidance and written policy to the Records Office: increased Records Office staff; and restricted access to the Records Office and files.

28.     The Plaintiff contend that there is no genuine dispute that as to the following relevant evidence is within the possession of the District defendant and that:

    a)     Almost every inmate taken from custody of the Department of Corrections to court and ordered released by a judicial officer because the charge is no longer pending is returned to the D.C. Jail for processing before release rather than being released from the courthouse.

    b)     The Superior Court of the District of Columbia and the United States District Court for the District of Columbia use different computer systems from the computer system used by the Records Office.

    c)     Release and commitment data entered into the court computer systems by courtroom clerks do not appear in the computer system used by the Records Office,  The JAXX system ("JAXX") AND ("JACCS").

  d) As a result, all release and commitment orders generated by judges in the Superior Court and District Court on paper must be hand-delivered to the Records Office by marshals as prisoners are bused from the courthouse to the jail.

  e) All processing of release and commitment orders must be done by hand at the Records Office located at the D.C. Jail.

  f) Release and commitment data entered into the court computer system by courtroom clerks must be entered again by hand into the JAXX, JACCS.

  g) The Plaintiff's DCDC number and DCDC number (jail identification number) of every inmate physically entering or leaving the D.C. Jail is also entered by hand into the "Count" computer, a MacIntosh/Apple computer used to maintain a census of all inmates at the D.C. Jail at any one time.

**DOCUMENTS THAT DISTRICT OUGHT TO VOLUNTARILY PROVIDE PLAINTIFF WHICH ARE ELECTRONICALLY STORED AND/OR ARE OTHERWISE AVAILABLE**

28. The District shall disclose to Plaintiff which documents the District is willing to produce voluntarily, including but not limited to the above-referenced, on the issue of overdetention, lack of adequate heat, cut-off-of diabetic trays. This includes manuals used in the operation of the Superior Court inmate tracking systems, the DOC inmate tracking and release procedures.

**AMENDMENT(S), SUPPLEMENT(S) TO THE COMPLAINT**

The Plaintiff shall file motion any amendment(s), supplement(s), to the Third Amendment Complaint within 30 days of the initial scheduling conference. (These claims the Plaintiff previously sought to add to the 3d Am. Compl. See Plaintiff's proposed 4th Amended Complaint at 66-68, ¶¶242-255. **See** Plaintiff's Motion to file Amendment to the Third Amended Complaint and file Fourth Amended Complaint at "¶G which provide as follows:

> **The cause of actions the Plaintiff is entitled to to join include common law claims of: Plaintiff's Negligence, false imprisonment, intentional infliction of mental and emotional distress**

29. But for the Court's Order precluding the Plaintiff from filing any further pleadings until the Court decided pending dispositive motions.

30. The Plaintiff shall facilitate service of process on the individuals whom were not served, (referenced by the Court in its Mem. Op. Sept. 17, 2007) excluding parties were dismissed based upon the Court's declaration that they were operating in their official capacity and the District stands as defendant in their place.

31. The District shall cite any privilege the District intends to assert, or assert in connection with any refusal to voluntarily produce the above-referenced documents, including documents and electronic records stored. See Rule(f).

### DISCOVERY PLAN

**Interrogatories, Request for Production of documents, Request for Admissions and Depositions**

a) Plaintiff's Third Motion for Discovery is incorporated by reference.

b) Dispositive motions shall await the completion of all discovery.

c) Plaintiff shall be afforded 160 interrogatories given his scope of proof

d) Plaintiff shall be entitled to 63 depositions which includes the proposed deponents listed on Plaintiff's Third Motion for Discovery, and the Plaintiffs and affiants listed in the following cases which Plaintiffs allege overdetention by the District of Columbia Department of Corrections:

   i. *Carl Barnes v. District of Columbia,* 06cv315 (RCL)

   ii. *Bynum v. Odie Washington,* 02cv956 (RCL)

   iii. *Morgan, et al v. District of Columbia,* 07cv00172 (RCL)

e) Plaintiff shall be entitled to 55 written depositions and 8 oral depositions because of the Plaintiff's burden of proof, (*Monell* requirements as they relate to the issues alleged in the Plaintiff's complaint), many of the proposed deponents are incarcerated the Plaintiff's Motion for Written Deposition Discovery, the Plaintiff's poverty an inability to finance depositions critical to the Plaintiff's burden of proof and in order to prevent manifest injustice, and as such that would be probative of due process, simple fairness, and as such that would afford the Plaintiff reasonable access to the Court, and because many of the proposed deponents that the Plaintiff seek to depose are incarcerated and the cost of taking all necessary depositions is prohibitive, because of the Plaintiff's lack of proper resources to effectively prosecute his case in the absence of this requested relief would be prejudicial to justice and irreparably harmful to the Plaintiff. **See also Rule 31 Fed. R. Civ. P.**

f) Plaintiff shall be entitled District defendant's good faith disclosure and production of all release discrepancy reports dating from January 1, 2001 to the present.

g) Plaintiff shall be entitled to District defendant's good faith disclosure and production of all affidavits, production of documents, authentication disclosures, responses to requests for admissions, declarations, deposition transcripts of District defendant's employees and of parties in the following overdetention class action cases:

    i. *Bynum v. Odie Washington,* 02cv956 (RCL)

    ii. *Carl Barnes v. District of Columbia,* 06cv315 (RCL)

    iii. *Morgan, et al v. District of Columbia,* 07cv00172 (RCL)

h) The Plaintiff's expert report(s) and information shall be served no later than 60 days after close of discovery.

i) The Defendants' expert report(s) and information shall be served no later than 60 days after close of discovery.

j) All dispositive motions shall be served no later than 30 days after close of discovery.

k) Memorandum of Points & Authorities shall be served no later than 30 days after filing of the dispositive motion.

l) The Court will stay its disposition upon discovery requests of the parties until after the District defendant submits its response to the Plaintiff's Third Motion for Discovery.

## JUDICIAL NOTICE

The Court shall take judicial notice of the filing of the affidavits Plaintiff filed as exhibits to Plaintiff's "Meet and Confer" Statement, in support of Plaintiff's discovery requests, which were filed in the cases of *Bynum v. Odie Washington,* 02cv956 (RCL)

and *Carl Barnes v. District of Columbia, 06cv315* (RCL). **See *Dupree v. Jefferson*, 666 F.2d 606, 608 n.1 (D.C. Cir. 1981)(taking judicial notice of record in related civil case); *Vance v. Chao,* 496 F. Supp. 2d 182, 184 n.1 (D.D.C. 2007)(taking judicial notice of docket sheet from civil action before Magistrate Judge); *Hinton v. Shaw Pittman Potts & Trowbridge,* 257 F. Supp. 2d 96, 100 n.5 (D.D.C. 2003)(taking judicial notice of portions of criminal indictment and trial transcript). (citing from Memorandum Opinion, CA 05-1514 (ESH) at 22-23)**

_____/S/_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
drsbanks@msn.com,

_____      _____

ELLEN S. HUVELLE                          DATE
United States Judge