# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NICOLE MORGAN** <br> 2001 Spaulding Avenue <br> Forestville, MD 20746 <br><br> and <br><br> **MARQUETTA BENNETT** <br> 1220 Simms Place, N.E. <br> Washington, DC 20002 <br><br> and <br><br> **DELONTA A. REEVES** <br> 1401 Bangor Street, SE <br> Apt. 3 <br> Washington, DC 20020 <br><br> and <br><br> **SANTOS MELENDEZ** <br> 5429 Sargent Road <br> Hyattsville, MD 20782 <br><br> and <br><br> **STEPHEN V. MORENAU** <br> 612 Orleans Place, NE <br> Washington, DC 20002 <br><br> and <br><br> **FRANK WEST** <br> 1820 23rd Street, SE <br> Apt. 71D <br> Washington, DC 20020 <br><br> and <br><br> **JEFFEREY THOMAS** <br> c/o 1026 Monroe Street, NE <br> Washington, DC 20017 | **CASE NUMBER**: 07-172 (JDB) |

*Page 1 of 19*

*Morgan, et al v. District of Columbia, et al (Complaint and Jury Demand)*

---

THE IWEANOGES' FIRM, P.C. * 1026 Monroe Street, Northeast * Washington, DC 20017 * (202) 347-7026

|  |  |
|---|---|
| and | ) |
|  | ) |
| **ROCHELLE WIGGINS** | ) |
| 1901 E Street, NW | ) |
| Washington, DC 20019 | ) |
|  | ) |
| and | ) |
|  | ) |
| **CHAWDRA ROYAL** | ) |
| c/o 1026 Monroe Street, NE | ) |
| Washington, DC 20017 | ) |
|  | ) |
| and | ) |
|  | ) |
| **ASA SEELEY** | ) |
| 3500 14th Street, NW | ) |
| Apt. 401 | ) |
| Washington, DC 20010 | ) |
|  | ) |
| Plaintiffs | ) |
|  | ) |
| v.. | ) |
|  | ) |
| **DISTRICT OF COLUMBIA** | ) |
|  | ) |
| SERVE: | ) |
| Mayor ADRIAN FENTY | ) |
| Office of the Secretary | ) |
| Gladys Herring | ) |
| John Wilson Building | ) |
| 1350 Pennsylvania Avenue, N.W. | ) |
| Washington, DC 20004 | ) |
|  | ) |
| AND SERVE: | ) |
| LINDA SINGER, Attorney General | ) |
| Office of Attorney General for D.C. | ) |
| Civil Litigation Section | ) |
| Janice Stokes or Darlene Fields | ) |
| 441 Fourth Street, N.W. | ) |
| Washington, DC 20001 | ) |
|  | ) |
| and | ) |
|  | ) |

| | |
|---|---|
| **DEVON BROWN**, individually | ) |
| Director of the District of | ) |
| Columbia Department of corrections | ) |
| 1923 Vermont Avenue, NW, Rm 203 | ) |
| Washington, DC 20019 | ) |
|                        Defendants | ) |

>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>

## FIRST AMENDED COMPLAINT FOR MONEY DAMAGES AND JURY DEMAND

### Introduction

1. This is an action for money damages brought by each of Nicole Morgan, Marquetta Bennett, Stephen Morenau, Delonta Reeves, Santos Melendez, frank West, Jeffrey Thomas, Rochelle Wiggins, Chawndra Royal and Asa Seeley (hereinafter collectively referred to as "Plaintiffs") on his or her own behalf against the Government of the District of Columbia and Devon Brown for committing acts under color of law, which deprived Plaintiffs of the rights secured under the Constitution and laws of the United States and the District of Columbia; and for refusing or neglecting such deprivations and denials to Plaintiffs. Plaintiffs allege that Defendants among others unlawfully conspired to violate rights secured to Plaintiffs under the constitution of the United States. Plaintiffs also allege that District of Columbia has a pattern and practice of allowing its Department of Corrections to overdetain individuals who have been ordered released by a judicial officer. To overdetain means holding a detainee or prisoner in a Department of Corrections facility past midnight of his or her release date. Plaintiffs also allege that District of Columbia, Devon Brown and others, in deliberate indifference to the rights of citizens, failed to train, supervise, control, and discipline its subordinates, and said failure was the result of official policy, or the custom, practice, of the District of Columbia, and said conduct or omission caused

the deprivation of rights secured to Plaintiffs under the Constitution and laws of the United States and the District of Columbia.

2. The Plaintiffs bring this action against the Government of the District of Columbia and Defendant Devon Brown in his individual capacity pursuant to 42 U.S.C. §§ 1981 through 1988 of the Civil Rights Act, to enforce the Fourth, Fifth, and Eighth Amendments, and through the Fifth Amendment, the standards of the Fourteenth Amendment, for injuries suffered by them, because Defendants held them at a District of Columbia Department of Corrections facility past their release dates. The Plaintiffs also bring this action under the laws of the District of Columbia.

**Jurisdiction and Venue**

3. This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 (a) (3). This Court further has jurisdiction over Plaintiffs' Constitutional claims pursuant to 42 U.S.C. §§ 1983 and 1988 and pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States. This Court has pendent jurisdiction over the Plaintiffs' common law claims against Defendant Devon Brown pursuant to 28 U.S.C. § 1367 (a).

4. Venue is appropriate in this District. Each of the claims for relief arose in this judicial district.

**Parties**

5. Plaintiff Nicole Morgan is an adult resident of Maryland.

6. Plaintiff Marquetta Bennett is an adult resident of the District of Columbia.

7. Plaintiff Stephen Morenau is an adult resident of the District of Columbia.

8. Plaintiff Delonta Reeves is an adult resident of the District of Columbia.

9. Plaintiff Santos Melendez is an adult resident of the State of Maryland.

10. Plaintiff Frank West is an adult resident of the District of Columbia.

11. Plaintiff Jeffrey Thomas is an adult resident of the District of Columbia.

12. Plaintiff Rochelle Wiggins is an adult resident of the District of Columbia.

13. Plaintiff Chawndra Royal is an adult resident of the District of Columbia.

14. Plaintiff Asa Seeley is an adult resident of the District of Columbia.

15. Defendant Government of the District of Columbia (hereinafter the District of Columbia or Defendant District of Columbia) is a municipal corporation capable of being sued under DC Code § 1-102.

16. Defendant Devon Brown is he current Director of the Department of Corrections and is being sued in his individual capacity.

## Facts Common to all Counts

17. The Department of Corrections has a long and documented history of overdetaining detainees and inmates past their release dates.

18.. 18 USCA § 3624 (a) and DC Code § 24-201.06 requires that a prisoner shall be released by the Department of Corrections on the date of the expiration of the prisoners' term of imprisonment, less any time credited toward the service of the prisoners' sentence.

19. As Director, Defendant Devon Brown is the policy maker for the Department of Corrections.

20. Defendant Devon Brown has ultimate supervisory authority for all operations of the Department of Corrections and is ultimately responsible for the functioning of the Department of Corrections' records office, and all other Department of Corrections facilities.

21. Defendant Devon Brown is also responsible for ensuring that each employee of the Department of Corrections discharges his or her duties in accordance with the law.

22. The District of Columbia Central Detention Facility ("DC Jail") is the primary facility used by the Department of Corrections to house inmates and also houses prisoners in its Correctional Treatment Facility ("CTF"). CTF is a freestanding, privately-run facility but prisoners in CTF remain in the custody of the Department of Corrections.

23. Most of the prisoners at the DC Jail or CTF are either pre-trial detainees, misdemeanants serving sentences, or parole and probation violators.

24. At all relevant times thereto Plaintiffs were either housed at D.C. jail or CTF.

25. The cause of the overdetention of Plaintiffs is a deliberate indifference by Defendant District of Columbia to the rights of detainees and prisoners to be released on their Release Dates, in as much as the Department of Corrections has no effective inmate management system that can ensure release of prisoners by their Release Dates.

26. The fact that the Department of Corrections has no effective inmate management system has been documented by a series of reports and recommendations dating back at least one decade. Moreover, employees in the DC Jail Records Office make up rules on an ad hoc basis because they receive little or no training.

27. Defendant District of Columbia has known of the slovenly and chaotic condition of the Records office inmate management system for years.

28. Defendant District of Columbia, the Department of Corrections and Devon Brown have acquiesced in the Records Offices' chaotic and slovenly procedures by failing to take meaningful, sustained, corrective action.

29. Despite their knowledge of the problem with many instances of over-detention, Defendants District of Columbia and Devon Brown failed to take the necessary steps to ensure that Plaintiffs are released on their release dates.

### Plaintiff Nicole Morgan Over-detention by The DC Jail

30. On or about Friday, February 17, 2006, Plaintiff Nicole Morgan was committed to the DC Jail.

31. Ms. Morgan's release date was February 17, 2006 as ordered by the Judge.

32. Plaintiff Morgan was not released until March 6, 2006 approximately 17 days after her release date from the Department of Corrections facility.

32. Defendants detained Ms. Morgan at their Correctional Facility against her will and she was unlawfully deprived of her liberty to leave the Correctional facility on her release date.

33. As a result of the actions by Defendants Ms. Morgan suffered loss of employment opportunities, anxiety, loss of freedom and other damages as a result of the overdetention.

### Plaintiff Marquetta Bennett's Overdetention by the DC Jail

34. On or about Friday, March 3, 2006, Plaintiff Marquetta Bennett was committed to the DC Jail.

35. Plaintiff Bennett's was due to be released on March 3, 2006. However, she was not released until March 14, 2006 approximately 11 days after her release date from the Department of Corrections facility.

36. Defendants detained Plaintiff Bennett at their Correctional Facility against her will and she was unlawfully deprived of her liberty to leave the Correctional facility on her release date.

37. As a result of the actions by Defendants Ms. Bennett suffered loss of employment opportunities, anxiety, loss of freedom and other damages as a result of the overdetention.

### Plaintiff Stephen Morenau's Overdetention by the DC Jail

38. Plaintiff Stephen Morenau was committed to the DC Jail on Tuesday, February 21, 2006.

39. Plaintiff Morenau's was due to be released on February 21, 2006. However, he not released until February 25, 2006, approximately four (4) days after his release date from the Department of Corrections facility.

40. Defendants detained Plaintiff Morenau at their Correctional Facility against his will and he was unlawfully deprived of his liberty to leave the Correctional facility on her release date.

41. As a result of the actions by Defendants Mr. Morenau suffered loss of employment opportunities, anxiety, loss of freedom and other damages as a result of the overdetention.

### Plaintiff Delonta Reeves' Overdetention by The DC Jail

42. On or about Monday, April 3, 2006 Plaintiff Delonta Reeves was detained in the DC Jail.

43. Plaintiff Reeves was due to be released on April 3, 2006. However, he was not released until April 4, 2006, approximately one (1) day after his release date from the Department of Correction facility.

44. Plaintiff was subsequently detained at DC Jail and was due to be released on May 21, 2007. However, he was not released until May 25, 2007 approximately four (4) days after his release date.

45. Defendants detained Plaintiff Reeves on two separate occasions at their Correctional Facility against his will and he was unlawfully deprived of his liberty to leave the Correctional facility on his release dates.

46. As a result of the actions by Defendants Mr. Reeves suffered loss of employment opportunities, anxiety, loss of freedom and other damages as a result of the overdetention.

### Plaintiff Santos Melendez Overdetention by The DC Jail

47. Plaintiff Santos Melendez was committed to the DC Jail on Wednesday, January 25, 2006.

48. Plaintiff Melendez was due to be released on January 25, 2006. However, he was not released until January 27, 2006, approximately two (2) days after his release date from the Department of Corrections facility.

49. Defendants detained Plaintiff Melendez at their Correctional Facility against his will and he was unlawfully deprived of his liberty to leave the Correctional facility on his release date.

50. As a result of the actions by Defendants Mr. Melendez suffered loss of employment opportunities, anxiety, loss of freedom and other damages as a result of the overdetention.

### Plaintiff Frank West Overdetention by The DC Jail

51. Plaintiff West was committed to the DC Jail on Saturday, June 2, 2006.

52. Plaintiff West was due to be released on July 2, 2006. However, he was not released until July 4, 2006, approximately two (2) days after his release date from the Department of Corrections facility.

53. Defendants detained Plaintiff West at their Correctional Facility against his will and he was unlawfully deprived of his liberty to leave the Correctional facility on his release date.

54. As a result of the actions by Defendants Mr. West suffered loss of employment opportunities, anxiety, loss of freedom and other damages as a result of the overdetention.

### Plaintiff Jeffrey Thomas Overdetention by The DC Jail

55. Plaintiff Jeffrey Thomas was committed to the DC Jail on Saturday July 5, 2006.

56. Plaintiff Thomas was due to be released on August 19, 2006. However, he was not released until August 26, 2006, approximately Seven (7) days after his release date from the Department of Corrections facility.

57. Defendants detained Plaintiff Thomas at their Correctional Facility against his will and he was unlawfully deprived of his liberty to leave the Correctional facility on his release date.

58. As a result of the actions by Defendants Mr. Thomas suffered loss of employment opportunities, anxiety, loss of freedom and other damages as a result of the overdetention.

### Plaintiff Rochelle Wiggins Overdetention by The DC Jail

59. Plaintiff Rochelle Wiggins was committed to the DC Jail and was due to be released on March 9, 2006. However, upon information and belief, she is still detained the Department of Corrections facility.

60. Defendants have continued to detain Plaintiff Wiggins at their Correctional Facility against her will and she was unlawfully deprived of her liberty to leave the Correctional facility on her release date.

61. As a result of the actions by Defendants Ms. Wiggins has suffered and will continue to suffer loss of employment opportunities, anxiety, loss of freedom and other damages as a result of the overdetention.

### Plaintiff Chawndra Royal Overdetention by The DC Jail

62. Plaintiff Chawndra Royal was committed to the DC Jail and was due to be released on February 2, 2006. However, she was not released until March 23, 2006, approximately forty-nine (49) days after her release date from the Department of Corrections facility.

63. Defendants detained Plaintiff Royal at their Correctional Facility against her will and she was unlawfully deprived of her liberty to leave the Correctional facility on her release date.

64. As a result of the actions by Defendants Ms. Royal suffered loss of employment opportunities, anxiety, loss of freedom and other damages as a result of the overdetention.

### Plaintiff Asa Seeley Overdetention by The DC Jail

65. Plaintiff Asa Seeley was committed to the DC Jail on Friday, January 12, 2007.

66. Plaintiff Seeley was due to be released on January 17, 2007. However, he was not released until January 30, 2007, approximately thirteen (13) days after his release date from the Department of Corrections facility.

67. Defendants detained Plaintiff Seeley at their Correctional Facility against his will and he was unlawfully deprived of his liberty to leave the Correctional facility on his release date.

68. As a result of the actions by Defendants Mr. Seeley suffered loss of employment opportunities, anxiety, loss of freedom and other damages as a result of the overdetention.

### SUBSTANTIVE ALLEGATIONS

### COUNT 1
(NEGLIGENT TRAINING AND NEGLIGENT SUPERVISION)

69. Plaintiffs hereby incorporate paragraphs 1 through 68 of this Complaint as though fully set forth herein.

70. Defendant Devon Brown entrusted certain duties including but not limited to ensuring the release on their Release Dates of all Plaintiffs in the Department of Corrections custody to certain Department of Corrections employees.

71. Therefore, Defendant Devon Brown had a duty to exercise reasonable care in training, supervising and disciplining such employees in exercising their duties.

72. The need for such training was obvious from the sensitive and technical nature of the responsibilities entrusted to such Department of Corrections employees.

73. The problems at the Department of Corrections facilities described above should have made it obvious to Defendant Devon Brown that the training such employees were receiving was inadequate, and that as a direct and proximate result the Plaintiffs under their supervision would suffer injury.

74. Defendants negligently trained and supervised or negligently failed to train and supervise such employees in their duties, and as a result such employees were incompetent to perform their duties.

75. This negligent training and negligent failure to train and supervise by Defendant Devon Brown resulted in the complete breakdown of the inmate management system of the Department of Corrections and caused the overdetention of the Plaintiffs.

76. As a result of said negligence of Defendants, Plaintiffs suffered injuries described in the preceding paragraphs of this Complaint.

## COUNT 2

(VIOLATION OF THE FOURTH, FIFTH AND EIGHTH AMENDMENTS, AND, THROUGH THE FIFTH, THE FOURTEENTH AMANEDMENT TO THE U.S. CONSTITUTION, AND VIOLATION OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983)

77. Plaintiffs hereby incorporate paragraphs 1 through 77 of this Complaint as though fully set forth herein.

78. Defendant Devon Brown was at all times relevant the supervisor of the Department of Corrections employees charged with ensuring the release on their Release Dates of all detainees and inmates in the custody of the Department of Corrections.

79. Defendants deliberately failed to train, monitor and discipline such employees.

80. Defendants had forth actual and constructive knowledge that such employees were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to Plaintiffs and other members of the class.

81. Defendants engaged in a pattern of continued inaction in the face of such employees' documented widespread abuse of the Fourth, Fifth and Eight and, through the Fifth, Fourteenth Amendment rights of the Plaintiffs and the other members of the class.

82. Defendants actions, and failure to act, as described above, directly, proximately and affirmatively caused the violations of the Fourth, Fifth and Eight and, through the Fifth, Fourteenth Amendment rights of the Plaintiffs and the other members of the class.

83. The deprivations to the Fourth, Fifth and Eighth and, through the Fifth, Fourteenth Amendment rights of the Plaintiffs and the other members of the class were committed by Defendant Devon Brown while he was acting under color of District of Columbia law and was acting pursuant to the policy, custom and practice of Defendant District of Columbia.

84. Defendants actions, and failure to act, as described above, directly and proximately caused injury described above to the Plaintiffs.

85. Defendant District of Columbia is therefore liable under 42 U.S.C. § 1983 respondeat superior for constitutional injuries to the Named Plaintiffs and all other class members caused by the deliberate indifference of such employees.

## COUNT 4

(§ 1983 MONELL CUSTOM AND PRACTICE DIRECT LIABILITY OF DISTRICT OF COLUMBIA FOR VIOLATION OF FOURTH, FIFTH, EIGHTH AND, THROUGH THE FIFTH, FOURTEENTH AMENDMENT RIGHTS OF PLAINTIFFS)

86. Plaintiffs hereby incorporate paragraphs 1 through 16 of this Complaint as though fully set forth herein.

87. District of Columbia employees caused the intentional, unjustified overdetention of the Plaintiffs by deliberate indifference to the risk of constitutional injury of overdetention in failing to provide an effective system to govern the timely release of prisoners in its detention facilities.

88. District of Columbia employees continue in such conduct up to and including the present time.

89. Defendant District of Columbia was at all times relevant to the municipality in charge of the DC Jail, CTF and other Department of Corrections facilities.

90. Defendant District of Columbia deliberately failed to train, supervise and discipline its employees charged with monitoring and ensuring release of inmates in the Department of Corrections facilities in accordance with their Release Dates.

91. There was an obvious, clear and present need for Defendant District of Columbia to train, supervise and discipline employees charged with monitoring and ensuring release of Plaintiffs in the Department of Corrections facilities in accordance with their Release Dates and Defendant District of Columbia did not train, supervise and discipline them.

92. The pattern of unconstitutional conduct the Plaintiffs complain of was so pervasive that Defendant District of Columbia and its policy makers had actual and constructive notice of the need for training, supervision and discipline.

93. Defendant District of Columbia had both actual and constructive knowledge that employees charged with monitoring and ensuring release of Plaintiffs in Department of Corrections facilities

in accordance with their Release Dates were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to the Plaintiffs at a Department of Corrections facility.

## COUNT 5

(False Imprisonment)

94. Plaintiffs hereby incorporate paragraphs 1 through 93 of this complaint, as though fully set forth herein.

95. The acts and conduct hereinbefore and after described constitute false imprisonment, at the time the Department of Correction Facility detained Plaintiffs past their release dates thereby restraining them from going about his business.

96. Such action by Defendants caused Plaintiffs to be unlawfully deprived of their liberty to leave the Correctional Facility.

97. Plaintiffs were detained against their will for several days.

98. As a result of the actions by Defendants, Plaintiffs suffered damages by being unlawfully held against their will for an extended period of time.

99. By all of their behavior, Defendants actions toward Plaintiffs demonstrated actual malice.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enters a judgment in favor of the Plaintiff Nicole Morgan against the Defendants jointly and severally for the sum of One Million Dollars ($1,000,000.00) in compensatory damages and Three Million Dollars ($3,000,000.00) in punitive damages, with interest and award attorneys fees and costs incurred in bringing this action under U.S.C. § 1988; and such other and further relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enters a judgment in favor of the Plaintiff Marquetta Bennett against the Defendants jointly and severally for the sum of One Million Dollars ($1,000,000.00) in compensatory damages and Three Million Dollars ($3,000,000.00) in punitive damages, with interest and award attorneys fees and costs incurred in bringing this action under U.S.C. § 1988; and such other and further relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enters a judgment in favor of the Plaintiff Stephen Morenau against the Defendants jointly and severally for the sum of One Million Dollars ($1,000,000.00) in compensatory damages and Three Million Dollars ($3,000,000.00) in punitive damages, with interest and award attorneys fees and costs incurred in bringing this action under U.S.C. § 1988; and such other and further relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enters a judgment in favor of the Plaintiff Delonta Reeves against the Defendants jointly and severally for the sum of Two Million Dollars ($2,000,000.00) in compensatory damages and Five Million Dollars ($5,000,000.00) in punitive damages, with interest and award attorneys fees and costs incurred in bringing this action under U.S.C. § 1988; and such other and further relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enters a judgment in favor of the Plaintiff Santos Melendez against the Defendants jointly and severally for the sum of One Million Dollars ($1,000,000.00) in compensatory damages and Three Million Dollars ($3,000,000.00) in punitive damages, with interest and award attorneys fees and costs incurred in bringing this action under U.S.C. § 1988; and such other and further relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enters a judgment in favor of the Plaintiff Frank West against the Defendants jointly and severally for the sum of One Million Dollars ($1,000,000.00) in compensatory damages and Three Million Dollars ($3,000,000.00) in punitive damages, with interest and award attorneys fees and costs incurred in bringing this action under U.S.C. § 1988; and such other and further relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enters a judgment in favor of the Plaintiff Jeffrey Thomas against the Defendants jointly and severally for the sum of One Million Dollars ($1,000,000.00) in compensatory damages and Three Million Dollars ($3,000,000.00) in punitive damages, with interest and award attorneys fees and costs incurred in bringing this action under U.S.C. § 1988; and such other and further relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enters a judgment in favor of the Plaintiff Rochelle Wiggins against the Defendants jointly and severally for the sum of One Million Dollars ($1,000,000.00) in compensatory damages and Three Million Dollars ($3,000,000.00) in punitive damages, with interest and award attorneys fees and costs incurred in bringing this action under U.S.C. § 1988; and such other and further relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enters a judgment in favor of the Plaintiff Chawndra Royal against the Defendants jointly and severally for the sum of One Million Dollars ($1,000,000.00) in compensatory damages and Three Million Dollars ($3,000,000.00) in punitive damages, with interest and award attorneys fees and costs incurred in bringing this action under U.S.C. § 1988; and such other and further relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enters a judgment in favor of the Plaintiff Asa Seeley against the Defendants jointly and severally for the sum of One Million Dollars ($1,000,000.00) in compensatory damages and Three Million Dollars ($3,000,000.00) in punitive damages, with interest and award attorneys fees and costs incurred in bringing this action under U.S.C. § 1988; and such other and further relief as this Court deems just and proper.

        Respectfully submitted,
        THE IWEANOGES' FIRM, P.C.

By:    /JohnOIweanoge/
        John O. Iweanoge, II. (439913)
        Charles C. Iweanoge (465663)
        Jude C. Iweanoge (493241)
        IWEANOGE LAW CENTER
        1026 Monroe Street, NE
        Washington, D.C. 20017
        Telephone: (202) 347-7026
        Fax:      (202) 347-7108
        Email:    joi@iweanogesfirm.com

## **JURY DEMAND**

The Plaintiffs through Counsel respectfully demands a jury trial on all issues presented herein.

        /JohnOIweanoge/
        John O. Iweanoge, II

.