## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| **DR. SIMON BANKS, J.D.** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Case: 1:05-cv-1514 (RCL)** |
| | ) | |
| **S. ELWOOD YORK, JR., et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants** | ) | |
_____ )

## DISTRICT DEFENDANTS' MOTION TO DISMISS AND FOR SANCTIONS

Pursuant to Fed. R. Civ. P. 11 and 12(b)(1)(6), and for the reasons set forth in the
accompanying memorandum of points and authorities, the District of Columbia (hereinafter "the
District") and Devon Brown (hereinafter "Director Brown"), a District official sued in his
individual and official capacities, by and through undersigned counsel, move this Court for an
order dismissing this complaint against them on the grounds that:

(a) The complaint violates an order of this court issued on September 17, 2007 by the
Honorable Ellen S. Huvelle, which specifically limited the claims that could be lodged by
stating,

> [p]laintiff may continue to pursue against the District of Columbia (1) his
> Section 1983 claim for overdetention; (2) his Eighth Amendment claims
> based on the denial of a diabetic diet and the lack of heat at the D.C. Jail;
> (3) his claim regarding the opening of his legal mail outside of his presence;
> and (4) his negligent training and supervision claims. Plaintiff may also
> continue to pursue his Section 1983 claim for overdetention and his
> negligent training and supervision claims against Devon Brown in his
> individual capacity. (Case 1:05-cv-01514-ESH Document 120 Filed
> 09/17/2007) (hereinafter "Huvelle Order")

(b) Plaintiff violates the Huvelle Order by

    a. Making allegations against Director Brown in his official capacity;

1

    b.   Making allegations against Director Brown for denial of medical care (Count I);

    c.   Making allegations against Director Brown for lack of heat (Count I);

    d.   Making Deliberate Indifference claims against Director Brown for lack of heat (Count III);

    e.   Making Deliberate Indifference claims against Director Brown for deprivations of medical-diabetic meals (Count III);

    f.   Making Deliberate Indifference claims against Director Brown for deprivation of diabetic meals repeated (Count IV);

    g.   Making Eighth Amendment and 14th Amendment Due Process claims against Director Brown repeated for the third time for failure to provide diabetic meals (also nominated Count III for a second time);

    h.   Making Eighth Amendment and 14th Amendment Due Process claims against Director Brown repeated for the second time for failure to provide adequate heat (also nominated Count III for a second time);

(c) The complaint fails to state a claim upon which relief may be granted against the District of Columbia under Count III (second Count III, page 13) since the 14th Amendment to the U.S. Constitution is not made applicable to the District of Columbia;

(d) Plaintiff waived his claim for alleged opened mail outside his presence by failing to allege said claim pursuant to the Huvelle Order, and as such, District Defendants seek a ruling that the claim is dismissed with prejudice;

(e) The legal doctrine of *non sui juris* prohibits suit against Director Brown in his official capacity;

(f) Plaintiff's contempt of this court's order and contumacious practices warrant sanctions pursuant to Federal Rule of Civil Procedure 11 and this Court's equitable powers;

(g) Plaintiff failed to exhaust administrative remedies.

    A proposed order is attached.

Respectfully submitted,

LINDA SINGER
 Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A. EFROS
Chief, Equity I

/s/ Denise J. Baker
DENISE J. BAKER
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)

**CERTIFICATE PURSUANT TO LCvR 12-I**

The undersigned counsel hereby certifies that on December 14, 2007, she email counsel of the defendants' intention to file this motion to dismiss, to which Plaintiff has not responded and it is assumed that the motion is opposed.

/s/ Denise J. Baker
DENISE J. BAKER 493414
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)
Denise.Baker@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
DR. SIMON BANKS, J.D.                               )
                                                    )
           Plaintiff                                )
                                                    )
           v.                                       )          Case: 1:05-cv-1514 (RCL)
                                                    )
S. ELWOOD YORK, JR., et al.,                        )
                                                    )
                                                    )
           Defendants                               )
_____)


# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
## OF DISTRICT DEFENDANTS' MOTION TO DISMISS AND FOR SANCTIONS


### I.  INTRODUCTION

       Undersigned counsel sparred repeatedly against three (3) amended complaints, which

alleged a plethora of institutional wrongs brought against Defendants by Plaintiff, Simon Banks,

(hereinafter "Banks" or "Plaintiff") under separate caption.  (See docket Case 1:05-cv-01514-

ESH).  After several years of struggle, the litigation resulted in a succinct order of this Court,

which stated, inter alia:

> [p]laintiff may continue to pursue against the District of Columbia (1) his
> Section 1983 claim for overdetention; (2) his Eighth Amendment claims
> based on the denial of a diabetic diet and the lack of heat at the D.C. Jail;
> (3) his claim regarding the opening of his legal mail outside of his presence;
> and (4) his negligent training and supervision claims. Plaintiff may also
> continue to pursue his Section 1983 claim for overdetention and his
> negligent training and supervision claims against Devon Brown in his
> individual capacity.

(Case 1:05-cv-01514-ESH Document 120 Filed 09/17/2007) (hereinafter "Huvelle
Order" attached hereto as Exhibit "A")

4

Plaintiff, for reasons known only to him, has taken a contemptuous view of the Order, and arguably, **this Court**, by nevertheless bringing claims precluded by the clear language of the Huvelle Order.

In addition, Plaintiff brings claims against the District Defendants pursuant to the 14th Amendment to the U.S. Constitution, which fail of their own accord. This Amendment is applicable solely to the several states; and until such time that the District of Columbia becomes a state, such a claim must be dismissed with prejudice.

Judge Huvelle gave Plaintiff the opportunity to raise a claims related to allegations that his mail was opened outside of his presence while he was incarcerated for the unauthorized practice of law, as well as common law negligence. Plaintiff failed to or decided not to raise this claim in his new complaint, thereby waiving his opportunity to do so, and/or violating the Huvelle Order on another point. District Defendants seek an order of this Court precluding Plaintiff from litigating these claims on the basis of waiver since he was given the opportunity to raise them now, but failed to do so.

Judge Huvelle gave Plaintiff permission to sue Director Devon Brown in his individual capacity; yet again, Plaintiff *sua sponte* supplemented that authority by bringing claims against Director Brown in his official capacity. The legal doctrine of *non sui juris* bars the claims.

Lastly, to the extent that this Court can fashion an order requiring Plaintiff to "play by the rules," District Defendants would ask this Court's consideration and grant of such an order. District Defendants have a valid basis for such a request. Judge Huvelle clearly delineated the parameters of future litigation in her Order. Nevertheless, Plaintiff still persists in hounding the District Defendants to ground by expansive and excessive pleadings. Even more problematic is

the fact that he threatens to expand his pleadings to an even greater extent to include the

following:

>1.  I propose to file an amended complaint which will include the contractor as a defendant.  Do you consent to the filing of Motion to amend complaint in Banks v. Brown, et al, 07-02115.

>2.  I propose to file Motion to consolidate/join Banks v. Brown, 07-02115 with Banks v. York, et al 05-1514

>3.  I propose to file Motion for Declaratory Judgment, to determine my right to rely upon the over-detention constitutional claims set forth in 05-1514 as connected to and the underpinning of the non-overdetention state law/common law claims filed in 07-2115, Banks v. Brown, as well as the prejudicial effect and impact that the sua sponte severance has upon the Plaintiff's procedural and substantive rights.  As well as right to receive any and all evidence/discovery, disclosures shared by and between the parties in Carl Barnes v DC, 06-00315RC.

>4.  I propose to file Motion to supplement Banks v. York, 05-1514, with state law claims pertaining to over-detention, i.e. false imprisonment.  This motion shall include Plaintiff's right to participate in any and all mediation involving class plaintiff and lead class counsel.

>5.  I propose to file motion in Carl Barnes v DC, 06-00315RC to lift protective order and/or injunction precluding respective counsel from disclosing content of discovery and other facts and for an order directing counsel to share with the Plaintiff/intervenor/class member, any and all discovery, affidavits, pretrial evidence shared by and between parties, so that Plaintiff may share and participate in any and all proceedings, including but not limited to discovery and mediation.

(Banks Email attached hereto as Exhibit "B" and made a part hereof).  These repetitious, prolix,

contumacious pleadings exhaust governmental and judicial resources, create backlogs, and

should be the subject of Fed. R. Civ. P. Rule 11 and other equitable sanctions.  Thus, District

Defendants request that this Court exercise its equitable powers to fashion a remedy to address

the issues raised in this action.

## II.  STANDARD OF REVIEW

Under Fed. R. Civ. P. 8(a)(2), a complaint must include "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While it is not necessary for a complaint to set forth "specific facts," *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1965.  Thus, a complaint's factual allegations must "raise a right to relief above the speculative level" and set forth "plausible grounds to infer" liability. *Id.*

When ruling on a defendants' motion to dismiss, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson*, 127 S. Ct. at 2200 (citing *Twombly*, 127 S. Ct. at 1965).  At the same time, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 127 S. Ct. at 1965 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

This Court's review of the Plaintiff's complaint will show that under no set of facts have Plaintiffs met his burden as to controverted claims set forth in District Defendants' motion.  For that reason, this motion to dismiss should be granted.

## III.  LEGAL ARGUMENT

### A.  *Plaintiff's Contempt of Court Order Warrants Dismissal of Claims*

"Compliance with court orders is required until they are reversed on appeal or are later modified." *Baker v. United States*, 891 A.2d 208, 212 (D.C.2006) (quoting *Kammerman v. Kammerman,* 543 A.2d 794, 798-99 (D.C.1988)). "Court orders must be respected and

'disobedience of them is contempt of its lawful authority, to be punished.'" *Baker, supra,* 891 A.2d at 212 (citations omitted). Neither the undersigned counsel nor Plaintiff may disregard a valid order of this court without suffering judicial sanction of some sort. *See In re Simon Banks,* 805 A.2d 990, 993 (D.C.2002)( *Banks III* ) (sustaining contempt orders "resulting from appellant's disregard of injunctions issued by this court against the unauthorized practice of law" and affirming an "order directing appellant to pay partial attorney's fees of members of the Committee on Unauthorized Practice of Law [], which sought to enforce the court's prior injunction"); *Banks v. District of Columbia Dep't of Consumer and Regulatory Affairs,* 634 A.2d 433, 439-40 (D.C.1993)( *Banks II* ) (sustaining a determination by the District's Department of Consumer and Regulatory Affairs that appellant "engaged in three deceptive trade practices," in violation of the District's Consumer Protection Procedures Act, "based on the unauthorized practice of law"); and *In re Simon Banks,* 561 A.2d 158, 167-69 (D.C.1987) (*Banks I*) (finding, after a hearing conducted by a senior judge of this court on the petition of the court's Committee on Authorized Practice of Law, that "appellant has violated this court's rule prohibiting the unauthorized practice of law," and enjoining appellant from engaging in specified acts relating to the practice of law or the status of a lawyer).

Nevertheless, Plaintiff totally disregarded the clear mandates of Judge Huvelle's Order issued in the predecessor case to this one. (Huvelle Order) He did so by including claims against Director Brown, which were explicitly precluded. Plaintiff violates the Huvelle Order by:

> a.  Making allegations against Director Brown in his official capacity;
>
> b.  Making allegations against Director Brown for denial of medical care (Count I)
>
> c.  Making allegations against Director Brown for lack of heat (Count I)

     d.  Making Deliberate Indifference claims against Director Brown for lack of heat (Count III)

     e.  Making Deliberate Indifference claims against Director Brown for deprivations of medical-diabetic meals (Count III)

     f.  Making Deliberate Indifference claims against Director Brown for deprivation of diabetic meals repeated (Count IV)

     g.  Making Eighth Amendment and 14th Amendment Due Process claims against Director Brown repeated for the third time for failure to provide diabetic meals (also nominated Count III for a second time)

     h.  Making Eighth Amendment and 14th Amendment Due Process claims against Director Brown repeated for the second time for failure to provide adequate heat (also nominated Count III for a second time)

To say that Plaintiff gave the Huvelle Order short shrift is an understatement.  The admonishments that he personally received in the Banks I, II, and III criminal contempt cases cited above for authority apparently were ineffective in tempering his penchant for contempt of court.  *See* e.g., *Banks v U.S.*, 926 A.2d 158 (D.C. 2007).  It appears that only dismissal of this action will temper Plaintiff's intemperate behavior toward this Court and the District Defendants.

### B.  *The District Defendants are not subject to a Fourteenth Amendment Claim*

The Fourteenth Amendment to the U. S. Constitution does not apply to the District of Columbia or Director Brown.  *Armfield v. U.S.*, 811 A.2d 792, 797 (D.C. 2002).  He cannot seek relief under the Fourteenth Amendment, because it applies only to the states and not to the District of Columbia. *See Bolling v. Sharpe*, 347 U.S. 497, 499(1954); *Smith v. United States*, 460 A.2d 576, 578 n. 3 (D.C.1983).  These claims should be dismissed.

### C.  Plaintiff Waived claims not brought in this complaint

The Huvelle Order permitted Plaintiff a second bite of the apple to assert, solely against the District of Columbia, that his mail was opened outside of his presence while he was incarcerated for the unauthorized practice of law, and negligence claims.  (*See* Huvelle Order). Plaintiff did not make the claims in this complaint.  Plaintiff should not be heard later to assert that claim in subsequent amendments or independent complaints against the District Defendants. It is inequitable for Plaintiff to repeatedly make such claims, amend pleadings, and subject District Defendants to protracted litigation.

### D.  The Legal Doctrine of Non Sui Juris Prohibits Suit against Director Brown

Contrary to the specific instructions of the Huvelle Order, the complaint names Devon Brown as a defendant in his official capacity as Director of the District Department of Corrections.  Since Director Brown is sued in his official capacity, it is apparent that the suit is against the District Department of Corrections.  However, it is well established under District law that an agency of the District of Columbia is not subject to suit: "Agencies and departments within the District of Columbia government cannot be sued as separate entities."  *Parker v. District of Columbia,* 216 F.R.D. 128, 130 (D.D.C. 2002) (dismissing claims against the District of Columbia Commission on Mental Health Services); *Gales v. District of Columbia,* 47 F. Supp. 2d 43, 48 (D.D.C. 1999*)* ("Ms. Gales' claim against the MPD, a municipal department of the District, was dismissed because agencies and departments within the District of Columbia government are not sueable as separate entities."); *Fields v. District of Columbia Department of Corrections,* 789 F. Supp. 20, 22 (D.D.C. 1992) ("agencies and departments within the District of Columbia are not sueable as separate entities [citations omitted]…the Department … is *non sui juris,* and the Court therefore lacks jurisdiction…")

As a matter of law, the complaint against Director Brown in his official capacity should be dismissed under the doctrine of *non sui juris.*

### E.  Plaintiff Failed to Exhaust the Administrative remedies available pursuant to 42 U.S.C. § 1997e(a).

The Huvelle Order permitted Banks to refile a complaint making the following claims against the District of Columbia under the above-captioned complaint with respect to alleged failure to receive diabetic meals, cold temperatures in his jail cell, and opening his mail outside of his presence.  (See Huvelle Order).[1]  Even given this second bite of the apple, Plaintiff cannot prevail since he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA").  Thus, as a matter of law, these renewed claims must be dismissed.

The PLRA requires inmates to exhaust administrative remedies before bring a lawsuit under 42 U.S.C. § 1997e(a):

> No action shall be brought with respect to prison conditions  under § 1979 of the revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The exhaustion requirement promotes important interests, which include:

> deference to Congress' decision that independent administrative tribunals, not courts, should serve as the initial forum for dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and (3) judicial economy by resolving complaints or setting forth findings of fact.[2]

The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, or whether they allege excessive force or

---

[1] Plaintiff has not pleaded a claim for opening his mail outside his presence and this claim should be deemed waived. (*See* Discussion, *supra* ¶ C.).
[2] *See Terrell v. Brewer,* 935 F.2d 1015, 1019 (9th Cir. 1991)

some other wrong."[3] The United States Supreme Court clarified that even inmates seeking only

monetary relief must properly complete a prison administrative process that could provide some

sort of relief, even if not monetary, before filing a § 1983 claim. *Woodford v. Ngo*, 126 S. Ct.

2378, 2380 (2006); *see also Booth v Churner*, 532 U.S. 731 (2001) (dismissing the claims of an

inmate who failed to exhaust all available administrative remedies.).

Factually, Plaintiff's grievances relevant to cold temperatures and diabetic meals were

made while Plaintiff was incarcerated at the Correctional Treatment Facility ("CTF"), which is

contractually operated by the Correctional Corporation of America ("CCA") for DOC. **Thus,**

**the CCA Corporate and Facility Policy 14-5 is the relevant policy document, which sets**

**forth the need for Plaintiff to exhaust his administrative remedies, which he did not.** (See

Exhibit "C" CCA Policy 14-5).

DOC has an Inmate Grievance Procedure also. (See Exhibit "D", DOC Inmate

Grievance. Procedure ("IGP")).   The DOC IGP recognizes the CCA policy regarding exhaustion

by stating:

> Inmates housed in contract prison facilities shall use the contractor's
> grievance process, noting the contractor to be responsible for day-to-day
> operations within the affected facility.  Inmates housed in contract prison
> facilities shall only file a grievance with the DOC when grievance appeal
> steps within the contractor's grievance process have been exhausted.

*(Id*. at ¶ 3.b.).

A CCA employee with personal knowledge has sworn under oath that Banks failed to

exhaust his administrative remedies while incarcerated at CTF.  (*See* Affidavit of Joyce Allen ¶¶

1-13, 16, attached hereto as Exhibit "E" and made a part hereof.).  Ms. Allen specifically states

that Plaintiff "failed to properly exhaust the administrative remedies available to him . . . ."  *(Id*.

---

[3] *See Jeanes v. United Stated Dep't of Justice*, 231 F. Supp. 2d 48, 50-51 (D.D.C. 2002)

at ¶ 16).  True and correct copies of the Plaintiff's grievances relevant to claims permitted by the

Huvelle Order are collectively attached hereto as Exhibit "F" and made a part hereof.)  Also

attached is the declaration of Stanley Waldren, DOC Acting Warden, who states:

> In order [ ] for an inmate or detainee housed at either the CDF or the CTF to exhaust his administrative remedies, he/she must follow the grievance procedures of the facility at which they are housed and must carry the grievance through to its finish.  The final step in the grievance process for inmates house[d] [at] both CDF and CTF is an appeal to the Director of the D.C. Department of Corrections.

(Exhibit "G" ¶ 5, attached hereto and made a part hereof).  Plaintiff failed to exhaust his

statutorily required process, and for that, this Court has no recourse but to dismiss the claims.[4]

Dismissal is appropriate, as it is clear that Plaintiff's incarceration at CCA, and the applicability

of the CCA grievance procedure prohibits claims against the District Defendants.  Plaintiff fails

to state a claim against the District Defendants because he failed to exhaust his administrative

remedies while in CCA custody.

### F.  Plaintiff should be Sanctioned

District Defendants reiterate their assertions as if set forth at length herein that Plaintiff's

behavior belies credulity.  Repeatedly, he has held this judicial institution in contempt.  It is time

that this Court does the same.

It is well-settled that this Court "has the discretion and power" to enjoin a litigant who has

abused the judicial system from filing any new civil complaints without first seeking leave of court.

*In re Grant Anderson,* 511 U.S. 364, 365 (1994).  In this Court, as in the Supreme Court,

---

[4] District Defendants incorporate by reference the factual and legal discussion set forth in the "Defendant Caulfield's Motion to Dismiss Third Amended Complaint," filed in Case No. 05-1514-ESH, Document 92, January 16, 2007, (attached hereto as Exhibit "H," in which the Honorable Ellen S. Huvelle granted Defendant Caulfield's Motion to Dismiss.  (*Id*. at Dkt. 120).

> [e]very paper filed with the Clerk ..., no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the [c]ourt's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.

*Martin v. District of Columbia Court of Appeals*, 506 U.S. 1, 3-4, (1992) (*per curiam*) (quoting *In re McDonald*, 489 U.S. 180, 184, (1989) *(per curiam))*.

Plaintiff has not only abused the resources of this Court and the Attorney General of the District of Columbia, he has shown utter contempt of a judicial order again, and again. *See Banks* I, II, and III, supra. (*See* Huvelle Order).

## IV.  CONCLUSION

For all the reasons set forth above, Plaintiff's complaint should be dismissed. Appropriate sanctions should be assessed against Plaintiff as set forth in the attached proposed order, and as within this Court's equitable discretion.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE  C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A. EFROS
Chief, Equity I

/s/ Denise J. Baker
DENISE J. BAKER
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)