**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

DR. SIMON BANKS,                                )
                                                )
                        Plaintiff,              )
                                                )          Civil Action No. 05-1514 (ESH)
            v.                                  )
S. ELWOOD YORK, JR., et al.,                    )
                                                )
                        Defendants.             )
_____)

**ANSWER TO THIRD AMENDED COMPLAINT**

Pursuant to Fed.R.Civ.P. 7(a), 8(b), and 12(a) and (b), Defendant, the District of

Columbia (hereinafter "the District") and Devon Brown (hereinafter "Director Brown")

(collectively "the District Defendants" or "Defendants"), by and through undersigned counsel,

respectfully answers the Third Amended Complaint in the above-captioned case.

**FIRST DEFENSE**

The Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Except as hereinafter expressly admitted, qualified, or otherwise admitted, defendant

specifically denies each and every allegation, statement, matter and thing contained in the

amended complaint.  Defendants respond to the numbered allegations in the third amended

complaint on knowledge and on information and belief as to other matters, as follows:

**Response to Introduction**

1.       Defendants admit that Plaintiff has styled his action as an action for injuries resulting

from overdetention.  Plaintiff's contention that the District has violated the laws referenced in

this paragraph is a conclusion of law to which no response is required.

1

**Responses to Jurisdiction and Venue**

3.     Defendants admit the statutory references cited in paragraph 3 of the amended complaint, but deny that these references necessarily confer jurisdiction on this Court in this matter.

4.     Defendants admit that statutory references cited in paragraph 4 of the amended complaint, but deny that venue is necessarily proper in this Court.

5.     This paragraph states Plaintiffs' factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in paragraph 5 and demand strict proof at time of trial.

6.     This paragraph states Plaintiffs' factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in paragraph 6 and demand strict proof at time of trial.

## RESPONSES TO PLAINTIFF'S STATEMENT REGARDING EXHAUSTION

Defendants specifically deny that plaintiff has exhausted his administrative remedies prior to instituting his complaint seeking this Court's jurisdiction.  Strict proof thereof is demanded at time of trial.  Defendants deny the remaining allegations set forth in this paragraph.  This paragraph states conclusions of law to which no response is required.

## RESPONSES TO PLAINTIFFS' FACTUAL ALLEGATIONS

7.     Admitted.

8.     Defendants deny that Anthony Williams is the Mayor of the District of Columbia or that he is being sued in his official capacity.

9.     Admitted.

10.     Defendants deny that Robert Clay is the Warden of the District of Columbia Jail or that he is being sued in his official capacity.

11.     Defendants deny that Edward D. Reiskin is the Deputy Mayor of the District of Columbia for Public Safety or that he is being sued in his official capacity.

12.     Defendants admit only that Nora Tally (Tally), Captain is an employee of the DC Department of Corrections.  Defendants deny that Tally is being sued in her official capacity or individual capacity, and if material, strict proof thereof is demanded at time of trial.

13.     Defendants deny that Gloria Nelson is the Director of Records, D.C. Department of Corrections or that she is being sued in his official capacity.

14.     Defendants admit that Dr. Gregg Pane is the Director of the District of Columbia Department of Health, but denies that Dr. Pane is being sued in his official capacity.

15.     Denied.

16.     Denied.

## RESPONSES TO PLAINTIFFS' FACTUAL ALLEGATIONS

17.     Defendants deny plaintiff's characterizations set forth in this paragraph, but if material, demands strict proof thereof at time of trial.

18.     Defendants deny plaintiff's characterization of the term "overdetain" set forth in this paragraph 18, but if material, demands strict proof thereof at time of trial.

19.     Admitted.

20.     Defendants admit that plaintiff was released on or about April 28, 2006.  The remainder of this paragraph 20 is specifically denied.  If material, strict proof thereof is demanded at time of trial.

21.     Defendants deny plaintiff's characterizations set forth in this paragraph 21, but if material, demand strict proof thereof at time of trial.

22.     Defendants deny plaintiff's characterizations set forth in this paragraph 22, and specifically deny that plaintiff made protestations. If material, strict proof thereof is demanded at time of trial.

23.     Defendants deny plaintiff's characterizations set forth in this paragraph 23. If material, strict proof thereof is demanded at time of trial.

24.     After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations set forth in this paragraph 24. If material, strict proof thereof is demanded at time of trial.

25.     After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations set forth in this paragraph 25. If material, strict proof thereof is demanded at time of trial.

26.     After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations set forth in this paragraph 26. If material, strict proof thereof is demanded at time of trial.

27.     This paragraph states a conclusion of law to which no response is required.

28.     Defendants deny plaintiff's characterization of the term "exit date." If material, strict proof thereof is demanded at time of trial.

29.     This paragraph states a conclusion of law to which no response is required.

30.     Defendants admit only that Brown is the Director of the D.C. Department of Corrections. Defendants deny plaintiff's characterizations set forth in this paragraph 30. If material, strict proof thereof is demanded at time of trial. The remainder of this paragraph states a conclusion of law to which no response is required.

31.    Defendants admit only that Brown is the Director of the D.C. Department of Corrections. Defendants deny plaintiff's characterizations set forth in this paragraph 31.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states a conclusion of law to which no response is required.

32.    Defendants admit only that Brown is the Director of the D.C. Department of Corrections. Defendants deny plaintiff's characterizations set forth in this paragraph 31.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states a conclusion of law to which no response is required.

33.    Admitted.

34.    Admitted.

35.    Admitted.

36.    Admitted.

37.    Admitted.

38.    This paragraph states a conclusion of law to which no response is required.

39.    Admitted.

40.    Admitted.

41.    Admitted.

42.    Admitted.

43.    Defendants admit that inmates housed in halfway houses are permitted access to the street in order to work, obtain drug or other substance abuse treatment or for other purposes.  The remainder of this paragraph states a conclusion of law to which no response is required.

44.    Admitted.

45.     Defendants admit that the Records Office processes inmates for release.  Defendants deny plaintiff's characterization as "ensuring" and if material, strict proof thereof is demanded at time of trial.

46.     Admitted.

47.     Admitted.

48.     Admitted.

49.     Admitted.

50.     Admitted.

51.     Denied.

52.     Defendants admit that release and commitment orders are transported by the U.S. Marshal Service as prisoners are bused from the courthouse to the jail.  Defendants deny plaintiffs characterization that this process is a result of foregoing allegations set forth in this amended complaint.  If material, Defendants demand strict proof at time of trial.

53.     Denied.

54.     Denied.

55.     Denied.

56.     This paragraph 56 states a conclusion of law to which no response is required.  To the extent a response is required, the allegation is denied.

57.     Defendants deny plaintiff's characterization of the inmate management system.  If material, strict proof thereof is demanded at time of trial.

58.     Defendants admit only that several reports have been prepared regarding the Department of Corrections.  Defendants deny plaintiff's characterizations of those reports alleged in

paragraph 58 of the amended complaint.  If material, strict proof thereof is demanded at time of trial.

59.    Admitted.

60.    Defendants admit only that the document speaks for itself.  If material, strict proof thereof is demanded at time of trial.

61.    Defendants admit only that the document speaks for itself.  If material, strict proof thereof is demanded at time of trial.

62.    Defendants admit only that the document speaks for itself.  If material, strict proof thereof is demanded at time of trial.

63.    Defendants deny the allegations set forth in this paragraph.  If material, strict proof thereof is demanded at time of trial.

64.    Defendants admit only that plaintiff was released on or about April 28, 2006.  The remainder of this paragraph is plaintiff's characterization of the facts and conclusions of law to which no response is required.

65.    This paragraph states conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations.

66.    This paragraph states plaintiff's characterization of the facts and conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations.

67.    Defendants are without information sufficient to respond to this paragraph 67, and therefore deny the allegations set forth therein.  If material, strict proof thereof is demanded at time of trial.

**68.** Defendants deny the characterizations set forth in this paragraph 68. If material, strict proof thereof is demanded at time of trial.

69. Defendants are without information sufficient to respond to the allegations set forth in this paragraph 69, and therefore, deny same. If material, strict proof thereof is demanded at time of trial.

70. Defendants are without information sufficient to respond to the allegations set forth in this paragraph 70, and therefore, deny same. If material, strict proof thereof is demanded at time of trial.

71. Defendants are without information sufficient to respond to the allegations set forth in this paragraph 71, and therefore, deny same. If material, strict proof thereof is demanded at time of trial.

72. Defendants are without information sufficient to respond to the allegations set forth in this paragraph 72, and therefore, deny same. If material, strict proof thereof is demanded at time of trial.

73. Defendants are without information sufficient to respond to the allegations set forth in this paragraph 73, and therefore, deny same. If material, strict proof thereof is demanded at time of trial.

74. Defendants are without information sufficient to respond to the allegations set forth in this paragraph 74, and therefore, deny same. If material, strict proof thereof is demanded at time of trial.

75. Defendants are without information sufficient to respond to the allegations set forth in this paragraph 75, and therefore, deny same. If material, strict proof thereof is demanded at time of trial.

76.     Defendants are without information sufficient to respond to the allegations set forth in this paragraph 76, and therefore, deny same.  If material, strict proof thereof is demanded at time of trial.

77.     Defendants specifically deny plaintiff's characterizations regarding defendants' alleged conduct as egregious, gross negligence or reckless indifference, and if material demand strict proof thereof at time of trial. Defendants are without information sufficient to respond to the remaining allegations set forth in this paragraph 77, and therefore, deny same.  The remainder of this paragraph states plaintiff's characterization of the facts and conclusions of law to which no response is required.

78.     Defendants are without information sufficient to respond to the allegations set forth in this paragraph 78, and therefore, deny same.  If material, strict proof thereof is demanded at time of trial.

79.     Defendants specifically deny plaintiff's characterizations regarding defendants' alleged conduct and alleged failures by District personnel, and if material demand strict proof thereof at time of trial. Defendants are without information sufficient to respond to the remaining allegations set forth in this paragraph 79, and therefore, deny same.  The remainder of this paragraph states conclusions of law to which no response is required.

80.     Denied.  This paragraph states conclusions of law to which no response is required.

81.     To the extent that this paragraph makes allegations against an answering defendant, the allegations are specifically denied.  The remainder of this paragraph states conclusions of law to which no response is required.

82.     Defendants admit only that plaintiff was housed at CTF at one time during his incarceration.  Defendants deny the remainder of plaintiff's characterization of his incarceration, and if material, demand strict proof thereof at time of trial.

83.     Defendants admit only that plaintiff was housed at CTF at one time during his incarceration.  Defendants deny the remainder of plaintiff's characterization of his incarceration, and if material, demand strict proof thereof at time of trial.

84.     Defendants admit only that plaintiff was housed at D.C. Jail upon return from his extradition and incarceration in Virginia.  Defendants deny the remainder of plaintiff's characterization of his incarceration, and if material, demand strict proof thereof at time of trial.

85.     Defendants admit only that plaintiff was housed at D.C. Jail upon return from his extradition and incarceration in Virginia.  Defendants deny the remainder of plaintiff's characterization of his incarceration, and if material, demand strict proof thereof at time of trial.

86.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 86.  Defendants are without information sufficient to respond to the allegations regarding the effect of incarceration experienced by plaintiff, and therefore, deny same.  If material, strict proof thereof is demanded at time of trial.

87.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 87.  Defendants are without information sufficient to respond to the allegations regarding the incarceration experienced by plaintiff, and therefore, deny same.  If material, strict proof thereof is demanded at time of trial. The remainder of this paragraph states conclusions of law to which no response is required.

88.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 86.  Defendants are without information sufficient to respond to the allegations regarding the incarceration experienced by plaintiff, and therefore, deny same.  If material, strict proof thereof is demanded at time of trial.

## RESPONSES TO PLAINTIFFS' SUBSTANTIVE ALLEGATIONS

### Response to Count I

89.     Defendants repeat its responses to all allegations set forth above as if set forth at length herein.

90.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 90.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

91.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 91.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

92.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 92.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

93.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 93.  If material, strict proof thereof

is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

94.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 94.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

95.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 95.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

96.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 96.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

97.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 97.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

98.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 98.  Defendants are without information sufficient to respond to the allegations regarding the incarceration experienced by plaintiff, and therefore, deny same. If material, strict proof thereof is demanded at time of trial. The remainder of this paragraph states conclusions of law to which no response is required

99.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 99.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

100.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 100.  Defendants are without information sufficient to respond to the allegations regarding the incarceration experienced by plaintiff, and therefore, deny same. If material, strict proof thereof is demanded at time of trial. The remainder of this paragraph states conclusions of law to which no response is required.

101.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 101.  Defendants are without information sufficient to respond to the allegations regarding the incarceration or alleged harm experienced by plaintiff, and therefore, deny same. If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

102.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 102.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required

103.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 103.  Defendants are without information sufficient to respond to the allegations regarding the effect of incarceration experienced by plaintiff, and therefore, deny same. If material, strict proof thereof is demanded

at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required

104.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 104.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

<h3 align="center">Response to Count II</h3>

105.     Defendants repeat its responses to all allegations set forth above as if set forth at length herein.

106.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 106.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

107.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 107.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

108.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 108.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

109.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 109.  If material, strict proof thereof

is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

110.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 110.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

111.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 111.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

112.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 112.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

113.    This paragraph does not refer to answering defendants, and thus no response is required.

114.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 114.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

115.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the allegations and characterizations set forth in paragraph 115.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states plaintiff's characterization of the facts and conclusions of law to which no response is required.

116.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the allegations and characterizations set forth in paragraph 116.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states plaintiff's characterization of the facts and conclusions of law to which no response is required.

117.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the allegations and characterizations set forth in paragraph 117.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

118.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the allegations and characterizations set forth in paragraph 118.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

119.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the allegations and characterizations set forth in paragraph 119.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

120.    Answering defendants are without information sufficient to respond to the allegations set forth in this paragraph 120, and therefore deny same.  If material, strict proof thereof is demanded at time of trial.

121.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 121.  Defendants are without information sufficient to respond to the allegations regarding the incarceration or alleged harm experienced by plaintiff, and therefore deny same. If material, strict proof thereof is demanded at

time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

### Response to Count III and Count III (sic)

122.    Defendants repeat its responses to all allegations set forth above as if set forth at length herein.

123.    – 146.  The allegations and legal conclusion of these paragraphs have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Count IV

147.    Defendants repeat its responses to all allegations set forth above as if set forth at length herein.

148.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 148.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states plaintiff's characterization of the facts and conclusions of law to which no response is required.

149.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 149.  If material, strict proof thereof is demanded at time of trial.

150.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 150.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

151.    This paragraph states conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

152.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 152. If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

153.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 153.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

154.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 154.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

155.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 155.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

156.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 156.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

157.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 157.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

158.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 158.  Defendants are without information sufficient to respond to the allegations regarding the incarceration or alleged harm experienced by plaintiff, and therefore deny same. If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

159.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 159.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

160.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 160.  Defendants are without information sufficient to respond to the allegations regarding the incarceration or alleged harm experienced by plaintiff, and therefore deny same. If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

161.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 161.  If material, strict proof thereof

is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

162.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 162.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

163.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 163.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

164.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 164.  Defendants are without information sufficient to respond to the allegations regarding the incarceration or alleged harm experienced by plaintiff, and therefore deny same. If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

165.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 165.  Defendants are without information sufficient to respond to the allegations regarding the incarceration or alleged harm experienced by plaintiff, and therefore deny same. If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

**Response to Count V**

166.    Defendants repeat their responses to all allegations set forth above as if set forth at length herein.

167.    -174    The allegations and legal conclusion of these paragraphs have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Count VI**

175.    Defendants repeat their responses to all allegations set forth above as if set forth at length herein.

176.    The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Unnumbered Paragraph (A) Regarding Overcrowding**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Unnumbered Paragraph Regarding**
**Medical Care at the DC Jail From Systematic Deficiencies**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Paragraph (C) Regarding Allegations**
**that the DC Jail Suffers from Inadequate Medical Health Professionals**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (D) Allegations Regarding
### Defective and Unsanitary Third-World Showers

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (E) Allegations Regarding
### Inadequate Dietary and Nutritional Health Care Professionals

Defendants repeat their responses to all allegations set forth above as if set forth at length herein.  To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set herein.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

### Response to Paragraph (F) Allegations Regarding Deficient
### Law Library Resources and Staff

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Paragraph (G) Allegations Regarding Insufficient Security and Lack of Correctional Officers**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Paragraph (H) Allegations Regarding Dangerous Commingling of Inmates**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Paragraph (I) Allegations Regarding Defective Grievance Process**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Paragraph (J) Allegations Regarding Systemic Smoke Screens to disguise and Suppress Dismal Health-Safety Crisis and Deprecatory Conditions**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Paragraph (K) Allegations Regarding Lack of Reading Materials**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (L) Allegations Regarding Lack of Recreational Budget/ Recreational Equipment

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (M) Allegations Regarding Defective Roach Infected (Sic) Mattresses

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (N) Allegations Regarding One Desk, One Chair

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (O) Allegations Regarding Deficient Commissary

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (P) Allegations Regarding Lack of Nail Clippers

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (Q) Allegations Regarding Deprivation of Basic Human Needs

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (R) Allegations Regarding Regular Sewage Backup

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (S) Allegations Regarding Lack of Dental Care

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no

response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (T) Allegations Regarding Unauthorized Opening of Mail Outside of the Inmate Presence Including Legal Mail

Defendants repeat their responses to all allegations set forth above as if set forth at length herein.  To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set herein.  If material, strict proof thereof is demanded at time of trial.  Defendants are without information sufficient to respond to the allegations regarding the incarceration or alleged harm experienced by plaintiff, and therefore deny same. The remainder of this paragraph states conclusions of law to which no response is required.

### Response to Paragraph (U) Allegations Regarding Hazardous Bunk Beds without Ladders

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (V) Allegations Regarding DC Department of Health Failure to Inspect Jail for Health and Safety

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (W) Allegations Regarding Lack of Rehabilitative Courses

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no

response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Paragraph (X) Allegations Regarding Defective Heating and Ventilation**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein.  To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set herein.  If material, strict proof thereof is demanded at time of trial.  Defendants are without information sufficient to respond to the allegations regarding the incarceration or alleged harm experienced by plaintiff, and therefore deny same. The remainder of this paragraph states conclusions of law to which no response is required.

**Response to Paragraph (Y) Allegations Regarding Defective Heating and Ventilation**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein.  To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set herein.  If material, strict proof thereof is demanded at time of trial.  Defendants are without information sufficient to respond to the allegations regarding the incarceration or alleged harm experienced by plaintiff, and therefore deny same. The remainder of this paragraph states conclusions of law to which no response is required.

**Response to Paragraph (Z) Allegations Regarding Destruction of Plaintiff's Dental Crown and Refusal to Replace**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Paragraph (Z1) Allegations Regarding Retaliation for Whistleblowing Activies (sic) and for Petitioning the Court and Congress for Redress**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  By way of further answer, this paragraph states allegations and claims regarding persons other than answering defendants.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Paragraph (Z2) Allegations Regarding Cancellation of Platiff's (sic) Assignment to the Law Library**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Paragraph (Z3) Allegations Regarding the Cancellation of Plaintiff's Dietary Meals on May 2, 2005 Causing Plaintiff to be taken off the Diabetic Diet List**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein.  To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set herein.  If material, strict proof thereof is demanded at time of trial.  Defendants are without information sufficient to respond to the allegations regarding the incarceration or alleged harm experienced by plaintiff, and therefore deny same. The remainder of this paragraph states plaintiff's characterizations of fact and conclusions of law to which no response is required.

**Response to Paragraph (Z4) Allegations Regarding Plaintiff's**
**Placement in a Cell with an Inmate with Sores**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required. To the extent that a response is required of these answering defendants, the allegations are denied.

177.    Defendants repeat their responses to all allegations set forth above as if set forth at length herein. To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set herein. If material, strict proof thereof is demanded at time of trial. Defendants are without information sufficient to respond to the allegations regarding alleged harm experienced by plaintiff, and therefore deny same. The remainder of this paragraph states conclusions of law to which no response is required.

178.    Defendants repeat their responses to all allegations set forth above as if set forth at length herein. To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set herein. If material, strict proof thereof is demanded at time of trial. Defendants are without information sufficient to respond to the allegations regarding alleged harm experienced by plaintiff, and therefore deny same. The remainder of this paragraph states conclusions of law to which no response is required.

**Response to Allegations Regarding Defendant Correction Corporation of America**

179.    Defendants repeat their responses to all allegations set forth above as if set forth at length herein.

180.    -189. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required. These paragraphs pertain to defendants other than answering defendants, thus, no response is required. To the extent that this paragraph makes allegations

regarding answering defendants, Defendants deny the characterizations set herein.  If material, strict proof thereof is demanded at time of trial.

## RESPONSES TO PLAINTIFF'S PRAYER FOR RELIEF

No response is required to the remainder of the complaint, which sets forth Plaintiff's prayer for relief.  To the extent that a response is required, the Defendants deny the remaining allegations in the third amended complaint.

## THIRD DEFENSE

All allegations not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses based upon their current knowledge and information.

1.      Administrative out-processing of inmates may delay release until all warrants and detainers require time to clear through several national and international computer databases.

2.      Plaintiff failed to exhaust his administrative remedies.

3.      Delayed releases caused by computer malfunction do not rise to the level of unconstitutional deliberate indifference.

4.      D.C. Superior Court Administrative Order 02-22 dated August 5, 2002 requires that the U.S. Marshal Service have an inmate's paperwork in hand before the inmate is returned to DOC custody.

5.      Defendant cannot release an inmate after 10:00 p.m. as a matter of law.

6.      The actions or failure to act which give rise to the claims alleged by Plaintiffs were the responsibility of or conducted by a person or party other than the District of Columbia.

7.      Defendants, at all relevant times herein, acted consistently with relevant and applicable laws, rules, regulations, constitutional provisions, and standards of care.

8.      Defendants reserve the right to assert any and all defenses which are supported by the facts learned through discovery or at trial herein.

9.      The actions of the defendants and all employees, officials, servants, and agents of the District of Columbia were, at all times relevant to this action, reasonable, in good faith, and in full compliance with the law.

10.      To the extent plaintiffs seeks an award of unliquidated damages against the District of Columbia under local law, such award is barred for failure to meet the requirements of D.C. Code § 12-309.

11.      The local law claims are barred by the District of Columbia's discretionary function immunity.

12.      Plaintiff has failed to plead facts sufficient to support the exercise of the Court's equitable jurisdiction.

13.      Defendants state that they assert these affirmative defenses based upon information presently available and in order to avoid waiver.  Defendants reserve the right to withdraw any of these affirmative defenses or to assert additional affirmative defenses as further information becomes available.

        **WHEREFORE**, Defendants pray for a judgment dismissing the amended complaint with prejudice and awarding it the costs and disbursements of this action, together with attorneys' fees, and such additional relief as this court may deem just and proper.

                                Respectfully submitted,

                                LINDA SINGER
                                Attorney General for the District of Columbia

GEORGE  C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Ellen A. Efros
ELLEN A. EFROS
Chief, Equity I

/s/ Denise J. Baker
DENISE J. BAKER
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)