**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DR. SIMON BANKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-1514 (ESH) |
| v. | |
| S. ELWOOD YORK, JR., et al., ) | |
| ) | |
| Defendants. ) | |

**DISTRICT DEFENDANTS' OPPOSITION TO**
**PLAINTIFF'S MOTION FOR DEFAULT**

The District of Columbia and Devon Brown (hereinafter "District Defendants"), by and through undersigned counsel, oppose plaintiff's motion for default judgment, and request that the motion be denied. Legal and factual support for this response is set forth in the accompanying memorandum of points and authorities, which is incorporated herein by reference.

Wherefore, District Defendants respectfully request that the motion be denied.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A. EFROS
Chief, Equity I

/s/ Denise J. Baker
DENISE J. BAKER
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
DR. SIMON BANKS,                         )
                                         )
                Plaintiff,               )
                                         )   Civil Action No. 05-1514 (ESH)
        v.                               )
S. ELWOOD YORK, JR., et al.,             )
                                         )
                Defendants.              )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DISTRICT DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR DEFAULT**

*Preliminary Statement*

This case was severed at a status conference before the Honorable Ellen S. Huvelle on September 17, 2007 pursuant to judicial order granting the District Defendants' motions to dismiss, in part, and denying motions to dismiss, in part. (Huvelle Order). The Huvelle Order required that District Defendants respond to the complaint on or before October 1, 2007. Since that time there has been several administrative issues relating to this case, including: (1) plaintiff's ability to file through ECF; (2) incorrect captioning of the case and assignment to the Honorable Royce C. Lamberth even though he was to receive only the severed action, no. 07-2115; (3) dismissal of the District of Columbia on the docket; (4) and, the numerous, prolix, and contumacious pleadings crowding the docket, which are filed almost daily by the Plaintiff.

Today, on December 20, 2007, at approximately 12:30 P.M., undersigned counsel received a telephone call from Plaintiff Banks, asking for consent to file a Motion for Default in civil action 05-1514. Defense counsel stated that an answer had already been filed, to which Plaintiff stated that a response had been filed solely in the severed action 07-2115. Defense

counsel requested until 2:00 P.M. to file a pleading, out of an abundance of caution that she could be incorrect in her belief that an answer had been filed. Plaintiff Banks graciously granted Defense counsel until 3:00 P.M. to file a response. Then, Plaintiff Banks turned on Defense counsel like bad milk. Notwithstanding his affirmation to the contrary, he filed his Motion for Default at 1:18 P.M., approximately 1-½ hours before his bad faith promise to hold off before he loosed the hounds of default. (*See* Docket No. 140).

Having been fooled more than twice by Plaintiff Banks, undersigned Defense counsel filed responsive pleadings in the interim prior to his motion for default, and out of an abundance of caution. Only then did she take the time to review the case activity to determine whether, indeed, she had filed an answer to the third amended complaint, as required by Judge Huvelle. *(See id.* at 138-139, 141).

ATTACHED IS A COPY OF THE ECF NOTICE CONFIRMING THAT THE DISTRICT DEFENDANTS' ANSWER TO THE THIRD AMENDED COMPLAINT WAS FILED ON OCTOBER 1, 2007, AS REQUIRED BY THIS COURT. (*See id*. at 123; Exhibit "A" attached hereto and made a part hereof.).

***Legal Argument***

The standard for a default in this District was set forth in *Sir Charles 2X v. District of Columbia*, Civil Action No. 90-1691, 1990 U.S. Dist. Lexis 16731 (D.D.C. 1990)(Oberdorfer, J.):

> Judgment by default is normally reserved for a "totally unresponsive party." *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980). In other cases, there is a strong policy against entry of judgment "as a penalty for delays in filings." *Id.* at 835; accord *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970) (per curiam). Although determination of whether a default judgment is appropriate is committed to the discretion of the trial court, see *Jackson v. Beech*, 636 F.2d at 835; *Keegel v. Key West & Caribbean Trading Co.*,

627 F.2d 372, 373 (D.C. Cir. 1980), "exercise of that discretion entails consideration of whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *Keegel,* 627 F.2d at 373 (citations omitted); accord *Jackson v. Beech,* 636 F.2d at 837-38. Moreover, "an abuse of discretion need not be glaring to justify reversal." *Keegel,* 627 F.2d at 373 - 74; accord *Jackson v. Beech,* 636 F.2d at 835; *Livermore,* 432 F.2d at 691.

A default is not appropriate against the District Defendants. The District Defendants have filed their answer TWICE.

## *Conclusion*

For the foregoing reasons, the Plaintiff's motion for default should be denied. Sanctions for frivolous pleadings should be considered appropriate against Plaintiff. His affidavit should be stricken and attorney's fees assessed.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Ellen A. Efros
ELLEN A. EFROS
Chief, Equity I

/s/ Denise J. Baker
DENISE J. BAKER
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)