UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SIMON BANKS, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>S. ELWOOD YORK, JR., ET AL. )<br>)<br>Defendants ) | Civil Action No. 05-1514 (RCL)<br>Royce C. Lamberth, Judge<br><br>December 21, 2007 |

**PLAINTIFF'S MOTION TO STRIKE THE ANSWER OF THE DISTRICT AND DEVON BROWN TO PLAINTIFF'S THIRD AMENDED COMPLAINT AND FOR SANCTIONS**

Comes now Simon Banks, Plaintiff, and submit Plaintiff's Motion to Strike the Answer of the District and Devon Brown to Plaintiff's Third Amended Complaint, Document 141, and for Sanctions, and in support of the Motion cite the following:

The Plaintiff incorporate by reference Plaintiff's Memorandum of Law in Support of the Plaintiff's Motion to Strike the Answer of the District and Devon Brown to Plaintiff's Third Amended Complaint and for Sanctions.


_____/s/_____
        Simon Banks

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SIMON BANKS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 05-1514 (RCL) |
| ) | Royce C. Lamberth, Judge |
| S. ELWOOD YORK, JR., ET AL. ) | |
| ) | |
| Defendants ) | December 21, 2007 |
| ) | |

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO STRIKE THE ANSWER OF THE DISTRICT AND
DEVON BROWN TO PLAINTIFF'S THIRD AMENDED COMPLAINT
AND FOR SANCTIONS

Comes now Simon Banks, Plaintiff, and submit Memorandum of Law In Support of Plaintiff's Motion to Strike the Answer of the District and Devon Brown to Plaintiff's Third Amended Complaint and for Sanctions, and in support of the Motion cite the following:

The Plaintiff incorporate by reference Plaintiff's Simon Banks, Response and Objection to the District's Notice to the Clerk to withdraw motion to dismiss and for sanctions.

**THE DISTRICT OF COLUMBIA AND DEVON BROWN HAVE WAIVED THEIR RIGHT TO FILE AND SUBMIT AN ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT.**

The Defendants District of Columbia and Devon Brown By failing to submit a Motion for Extension of Time to File its answer to the Plaintiff's Third Amended Complaint.

2

When the District and Devon Brown filed their answer to the Plaintiff's Third Amended Complaint, Document 141 without first securing leave of court to file the Answer which was due on October 21, 2007 pursuant to the Court's order dated 9/17/2007, Document 120, they waived their respective right to file an answer and violated Rule 11, Fed. R. Civ. P.

The District and Devon Brown further waived their respective right to file an answer to the Plaintiff's Third Amended Complaint when they filed their answer (void *ab nitio* ) after the Plaintiff had submitted a responsive pleading, (Plaintiff's Motion to Strike the Defendants District and Devon Brown's Motion to Dismiss and for Sanctions ), the District and Devon Brown further waived its right to file and answer because of its abuse of the court's rules based upon their respective non-compliance, their filing a sham Motion, to induce the Plaintiff and the Court to detrimentally rely upon its sham, the District of Columbia and Devon Brown's Motion to Dismiss Plaintiff's Third Amended Complaint and for Sanctions, and then acted to withdraw it after it was disclosed by the Plaintiff that the referenced Motion to Dismiss and for Sanctions was a sham, a duplicitous motion recently filed by the District on December 14, 2007 in 07-2115, *Banks v. District of Columbia,* and that this sham Motion does not address the over-detention issues in this instant case.

In upholding the *Doctrine of Judicial Estoppel* The court has opined, "Where the district court relies on the absence of a response as a basis for treating the motion as conceded, we honor its enforcement of the rule." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997).

3

**THE DOCTRINE OF JUDICIAL ESTOPPEL**

The District and Devon Brown's Motion to Dismiss and for Sanctions, Document No. 138 and Motion for Sanctions, Document 139, filed on December 19, 2007, and then acted to withdraw the shame motions, Document 145, filed on 12/20/2007, and then the District and Devon Brown filed an out-of-time answer, Document 141 without leave to file the answer, the District admitted that its motions and answer were a sham, these frivolous actions trigger the doctrine of *Judicial estoppel*. They are a product of extreme arrogance, disrespect for the dignity of the court, and a nullification of District's counsel's ethical responsibility to act in good faith and in accordance with the rules of this Honorable Court, governing members of the Bar. These actions are woefully disgraceful and unbefitting a member of the bar, the integrity and dignity of the Court.

The Doctrine of Judicial Estoppel precludes the District and Devon Brown's inconsistent, knee-jerk and "loose actions designed to misle the court. See <u>Scarano v. Central R. Co. of New Jersey</u>, 203 F.2d 510, 513 (3d Cir. 1953)(citation omitted). "The basic principle . . . is that absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory." 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4477 (1981), p.782.

The actions of Defendants District and Devon Brown are sanctionable pursuant to Fed. R. Civ. P. Rule 11. The court has opined: "We have held that once the district court finds that a pleading is not well grounded in fact, not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or is interposed for any improper purpose, "Rule 11 *requires* that sanctions of some sort be imposed."

4

*Westmoreland v. CBS, Inc.,* 770 F.2d 1168, 1174-75 (D.C. Cir. 1985) (emphasis added); [12] *see also Hilton Hotels Corp. v. Banov,* 899 F.2d 40, 44 (D.C. Cir. 1990) (same); *Saltany v. Reagan,* 886 F.2d 438, 439 (D.C. Cir. 1989) (same), *cert. denied,* 495 U.S. 932 (1990); *Weil v. Markowitz,* 829 F.2d 166, 171 (D.C. Cir. 1987) (same). Thus, once a district court finds sanctionable conduct, it has no discretion *whether* to impose sanctions. *Westmoreland,* 770 F.2d at 1174. It exercises its discretion at that point by selecting an appropriate sanction. *Id.*

**WHEREFORE**, Plaintiff pray this Honorable Court grant the relief requested, grant the Plaintiff's Motion to Strike the Answer of Defendants District of Columbia and Devon Brown, issue sanctions against the District and Devon Brown, and grant the Plaintiff Motion for Default Judgment.


_____/s/_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, VA. 22302
Tele#: 703 965-5637
e-mail: drsbanks@msn.com

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **SIMON BANKS,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 05-1514 (RCL)** |
| | ) | **Royce C. Lamberth, Judge** |
| **S. ELWOOD YORK, JR., ET AL.** | ) | |
| | ) | |

5

**Defendants** )     December ____, 2007
                   )

## ORDER

Upon consideration of Plaintiff's Motion to Strike District and Devon Brown's Answer and for Sanctions, it is this ____day of December, 2007

**HEREBY,
GRANTED**

_____
United States Judge