**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| **DR. SIMON BANKS, J.D.** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | )     **Case: 1:05-1514 (RCL)** |
| | ) |
| **DISTRICT OF COLUMBIA, et al.** | ) |
| | ) |
| | ) |
| **Defendants** | ) |

_____)

**DISTRICT DEFENDANTS' RULE 16.3 REPORT**

Pursuant to Fed. R. Civ. P. 16 and LCvR 16.3, Defendants, the District of Columbia (hereinafter "the District") and Devon Brown (hereinafter "Director Brown") (collectively "the District Defendants" or "Defendants"), by and through undersigned counsel, respectfully submit their Rule 16.3 Report.

On January 22, 2008, this Court ordered that a Local Rule 16.3 Conference shall be held within fifteen (15) days of this date between plaintiff and defendants. Within fourteen (14) days thereafter, and in accordance with Local Rule 16.3(d), the parties shall jointly submit the following: (1) a written report outlining the discovery plan; and (2) a proposed scheduling order.

Pursuant to said order, the parties held a telephonic meeting on January 30, 2007, which was within the fifteen (150) day period permitted by the January 22, 2008 Order. It was agreed that Plaintiff would complete the proposed document within the fourteen (14) day time period provided in the Court's Order, which would have been on February 13, 2008. As fourteen days since the telephonic meeting has passed, and the Plaintiff has failed to complete, submit, or file the required document, District Defendants file their individual report to the Court, as follows:

A.    **STATEMENT OF CLAIMS:**

This case arises out of plaintiff's alleged late release from the District of Columbia's jail. On September 17, 2007, this action was transferred by the Honorable Ellen S. Huvelle, and reassigned to the Honorable Royce C. Lamberth with respect to the alleged late release issues. Plaintiff brings this civil rights action under 42 U.S.C. § 1983 against the District of Columbia, and Devon Brown for alleged violations of rights protected by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. 3d Am. Compl. ¶ 1. Plaintiff also asserts claims for negligent supervision and training.  (*Id.*)

B.    **STATEMENT OF DEFENSES:**

District Defendants allege that Plaintiff cannot establish the existence of a custom or policy of overdetention relevant to the miscalculation of his sentence. Rather, Defendants attribute Plaintiff's overdetention to "factors unique to calculating his sentence, as opposed to any systemic inadequacy." *Id.*

In addition, District Defendants represent that there was a misunderstanding with regard to crediting the time plaintiff spent in Virginia's custody towards service of his District of Columbia sentences. *Id.* These "very discreet and individualized bases for miscalculation of his jail term," do not rise to the level of a constitutional violation brought about by a District of Columbia custom or policy.

District Defendants assert the following defenses:

1.    Plaintiff fails to state a claim against them for which relief may be granted;

2.    Devon Brown, sued in his individual capacity, is entitled to qualified immunity;

3.    Plaintiff failed to exhaust his administrative remedies; and,

4.    All non-constitutional claims lack subject matter jurisdiction.

**C.    DISTRICT DEFENDANTS' PROPOSED DISCOVERY PLAN:**

1.    Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

Several of the counts alleged in the plaintiff's third amended complaint have been dismissed already.  District Defendants believe that many, if not all, of the remaining counts of the third amended complaint are likely to be disposed of by dispositive motion.  After limited discovery, the District Defendants will file an appropriate dispositive motion.

2.    The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.

District Defendants believe that any other parties should be joined and/or the pleadings amended within 45 days after the Scheduling Conference.

3.    Whether the case should be assigned to a magistrate judge for all purposes, including trial.

District Defendants do not believe that an assignment of this case to a magistrate judge for all purposes is appropriate.  However, District Defendants propose that a magistrate judge could be assigned to resolve any discovery matters and to conduct mediation in this case.

4.    Whether there is a realistic possibility of settling the case.

It does not appear that settlement is a realistic possibility at this time.

5.    Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

District Defendants aver that there does not appear to be a realistic possibility at this time; although, the parties may benefit from mediation with a magistrate judge at a later date.  Mediation, if the case is not resolved by a dispositive motion, should be set for 30 days after the Court rules upon any dispositive motion.

6.      Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

Defendants agree that the case can be resolved by summary judgment.  The deadlines for

such motion should be as follows:

a.      Dispositive Motion:    30 days after the close of expert discovery

b.      Oppositions:    30 days after filing of dispositive motion

c.      Replies:        15 days after filing of opposition

7.      Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1) and if not, what if any changes should be made in the scope, form or timing of those disclosures.

District Defendants request that the parties dispense with the initial disclosures required

by Fed. R. Civ. 26(a)(1).

8.      The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

District Defendants propose the following discovery plan:

a.      Fact discovery, including answers to interrogatories, document production,

admissions, and depositions to be completed within 180 days after the Scheduling Conference.

b.      The number of interrogatories to be limited to 25 per side.

c.      The number of depositions to be limited to 5 per side.

d.      The duration of each deposition to be limited pursuant to LCvR 26.2(c).

At this time, it does not appear that a protective order is necessary.

9.      Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur.

District Defendants propose that that expert witness reports and information should be

exchanged and expert discovery, including expert depositions, should occur as follows:

    a.      Plaintiff's Expert Report:    30 days after the close of fact discovery

    b.      Defendants' Expert Report:    60 days after the close of fact discovery

    c.      Close of Expert Discovery:    90 days after the close of fact discovery

10.    In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

Not applicable.

11.    Whether the trial and/or discovery should be bifurcated or managed in phases and a specific proposal for such bifurcation.

District Defendants do not believe that bifurcation of the trial and/or discovery is necessary at this time. However, District Defendants reserve the right to move to bifurcate the trial and/or discovery if the need should arise.

12.    The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter.)

District Defendants propose that a pretrial conference should be set, if necessary, 60 days after the Court rules upon any dispositive motion.

13.    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after the pretrial conference.

District Defendants' propose that the trial date should be set at the pretrial conference from 60 to 90 days after that conference.

14.    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

On January 28, 2008, Plaintiff emailed defense counsel to request consent to file a 56 (f) affidavit in support of discovery and a stay. The request for relief was not given. The District Defendants opposed the motion that followed.

Respectfully submitted,

PETER NICKLES
Interim Attorney General for the District of Columbia

GEORGE  C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Ellen A. Efros
ELLEN A. EFROS
Chief, Equity I

/s/ Denise J. Baker
DENISE J. BAKER
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)


## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February, 2008 true copies of the foregoing Meet and

Confer Statement were filed electronically with the Court for ECF service, and electronically

mailed to:

Simon Banks
P.O. Box 17052
Alexandria VA 22302
DRSimon Banks [drsbanks@msn.com]


___/s/_____
Denise J. Baker

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____

DR. SIMON BANKS, J.D.                    )
                                         )
             **Plaintiff**               )
                                         )
             **v.**                      )          **Case: 1:05-1514 (RCL)**
                                         )
DISTRICT OF COLUMBIA, et al.             )
                                         )
                                         )
             **Defendants**              )
_____)

## PROPOSED SCHEDULING ORDER

UPON CONSIDERATION of the District Defendants' LCvR 16.3 Report and the entire record herein, it is this _____ day of _____, 2008, hereby ordered that:

1.      Joinder of additional parties shall be completed no later than 45 days after the scheduling conference.

2.      The parties need not exchange the initial disclosures required by Fed. R. Civ. 26(a)(1).

3.      Fact discovery, including answers to interrogatories, document production, admissions, and depositions to be completed within 180 days after the Scheduling Conference.

4.      The number of interrogatories is to be limited to 25 per side.

5.      The number of depositions is to be limited to 5 per side.

6.      The duration of each deposition is to be limited pursuant to LCvR 26.2(c).

7.      Plaintiff's expert report(s) and information shall be served no later than 30 days after the close of fact discovery.

8.      Defendants' expert report(s) and information shall be served no later than 60 days after the close of fact discovery.

9.      All discovery on the parties' experts shall close 90 days after the close of fact

discovery.

10.     All dispositive motion shall be filed no later than 30 days after the close of expert

discovery.

11.     Memoranda of points and authorities in opposition to any dispositive motions

shall be filed no later than 30 days after filing of the dispositive motion.

12.     Reply memoranda shall be filed no later than 15 days after filing of the

opposition(s).

13.     A pretrial conference shall be set, if necessary, 60 days after the Court rules upon

any dispositive motion.

14.     The trial date should be set at the pretrial conference from 30 to 60 days after the

pretrial conference.


_____          _____
Date                                                      **ROYCE C. LAMBERTH**
                                                          United States District Judge
                                                          for the District of Columbia