UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DR. SIMON BANKS, J.D. ) | | |
| P.O. BOX 17052 ) | | |
| ALEXANDRIA, VA. 22302 ) | | |
| ) | | |
| Plaintiff ) | | |
| ) | | |
| v. ) | Case: 05-1514 (RCL) | |
| ) | | |
| ELWOOD YORK, JR ) | | |
| ET AL ) | | |
| ) | August 5, 2008 | |
| Defendants ) | | |

**PLAINTIFF'S SURREPLY TO DISTRICT'S REPLY TO
PLAINTIFF'S OPPOSITION TO DISTRICT'S MOTION FOR EXTENSION OF
TIME TO RESPOND TO DISCOVERY REQUEST OF PLAINTIFF THROUGH
AUGUST 29, 2008**

Comes now, Dr. Simon Banks, Plaintiff and submit surreply to the District's Reply to Plaintiff's opposition to the District's Motion for Extension of time through August 29, 2008 to respond to Plaintiff's discovery request which was submitted to the District on July 3, 2008, Plaintiff's First Interrogatories and Plaintiff's First Request for Production of Documents, and in support the Plaintiff cites the following – all connected with the Plaintiff's Third Amended Complaint:

The District acknowledge that its sole purpose for seeking a 27-day extension after it had some 27 days to submit response to Plaintiff's discovery requests, that the reason why it has not produced the documents requested or responded to the interrogatories submitted, is: (At 1¶3)

> **Moreover, whether materials are readily retrievable is
> irrelevant to whether written responses may be generated,**

> **objected to, and reviewed by senior attorneys, which is the basis for the requested enlargement.**

This excuse for not responding for 30 days and requesting another 27 days, to submit response to the Plaintiff's discovery request is frivolous on its face. The District has had to submit responses to similar discovery request in at least two recent class action cases which apparently were reviewed by supervisors. The Office of Attorney General is not a one-man operation.

In view of fact that the Attorneys Generals had in place predetermined vacation schedules for periods that substantially predated the Plaintiff's discovery requests, the District knew and ought to have known that Plaintiff's discovery would become due in close proximity of these alleged previously scheduled vacation schedules. The District further knew that it would be frivolous to wait until it was time to go on vacation to request an extension of time.

The Plaintiff does not ordinarily object to motions for extension of time, however, the Court has issued a schedule and the precarious position of the superiors of the counsel of record seems to be a recent concoction interjected solely for purposes of unwarrantly frustrating the prosecution of the Plaintiff's case. The Plaintiff has been actively seeking discovery for three years.

The Plaintiff stands to be unduly prejudiced by any grant of extension of time to the District.

The expeditious business of the court and the administration of justice stands to be chilled and unjustifiably delayed, should the District be permitted to delay discovery for the reason given.

At the time the Court issued its scheduling order, the District was then placed on notice of the timeline for discovery, and that it should have reasonably anticipated Plaintiff's discovery requests, in particular since the Plaintiff set forth, with sufficient specificity, the discovery he would be requesting in the first, second and third Meet and Confer Statements, and Plaintiff's various motions for discovery.  **See Plaintiff's Exhibits 1, 2, 3, 4 and 5 hereto attached.**

**WHEREFORE,** the District's motion for extension of time is just another attempt to abusively protract and unduly delay the prosecution of this case without justifiable excuse and the Plaintiff request that the District's Motion for extension of time be denied.

_____/S/_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
571 970 8327
drsbanks@msn.com,