UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                       )
**DR. SIMON BANKS, J.D.**          )
                                                       )
               **Plaintiff**            )
                                                       )
                  v.                           )           **Case: 1:05-cv-1514 (RCL)**
                                                         )
**S. ELWOOD YORK, JR., et al.,**    )
                                                         )
                                                         )
              **Defendants**        )
_____)

**DISTRICT DEFENDANTS' MOTION TO STAY DISCOVERY**

       Pursuant to Federal Rule of Civil Procedure 6(b), the District of Columbia and Devon Brown, Director of the D.C. Department of Corrections (hereinafter "Director Brown") (collectively, "the Defendants" or "the District Defendants"), by and through counsel, hereby move this Honorable Court to stay discovery in this matter pending resolution of District Defendants' motion for consolidation (Dkt. No. 161) on the grounds that: (1) the issues raised in District Defendants' motion to consolidate will preclude the need for duplicative discovery requested by plaintiff; (2) granting District defendants' motions to consolidate and stay discovery will preserve resources, and ease administerability since plaintiff has requested the same discovery at issue in the case in which consolidation is requested; and (3) the parties will not be prejudiced by this brief stay of discovery.

       The grounds for this motion are more fully set forth in the accompanying memorandum of points and authorities incorporated by reference herein. A proposed Order also is attached hereto.

       Undersigned counsel requested consent for the relief requested in the motion in an email to pro se plaintiff, who responded by email that he did not consent to the relief requested herein.

WHEREFORE, the District Defendants respectfully requests that this Honorable Court:

    A. Grant the District Defendants' Motion to Stay Discovery, and

    B. Grant the District Defendants such other and further relief as the nature of its cause may require.

Respectfully submitted:

PETER NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

ELLEN EFROS [250746]
Chief, Equity Section I

/s/ Denise J. Baker
Denise J. Baker
D.C. Bar No. 493414
Assistant Attorney General
441 4th Street, Northwest, 6th Floor South
Washington, D.C. 20001
202-442-9887 (Telephone)
202-727-0431 (Facsimile)
Denise.baker@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                )
**DR. SIMON BANKS, J.D.**                      )
                                                )
           **Plaintiff**                        )
                                                )
             v.                                 )         Case: 1:05-cv-1514 (RCL)
                                                )
**S. ELWOOD YORK, JR., et al.,**               )
                                                )
                                                )
           **Defendants**                       )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DISTRICT
DEFENDANTS' MOTION TO STAY DISCOVERY**

District of Columbia and Devon Brown (collectively, "the Defendants" or "the District Defendants"), by and through counsel, respectfully submit this Memorandum of Points and Authorities in Support of their Motion to Stay Discovery pursuant to Federal Rule of Civil Procedure 6 (b).

**I. BACKGROUND**

One July 14, 2008, District Defendants moved to consolidate this action with the class action *Carl A. Barnes, et al., v. District of Columbia,* Civil Action No. 06-315 (RCL), which has been certified as a class of overdetained prisoners. ---F.R.D.---, 2007 WL 896282 (D.D.C. March 26, 2007). Docket No. 161. Both actions are based on the same factual allegations and legal theories.

The motion to consolidate is pending before this Court. Granting the motion to stay discovery, as well as the motion to consolidate, will produce significant savings of time and resources for the Court and the parties. In contrast, having virtually identical cases proceed in a parallel fashion would generate needless duplication of effort. To avoid such an unnecessary

3

expenditure, courts in this and other jurisdictions routinely grant motions to stay discovery until a prior motion is decided by the trial court.

## II. LEGAL ARGUMENT

In approving a stay of discovery pending resolution of an initial motion, the D.C. Circuit has said that "[I]n the case of suits against government officials, we are mindful that uncontrolled discovery in the course of insubstantial lawsuits can be a form of harassment that imposes an undue burden on the time and resources of public officials and their agencies." *Chagnon v. Bell,* 642 F.2d 1248, 1266 (D.C. Cir. 1980) (affirming trial court's stay of discovery pending resolution of dispositive motion). *See also Brennan v. Local Union No. 639, Int'l. Brotherhood of Teamsters,* 494 F.2d 1092, 1100 (D.C. Cir. 1974), *cert. denied*, 429 U.S. 1123 (1977) (affirming trial court's grant of protective order suspending discovery until decision on motion for summary judgment); *Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority,* 201 F.R.D. 1, 2 (D.D.C. 2001) ("[I]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.") (*citing Anderson v. United States Attorneys Office, No*. Civ.A. 91-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992)). *See also Chavous, supra,* at 2 ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned and to make the most efficient use of judicial resources.'" (citations omitted).

Cases following the principles enunciated above are legion. *See, e.g*., *Institute Pasteur v. Chiron Corp*., 315 F. Supp.2d 33, 37 (D.D.C. 2004); *Brennan v. Local Union No. 639*, 494 F.2d 1092, 1100 (D.C. Cir. 1974) (upholding grant of protective order staying discovery until after ruling on summary judgment motion); *White v. Fraternal Order of Police,* 909 F.2d 512, 517

4

(D.C. Cir. 1998); *Moldea v. The New York Times,* 137 F.R.D. 1 (D.D.C. 1990); *cf. Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Herbert v. Lando,* 441 U.S. 153, 177 (1979).

For same reasons articulated in the cases cited above, this Court should exercise its discretion and, in the interest of judicial economy and to prevent the time and waste of effort of all concerned, stay all discovery pending a ruling on the District Defendants' dispositive motion.

### III.  CONCLUSION

For the foregoing reasons, the District Defendants respectfully request that this Honorable Court enter an order to stay discovery pending resolution of the District Defendants' motion for consolidation.

Respectfully submitted:

PETER NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

ELLEN EFROS [250746]
Chief, Equity Section I

/s/ Denise J. Baker
Denise J. Baker
D.C. Bar No. 493414
Assistant Attorney General
441 4th Street, Northwest, 6th Floor South
Washington, D.C. 20001
202-442-9887 (Telephone)
202-727-0431 (Facsimile)
Denise.baker@dc.gov