UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DR. SIMON BANKS, J.D. <br> P.O. BOX 17052 <br> ALEXANDRIA, VA. 22302 <br><br> Plaintiff <br><br> v. <br><br> ELWOOD YORK, JR <br> ET AL <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br><br> Case:  05-1514 (RCL) <br><br><br><br><br> July 25, 2008 |

**PLAINTIFF'S OPPOSITION TO DISTRICT'S MOTION FOR STAY**

Comes now Dr. Simon Banks, Plaintiff, and submit opposition to the District's Motion for Stay Discovery until the Court rules on its motion to consolidate.

In support of Plaintiff's Opposition the Plaintiff cites the following:

1.    The District argues the following in its motion to stay discovery:

"**The District moves this Honorable Court to stay discovery in this matter pending resolution of District Defendants' motion for consolidation (Dkt. No. 161) on the grounds that: (1) the issues raised in District Defendants' motion to consolidate will preclude the need for duplicative discovery requested by plaintiff; (2) granting District defendants' motions to consolidate and stay discovery will preserve resources, and ease administerability since plaintiff has requested the same discovery at issue in the case in which consolidation is**

**requested; and (3) the parties will not be prejudiced by this brief stay of discovery."**

2. This motion is merely a new device utilized by the District to perpetuate its motion for extension of time and press the court to delay its decision until it secures the frivolous extension it request by default.

3. Contrary to the argument of the District, the Plaintiff stands to be unduly prejudiced by the delay in discovery. The Plaintiff has prosecuted his case for over three (3) years, surviving dispositive motion after dispositive motion, and every tactic that the District could devise to thwart the Plaintiff's pro se prosecution of his over-detention case. The District opposed the Plaintiff's attempt to intervene in the case of *Barnes v. District of Columbia,* 06-315 RCL, when the Plaintiff sought to intervene in order to secure the same and similar discovery that the Plaintiff is now requesting that the District provide in its response to the Plaintiff's pending discovery request.

4. The Plaintiff is entitled to prosecute his complaint, pro se, and not depend upon whatever discovery the lead counsel for the **Barnes Class** seek and has already secured.

## THE PLAINTIFF VEHEMENTLY OPPOSE THE DISTRICT'S MOTION TO CONSOLIDATE

5. The Plaintiff vehemently oppose the District's Motion to Consolidate. The District's Motion is also merely an addendum to the District's Motion to Consolidate.

6. While consolidation is often appropriate in order to avoid unnecessary costs and delay and to promote judicial economy, the mere existence of common issues

does not require consolidation. *Liberty Mercury*, 149 F.R.D at 81. The savings of time and effort gained through consolidation must be balanced against the inconvenience, delay and/or expense that might result from simultaneous disposition of the separate actions. *Id.* The moving party bears the burden of proof on a motion for consolidation. *Farahmand v. Rumsfeld*, 2002 WL 31630709 (E.D. Pa. Nov. 20, 2002), *citing In re: Consolidated Parlodel Litigation*, 182 F.R.D. 441, 444 (D.N.J. 1988).

7.  If this case and *Barness* are consolidated, and if there is an appeal, that appeal may have to await the final disposition of *Barnes*, an event that may not occur until many months after the Court's disposition of the Plaintiff's case and/or appeal. In *United States ex rel. Hampton v. Columbia/HCA Healthcare Corp.*, 318 F.3d 214, 216 (D.C. Cir. 2003), the Court of Appeals acknowledged that the question of whether consolidated cases retain their separate identity or become one case for purposes of appellate jurisdiction has divided the Courts of Appeals. The D.C. Circuit's position as set forth in *Phillips v. Heine*, 984 F.2d 489, 490 (D.C. Cir. 1993) is that if the district court consolidates cases for all purposes, an order deciding fewer than all the claims of all the parties cannot be appealed without a Rule 54(b) certification. Just as consolidation will delay the initial resolution of the question presented by the Mandamus Petition, there can be no doubt that consolidation will also delay appellate review of this Court's decision.

**THE COURT SHOULD DENY CONSOLIDATION.**

8.  The District's Motion for Consolidation should be denied. Plaintiff has not shown that consolidation of the instant case with the *Barnes* case will not result in any tangible savings in time, money or judicial resources. The *Barnes* case presents

disputed factual issues that include strip searches, and many disputed legal issues that will take months to resolve. The delay in the disposition of the instant case that will inevitably follow consolidation will substantially prejudice Petitioners.

**CONCLUSION.**

9. For all the above stated reasons, District Defendant's Motion to Consolidate this case with the *Barnes* case should be denied and District Defendants ordered to file responses to the Plaintiff's pending discovery requests.

10. The referenced two cases "present such dissimilar operative facts and issues that consolidation will not result in economies of any kind or nature

**Standard of Review**

11. Federal Rule of Civil Procedure 42(a) states that "[w]hen actions involving a common question of law or fact are pending before the [same] court, it may . . . order all the actions consolidated[,] and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). "The decision whether to consolidate cases under Rule 42(a) is within the broad discretion of the trial court." *Am. Postal Workers Union v. USPS*, 422 F. Supp. 2d 240, 245 (D.D.C. 2006) (internal quotation marks and citation omitted). In determining whether consolidation is appropriate, "courts weigh considerations of convenience and economy against considerations of confusion and prejudice." Id. (internal quotation marks and citation omitted); see also *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003) (observing that "[c]onsolidation may increase judicial efficiency by reducing presentation of duplicative proof at trial . . . [and] eliminating the need for more than one judge

to familiarize themselves with the issues presented") (citation omitted).

12.     District Defendants proposes consolidation only for the limited purpose of discovery . . . such that the two cases would still be tried separately"

13.     Moreover, even assuming arguendo that "it would be more conducive to judicial economy and the efficient administration of justice for the parties in both cases to produce documents responsive to discovery requests only once," to conduct a single set of depositions to the extent that witnesses in the two cases overlap, and to allow the Court "to consider only once any objections that a party may interpose" during the discovery process. The Court must "weigh considerations of convenience and economy against considerations of confusion and prejudice" in determining whether consolidation is appropriate, *Am. Postal Workers Union v. USPS*, 422 F. Supp. 2d at 245

14.     The District's stated interest in "the efficient administration of justice" and in "ensur[ing] that the parties' resources [are not] wasted on duplicative travel expense associated with multiple depositions of the same individuals" is simply not sufficient to counterbalance the probability that the plaintiffs will be prejudiced by joint proceedings, particularly when it will not be required to incur costs by deposing any witness more than once.

15.     The Court is quite mindful that it must not engage in a game of "judicial ping pong," *Joyner v. Reno*, Civ. No. 00-2006 (RBW), ___ F. Supp. 2d ____, ____, 2006 WL 3531718, at *8 (D.D.C. Dec. 7, 2006) (internal quotation marks and citation omitted

**WHEREFOR,** District's Motion to Stay discovery should  be denied.

_____/S/_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
571 970 8327
drsbanks@msn.com,