# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| **DR. SIMON BANKS, J.D.** | ) | |
| **P.O. BOX 17052** | ) | |
| **ALEXANDRIA, VA. 22302** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Case:  05-1514 (RCL)** |
| | ) | |
| **ELWOOD YORK, JR** | ) | |
| **ET AL** | ) | |
| | ) | **September 12, 2008** |
| **Defendants** | ) | |


## PLAINTIFF'S MOTION TO COMPEL DISCOVERY
## AND FOR SANCTIONS

The District does not consent to the relief requested in this motion.

The Plaintiff, after diligent effort to resolve the discovery dispute was unable to secure compliance or resolve the non-compliance. **See Plaintiff's attached letters to District's counsel seeking to resolve the District's non-compliance prior to filing motion to compel**

Come now Dr. Simon Banks, Plaintiff, and submit Motion to Compel Discovery and for Sanctions, pursuant to Fed. R. Civ. P. 37, and for willful failure to comply with discovery scheduling order, Fed. R. Civ. P. 41(b); and in support cites the following:

The Court ordered the District to submit its responses to Plaintiff's discovery by or before August 29, 2008 and not withstanding the Court's Order, the District did not submit its response to Plaintiff's interrogatories and request for production of documents by August 29, 2008.

Rather, on September 2, and September 8, the District submitted insufficient responses laced with repeated formed non-responsive responses based upon claims of attorney-client privilege and claims of undue burdens and objections to providing responses that dated back eight years.

In the few cases where the District Defendant attempted to submit a response to an interrogatory it submitted incomplete insufficient responses, and the responses were not from employee witnesses but from none sworn statements of the District Attorneys.

In cases where there was an answer, it was signed by the attorney for the District, Denise Baker, attorney for the District as well as the objections and claims of executive privilege and undue burden.

### WORK PRODUCT

With respect to the District's Attorney's claim of work product, **the Plaintiff demands strict proof and specificity regarding each and every claim** [Emphasis Added]]

### RESPONSES FAIL TO COMPLY WITH INSTRUCTIONS

The District responses to *each* the Plaintiff's Interrogatories are violative of the Federal Rules and do not comply with the instructions set forth in Plaintiff's request for Interrogatories and Production of Documents, **and responses are clearly insufficient.**

### THE DISTRICT'S ATTORNEY SIGNED THE INTERROGATORIES AND THEY ARE NOT SIGNED UNDER OATH BY AN EMPLOYEE OF THE DISTRICT NOR BY THE ASSISTANT ATTORNEY GENERAL

On the signature page, page 22 of Defendant's Responses and Objections to Plaintiffs' First Set of Interrogatories, there is no oath that swears to the truth and veracity of the responses, or to attest to any semblance as follows: "I have read the foregoing Defendant District of Columbia's Answers and Objections to Plaintiff's Interrogatories, and they are

2

true to the best of my knowledge and belief." Rather, only the signatures of two attorneys, Elen Efros and Denise Baker, assistant attorney generals appear.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, "[t]he person who makes the answer [to the interrogatories] must sign them, and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(5).

The party upon whom they were served- *i.e.,* a representative of the District of Columbia who attests to their truth on behalf of the District of Columbia. Defendant's objections, on the other hand, must be signed by counsel for the District."). knowledge, information, and belief." Baker, attorney for the District appears, therefore, to have attempted to both attest to the veracity of the answers as a representative of the District of Columbia and also lodge objections to the interrogatories. This she cannot do. See *Fonville v. District of Columbia*, 230 F.R.D. 38, 45 (D.D.C. 2005) ("Interrogatories are served on parties, and defendant's answers must be signed by a representative of the party, not the attorney.

In addition to the District's action of frustrating Plaintiff's attempt to secure discovery, the District has engaged in repetitive, evasive, abusive, general objections to support its failure to submit responsive responses to Plaintiff's Interrogatories 1 through 6 and 8 through 25(14), the District has failed to produce and provide a single document in response to the Plaintiff's Request for Production of Documents.

The District has waived any and all privilege it assert, by the District's clear and undisputable bad faith and its dilatory tactics as set forth above, and its violation of Rule 11 of the Federal Rules, the Superior Court Rules, and by its acts to delay the discovery process by its request for continuous on the basis that it needed to get with employees of the District to perform various functions, and these functions and disclosures had to be

reviewed by supervising attorneys, when in fact all of this was a ploy to delay, embellished by the District lead counsel and its supervisory attorneys themselves signing the interrogatories as if they are factual witnesses, for the simple purpose of suppressing discovery, constitute bad faith.   The District's conduct is inexcusable and unjustified.

The Court has opined "waiver of privilege is a serious sanction most suitable for cases of unjustified delay, inexcusable conduct, and bad faith." *United States v. British Am. Tobacco*, 387 F.3d 884, 891 (D.C. Cir. 2004).

Where the District did respond to request contained in the interrogatories in question, the District's responses were insufficient.

In addition to the District's failure to submit responsive responses to the Plaintiff's Interrogatories 1-6 and 8-25(14), on the few occasions where the District made even a slight attempt to respond on the merits of the interrogatory propounded, it failed to submit any response in compliance with the instructions governing responses to interrogatories submitted to the District by the Plaintiff.

In further support of the Plaintiff's Motion to Compel and for Sanctions, the Plaintiff states as follows:

The District sought and secured in excess of 30 days subsequent to the date upon which it was required to provide responsive responses to Plaintiff's discovery request, based upon the contention that it needed to consult with employees and supervising attorneys to provide good faith responses to the outstanding discovery of the Plaintiff. The District's Motion for Extension of Time was merely another scheme to evade providing Plaintiff's discovery, and a scheme to require the Court to waste precious judicial time to peruse the District's repetitive general objections and reasons for evading

discovery and failing to produce a single document connected with the Plaintiff's Request for Production of Documents.

The discovery that the Plaintiff seek from the District Defendant to meet his §1983 and *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (U.S. 1978)*,* failure to train, deliberate indifferent proof requirements, are relevant to the issue of overdetention.  The Rule 26(b)(2)(C) factors weigh strongly in favor of the discovery. Peskoff, 244 F.R.D. at 59-61 (finding, *inter alia*, that the information sought is highly relevant, not duplicative, and cannot be obtained from other sources).

## DISTRICT CLAIM OF PRIVILEGE AND ATTORNEY-CLIENT PRIVILEGE IS A SHAM AND A PLOY CONCOCTED TO FRUSTRATE DISCOVERY

**The Plaintiff deny that any of the requests contained in any of the interrogatories submitted to the District Defendant are privileged or are covered by the attorney client privilege and demands strict proof.  This repetitive paroting contained in each and every interrogatory is arbitrary and frivolous.**

**At 1 of District Defendants' ("District")  response to Plaintiff's Interrogatories and Request for Production of Documents, under "General Objections", the District provides:**

## DEFENDANT'S GENERAL OBJECTIONS

District Defendants' General Objections set forth herein, are to be considered continuing objections and/or assertions of privilege and responses to each and every specific document or Interrogatory that follows, even if not referred to in the response to specifically. That some of these General Objections are not restated in response to particular discovery request(s) does not waive the assertion and application of the General Objections, which are not set forth in full in response thereto. District Defendants' objections and responses given herein shall not prejudice any objection and/or assertion of privilege they may later assert in any context. Moreover, District Defendants respond to the instant discovery subject to the accompanying objections, without waiving and expressly preserving all objections.

District Defendants object to the instructions propounded by plaintiff to the extent that he seeks or purports to impose obligations in excess of those required by the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of Columbia. Included in the instructions objected to are plaintiff's definitions, which purport to assign to words and phrases meanings other than those generally understood or used in common parlance.

District Defendants object to this discovery to the extent that it inquires into matters privileged from disclosure pursuant to the attorney-client privilege, executive privilege, deliberative process privilege, legislative privilege, informant's privilege, law enforcement privilege, prosecutorial privilege, spousal privilege, Privacy Act, District of Columbia Municipal 3 Regulations, D.C. Office of Personnel rules and/or regulations, the work-product doctrine, and/or any other applicable privilege or similar protection. District Defendants object to this discovery to the extent that it seeks disclosure of confidential material or information in the absence of a protective order.

In responding to this Discovery, District Defendants do not waive, but retain and preserve any and all objections to the materiality, and/or relevance of the information provided. In responding to this Discovery, District Defendants do not concede or admit any premise, inference, proposition, or characterizations contained in any discovery or any pleading. In seeking the disclosure Plaintiff seeks hereby, Plaintiff is understood to waive any and all privileges, protections or claims regarding or relating to the subject of the disclosure.

District Defendants objects to this discovery insofar as it is overbroad, unduly burdensome or vexatious on grounds, including, but not limited to, seeking materials without limitation as to time period or over a period of time so lengthy as to seek information immaterial, irrelevant to, or otherwise inadmissible in this litigation. District Defendants understand that Plaintiff's discovery is not intended to seek communications or documents that are protected by the attorney-client privilege or protected byte work product doctrine and object to plaintiff's discovery insofar as it could be read to seek such protected information. District Defendants object to this Discovery request as vague, ambiguous, and irrelevant. Inadvertent production of any information or documents so privileged not constitute a waiver of such privilege or any other grounds for objecting to the discovery request. The response(s) to the discovery requests is accurate to the best of the District Defendants' knowledge as of this date.

The District Defendants' investigation, however, is 4 continuing, and the District Defendant may obtain additional information relevant to the subject matter of this action through discovery and further review of documents. The District Defendants reserve the right to rely on subsequently **discovered** information. District Defendants reserve the right to object to the use of its responses to the discovery in any proceedings other than the above-captioned case.

District Defendant objects to this Discovery request as unduly burdensome and redundant insofar as it seeks the production of materials received in discovery from any party herein, served on or filed by any party or counsel to any party to these matters, or available from the Court in which these matters are pending.

Each and every response herein is made subject to the foregoing General Objections, regardless of whether a General Objection or specific objection is stated in the response. The explicit reference to a General Objection or the making of a specific objection in

response to a particular discovery response is not intended to constitute a waiver of General Objections that are not specifically referred to in that response.

The District's general objections are just general objections and lack specificity, and are used to flout its contempt for the Rules of this Honorable Court and the Local Rules and Federal Rules of Civil Procedure that require the parties engage in good faith discovery and not use deceptive means to abusively fail to cooperate and submit responsive responses to discovery requests.

The District's general objections are repeated throughout its response, as repetitive acts of contumacious refusals and frivolous justifications for not submitting responsive responses to any of the Plaintiff's discovery request,

**The following responses to interrogatories are non responsive:**

2 Identify all inmates housed in DOC during the period Jan. 5, 2000 thru the present date who were released late, after the date and time(s) they were entitled to be released and give the date and time of each release, the date and time each inmate listed was entitled to be released, and the reason for each late release.

**RESPONSE**: **District Defendants object to the eight (8) year time period as overbroad, burdensome, irrelevant for the disposition of this civil action, and beyond the scope of this litigation.**

(*The foregoing response of the District is insufficient and non responsive to Interrogatory 2*)

3. Identify all employees of DOC records Office, employed by DOC during the period Jan. 5, 2000 thru the present date.

**RESPONSE**: **District Defendants object to the eight (8) year time period as overbroad, burdensome, irrelevant for the disposition of this civil action, and beyond the scope of this litigation. Additionally, this information is confidential and privileged to the extent that it requests information about individual employees, who are not party to this lawsuit. To the extent that the District Defendants do not object, the supervisor of the Records Office was Patricia Britton.**

(*The foregoing response of the District is insufficient and  non responsive to Interrogatory 3*)

4. If you contend that the Plaintiff was not overdetained because of DOC failure to supervise, train its employees and that Plaintiff was not a victim of DOC's customs, polices, practices and procedures, that show deliberate indifference to the right of Plaintiff to be released upon the expiration of his sentence, list, describe and/or identify all facts upon which you rely in support of your contention.

**RESPONSE**: **District Defendants object to this request for discovery to the extent that it is vague and ambiguous. To the extent that they do not object, they state as fact that personnel receive several months of training, as well as continuing education regarding performance of their duties, use of the equipment, policies and procedures. More specifically, District Defendants state that DOC Records personnel are periodically trained to calculate jail sentences, process court orders and warrants received by federal and Superior Court with respect to detainers, holds, absconders, fugitives, and other instruments that result in detentions. Records Office personnel are given training on Records Office procedures. Corrections Officers are given training on processing inmates that are being detained or released.**

(*The foregoing response of the District is insufficient and  non responsive to Interrogatory 4*)

5. Identify all inmate-release recordkeeping practices, polices, procedures, standard operating procedures, and lists of databases containing information about DOC operation along with technical manuals and user manuals relating to the databases and systems of DOC, utilized by DOC, along with data dictionaries for each database listed, and a list of data elements from each database needed to ascertain persons overdetained and length of overdetention, during the period Jan. 5, 2000 to the present, connected with releasing inmates from DOC who were entitled to be released from DOC because their sentence had been served and/or because of court order(s). .but were overdetained.

**RESPONSE: District Defendants object to this request for discovery to the extent that it calls for information protected by the law enforcement, attorney client, and executive privileges. This information may be shared pursuant to a protective order. To the extent that District Defendants do not object, the process for releasing inmates depends upon whether they are serving a certain term or whether they are awaiting court ordered release. If they are serving a term certain, and not subject to any fugitive, absconder, or other holds, then a date certain for release can be calculated, entered into a computer system, and released upon the appropriate date. If they are awaiting court ordered release, the process includes transporting the inmate to court by the U.S. Marshall Service, issuance**
**of a court order or orders releasing or otherwise affecting the inmate's incarceration, transporting the inmate back to DOC, review of extant computer databases, such as NCIC. District Defendants adhere to the policies of federal and state jurisdictional policies and procedures regarding computer database search and verification of inmate status.**

(*The foregoing response of the District is insufficient and non responsive to Interrogatory 5*)

6. Identify all present and. Former employees of DOC who gave or signed declarations, Affidavits, that were used in any and all court proceedings connected with any and all overdetentions, late release(s) of any and all inmate housed at DOC.

**RESPONSE**: **District Defendants object to this request for discovery to the extent that it is overly broad and burdensome. Retrieval of said information would require retrieval of every civil action and administrative action filed against the District and its employees to determine if the subject matter related to overdetention. Then, each file would have to be reviewed to determine if a declaration or affidavit was filed. To the extent that the District Defendants do not object, Devon Brown, Director of DOC has taken a declaration regarding his official capacity.**

(*The foregoing response of the District i insufficient and non responsive to Interrogatory 6*)

8. Identify all current and former employees of DOC whom testified and/or gave sworn statement at any deposition(s), trial(s), declaration, affidavit, in connection with any and all, administrative, civil actions involving complaint that an inmate or inmates of DOC were overdetained, not released when he/she, *t* hey, were entitled to be released from the custody of DOC, and describe the substance of their respective testimony, declaration, affidavit, deposition, trial.

**RESPONSE**: **District Defendants object to this request for discovery to the extent that it is overly broad and burdensome. Retrieval of said information would require retrieval of every civil action and administrative action filed against the District and its employees to determine if the subject matter related to overdetention. Then, each file would have to be reviewed to determine if a declaration or affidavit was filed. Whether a particular employee testified in court would require retrieval of court hearing tapes since merely because a person may be on a witness list in a file, they may not have testified. To the To the extent that the District Defendants do not object, Devon Brown, Director of DOC has taken a declaration regarding his official capacity. Furthermore, to the extent that the District Defendants do not object, no employee has testified.**

(*The foregoing response of the District is insufficient and non responsive to Interrogatory 8*)

9. Identify all computerized databases utilized by DOC, for inmate recordkeeping purposes during the period Jan. 5, 2000 to the present date, and describe how they respectively operate.

**RESPONSE: District Defendants object to the eight (8) year time period as overbroad, burdensome, irrelevant for the disposition of this civil action, subject to proprietary privilege and copyright infringement, and beyond the scope of this litigation. To the extent that the District Defendants do not object, they identify the system:**

**Offender Management System (OMS)**
**Washington Area Law Enforcement System (WALES)**
**JAACS**
**Jail credit computation program**

*(The foregoing response of the District is insufficient and non responsive to Interrogatory 9)*


10. Identify all experts whom testified or gave deposition testimony and/or trial testimony in connection with any and all complaints where DOC was alleged to have overdetained an inmate who was housed at DOC. This interrogatory covers the period Jan 5! 1998 to the present date..

**RESPONSE: District Defendants object to this request for discovery to the extent that it is overly broad and burdensome. Retrieval of said information would require retrieval of every civil action and administrative action filed against the District and its employees to determine if the subject matter related to overdetention. Then, each file would have to be reviewed to determine if a declaration or affidavit was filed. To the extent that the District Defendants do not object, it is believed that no experts have given testimony, declarations or affidavits.**

*(The foregoing response of the District is insufficient and non responsive to Interrogatory 10)*

11 Identify any and all employees of DOC (this includes former employees) who were assigned to train employees to release inmates housed at DOC when their sentence expired and/or when they were entitled to be released because of a court order, and describe the training they respectively provided.

**RESPONSE: District Defendants object to this request for discovery to the extent that it is overly broad and burdensome. Given that the plaintiff was allegedly overdetained solely in 2005 the requested time period for this request for discovery is too long and will cause an undue burden on administrative staff to inquire if any or all current or prior employees were involved in "training" and the nature and substance of the training. To the extent that District Defendants do not object general computer-based program training was given by software program**

**developers. Training on D.C. policy and procedure is periodically given by D.C. supervisors. Records Office personnel are given training on Records Office procedures. Corrections Officers are given training on processing inmates that are being detained or released.**

(*The foregoing response of the District is insufficient and   non responsive to Interrogatory* 11)

12. With respect to the computerized databases you list in response to interrogatory No. 9, describe to your fullest extent that you can, how each database listed function or work, how it was utilized to track inmates entering and leaving DOC after their sentence expired and/or when they are entitled to be released because of a court order.

**RESPONSE: District Defendants object to this request for discovery to the extent that it calls for privileged information and raises issues of data security, copyright infringement, and proprietary privilege. To the extent that the District Defendants do not object, District Defendants did not track inmate releases by computerized databases during the relevant time period while plaintiff was incarcerated and released.**

(*The foregoing response of the District is insufficient and   non responsive to Interrogatory* 12)

13. Identify any and all, Inmate Management System(s), System Computation Manuals, DOC operation Manuals pertaining to error rates regarding all releases, audits of Office of Internal Controls, Compliance and Accreditations, studies DOC has been the recipient of and attempted to implement connected with the release of inmate(s) from DOC custody because of the expiration of their respective sentence and/or because of a court order releasing them.

**RESPONSE: District Defendants object to this request for discovery to the extent that it requests privileged information in the form of computer manuals prepared by independent contractors having proprietary rights in the operations manuals. Furthermore, District Defendants object on the grounds that "error rates" is undefined and vague. To the extent that District Defendants do not object, no manuals pertaining to "error rates" regarding all releases exist.**
**District Defendants object to the request for discovery related to audits and studies to the extent that the search is overly burdensome because such documentation is not retained in the ordinary and normal course of business. To the extent that District Defendants do not object, District Defendants refer plaintiff to the list of studies listed in his request for discovery number 20 *infra*.**

(*The foregoing response of the District is insufficient and  non responsive to Interrogatory* 9)

14. Identify all civil and administrative proceedings DOC has been involved in from June

1998 through the present connected with the overdetention of any inmate who was housed at DOC.

**RESPONSE**: **District Defendants object to this request for discovery to the extent that it is overly broad and burdensome. Retrieval of said information would require retrieval of every civil action and administrative action filed against the District and its employees to determine if the subject matter related to overdetention. Since stored files are not identified by their subject matter, this search would require pulling every civil action. To the extent that the District Defendants do not object, they identify the following civil actions have been filed:**

**All civil actions listed on the above-captioned docket as a related case; and,**
**Angelo Harris v. DC, D.C. Superior Court, 2007 CA 008397 B**
**Bazemore v. DC, D.C. Superior Court, 2008 CA 002612 B**
**Stoddard v. DC, D.C. Superior Court, 2007 CA 002779 B**
**Bynum v. DC, 02-956**
**Barnes v. DC, 06-315**
**Banks v. DC, 05-1514**

(*The foregoing response of the District is insufficient and non responsive to Interrogatory* 14)

15. If, in any prior proceedings involving complaint that the Department of Corrections (DOC) was involved in from June 1, 1998 to the present, and in the present case, you contend that you relied upon a specific window of time in which to attend to administrative matters related to the release of any inmate, list each "window of time" and describe your reliance.

**RESPONSE: The District Defendants object to this request for discovery to the extent that it calls for information protected by the attorney client and executive privileges, as well as attorney work product. This information may be shared pursuant to a protective order. The District also objects on the basis that this interrogatory is vague. To the extent that the District Defendants do not object, they identify case law discussing some period less than 48-hours, as an appropriate "window of time" in which to perform administrative outprocessing.**

(*The foregoing response of the District is insufficient and non responsive to Interrogatory* 15)

16. Please list and identify any and all policymakers of DOC from Jan. 2, 2000 to the present whom were involved in establishing and implementing the policy, practices, and/or procedures for DOC connected with the recordkeeping office of DOC with respect to the processing and release of inmates from DOC upon the expiration of their sentence and/or release pursuant court order.

**RESPONSE**: **District Defendants object to this request for discovery to the extent that it is overly broad, burdensome, and subject to attorney client privilege, law enforcement privilege and executive privilege. The request is too broad, given that the plaintiff was allegedly overdetained solely in 2005 and solely related to expiration of his sentence—not release pursuant to a court order. The requested time period for this request for discovery is too long and will cause an undue burden on administrative staff to inquire if any or all current or prior policymakers of their individual input into a particular policy. To the extent that the District Defendants do not object, they identify the following policy maker as having requisite knowledge with respect to inmate recordkeeping and processing:**

**Patricia B. Britton**
**Deputy Director**
**DC Department of Corrections**
**1923 Vermont Ave., N.W.**
**N-112**
**Washington, D.C. 20001**

(*The foregoing response of the District is insufficient and  non responsive to Interrogatory* 16)

17. With respect to each inmate who was overdetained from January. 5, 2000 to the present, including the inmates you list in your response to interrogatory 2, indentify each inmate who was ordered released while at a courthouse in the District of Columbia, whom rather, were taken back into custody and transported to the District of Columbia Jail or CTF, and give the reason upon which you rely for each overdetention(s).

**RESPONSE**: **District Defendants object to this request for discovery to the extent that it is overly broad and burdensome. The request is too broad, given that the plaintiff was allegedly overdetained solely in 2005 and solely related to expiration of his sentence—not release pursuant to a court order. District Defendants object to this request on the basis that it is vague and ambiguous in that District Defendants do not "have reasons upon which [they] rely for each overdetention(s)." To the extent that the District Defendants do not object, they identify each member of the putative class actions captioned *Barnes v. DC*, Civil Action No. 06-315 and Bynum v. D.C., Civil Action No. 02-596, who claim that they were overdetained; however, District Defendants do not admit either the facts or legal liability for such claims.**

(*The foregoing response of the District is insufficient and  non responsive to Interrogatory* 17)

18. State all facts known to you how Plaintiff's came to be released on April 28, 2006, as opposed to March 20, 2006, April 26, 2006, and October 2, 2006, and identify all persons involved in Plaintiff's release from DOC.

**RESPONSE**: **District Defendants object to this request for discovery to the extent that it calls for information protected by the attorney client and executive privileges, as well as attorney work product. Without waiver of affirmative defenses set forth in their answer to the amended complaint and to the extent that they do not object, District Defendants state the following in response: Simon Banks was extradited to Virginia to serve time on another charge. When he returned to complete his D.C. charge, the sentence calculation did not take into account the time served in Virginia because the sentencing documents stated that the sentence was consecutive, not concurrent. Confusion arose regarding inter-jurisdictional appropriateness of granting Banks credit for time served in Virginia. As a result the sentence "clock" was reset as if he had never left D.C. custody. In addition, Banks' custodial record reflect that confusion started on or about April 4, 2004, when Banks was committed in appeals court case 02-BG-1374. On June 4, 2004, the court amended the Judgment and Commitment Order (J&C) to reflect a reference number of SP008-04. On June 24, 2004, the Court prepared a second J&C with a different number M6425-04, after crossing out the SP1008-04 number. On June 7, 2004, the Court issued a release order in the original case number 02-BG-1374; however, there were no release orders tied to M6425-04, and Banks was held on that court case number, even though it was the same case under a different number. It was not D.C. Records Office or any D.C. executive agency that issued the duplicate case number.**

(*The foregoing response of the District is insufficient and non responsive to Interrogatory* 18)

19. Please identify any and all statisticians whom provided DOC statistics connected with errors in releases and failure to release inmates from DOC resulting in the overdetention of inmates housed at DOC., from Jan. 5, 2000 to the present date.

**RESPONSE**: **District Defendants object to this request for discovery to the extent that it calls for attorney work product, attorney client privilege, executive privilege, and deliberative process. To the extent that they do not object, the statistician is Reena Chakraborty, Ph.D. ACPF.**

(*The foregoing response of the District is insufficient and non responsive to Interrogatory* 19)

20. Describe to the fullest extent you can the actions DOC took to implement the following:

a). The Inspector General's recommendation and report dated October 2002 regarding the District of Columbia Jail Management Challenges and improving the D.C. Jail facility
b). The 1976 RMC Research Corporation Analysis which referenced the major recommendations, reorganization of the Records Office and increased staffing in the Office

c). The individual training of the JACCS (Jail and Community Correction System) on how employees learned how the log in/log out procedures and the execution of screen and task relevant to their specific jobs worked

d). Recommendations set forth in the Wright Report which documented a long pattern of systemic problems dealing with case management, classification and records office management at th records Office (Wright Report, Major Findings, F-14).

e). The District of Columbia Beal Abatement Plan and DOC response to R-1, R-2, and R-3 desk audits of all Records Office positions, how many existed during the period Jan. 1, 2004 through the present.

f). Spoilation [destruction of evidence] on electronically stored depositions, responses to discovery such as requests for admissions, authentication of documents, responses to interrogatories, interrogatories submitted, responses to request for production of documents, electronically stored on computers and existing on CDs or other electronically storage devices.

g). Corrective action in the DOC's Records Office, upon receipt of the "Evaluation of the District of Columbia Department of Corrections Records Office prepared by James Austin and Julie Murray, The National Council on Crime and Delinquency, 1325 G. Street, NW, Suite 770, Washington, DC 2005 (202) 638-0556, March 1998, and further cited in Watson v. District of Columbia, Case No. 1:02 cv 00980-GK-JMF.

**RESPONSE**: **The District objects to this request for discovery to the extent that it calls for attorney work product, attorney client privilege, executive privilege, and deliberative process. Furthermore District Defendants object to this request for discovery to the extent that it is overly broad, ambiguous, and confusing. To the extent that District Defendants do not object, they have held meetings, developed and revised policies and procedures, hired additional staff, held additional trainings, and installed new equipment.**

(*The foregoing response of the District is insufficient and non responsive to Interrogatory* 20)

21. In addition to the actions DOC took with respect to your response to Interrogatory No. 20, describe all actions DOC took to resolve DOC's overdetention problem of overdetaining inmates whom were entitled to be released from DOC because their sentence expired or because they were ordered released by the court(s).

**RESPONSE**: **The District objects to this request for discovery to the extent that it calls for attorney work product, attorney client privilege, executive privilege, and deliberative process. Furthermore District Defendants object to this request for discovery to the extent that it is overly broad, ambiguous, and confusing. To the extent that District Defendants do not object, they have held meetings, developed and revised policies and procedures, hired additional staff, held additional trainings, and installed new equipment.**

(*The foregoing response of the District is insufficient and  non responsive to Interrogatory* 21)

22. Identify all release discrepancy reports of DOC from January 5, 2002 to the present.

**RESPONSE**: **The District objects to this request for discovery to the extent that it calls for attorney work product, attorney client privilege, executive privilege, and deliberative process. Furthermore District Defendants object to this request for discovery to the extent that it is overly broad in that it requests six (6) years of information. To the extent that the District Defendants do not object, release discrepancy reports were not developed during the relevant time period when plaintiff was incarcerated or released.**

(*The foregoing response of the District is insufficient and non responsive to Interrogatory* 22)

23. Identify any and all witnesses the District propose to call as witness at the trial of this case and with respect to each witness listed describe their respective propose testimony. (This include any and all experts.)

**RESPONSE**: **The District objects to this Interrogatory to the extent that it calls for attorney work product, attorney client privilege, and deliberative process. To the extent that the District does not object, it reserves the right to call all witnesses called by plaintiffs. The District does not waive its right to supplement, or revise its intention to call certain witnesses.**

(*The foregoing response of the District is insufficient and non responsive to Interrogatory* 23)

24. Describe the reason(s) and/or the factual basis upon which you contend and/or rely that caused the following inmates whom were listed as being overdetained in the case of *Carl A. Barnes v. District of Columbia, et al*, 06-315 RCL, as set forth in the affidavits, 1 through 58 below:

1 Shankeisha Mitchell
2 Toney Malloy
3 David Peterson
4 Maurice Williams
5 Carl Barnes
6 James G. Jones
7 Mickey Crawford
8 Terrance Barfield
9 Judith Jamison
10 Joe Jarrell
11 Robert Young
12 Marcellus Summers
13 Antonio Harris
14 Quenta Ennis

15
16 Anthony Howe
17 Percival Pendergrass
18 Denard Hawking
19 Jeanett Gray
20 William Bunn
21 Ricardo Luzano
22 Alvin Scott
23
24
25
26
27
28 Tony Edward Savage
29
30
32
33
34
35
36
37 Chantel Henson
38 Jeffrey Owens
39 John West
40 James Jones
41 Raymond Butts
42 Ervin Haltiwanger
13
43
44
45
46
16
47 Keenam Miller
48 Jerry Kidd
49 Shelly Berry
50 James Parker
51 Adam Hamilton
52 Razina Jones
53 Derrick Suggs
54 Chetonia Eldridge
55 Charles Williams
56
57 David Peterson
58 Glendale McLaurin, Jr.

**RESPONSE**: **District Defendants do not contend that the persons listed above were overdetained.**

(*The foregoing response of the District is insufficient and evasive and non responsive to Interrogatory* 24.  The District did not submit a responsive response to interrogatory ## 2 & 17 and the District's response to said interrogatories are the underpinning for the District's response to Interrogatory (**The District's Responsive Responsives to Interrogatories 2 & 17 are inextricably intertwined with Interrogatory#** 24)

25. Describe all actions you undertook to correct the incorrect records of the District of Columbia Department of Corrections Records Office regarding the Plaintiff to facilitate the Plaintiff's release from incarceration when the Plaintiff's sentence expired so that the Plaintiff would not suffer over-detention and/or further overdetention when you received notice of and/or a copy of the following:

1. Defendant's Emergency Motion for Release and to Correct Sentence Pursuant to DC Code §23-110 (1996), DC Code § 16-1901(1989) and/or in the alternative emergency motion for mandamus directing the Department of Corrections to Release the Defendant and/or in the alternative injunctive relief enjoining the DC Department of Corrections, Temporarily, Preliminarily and Permanently from failing to release the Defendant, April 12, 2006, filed in D.C. Court of Appeals No. 02-BG-1374.

**RESPONSE: District Defendants object to this request for discovery to the extent that it calls for information protected by attorney client privilege, executive privilege or attorney work product. Furthermore, District Defendants object on the basis that this request for discovery is vague and ambiguous. To the extent that the District Defendants do not object, they respond that their records do not reflect that this motion was filed in a court of law to which a response would have been due.**

(*The foregoing response of the District is insufficient, evasive and non responsive to Interrogatory* 25 and 25 (1))

2. Letter to Mayor c/o Risk Management dated April 4, 2006, informing the District of Columbia that Plaintiff proposed to bring an Emergency Complaint for Relief pursuant to DC Code §23-110, 42 USC § 1983, for Mandamus for Injunctive file suit in order to facilitate his emergency release from the DC Department of Corrections

**RESPONSE: District Defendants object to this request for discovery to the extent that it calls for information protected by attorney client privilege, executive privilege or attorney work product. Furthermore, District Defendants object on the basis that this request for discovery is vague and ambiguous. To the extent that the District Defendants do not object, they respond that they opened a claim file and investigated the claim.**

(*The foregoing response of the District is insufficient, evasive and non responsive to Interrogatory* 25 and 25(2))

3. Memo to the warden regarding miscalculation of the Release date for the Defendant (Plaintiff)

**RESPONSE: District Defendants object to this request for discovery to the extent that it calls for information protected by attorney client privilege, executive privilege or attorney work product. Furthermore, District Defendants object on the basis that this request for discovery is vague and ambiguous. To the extent that the District Defendants do not object, they respond that they do not retain a response to this document in their files.**

(*The foregoing response of the District is insufficient and evasive and non responsive to Interrogatory* 25 & 25(3)

4. Plaintiff's Motion Emergency Release in *Banks v. Smith,* 04-903

**RESPONSE: District Defendants object to this request for discovery to the extent that it calls for information protected by attorney client privilege, executive privilege or attorney work product. Furthermore, District Defendants object on the basis that this request for discovery is vague and ambiguous. To the extent that the District Defendants do not object, they respond that their records do not reflect that this motion was filed in a court of law to which a response would have been due.**

(*The foregoing response of the District is insufficient and evasive and non responsive to Interrogatory* 25 & 25(4)

5. **Simon Banks' Motion for Mandamus Directing Larry Corbett, Acting Warden and Elwood York, Jr. Director of DC Department of Corrections for Correction of Time Served, Good Time Credit Records and Release Date filed in *Banks v. Smith,* 04-903**, **(Doc 40)** on 6-29-205 Which further provide:

At 1 under exhaustion, ***"The plaintiff has met the Classification Officers as well Larry Corbett, Acting Warden, DC Jail on February 12, 2005 regarding the issue the need to correct the Plaintiff's Time Served, Good Time Credits Records and Release Records. Notwithstanding, no action has been taken tocorrect plaintiff's records."***
At ¶8, "*The DC Jail Records continue to erroneously failed to credit the plaintiff With time served during the period June 23, 2004 through December 19,2004."* At 5, ***"Wherefore, the plaintiff pray that this Honorable Court Order the Warden Larry Corbett, and the Director of the DC Department of Corrections, Elwood York, Jr. to correct plaintiff's records to reflect credit for the time served while Incarcerated in the City of Alexandria while under sentence in the District of Columbia from June 23, 2004.***

**RESPONSE: District Defendants object to this request for discovery to the extent**

**that it calls for information protected by attorney client privilege, executive privilege or attorney work product. Furthermore, District Defendants object on the basis that this request for discovery is vague and ambiguous. To the extent that the District Defendants do not object, they respond that their records do not reflect that this motion was filed in a court of law to which a response would have been due.**

*(The foregoing response of the District is insufficient and evasive and non responsive to Interrogatory* 25 & 25(5)

6. Plaintiff's Complaint on May 25, 2005 against the DC Jail that it had miscalculated the release date of the Respondent

**RESPONSE: District Defendants object to this request for discovery to the extent that it calls for information protected by attorney client privilege, executive privilege or attorney work product. Furthermore, District Defendants object on the basis that this request for discovery is vague and ambiguous. To the extent that the District Defendants do not object, they respond that they filed a motion to dismiss.**

*(The foregoing response of the District is insufficient and evasive and non responsive to Interrogatory* 25 & 25(6)

7. **Simon Banks' affidavit filed in** *Banks v. Smith,* **04-903**, at ¶¶ ##7-9 stating:
*"7. At the March 13, 2005, meeting with defendant Corbett in defendant Corbett's office, the plaintiff informed defendant Corbett that …………*
*"8. Defendant Corbett promised the plaintiff that he would have the Record s Office correct plaintiff's release date and record for time served. The Plaintiff informed defendant Corbett that the DC Jail's Records Office failed to provide plaintiff credit for time incarcerated in Alexandria, Virginia when plaintiff was transferred from the DC Jail to Virginia while under sentence in the DC Jail, pursuant to a detainer issued by the City of Alexandria. This is when and while Judge Kramer had issued a bench warrant and detainer on plaintiff from June 23, 2004 the date it was determined that plaintiff by mistake transferred to the City of Alexandria. The plaintiff's transfer was facilitated by Superior Court Judge who released plaintiff in open court one week prior to plaintiff being transferred to Virginia on June 23, 2004 and returned to the DC Jail on December 19, 2004"*

**RESPONSE: District Defendants object to this request for discovery to the extent that it calls for information protected by attorney client privilege, executive privilege or attorney work product. Furthermore, District Defendants object on the basis that this request for discovery is vague and ambiguous. To the extent that the District Defendants do not object, they do not retain records regarding responses to affidavits.**

*(The foregoing response of the District is insufficient and evasive and non responsive to Interrogatory* 25 & 25(7)

*8.* Simon Banks' affidavit filed in *Banks v. Smith*, **04-903**, at ¶ #19 stating: *On March 2, 2005 the Plaintiff telephoned the records office at the D.C. Jail after speaking with the C&P Officer regarding Plaintiff's release date which was in error and the mail person whom answered the records office telephone abruptlytold the Plaintiff to go back to the C&P Officer and hung the phone up.*

**RESPONSE: District Defendants object to this request for discovery to the extent that it calls for information protected by attorney client privilege, executive privilege or attorney work product. Furthermore, District Defendants object on the basis that this request for discovery is vague and ambiguous. To the extent that the District Defendants do not object, they do not retain records regarding responses to affidavits.**

(*The foregoing response of the District is insufficient and evasive and non responsive to Interrogatory* 25 & 25(8))

*9.* Simon Banks' affidavit filed in *Banks v. Smith*, **04-903**, at ¶ #22 stating: *On March 9, 2005 Plaintiff wrote a letter to Larry Corbett, Acting Warden, regarding correction of time served records pertaining to the release date ---*

**RESPONSE: District Defendants object to this request for discovery to the extent that it calls for information protected by attorney client privilege, executive privilege or attorney work product. Furthermore, District Defendants object on the basis that this request for discovery is vague and ambiguous. To the extent that the District Defendants do not object, they do not retain records regarding responses to affidavits.**

(*The foregoing response of the District is insufficient and evasive and non responsive to Interrogatory* 25 & 25(9))

10. **Simon Banks' affidavit filed in *Banks v. York,* 05-1514 (ESH] dated July 6, 2005**, which provides at ¶¶ ##7-9 stating:
"7. *At the March 13, 2005, meeting with defendant Corbett in defendant Corbett's office, the plaintiff informed defendant Corbett that …………"8. Defendant Corbett promised the plaintiff that he would have the Record s Office correct plaintiff's release date and record for time served. The Plaintiff informed defendant Corbett that the DC Jail's Records Office failed to provide plaintiff credit for time incarcerated in Alexandria, Virginia when plaintiff was transferred from the DC Jail to Virginia while under sentence in the DC Jail, pursuant to a detainer issued by the City of Alexandria. This is when and while Judge Kramer had issued a bench warrant and detainer on plaintiff from June 23,2004 the date it was determined that plaintiff by mistake transferred to the City of Alexandria. The plaintiff's transfer was facilitated by Superior Court Judge who released plaintiff in open court one week prior to plaintiff being transferred to Virginia on June 23, 2004 and returned to the DC Jail on December 19, 2004*

**RESPONSE: District Defendants object to this request for discovery to the extent that it calls for information protected by attorney client privilege, executive privilege or attorney work product. Furthermore, District Defendants object on the basis that this request for discovery is vague and ambiguous. To the extent that the District Defendants do not object, they do not retain specific records regarding responses to affidavits. It is the understanding of the District Defendants that the affidavit referenced above was attached to the civil complaint in this case. As such, the District Defendants responded to the affidavit, along with the complaint by filing a motion to dismiss.**

(*The foregoing response of the District is insufficient and evasive and non responsive to Interrogatory* 25 & 25(10)

**11.** Simon Banks' affidavit filed in *Banks v. York,* **05-1514 (ESH) dated July 6, 2005**, which provides at ¶ #19 stating: *On March 2, 2005 the Plaintiff telephoned the records office at the D.C. Jail after speaking with the C&P Officer regarding Plaintiff's release date which was in error and the mail person whom answered the records office telephone abruptly told the Plaintiff to go back to the C&P Officer and hung the phone up."*

**RESPONSE: District Defendants object to this request for discovery to the extent that it calls for information protected by attorney client privilege, executive privilege or attorney work product. Furthermore, District Defendants object on the basis that this request for discovery is vague and ambiguous. To the extent that the District Defendants do not object, they do not retain records regarding responses to affidavits.**

(*The foregoing response of the District is insufficient and evasive and non responsive to Interrogatory* 25 & 25(11)

**12.** Simon Banks' affidavit filed in *Banks v. York,* **05-1514 (Doc 1, 4) (ESH) dated July 6, 2005,** which provides at ¶22: at ¶ #22 stating: *On March 9, 2005 Plaintiff wrote a letter to Larry Corbett, Acting Warden, regarding correction of time served records pertaining to the release date ---*

**RESPONSE: District Defendants object to this request for discovery to the extent that it calls for information protected by attorney client privilege, executive privilege or attorney work product. Furthermore, District Defendants object on the basis that this request for discovery is vague and ambiguous. To the extent that the District Defendants do not object, they do not retain specific records regarding responses to affidavits. It is the understanding of the District Defendants that the affidavit referenced above was attached to the civil complaint in this case. As such, the District Defendants responded to the affidavit, along with the complaint by filing a motion to dismiss.**

*(The foregoing response of the District is insufficient and    evasive and non responsive to Interrogatory 25 & 25(12)*

**13. Simon Banks' complaint (civil action Doc 2 7-29-2005) filed in *Banks v. York*, 05-1514 (ESH) dated May 12, 2005,** which allege at ¶Z5 provides:
**"INCORRECTLY SUBJECTING THE PLAINTIFF TO AN EXTRA SIX MONTHS OF CONFINEMENT BY SETTING PLAINTIFF'S RELEASE DATE SIX MONTHS AFTER EXPIRATIONO OF SENTENCE**
*Defendants' York and Corbett incorrectly subjected the plaintiff to an extra six months of confinement by setting plaintiff's release date six months after expiration of the sentence. In this case the Plaintiff was under a bench warrant and the detainer issued by Judge Noel Kramer in July 23, 2004 although plaintiff was released to Virginia authority pursuant to a scheme and plan to subject plaintiff to trial in the state of Virginia and to subject the plaintiff to enhanced sentence. The actions of defendant York and Corbett by failing to credit the plaintiff with time incarcerated in the state of Virginia between July 23, 2004 through December 19, 2004, was intentional*

**RESPONSE: District Defendants object to this request for discovery to the extent that it calls for information protected by attorney client privilege, executive privilege or attorney work product. To the extent that the District Defendants do not object, they respond that they filed a motion to dismiss.**

*(The foregoing response of the District is insufficient and  evasive and non responsive to Interrogatory 25 & 25(13)*

**14. Simon Banks' Interrogatories submitted to counsel for acting warden DC Jail Robert Clay, 3-21-6, in (civil action) filed in *Banks v. York*, 05-1514 (ESH) dated May 12, 2005,** which at Interrogatory Number 23 provides:
*"If you contend that DOC correctly computed plaintiff's release date and Correctly credited plaintiff with all jail time plaintiff is entitled to be accredited with, state each fact upon which you rely in support of your contention and describe/state why you did not credit plaintiff with the six months plaintiff was detained in the Alexandria City Jail although plaintiff was serving four consecutive six month sentences imposed upon plaintiff prior to plaintiff being released to the Virginia Authorities on its detainer on June 23, 2004*
.
**RESPONSE: District Defendants object to this request for discovery to the extent that it calls for information protected by attorney client privilege, executive privilege or attorney work product. To the extent that the District Defendants do not object, they respond that they did not respond to the interrogatory since it was not filed during the discovery period of this case as set forth in a scheduling order.**

*(The foregoing response of the District is insufficient, evasive and non responsive to Interrogatory 25 & 25(14)*

## MEMORANDUM OF LAW

The District has acted to frustrate Plaintiff's attempt to secure discovery and meet the requirements of the Court's scheduling order. **The Defendant's dilatory tactics and contumacious actions force upon the Plaintiff the need to file motion to Stay proceedings and extend the discovery deadline, a result upon which this Circuit frowns upon.**

The District's responses to interrogatories "remain[ed] utterly deficient and, more egregiously, directly violate[d] the orders of the Court." See *Williams v. Johanns*, Civ. No. 03-2245, 2006 WL 3826967 at *3 (D.D.C. Dec. 28, 2006).

The Court possess inherent authority, as our Court of Appeals recognized in *Butera v. District of Columbia*, 235 F.3d 637, 661 (D.C. Cir. 2001)(internal citations omitted), "to 'protect [its] integrity and prevent abuses of the judicial process.

The requested discovery is supported by the needs of the case, the sophistication of the parties, the amount in controversy, the importance of the issues at stake, and the importance of the requested discovery to the issues in the litigation). Compare, e.g., Petcou v. C.H. Robinson Worldwide, Inc., No. 06-CV-2157, 2008 WL 542684, at *2 (N.D. Ga. Feb. 25, 2008)

### Legal Standard

Under Rule 26 of the Federal Rules of Civil Procedure, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Furthermore, "the scope of discovery is within the sound discretion of the trial

court," and a "ruling by the trial court limiting or denying discovery will not be cause for reversal unless an abuse of discretion is shown." *Chrysler Corp. v. Fedders. Corp*., 643 F.2d 1229, 1240 (6th Cir. 1981).

Because the District has been in discovery in the *Bynum case and the Carl Barnes case, it has had to produce the same or similar information that is the subject of the Plaintiff's interrogatories and production of documents requests. Moreover, evidence in records indicate that the requested information is electronically stored and can be easily reproduced.*

Under the Federal Rules of Civil Procedure, "the presumption is that the responding party [*i.e.* the District must bear the expense of complying with discovery requests." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 358 (1978). This presumption continues to operate where the discovery sought is electronically stored information. *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 317 (S.D.N.Y. 2003) ("Any principled approach to electronic evidence must respect this presumption."). See also *Wiginton v. C.B. Richard Ellis, Inc.,* 229 F.R.D. 568, 571-72 (N.D. Ill. 2004); *Hagemeyer N. Am. Inc. v. Gateway Data Sciences Corp.,* 222 F.R.D. 594, 600 (E.D. Wis. 2004).

Defendant's counsel may be sanctioned for violating the court's discovery order by repeating deficient answers. See *Williams*, Civ. No. 03-2245, 2006 WL 3826967 at *5-*7; *Williams v. Johanns*, 235 F.R.D 116, 122-24 (D.D.C. 2006). Doing that, and repeating meaningless references to a section of the Code of Federal Regulations and a "file," and stating "will supplement" and pretending that it was an answer, were counsel's failings alone and had nothing to do with the issue set forth in the interrogatory. See

*Williams*, Civ. No. 03-2245, 2006 WL 3826967 at *2. thereby frustrating defendant's

attempt to complete discovery prior to the Court's discovery cutoff date. *See* the Court's

scheduling Order, which the District has repeatedly flouted.

The District's responses to interrogatories "remain[ed] utterly deficient and, more

egregiously, directly violate[d] the orders of the Court." *Williams v. Johanns*, Civ. No.

03-2245, 2006 WL 3826967 at *3 (D.D.C. Dec. 28, 2006).

## THE DISTRICT AND ITS COUNSELS WAIVED ITS CLAIM OF ATTORNEY-CLIENT PRIVILEGE

The District and its counsel, Denise Baker, have waived any claim of attorney

client privilege with respect to these interrogatories it submitted responses to because of

previous/prior disclosures made by it in the cases of **Bynum v. DC, 02-956, Barnes v.**

**DC, 06-315,** where there was discovery and adjudicatory dispositions of the Plaintiff's as

class members and where Denise  Baker, Esq., was also lead counsel for the District.

These undisputed facts contradict and waive the District's claims of attorney-client

privilege. The Plaintiff further has reason to believe that similar disclosures were made

by the District with its counsel, Denise Baker, also in the cases of *Angelo Harris v. DC*,

D.C. Superior Court, 2007 CA 008397 B, *Bazemore v. DC*, D.C. Superior Court, 2008

CA 002612 B *Stoddard v. DC*, D.C. Superior Court, 2007 CA 002779 B; *Merle Watson*

*v. District of Columbia,* 02-980 GK-JMF (Declaration of Regina C. Gilmore Doc 64-4

10/31/2003) (Doc 46-2 10/31/2003 Evaluation of DC DOC).   In addition, the requested

information is relevant to Plaintiff's proof requirements under 42 U.S.C. §1983, (*Monell*

*v. Dep't of Soc. Servs.,* 436 U.S. 658 (U.S. 1978) requirements) that there was a policy,

custom and usage in place that was unconstitutionally deficient.

**RELEVANCE TO PLAINTIFF'S 42 U.S.C. § 1983 PROOF
REQUIREMENT RE IMPOSING LIABILIT UNDER 42 U.S.C. § 1983**

The requested discovery is relevant to the Plaintiff's 42 U.S.C. § 1983 proof

requirements.  The USCA DC have opined "….To impose liability on the District under

42 U.S.C. § 1983, [Plaintiff must show 'not only a violation of [  ] rights under the

Constitution or federal law, but also that the [District's ] custom or policy caused the

violation.'"  *Feirson v. District of Columbia,* 06 F.3d 1063, 1066 (D.C. Cir. 2004)).

"Proof of a single incident of unconstitutional activity is insufficient to impose liability

unless **there was proof that there was a policy in place that was unconstitutional."**

*Sanders v. District of Columbia,* -- F. Sup. 2 –WL 329020, at *3 (D.D.C. Nov. 8, 2007)

## WAIVER OF ATTORNEY-CLIENT PRIVILEGE

With respect to each of the respective claims of attorney-client privilege of the

District in its responses to the above-referenced interrogatories, the District has directly

and or constructively waived any claim of attorney-client privilege based upon the

conduct of its attorneys, and the failure of any employee of the District to claim it

coupled with prior disclosures in other cases, with particular reference to *Bynum* and the

*Barnes* cases. *Id.*

The protection of attorney-client privilege may be waived. The privilege was

waived both by the actions of the District's attorneys and by its prior disclosures.  See

*Prior Lake Am.*, 642 N.W. 2d at 738; City Pages, 655 N.W. 2d at 844. A client may

consent to waiver of the attorney-client privilege. See State *ex rel. Schuler v. Tahash*, 154

N.W.2d 200, 205 (Minn. 1967) (finding that a "client can effectively waive the privilege

by conduct or affirmative consent.")

A classic example of the attorney-client privilege is:

(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived. *Kobluk v. Univ. of Minn.*, 574 N.W.2d 436, 440 (Minn. 1998) (citing 8 *John Henry Wigmore, Evidence* § 2292, at 554 (McNaughton rev. 1961)).

The actions of the District's Attorneys in suppressing evidence and shielding the District's employees from discovery has prejudiced the Plaintiff. Particularly when the District's attorneys signed the District's responses to discovery as factual witnesses, and further failed to signed the District's responses to discovery under oath as required by federal law and the local rules of the United States District Court for the District of Columbia.. These actions of the District's counsel are without justification and were taken in violation of Rule 11, and were dilatory acts taken by District'scounsel in bad faith, and intentionally designed to frustrate and flout its ability to prevent the Plaintiff from meeting his requirement to complete discovery within the timeframe ordered by the Court.

Under Super. Ct. Civ. R. 11©, a court may impose sanctions on attorneys responsible for violations of section (b) of the Rule. Super. Ct. R. 11(b) states, in part, that by presenting a pleading to the court, the presenter is certifying "that to the best of the person's knowledge, information and belief, formed after inquiry reasonable under the circumstances…the claims, defenses and other legal contentions [in the pleading] are warranted…" and that "the allegations and other factual contentions have evidentiary

support or…are likely to have evidentiary support after reasonable opportunity for further investigation or discovery."  A trial court also has an inherent sanctioning power that transcends specific statutes or rules and extends to the full range of litigation abuses. *Chambers v. NASCO,* 501 U.S. 32, 46 (1991).   Thus, while a court's rules may reach only specified conduct, the court's inherent power fills the gap. *Id.* Just as Rule 11 gives the court discretion in imposing sanctions.  Super. Ct. Civ. R. 11(c).

The District's Attorney's responses to Plaintiff's Discovery Requests are acts of dishonesty under the doctrine set forth in *In re shorter*, 570 A.2d 760 (D.C. 1990.  In *In Re Shorter*, the Court defined "deceit" as "the suppression of a fact by one who is bound to disclose it, "defined "misrepresentation" as a "statement made by a party that a thing is in fact a particular way, when it is not so; untrue representation; false or incorrect statements or accounts'" and defined "dishonesty" as "encompass[ing] fraudulent, deceitful, or misrepresentative behavior…in addition…it encompasses conduct evincing a lack of honesty, probity or integrity in principle; [a] lack of fairness and straightforwardness.

See Judge Royce C. Lamberth, United States District Court, District of Columbia, final approval order setting overdetention and strip search damage claims as of August 31, 2006, contradict the District's suppression of evidence, and disclosure of overdetention and overdetained persons by the District's responses.


A district court may dismiss a civil action with prejudice for a defendant's failure to prosecute or otherwise comply with a court order. Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to

dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Automated Datatron, Inc. v. Woodcock*, 659 F.2d 1168, 1170 (D.C. Cir. 1981) ("If district court judges are to discharge their heavy responsibilities effectively, their power to dismiss . . . must be more than theoretical.").

.The District Court may discipline a party where the facts warrant it and this include the effect of a party's dilatory or contumacious conduct on the court's docket, whether the defendant's behavior has prejudiced the Plaintiff, and whether deterrence is necessary to protect the integrity of the judicial system." *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990). "The harsh sanction of dismissal for failure to prosecute is ordinarily limited to cases . . . after less dire alternatives have been tried without success." *Noble v. U.S. Postal Serv.*, 71 F. App'x 69, 69 (D.C. Cir. 2003). However, a district court has discretion to conclude that lesser sanctions "will not be effective to remedy the dilatory conduct." *Bristol Petroleum*, 901 F.2d at 167 (quoting *Locascio v. Teletype Corp.*, 694 F.2d 497, 499 (7th Cir. 1982)).

Deterrence is necessary to preserve the integrity of the judicial system, this is it, since there is every reason to believe that District defendant is abusing the legal process. Defendant's conduct amounts to bad faith, and such conduct will not be condoned no matter who the litigant is. *See Farguson v. MBank, Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)

There is no doubt that the Court has the authority to impose such a sanction for a discovery violation as serious and as irremediable as the District's obstruction and frustration of discovery. *Webb v. Districtof Columbia,* 146 F.3d 964, 971 (D.C. Cir. 1998); *Shea v. DonohoeConstruction Co.,* 775 F.2d 1071, 1074 (D.C. Cir. 1986).

## THE COURT SHOULD IMPOSE SANCTIONS ON
## DISTRICT UNDER RULE 37(b) (2)

Rule 37(b), Fed.R.Civ.P., provides this Court with authority to impose sanctions upon a party who refuses to answer a question after being directed to do so. E.g. Moon v. Newsome, 863 F.2d 835, 837 n.1 (11th Cir. 1989) ("Because district's misbehavior at the deposition was intentional, it would not have been an abuse of discretion for the Court to dismiss under Rule 37(b).

### FAILURE TO DISCLOSE RELEVANT EVIDENCE

The Courts have opined "any failure to disclose relevant evidence, regardless of the extenuating circumstances, forms a basis for possible sanctions under Rule 37. However, the reason for the failure is an important consideration, in determining what sanction to impose. *Society International v. Rogers*, 357 U.S. 197, 212 (1958), requires that the sanction of dismissal be based on "willfulness, bad faith, or . . . fault" on the part of plaintiff. See also *Founding Church of Scientology of Washington, DC, Inc. v. Webster,* 802 F.2d 1448, 1458-59 (D.C. Cir. 1986) cert den. 108 S.Ct. 199 (1987); *Grochal v. Aeration Processes, Inc*. 797 F.2d 1093, 1098-99 (D.C. Cir. 1986), vacated on mootness grounds 812 F.2d 745 (D.C. Cir. 1987).

Defendant's willful failure to cooperate in discovery, dismissal of his claim is warranted. Even if the Court determines that outright dismissal of defendant's claim is too harsh a sanction, it should nonetheless issue an order under Rule 37(b)(2)(A).

.Rule 37(c)(1) states:

(1) Failure to Disclose or Supplement. If a party fails to provide

information or identify a witness as required by Rule 26(a) or (e), the party is not allowed

to use that information or witness to supply evidence on a motion, at a hearing, or at a

trial, unless the failure was substantially justified or is harmless. In addition to or instead

of this sanction, the court, on motion and after giving opportunity to be heard: (A) may

order payment of the reasonable expenses, including attorney's fees, caused by the

failure; (B) may inform the jury of the party's failure; and (C) may impose other

appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

### ENTITLEMENT TO SHOW AT DISTRICT'S EXPENSE THROUGH FORENSIC EXAMINATION OF DISTRICT DEFENDANT'S DABASES THAT THE EVIDENCE SOUGHT ARE AVAILABLE AND ELECTRONICALLY STORED

The Plaintiff is entitled to show, at the District's expense, through forensic

examination of the District's databases that the evidence sought are available and

electronically stored for easy access.  the need here for a forensic examination is directly

attributable to what was and was not done by District information systems personnel, to

preserve electronically stored information. *Peskoff*, No. 04-cv-526, 2006 WL 1933483, at

*4-6 (D.D.C. July 11, 2006); *Peskoff,* 240 F.R.D. 26, 29-31 (D.D.C. 2007); *Peskoff,* 244

F.R.D. at 56-66. Taken together, those acts and omissions shatter any argument that the

burden or expense of that forensic examination, if incurred by the District, would be

"undue."

The Court has described numerous searches that might yield responsive

information, Peskoff v. Faber, 2006 WL 1933483, at *4, yet Mr. Faber "did not conduct

any of these possible searches." Peskoff, 240 F.R.D. at 30-31; Peskoff, 244 F.R.D. at 56.

The fruits of his limited search, described above, "raise[] many questions as to its

completion and . . . sufficiency." Peskoff, 244 F.R.D. at 58-59. Mr. Faber's unwillingness

to take his discovery obligations seriously have contributed to the need for a forensic examination. See e.g., Henry v. Quicken Loans, 04-cv-40346, 2008 WL 474127, at *5 (E.D. Mich. Feb. 15, 2008)

The District has an obligation to make a conscientious effort to preserve electronically stored information that would be relevant to this dispute. See, e.g., *Miller v. Holzmann,* No. 95-cv-1231, 2007 WL 172327, at *5-8 (D.D.C. Jan. 17, 2007); *Zubulake v. UBS Warburg, LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003); Fed. R. Civ. P. 37, advisory committee's notes (2006) ("When a party is under a duty to preserve information because of pending or reasonably anticipated litigation, intervention in the routine operation of an information system is one aspect of what is often called a 'litigation hold.'")

Based upon the actions of the attorneys for the District in shielding the disclosure of electronically information that they know and have reason to know is electronically stored and readily available, there is a concern whether the District has destroyed or otherwise gotten rid of the information that the Plaintiff seeks in his discovery request to the District.

### DISTRICT'S FAILURE TO PRODUCE A SINGLE DOCUMENT IN RESPONSE TO THE PLAINTIFF'S MOTION FOR PRODUCTION OF DOCUMENTS

Because the District failed to produce a single document in response to Plaintiff's Request for Production of Documents, it has effectively waived any privilege with respect to any document it claims are privileged or non producible because of attorney-client privilege.  Neither has it logged any document it contend is privileged.

In considering the merits of the District's claims at Federal Rule of Civil Procedure 26(b)(5). The rule provides that any party claiming privilege for a document requested during discovery shall log the document on a privilege log. Fed. R. Civ. P. 26(b)(5). The 1993 Advisory Committee Notes explain the application of the rule when a party has pending objections to the document request. See Fed. R. Civ. P.26(b)(5) advisory committee's note.

The District submitted its response to Plaintiff's discovery request and did not log any document upon any privilege log, and the Plaintiff request, therefore, that the court determine that there are no documents connected with the instant discovery requests that are covered by any privilege and if so, that the Court determined that the District has waived any and all privilege it had.

## THE DISTRICT'S ATTORNEY WITHOUT THE PARTICIPATION OF THE CLIENT MAY NOT CLAIM ATTORNEY-CLIENT PRIVILEGE SINCE THE PRIVILEGE BELONGS TO THE CLIENT

Denise Baker, Esq., attorney for the District, in the absence of any client participating in responses to interrogatories, cannot claim attorney client privilege with respect to her own responses, and with respect to designating herself as the responding person to interrogatories and request for production of documents, cannot claim attorney client privilege.  And because there is no representative of the client, for the client of the Attorney General Office, to assert the attorney-client privilege, it is waived with respect to each response given to each of the interrogatories propounded.

There is no genuine dispute that the privilege belongs to the client and not to the attorney.

Which particular persons or entities can assert a corporation's attorney-client privilege?

The Court has opined, "The "Entity Rule" – the organization/corporation, not the individual member(s)/employee(s), is the client. Accordingly, when control of a corporation passes to new management, the authority to assert and waive the corporation's attorney-client privilege passes as well. New managers installed as a result of a takeover, merger, loss of confidence by shareholders, or simply normal succession, may waive the attorney client privilege with respect to communications made by former officers and directors. Displaced managers may not assert the privilege over the wishes of current managers. **Federal:**

*Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343 (1985).


**Federal Circuit:**

**Federal:**

Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343 (1985).

**Federal Circuit:**

1st Circuit – Chronicle Pub Co. v. Hantzis, 732 F.Supp. 270 (D.Mass. 1990).
2nd Circuit – U.S. v. International Brotherhood of Teamsters, et. al., 119 F.3d 210 (2nd Cir. 1997).
3rd Circuit – Matter of Bevil, Bresler & Schulman Asset Management Corp., 805 F.2d 120 (3rd Cir. 1986).
4th Circuit – In re Grand Jury Supbpoenas, 89-3 and 89-4, John Doe 89-129, 902 F.2d 244 (4th Cir. 1990).
5th Circuit – Soverain Software LLC v. Gap, Inc., 304 F.Supp.2d 760 (E.D.Tex. 2004).
6th Circuit – In re Grand Jury, Detroit, Mich., Aug. 1977, 434 F.Supp. 658 (D.C.Mich. 1977).
7th Circuit – Medcom Holding Co. v. Baxter Travenol Laboratories, Inc., 689 F.Supp. 841 (N.D.Ill. 1988).
8th Circuit – Diversified Industries, Inc. v. Meredith, 572 F.2d 596 (8th Cir. 1977).
9th Circuit – U.S. v. Chen, 99 F.3d 1495 (9th Cir. 1996).
10th Circuit – Sprague v. Thorn Americas, Inc., 129 F.3d 1355 (10th Cir. 1997).
11th Circuit – NCL Corp. v. Lone Star Bldg. Centers (Eastern) Inc., 144 B.R. 170 (S.D. Fla. 1992).
D.C. Circuit – Alexander v. F.B.I., 198 F.R.D. 306 (D.D.C. 2000).
**States:**
5

Alabama – Ala. R. Evid. 505 Advisory Note for (c) (West 2005).

Alaska – Ak. R. Evid. 503(c) (West 2005).

Arizona – <u>JNC Companies v. Meehan</u>, 797 P.2d 1 (Ariz.Ct.App. 1990).

Arkansas – Ark. R. Evid. 502(c) (West 2005).

California – <u>HLC Properties, Ltd. v. Superior Court</u>, 105 P.3d 560, 565 (Cal. 2005); CAL. EVID. CODE §953(d) (West 2005).

Colorado – <u>Genova v. Longs Peak Emergency Physicians, P.C.</u>, 72 P.3d 454, 463 (Colo.App. 2003).

Connecticut – <u>Suffield Bank v. Berman</u>, 639 A.2d 1033 (Conn. 1994).

<u>Earthgro, Inc. v. Wilchfort</u>, 30 Conn. L. Rptr. 113 (Conn.Super.Ct. 2001).[5]

Delaware – <u>Zirn v. VLI Corp.</u>, 621 A.2d 773, 781 (Del. 1993).

Florida – FLA. STAT. ANN. §90.502(3)(d) (West 2005).

Georgia – <u>Zielinski v. Clorox Co.</u>, 504 S.E.2d 683 (Ga., 1998).

Hawaii – Hi. R. Evid. 503(c) (West 2005).

Idaho – Id. Evid. R. 502(c) (West 2005).

Kentucky – Ky. R. Evid. 503(c) (West 2005).

Louisiana – LA. CODE EVID. ANN. art.506(D) (West 2005).

Maine – Me. R. Evid. 502(c) (West 2005).

Minnesota – <u>Levin v. C.O.M.B. Co.</u>, 469 N.W.2d 512 (Minn.App. 1991).

Mississippi – Miss. R. Evid. 502(c) (West 2005).

Missouri – <u>DeLaporte v. Robey Bldg. Supply, Inc.</u>, 812 S.W.2d 526 (Mo.Ct.App. 1991).

Nebraska – <u>Milroy v. Hanson</u>, 875 F. Supp. 646 (D.Neb. 1995) *Federal court applying Nebraska law.

Nevada – NEV. REV. STAT. §49.105 (West 2005).

New Hampshire – N.H. R. Evid. 502(c) (West 2005).

New Jersey – <u>In re Estate of Fedor</u>, 811 A.2d 970, 972 (N.J.Super.Ct. 2001).

New Mexico – N.M. R. Evid. 11-503(C) (West 2005).

New York – <u>Tekni-Plex, Inc. v. Meyner and Landis</u>, 674 N.E.2d 663 (N.Y. 1996).

North Dakota – N.D. R. Evid. 502(c) (West 2005).

Ohio – <u>Hollingsworth v. Time Warner Cable</u>, 812 N.E.2d 976 (1st Dist. 2004); OHIO REV. CODE ANN. §2317.021 (West 2005).

Oklahoma – OKLA. STAT. tit. 12, §2511 (West 2005).

Oregon – OR. REV. STAT. §40.225(3) (West 2005).

Pennsylvania – <u>Maleski by Chronister v. Corporate Life Ins. Co.</u>, 641 A.2d 1, 2-3 (Pa.Commw.Ct. 1994).

Rhode Island – <u>Rhode Island Depositors Economic Protection Corp. v. Maploot Development Corp.</u>, 710 A.2d 167 (R.I. 1998).

South Carolina – <u>Tucker v. Honda of South Carolina Mfg., Inc.</u>, 582 S.E.2d 405 (S.C. 2003).

South Dakota – S.D. CODIFIED LAWS §19-13-2(2) (West 2005).
This case is not reported in A.2d.

Texas – <u>In re Cap Rock Elec. Co-op., Inc.</u>, 35 S.W.3d 222, 227 (Tex.Ct.App. 2000).

Utah – Utah R. Evid. 504(c) (West 2005).

Vermont – Vt. R. Evid. 502(c) (West 2005).

Wisconsin – <u>Lane v. Sharp Packaging Systems, Inc.</u>, 650 N.W.2d 788 (2002); WISC. STAT. ANN. §905.03(C) (West 2005).

**Wherefore**, the Plaintiff is entitled to an Order Compelling Discovery and an Order granting Sanctions for Failure to comply with Discovery, dilatory tactics and for discovery abuse, sanctions against the District and its attorneys, and an order denying the District's attorney's claim of attorney-client privilege, or any privilege; as well as an order opining that the District waived its claim of attorney-client privilege as the result of not having any client to claim the privilege respond to the Plaintiff's discovery requests and because of prior disclosures made in the cases of :

*Marcus Bynum v. DC*, 02-956,

*Carl Barnes v. DC*, 06-315,

*Watson v. District of Columbia*, Case No. 1:02 cv 00980-GK-JMF

*Angelo Harris v. DC*, D.C. Superior Court, 2007 CA 008397 B

*Stoddard v. DC*, D.C. Superior Court, 2007 CA 002779 B

Bazemore v. DC, D.C. Superior Court, 2008 CA 002612 B

The Plaintiff request, as a part of sanctions against the District, that the District be ordered to pay for the depositions of five (5) of its employees by the Plaintiff, for its contumacious, evasive, abusive, dilatory, conduct. And that these five (5) deponents whom have knowledge about overdetentions and the District's training and the operation of the District's databases and information storage and retention of documents policies, and whom may testify what the District did in its efforts to search for responsive electronically stored information regarding the Plaintiff's discovery requests, be paid for by the District.

The Plaintiff incorporate by reference, the exhibits that Plaintiff filed with Plaintiff's Request for Interrogatories and Plaintiff's Request for Production of

Documents. **See attached List of Exhibits filed with Plaintiff's First Interrogatories and Request for Production of Documents, served upon the District, on or about July 5, 2008.**


_____/s/_____
Dr. Simon Banks
P.O. Box 17052
Alexandria, Va. 22302
703 965-5637
Email: drsbanks@msn.com