UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DR. SIMON BANKS, J.D. ) <br> P.O. BOX 17052 ) <br> ALEXANDRIA, VA. 22302 ) <br>    ) <br>    Plaintiff ) <br>    ) <br> v.  ) <br>    ) <br> ELWOOD YORK, JR ) <br> ET AL  ) <br>    ) <br>    Defendants ) | Case:  05-1514 (RCL) <br><br> September 12, 2008 |

**PLAINTIFF'S MOTION FOR LEAVE TO TAKE THE DEPOSITION OF DENISE BAKER, ASSISTANT ATTORNEY GENERAL AND LEAD COUNSEL TO THE DISTRICT OF COLUMBIA DEFENDANTS**

**The District Defendant does not consent to this Motion**

Comes now, Simon Banks, Plaintiff and submit Motion for Leave to take the deposition of Denise Baker, assistant Attorney General and lead counsel to the District of Columbia defendants, and in support Plaintiff cites the following:

On July 5, 2008, the Plaintiff served discovery upon the District of Columbia Defendants which were due on August 29, 2008, and on or about September 8, 2008, Denise Baker, Esq. Assistant Attorney General, and Ellen Efros, Assistant Attorney General submitted responses to Plaintiff's First Interrogatories, and did not respond to Plaintiff's First Request for Production of Documents.

Notwithstanding the fact that these two seasoned/experienced counsel's knowledge of the discovery rules and the Local Rules of this Honorable Court, they both signed the responses given to the interrogatories propounded as fact witnesses.

Because Denise Baker, Esq. and Ellen Efros, Esq., Assistant Attorneys General, signed Discovery submitted to the District Defendant as fact witnesses, the Plaintiff seeks to take discovery of these two fact witnesses to ascertain their respective knowledge regarding the questions asked and the documents requested pertaining to the overdetention of Plaintiff and other persons, as well as the District's disclosures, its custom, policies, practices and procedures, its training of its employees, and its databases and the operation of its computer systems, and declarations and affidavits submitted by the District in other cases, as well as the other issues pertaining the Plaintiff's proof requirements under 42 U.S.C. § 1983, and *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (U.S. 1978)*,* failure to train, deliberate indifferent proof requirements, are relevant to the issue of overdetention.  The Rule 26(b)(2)(C) factors weigh strongly in favor of the discovery. Peskoff, 244 F.R.D. at 59-61 (finding, *inter alia*, that the information sought is highly relevant, not duplicative, and cannot be obtained from other sources).

### THE DISTRICT'S ATTORNEY SIGNED THE INTERROGATORIES AND THEY ARE NOT SIGNED UNDER OATH BY AN EMPLOYEE OF THE DISTRICT NOR BY THE ASSISTANT ATTORNEY GENERAL

On the signature page, page 22 of Defendant's Responses and Objections to Plaintiffs' First Set of Interrogatories, there is no oath that swears to the truth and veracity of the responses, or to attest to any semblance as follows: "I have read the foregoing Defendant District of Columbia's Answers and Objections to Plaintiff's Interrogatories, and they are true to the best of my knowledge and belief."  Rather, only the signatures of two attorneys, Ellen Efros and Denise Baker,  assistant attorney generals appear.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, "[t]he person who makes the answer [to the interrogatories] must sign them, and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(5).

The party upon whom they were served- *i.e.,* a representative of the District of Columbia who attests to their truth on behalf of the District of Columbia. Defendant's objections, on the other hand, must be signed by counsel for the District."). knowledge, information, and belief." Baker, attorney for the District appears, therefore, to have attempted to both attest to the veracity of the answers as a representative of the District of Columbia and also lodge objections to the interrogatories. This she cannot do. See *Fonville v. District of Columbia*, 230 F.R.D. 38, 45 (D.D.C. 2005) ("Interrogatories are served on parties, and defendant's answers must be signed by a representative of the party, not the attorney.

Because of the District's attorney's actions in answering the discovery, there is a reasonable assumption that they have factual knowledge of the issues and subject matter upon which the Plaintiff seeks discovery from the District of.

The Plaintiff stands to be unduly prejudiced by the action of the District of having their counsel act as fact witnesses while employees of the District remain unavailable for discovery.

**With respect to the Plaintiff's Memorandum of Points and Authorities, the Plaintiff incorporate by reference Plaintiff's Motion to Compel Discovery as if pleaded fully and completely herein.**

**WHEREFORE,** the Plaintiff request that he be allowed to take the depositions of the District's attorneys Denise Baker and Ellen Efros, Assistant Attorneys General for the

District of Columbia Government, at the expense of the District.  **See Plaintiff's request for Sanctions set forth in Plaintiff's Motion to Compel.**


_____/s/_____
Dr. Simon Banks
P.O. Box 17052
Alexandria, Va. 22302
703 965-5637
Email: drsbanks@msn.com