UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DR. SIMON BANKS, J.D. <br> P.O. BOX 17052 <br> ALEXANDRIA, VA. 22302 <br><br> Plaintiff <br><br> v. <br><br> ELWOOD YORK, JR <br> ET AL <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br><br> Case:  05-1514 (RCL) <br><br><br><br><br> September 13, 2008 |

**PLAINTIFF'S MOTION TO EXTEND THE DISCOVERY DEADLINE**

The District does not consent to the relief requested in this motion

Come now, Dr. Simon Banks, Plaintiff, pursuant to Fed. R. Civ. P. 6(b)(1) and Motion this Honorable Court to extend the discovery deadline, and in support Plaintiff cites the following:

1. The Plaintiff incorporate by reference Plaintiff's Motion for Leave to take the deposition of Denise Baker, assistant Attorney General and lead counsel to the District of Columbia defendant, and Ellen Efros, Assistant Attorney General District of Columbia.

2. The Plaintiff incorporate by reference Plaintiff's Motion to Compel Discovery and for Sanctions.

3. The Plaintiff served discovery upon the District on July 5, 2008, and responses were due on August 5, 2008.  The District waited until on or about the date that

the responses were due and filed a motion for extension of time which was granted, authorizing the District to file its responses by August 29, 2008.

4. The District did not submit its responses to the Plaintiff's discovery by or before August 29, 2008.

5. On or about September 8, 2008, the District submitted incomplete, evasive, and non responses to Plaintiff's First set of interrogatories and they are useless because they are not signed under oath and they are not signed by any employee of the District Defendants, but rather these useless partial-non responsive responses to Plaintiff's interrogatories are signed by its attorneys thereby shielding the District Defendants from submitting any response at all.

6. Because of the District's attorneys dilatory tactics the Plaintiff is obstructed from securing discovery and meeting the Court's discovery deadline. Moreover, the Plaintiff is in dire need to take the depositions and discovery of the District's attorneys whom are the factual witnesses whom are both submitting repetitive form objections of attorney-client privilege, privilege, work product, as well as claims of undue burde, all for the purpose of stifling Plaintiff's attempt to secure any discovery.

7. The District has failed to submit a single document in response to the Plaintiff's request for production of documents.

8. As a consequence of the District's dilatory, evasive, bad faith and obstructive actions the Court may, more likely than not, have to go through each interrogatory and each parrot-form objection made to each interrogatory, an extreme waste of precious judicial resources, to determine the validity of each **"form"** objection [Emphasis Added], and reach an adjudicatory disposition regarding the Plaintiff's Motion

to Compel and Plaintiff's Motion to take the depositions of Denise Baker, Esq. and Ellen Efros, Esq., the District Attorneys.

      9.      The Plaintiff stands to be severely unduly prejudiced in his ability to prepare for trial and dispositive motions unless the Court grant the motion so that the Plaintiff will be in the position of meeting

      10.      Because of the District attorneys dilatory tactics, the Court may have to determine whether counsel for the District violated Rule 11 by their obstruction of discovery. Under Rule 11(b) of the Federal Rules of Civil Procedure, an attorney, by filing any written motion or other paper, thereby certifies that "the claims, defenses, and other legal contentions" made in any motion, pleading, or filing "are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b)(2). Under Rule 11(c)(1)(B), the court may, on its own initiative, enter an order directing counsel to show cause why it has not violated the provisions of subsection (b) of Rule 11. Fed. R. Civ. P. 11(c)(1)(B).

      The Court has opined, In Rafferty *Scott J, V. Nynex Corp,* We have held that once the district court finds that a pleading is not well grounded in fact, not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or is interposed for any improper purpose, "Rule 11 *requires* that sanctions of some sort be imposed." *Westmoreland v. CBS, Inc.,* 770 F.2d 1168, 1174-75 (D.C. Cir. 1985) (emphasis added); *See also Hilton Hotels Corp. v. Banov,* 899 F.2d 40, 44 (D.C. Cir. 1990) (same); *Saltany v. Reagan,* 886 F.2d 438, 439 (D.C. Cir. 1989) (same), *cert. denied,* 495 U.S. 932 (1990); *Weil v. Markowitz,* 829 F.2d 166, 171 (D.C. Cir. 1987)

3

(same). Thus, once a district court finds sanctionable conduct, it has no discretion *whether* to impose sanctions. *Westmoreland,* 770 F.2d at 1174. It exercises its discretion at that point by selecting an appropriate sanction. *Id.*

  **WHEREFORE,** Plaintiff request that the court grant the motion.

_____/s/_____
Dr. Simon Banks
P.O. Box 17052
Alexandria, Va. 22302
703 965-5637
Email: drsbanks@msn.com

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **DR. SIMON BANKS, J.D.** | ) | |
| **P.O. BOX 17052** | ) | |
| **ALEXANDRIA, VA. 22302** | ) | |
|  | ) | |
| Plaintiff | ) | |
|  | ) | |
| v. | ) | Case:  05-1514 (RCL) |
|  | ) | |
| **ELWOOD YORK, JR** | ) | |
| **ET AL** | ) | |
|  | ) | |
| Defendants | ) | |

### ORDER

Upon consideration of Plaintiff's Motion to Extend the Discovery Deadline, it is this _____day of September, 2008,

**HEREBY
GRANTED**

_____
ROYCE C. LAMBERTH, UNITED STATES JUDGE

5