# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____ )
                                         )

| | |
|---|---|
| **DR. SIMON BANKS, J.D.** | ) |
| **P.O. BOX 17052** | ) |
| **ALEXANDRIA, VA. 22302** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | )  **Case:  05-1514 (RCL)** |
| | ) |
| **ELWOOD YORK, JR** | ) |
| **ET AL** | ) |
| | )  **September 15, 2008** |
| **Defendants** | ) |

## PLAINTIFF NOTICE OF FILING
### DISTRICT DEFENDNTS' RESPONSES TO PLAINTIFF'S
### DISCOVERY REQUESTS AS EXHIBIT DOCUMENT 7

      Comes now, Dr. Simon Banks, Plaintiff and serve Notice of Filing District Defendants' Responses to Plaintiff's Discovery Requests as Exhibit Document 7.

_____/s/_____
**Dr. Simon Banks, J.D.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

―――――――――――――――――――――――――――――――

|  |  |
|---|---|
| DR. SIMON BANKS, J.D | : |
| P.O. BOX 17052 | : |
| ALEXANDRIA, VA 22303 | : |
|  | : |
| Plaintiffs, | : |
|  | :      05-1514 (RCL) |
|  | : |
| v. | : |
|  | : |
| DISTRICT OF COLUMBIA, | : |
|  | : |
| Defendant. | : |

―――――――――――――――――――――――――――――――

### DISTRICT DEFENDANTS'
### RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS

Defendants, District of Columbia ("District") and Devon Brown (hereinafter "District Defendants), by and through undersigned counsel of record, hereby responds to Plaintiff's requests for discovery.

(a) The information supplied in these responses is not based solely on the knowledge of the executing party, but includes knowledge of the party, its agents, representatives, and attorneys, unless privileged.

(b) The word usage and sentence structure may be that of the attorney assisting in the preparation of these responses and does not necessarily purport to be the precise language of the executing party.

(c) District Defendants reserve the right to amend, revise or supplement its responses to this discovery if and when new or different information becomes available.

1

(d) For any additional responsive information made available through deposition testimonies, District Defendants incorporate such information for purposes of giving notice that such information exists, but does not adopt such testimony as accurate and complete.

## GENERAL OBJECTIONS

District Defendants' General Objections set forth herein, are to be considered continuing objections and/or assertions of privilege and responses to each and every specific document or Interrogatory that follows, even if not referred to in the response to specifically.  That some of these General Objections are not restated in response to particular discovery request(s) does not waive the assertion and application of the General Objections, which are not set forth in full in response thereto.  District Defendants' objections and responses given herein shall not prejudice any objection and/or assertion of privilege they may later assert in any context.  Moreover, District Defendants respond to the instant discovery subject to the accompanying objections, without waiving and expressly preserving all ojections.

District Defendants object to the instructions propounded by plaintiff to the extent that he seeks or purports to impose obligations in excess of those required by the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of Columbia. Included in the instructions objected to are plaintiff's definitions, which purport to assign to words and phrases meanings other than those generally understood or used in common parlance.

District Defendants object to this discovery to the extent that it inquires into matters privileged from disclosure pursuant to the attorney-client privilege, executive privilege, deliberative process privilege, legislative privilege, informant's privilege, law enforcement privilege, prosecutorial privilege, spousal privilege, Privacy Act, District of Columbia Municipal

2

Regulations, D.C. Office of Personnel rules and/or regulations, the work-product doctrine, and/or any other applicable privilege or similar protection.

District Defendants object to this discovery to the extent that it seeks disclosure of confidental material or information in the absence of a protective order.

In responding to this Discovery, District Defendants do not waive, but retain and preserve any and all objections to the materiality, and/or relevance of the information provided.

In responding to this Discovery, District Defendants do not concede or admit any premise, inference, proposition, or characterizations contained in any discovery or any pleading.

In seeking the disclosure Plaintiff seeks hereby, Plaintiff is understood to waive any and all privileges, protections or claims regarding or relating to the subject of the disclosure.

District Defendants objectsto this discovery insofar as it is overbroad, unduly burdensome or vexatious on grounds, including, but not limited to, seeking materials without limitation as to time period or over a period of time so lengthy as to seek information immaterial, irrelevant to, or otherwise inadmissible in this litigation.

District Defendants understand that Plaintiff's discovery is not intended to seek communications or documents that are protected by the attorney-client privilege or protected by the work product doctrine and object to plaintiff's discovery insofar as it could be read to seek such protected information.

District Defendants object to this Discovery request as vague, ambiguous, and irrelevant.

Inadvertent production of any information or documents so privileged not constitute a waiver of such privilege or any other grounds for objecting to the discovery request.

The response(s) to the discovery requests is accurate to the best of the District Defendants' knowledge as of this date.  The District Defendants' investigation, however, is

continuing, and the District Defendant may obtain additional information relevant to the subject matter of this action through discovery and further review of documents.  The District Defendants reserve the right to rely on subsequently discovered information.

District Defendants reserve the right to object to the use of  its responses to the discovery in any proceedings other than the above-captioned case.

District Defendant objects to this Discovery request as unduly burdensome and redundant insofar as it seeks the production of materials received in discovery from any party herein, served on or filed by any party or counsel to any party to these matters, or available from the Court in which these matters are pending.

Each and every response herein is made subject to the foregoing General Objections, relardless of whether a General Objection or specific objection is stated in the response.  The explicit reference to a General Objection or the making of a specific objection in response to a particular discovery response is not intended to constitute a waiver of General Objections that are not specifically referred to in that response.

## RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS

1.       Identify all inmate release policies, standard operating procedures ["SOPs"], of The District of Columbia Department of Corrections ["DOC"] in effect during the dates and times the District released inmates late, after they were entitled to be released. As the result of court order and/or expiration of their sentence. This interrogatory covers the period Jan 2000 to the present date.

**RESPONSE:        District Defendants object to the eight (8) year time period as overbroad, burdensome, irrelevant for the disposition of this civil action, and beyond the scope of this litigation.  To the extent that the District Defendants do not object, they identify the policies, as follows:**

| | |
|---|---|
| **Intake 1** | **Pre-District Court** |
| **Intake 2** | **Pre-Superior Court** |
| **Intake 4** | **Sent District Court** |
| **Intake 5** | **Fugitive Waiver** |

4

**Intake 6**  **Intransit Superior Court**
**Intake 7**  **Intransit District Court**
**Intake 8**  **Parole Violation**
**Intake 9**  **Administrative Removal**
**Intake 10**  **Pretrial Work Release District Court**
**Intake 11**  **Pretrial Work Release Superior Court**
**Intake 12**  **Pretrial Daily Work Release**
**Intake 13**  **Sent Daily Work Release from Jail**
**Intake 14**  **Sent Misdemeanor with work release order**
**Intake 15**  **Sanction Superior Court**
**Intake 16**  **Sanction District Court**
**Intake 17**  **Detox. Superior Court**
**Intake 19**  **YRA Study**
**Intake 20**  **Court ordered drug program**
**Intake 21**  **New Weekender**

**Permanent Release**

 **1**  **Court Ordered Drug Program**
 **2**  **Court Ordered Release from Jail**
 **3**  **Court Ordered Release Halfway House**
 **4**  **Expiration from D.C. Jail**
 **5**  **Expiration from Halfway House**
 **6**  **Bond-Purge-Cash Collateral**
 **7**  **Parole**
 **8**  **Mandatory Parole**
 **9**  **Detox.**
 **10**  **Sanction Superior Court**
 **11**  **Sanction District Court**
 **12**  **Fugitive Waiver**
 **13**  **Detainer**
 **14**  **Death**

**Temporary Release**

 **1**  **Weekender**
 **2**  **Daily Work Release**
 **3**  **Pretrial Superior Court**
 **4**  **Pretrial District Court**

**Transfer**

 **1**  **Sent Misdemeanor Work Release Order from Jail**
 **2**  **Sent Misdemeanor with Work Release Order**
 **3**  **Halfway House Inmate re-admit**
 **4**  **Pretrial Work Release**

**5    St. Elizabeth Hospital**
**6    Halfway House Institutional Work Release**

2 Identify all inmates housed in DOC during the period Jan. 5, 2000 thru the present date who were released late, after the date and time(s) they were entitled to be released and give the date and time of each release, the date and time each inmate listed was entitled to be released, and the reason for each late release.

**RESPONSE**:        **District Defendants object to the eight (8) year time period as overbroad, burdensome, irrelevant for the disposition of this civil action, and beyond the scope of this litigation.**

3.        Identify all employees of DOC records Office, employed by DOC during the period Jan. 5, 2000 thru the present date.

**RESPONSE**:        **District Defendants object to the eight (8) year time period as overbroad, burdensome, irrelevant for the disposition of this civil action, and beyond the scope of this litigation.  Additionally, this information is confidential and privileged to the extent that it requests information about individual employees, who are not party to this lawsuit.  To the extent that the District Defendants do not object, the supervisor of the Records Office was Patricia Britton.**

4.        If you contend that the Plaintiff was not overdetained because of DOC failure to supervise, train its employee and that Plaintiff was not a victim of DOC's customs, polices, practices and procedures, that show deliberate indifference to the right of Plaintiff to be released upon the expiration of his sentence, list, describe and/or identify all facts upon which you rely in support of your contention.

**RESPONSE**:        **District Defendants object to this request for discovery to the extent that it is vague and ambiguous.  To the extent that they do not object, they state as fact that personnel receive several months of training, as well as continuing education regarding performance of their duties, use of the equipment, policies and procedures.  More specifically, District Defendants state that DOC Records personnel are periodically trained to calculate jail sentences, process court orders and warrants received by federal and Superior Court with respect to detainers, holds, absconders, fugitives, and other instruments that result in detentions.**

**Records Office personnel are given training on Records Office procedures.  Corrections Officers are given training on processing inmates that are being detained or released.**

5. Identify all inmate-release recordkeeping practices, polices, procedures, standard

operating procedures, and lists of databases containing information about DOC operation along with technical manuals and user manuals relating to the databases and systems of DOC, utilized by DOC, along with data dictionaries for each database listed, and a list of data elements from each database needed to ascertain persons overdetained and length of overdetention, during the period Jan. 5, 2000 to the present, connected with releasing inmates from DOC who were entitled to be released from DOC because their sentence had been served and/or because of court order(s). .but were overdetained.

**RESPONSE:** **District Defendants object to this request for discovery to the extent that it calls for information protected by the law enforcement, attorney client, and executive privileges. This information may be shared pursuant to a protective order. To the extent that District Defendants do not object, the process for releasing inmates depends upon whether they are serving a certain term or whether they are awaiting court ordered release. If they are serving a term certain, and not subject to any fugitive, absconder, or other holds, then a date certain for release can be calculated, entered into a computer system, and released upon the appropriate date. If they are awaiting court ordered release, the process includes transporting the inmate to court by the U.S. Marshall Service, issuance of a court order or orders releasing or otherwise affecting the inmate's incarceration, transporting the inmate back to DOC, review of extant computer databases, such as NCIC. District Defendants adhere to the policies of federal and state jurisdictional policies and procedures regarding computer database search and verification of inmate status.**

6. Identify all present and. Former employees of DOC who gave or signed declarations, Affidavits, that were used in any and all court proceedings connected with any and all overdetentions, late release(s) of any and all inmate housed at DOC.

**RESPONSE**: **District Defendants object to this request for discovery to the extent that it is overly broad and burdensome. Retrieval of said information would require retrieval of every civil action and administrative action filed against the District and its employees to determine if the subject matter related to overdetention. Then, each file would have to be reviewed to determine if a declaration or affidavit was filed. To the extent that the District Defendants do not object, Devon Brown, Director of DOC has taken a declaration regarding his official capacity.**

7. Identify all former and present employees of the DOC records office, or of DOC, who has/have knowledge of DOC's recordkeeping system(s) utilized by DOC to track inmates of DOC from the date they became inmates of DOC to the date they are entitled to be released from custody, and describe their respective knowledge. This interrogatory covers the period Jan. 5, 2000 to the present.

**RESPONSE**:        District Defendants object to this request for discovery to the extent
that it is overly broad and burdensome.   Given that the plaintiff was allegedly
overdetained solely in 2005 the requested time period for this request for discovery is too
long and will cause an undue burden on administrative staff to inquire if any or all current
or prior employees "have knowledge" of the recordkeeping systems.  Furthermore, District
Defendants object to this request for discovery to the extent that the term "have
knowledge" is undefined, ambiguous, vague, and subject to interpretation.  To the extent
that the District Defendants do not object, they identify the following persons as having
requisite knowledge with respect to inmate recordkeeping:

Patricia B. Britton
Deputy Director
DC Department of Corrections
1923 Vermont Ave., N.W.
N-112
Washington, D.C. 20001

Kathy Souverain
DOC Records Office
Central Detention Facility

Benjamin Ellis
DC Department of Corrections
Central Detention Facility, Records Office

Keith Godwin, Information Technology

The District reserves the right to substitute or otherwise revise its answer to this request
for discovery at any time.

8.        Identify all current and former employees of DOC whom testified and/or gave sworn
statement at any deposition(s), trial(s), declaration, affidavit, in connection with any and all,
administrative, civil actions involving complaint that an inmate or inmates of DOC were
overdetained, not released when he/she, they, were entitled to be released from the custody of
DOC, and describe the substance of their respective testimony, declaration, affidavit, deposition,
trial.

**RESPONSE**:  District Defendants object to this request for discovery to the extent that it is
overly broad and burdensome.  Retrieval of said information would require retrieval of
every civil action and administrative action filed against the District and its employees to
determine if the subject matter related to overdetention.  Then, each file would have to be
reviewed to determine if a declaration or affidavit was filed.   Whether a particular
employee testified in court would require retrieval of court hearing tapes since merely
because a person may be on a witness list in a file, they may not have testified.  To the

**extent that the District Defendants do not object, Devon Brown, Director of DOC has taken a declaration regarding his official capacity.  Furthermore, to the extent that the District Defendants do not object, no employee has testified.**

9. Identify all computerized databases utilized by DOC, for inmate recordkeeping purposes during the period Jan. 5, 2000 to the present date, and describe how they respectively operate.

**RESPONSE:  District Defendants object to the eight (8) year time period as overbroad, burdensome, irrelevant for the disposition of this civil action, subject to proprietary privilege and copyright infringement, and beyond the scope of this litigation.  To the extent that the District Defendants do not object, they identify the system:**

**Offender Management System (OMS)**
**Washington Area Law Enforcement System (WALES)**
**JAACS**
**Jail credit computation program**

10. Identify all experts whom testified or gave deposition testimony and/or trial testimony in connection with any and all complaints where DOC was alleged to have overdetained an inmate who was housed at DOC. This interrogatory covers the period Jan 5! 1998 to the present date..

**RESPONSE:   District Defendants object to this request for discovery to the extent that it is overly broad and burdensome.  Retrieval of said information would require retrieval of every civil action and administrative action filed against the District and its employees to determine if the subject matter related to overdetention.  Then, each file would have to be reviewed to determine if a declaration or affidavit was filed.  To the extent that the District Defendants do not object, it is believed that no experts have given testimony, declarations or affidavits.**

11 Identify any and all employees of DOC (this includes former employees) who were assigned to train employees to release inmates housed at DOC when their sentence expired and/or when they were entitled to be released because of a court order, and describe the training they respectively provided.

**RESPONSE**:         **District Defendants object to this request for discovery to the extent that it is overly broad and burdensome.  Given that the plaintiff was allegedly overdetained solely in 2005 the requested time period for this request for discovery is too long and will cause an undue burden on administrative staff to inquire if any or all current or prior employees were involved in "training" and the nature and substance of the training.  To the extent that District Defendants do not object general computer-based program training was given by software program developers.  Training on D.C. policy and procedure is periodically given by D.C. supervisors.  Records Office personnel are given**

9

**training on Records Office procedures.  Corrections Officers are given training on processing inmates that are being detained or released.**

12.     With respect to the computerized databases you list in response to interrogatory No. 9, describe to your fullest extent that you can, how each database listed function or work, how it was utilized to track inmates entering and leaving DOC after their sentence expired and/or when they are entitled to be released because of a court order.

**RESPONSE:        District Defendants object to this request for discovery to the extent that it calls for privileged information and raises issues of data security, copyright infringement, and proprietary privilege.  To the extent that the District Defendants do not object, District Defendants did not track inmate releases by computerized databases during the relevant time period while plaintiff was incarcerated and released.**

13.     Identify any and all, Inmate Management System(s), System Computation Manuals, DOC operation Manuals pertaining to error rates regarding all releases, audits of Office of Internal Controls, Compliance and Accreditations, studies DOC has been the recipient of and attempted to implement connected with the release of inmate(s) from DOC custody because of the expiration of their respective sentence and/or because of a court order releasing them.

**RESPONSE:        District Defendants object to this request for discovery to the extent that it requests privileged information in the form of computer manuals prepared by independent contractors having proprietary rights in the operations manuals. Furthermore, District Defendants object on the grounds that "error rates" is undefined and vague.  To the extent that District Defendants do not object, no manuals pertaining to "error rates" regarding all releases exist.**

**District Defendants object to the request for discovery related to audits and studies to the extent that the search is overly burdensome because such documentation is not retained in the ordinary and normal course of business.  To the extent that District Defendants do not object,  District Defendants refer plaintiff to the list of studies listed in his request for discovery number 20 _infra_.**

14. Identify all civil and administrative proceedings DOC has been involved in from June 1998 through the present connected with the overdetention of any inmate who was housed at DOC.

**RESPONSE:        District Defendants object to this request for discovery to the extent that it is overly broad and burdensome.  Retrieval of said information would require retrieval of every civil action and administrative action filed against the District and its employees to determine if the subject matter related to overdetention.  Since stored files are not identified by their subject matter, this search would require pulling every civil action. To the extent that the District Defendants do not object, they identify the following civil actions have been filed:**

**All civil actions listed on the above-captioned docket as a related case; and,**
**Angelo Harris v. DC, D.C. Superior Court, 2007 CA 008397 B**
**Bazemore v. DC, D.C. Superior Court, 2008 CA 002612 B**
**Stoddard v. DC, D.C. Superior Court, 2007 CA 002779 B**
**Bynum v. DC, 02-956**
**Barnes v. DC, 06-315**
**Banks v. DC, 05-1514**

15. If, in any prior proceedings involving complaint that the Department of Corrections (DOC) was involved in from June 1, 1998 to the present, and in the present case, you contend that you relied upon a specific window of time in which to attend to administrative matters related to the release of any inmate, list each "window of time" and describe your reliance.

**RESPONSE:**       **The District Defendants object to this request for discovery to the extent that it calls for information protected by the attorney client and executive privileges, as well as attorney work product.  This information may be shared pursuant to a protective order.  The District also objects on the basis that this interrogatory is vague. To the extent that the District Defendants do not object, they identify case law discussing some period less than 48-hours, as an appropriate "window of time" in which to perform administrative outprocessing.**

16. Please list and identify any and all policymakers of DOC from Jan. 2, 2000 to the present whom were involved in establishing and implementing the policy, practices, and/or procedures for DOC connected with the recordkeeping office of DOC with respect to the processing and release of inmates from DOC upon the expiration of their sentence and/or release pursuant court order.

**RESPONSE**:       **District Defendants object to this request for discovery to the extent that it is overly broad, burdensome, and subject to attorney client privilege, law enforcement privilege and executive privilege.   The request is too broad, given that the plaintiff was allegedly overdetained solely in 2005 and solely related to expiration of his sentence—not release pursuant to a court order.  The requested time period for this request for discovery is too long and will cause an undue burden on administrative staff to inquire if any or all current or prior policymakers of their individual input into a particular policy.  To the extent that the District Defendants do not object, they identify the following policy maker as having requisite knowledge with respect to inmate recordkeeping and processing:**

**Patricia B. Britton**
**Deputy Director**
**DC Department of Corrections**
**1923 Vermont Ave., N.W.**

N-112
Washington, D.C. 20001

17. With respect to each inmate who was overdetained from January. 5, 2000 to the present, including the inmates you list in your response to interrogatory 2, indentify each inmate who was ordered released while at a courthouse in the District of Columbia, whom rather, were taken back into custody and transported to the District of Columbia Jail or CTF, and give the reason upon which you rely for each overdetention(s).

**RESPONSE:        District Defendants object to this request for discovery to the extent that it is overly broad and burdensome.  The request is too broad, given that the plaintiff was allegedly overdetained solely in 2005 and solely related to expiration of his sentence— not release pursuant to a court order.   District Defendants object to this request on the basis that it is vague and ambiguous in that District Defendants do not "have reasons upon which [they] rely for each overdetention(s)."  To the extent that the District Defendants do not object, they identify each member of the putative class actions captioned *Barnes v. DC*, Civil Action No. 06-315 and Bynum v. D.C., Civil Action No. 02-596, who claim that they were overdetained; however, District Defendants do not admit either the facts or legal liability for such claims.**

18. State all facts known to you how Plaintiff's came to be released on April 28, 2006, as opposed to March 20, 2006, April 26, 2006, and October 2, 2006, and identify all persons involved in Plaintiff's release from DOC.

**RESPONSE:        District Defendants object to this request for discovery to the extent that it calls for information protected by the attorney client and executive privileges, as well as attorney work product.   Without waiver of affirmative defenses set forth in their answer to the amended complaint and to the extent that they do not object, District Defendants state the following in response:**

**Simon Banks was extradited to Virginia to serve time on another charge.  When he returned to complete his D.C. charge, the sentence calculation did not take into account the time served in Virginia because the sentencing documents stated that the sentence was consecutive, not concurrent.  Confusion arose regarding inter-jurisdictional appropriateness of granting Banks credit for time served in Virginia. As a result the sentence "clock" was reset as if he had never left D.C. custody.**

**In addition, Banks' custodial record reflect that confusion started on or about April 4, 2004, when Banks was committed in appeals court case 02-BG-1374.  On June 4, 2004, the court amended the Judgment and Commitment Order (J&C) to reflect a reference number of SP008-04.  On June 24, 2004, the Court prepared a second J&C with a different number M6425-04, after crossing out the SP1008-04 number.  On June 7, 2004, the Court issued a release order in the original case number 02-BG-1374; however, there were no release**

**orders tied to M6425-04, and Banks was held on that court case number, even though it was the same case under a different number.  It was not D.C. Records Office or any D.C. executive agency that issued the duplicate case number.**

19. Please identify any and all statisticians whom provided DOC statistics connected with errors in releases and failure to release inmates from DOC resulting in the overdetention of inmates housed at DOC., from Jan. 5, 2000 to the present date.

**RESPONSE**:         **District Defendants object to this request for discovery to the extent that it calls for attorney work product, attorney client privilege, executive privilege, and deliberative process.   To the extent that they do not object, the statistician is Reena Chakraborty, Ph.D. ACPF.**

20. Describe to the fullest extent you can the actions DOC took to implement the following:

a). The Inspector General's recommendation and report dated October 2002 regarding the District of Columbia Jail Management Challenges and improving the D.C. Jail facility

b). The 1976 RMC Research Corporation Analysis which referenced the major recommendations, reorganization of the Records Office and increased staffing in the Office

c). The individual training of the JACCS (Jail and Community Correction System) on how employees learned how the log in/log out procedures and the execution of screen and task relevant to their specific jobs worked

d). Recommendations set forth in the Wright Report which documented a long pattern of systemic problems dealing with case management, classification and records office management at th records Office (Wright Report, Major Findings, F-14).

e). The District of Columbia Beal Abatement Plan and DOC response to R-1, R-2, and R-3 desk audits of all Records Office positions, how many existed during the period Jan. 1, 2004 through the present.

f). Spoilation [destruction of evidence] on electronically stored depositions, responses to discovery such as requests for admissions, authentication of documents, responses to interrogatories, interrogatories submitted, responses to request for production of documents, electronically stored on computers and existing on CDs or other electronically storage devices.

g). Corrective action in the DOC's Records Office, upon receipt of the "Evaluation of the District of Columbia Department of Corrections Records Office prepared by James Austin and Julie Murray, The National Council on Crime and Delinquency, 1325 G. Street, NW, Suite 770, Washington, DC 2005 (202) 638-0556, March 1998, and further cited in Watson v. District of Columbia, Case No. 1:02 cv 00980-GK-JMF.

13

**RESPONSE**:        **The District objects to this request for discovery to the extent that it calls for attorney work product, attorney client privilege, executive privilege, and deliberative process. Furthermore District Defendants object to this request for discovery to the extent that it is overly broad, ambiguous, and confusing.  To the extent that District Defendants do not object, they have held meetings, developed and revised policies and procedures, hired additional staff, held additional trainings, and installed new equipment.**

21. In addition to the actions DOC took with respect to your response to Interrogatory No. 20, describe all actions DOC took to resolve DOC's overdetention problem of overdetaining inmates whom were entitled to be released from DOC because their sentence expired or because they were ordered released by the court(s).

**RESPONSE**:        **The District objects to this request for discovery to the extent that it calls for attorney work product, attorney client privilege, executive privilege, and deliberative process. Furthermore District Defendants object to this request for discovery to the extent that it is overly broad, ambiguous, and confusing.  To the extent that District Defendants do not object, they have held meetings, developed and revised policies and procedures, hired additional staff, held additional trainings, and installed new equipment.**

22. Identify all release discrepancy reports of DOC from January 5, 2002 to the present.

**RESPONSE**:        **The District objects to this request for discovery to the extent that it calls for attorney work product, attorney client privilege, executive privilege, and deliberative process. Furthermore District Defendants object to this request for discovery to the extent that it is overly broad in that it requests six (6) years of information.  To the extent that the District Defendants do not object, release discrepancy reports were not developed during the relevant time period when plaintiff was incarcerated or released.**

23. Identify any and all witnesses the District propose to call as witness at the trial of this case and with respect to each witness listed describe their respective propose testimony. (This include any and all experts.)

**RESPONSE**:        **The District objects to this Interrogatory to the extent that it calls for attorney work product, attorney client privilege, executive privilege, and deliberative process.  To the extent that the District does not object, it reserves the right to call all witnesses called by plaintiffs. The District does not waive its right to supplement, or revise its intention to call certain witnesses.**

24. Describe the reason(s) and/or the factual basis upon which you contend and/or rely that caused the following inmates whom were listed as being overdetained in the case of *Carl A. Barnes v. District of Columbia, et al*, 06-315 RCL, as set forth in the affidavits, 1 through 58 below:

14

1 Shankeisha Mitchell
2 Toney Malloy
3 David Peterson
4 Maurice Williams
5 Carl Barnes
6 James G. Jones
7 Mickey Crawford
8 Terrance Barfield
9 Judith Jamison
10 Joe Jarrell
11 Robert Young
12 Marcellus Summers
13 Antonio Harris
14 Quenta Ennis
15
16 Anthony Howe
17 Percival Pendergrass
18 Denard Hawking
19 Jeanett Gray
20 William Bunn
21 Ricardo Luzano
22 Alvin Scott
23
24
25
26
27
28 Tony Edward Savage
29
30
32
33
34
35
36
37 Chantel Henson
38 Jeffrey Owens
39 John West
40 James Jones
41 Raymond Butts
42 Ervin Haltiwanger
13
43
44
45
46

47 Keenam Miller
48 Jerry Kidd
49 Shelly Berry
50 James Parker
51 Adam Hamilton
52 Razina Jones
53 Derrick Suggs
54 Chetonia Eldridge
55 Charles Williams
56
57 David Peterson
58 Glendale McLaurin, Jr.

**RESPONSE**:  **District Defendants do not contend that the persons listed above were overdetained.**

25.     Describe all actions you undertook to correct the incorrect records of the District of Columbia Department of Corrections Records Office regarding the Plaintiff to facilitate the Plaintiff's release from incarceration when the Plaintiff's sentence expired so that the Plaintiff would not suffer over-detention and/or further overdetention when you received notice of and/or a copy of the following:

1.      Defendant's Emergency Motion for Release and to Correct Sentence Pursuant to DC Code §23-110 (1996), DC Code § 16-1901(1989) and/or in the alternative emergency motion for mandamus directing the Department of Corrections to Release the Defendant and/or in the alternative injunctive relief enjoining the DC Department of Corrections, Temporarily, Preliminarily and Permanently from failing to release the Defendant, April 12, 2006, filed in D.C. Court of Appeals No. 02-BG-1374.

**RESPONSE:  District Defendants object to this request for discovery to the extent that it calls for information protected by attorney client privilege, executive privilege or attorney work product.  Furthermore, District Defendants object on the basis that this request for discovery is vague and ambiguous.  To the extent that the District Defendants do not object, they respond that their records do not reflect that this motion was filed in a court of law to which a response would have been due.**

2.      Letter to Mayor c/o Risk Management dated April 4, 2006, informing the District of Columbia that Plaintiff proposed to bring an Emergency Complaint for Relief pursuant to DC Code §23-110, 42 USC § 1983, for Mandamus for Injunctive file suit in order to facilitate his emergency release from the DC Department of Corrections

**RESPONSE:          District Defendants object to this request for discovery to the extent that it calls for information protected by attorney client privilege, executive privilege or attorney work product.  Furthermore, District Defendants object on the basis that this**

16

**request for discovery is vague and ambiguous. To the extent that the District Defendants do not object, they respond that they opened a claim file and investigated the claim.**

3.      Memo to the warden regarding miscalculation of the Release date for the Defendant (Plaintiff)

**RESPONSE:          District Defendants object to this request for discovery to the extent that it calls for information protected by attorney client privilege, executive privilege or attorney work product. Furthermore, District Defendants object on the basis that this request for discovery is vague and ambiguous. To the extent that the District Defendants do not object, they respond that they do not retain a response to this document in their files.**

4.      Plaintiff's Motion Emergency Release in *Banks v. Smith,* 04-903

**RESPONSE:          District Defendants object to this request for discovery to the extent that it calls for information protected by attorney client privilege, executive privilege or attorney work product. Furthermore, District Defendants object on the basis that this request for discovery is vague and ambiguous. To the extent that the District Defendants do not object, they respond that their records do not reflect that this motion was filed in a court of law to which a response would have been due.**

5.      **Simon Banks' Motion for Mandamus Directing Larry Corbett, Acting Warden and Elwood York, Jr. Director of DC Department of Corrections for Correction of Time Served, Good Time Credit Records and Release Date filed in *Banks v. Smith*, 04-903, (Doc 40)** on 6-29-205 Which further provide:
At 1 under exhaustion, ***"The plaintiff has met the Classification Officers as well Larry Corbett, Acting Warden, DC Jail on February 12, 2005 regarding the issue the need to correct the Plaintiff's Time Served, Good Time Credits Records and Release Records. Notwithstanding, no action has been taken tocorrect plaintiff's records."***
At ¶8, *"The DC Jail Records continue to erroneously failed to credit the plaintiff With time served during the period June 23, 2004 through December 19,2004."* At 5, ***"Wherefore, the plaintiff pray that this Honorable Court Order the Warden Larry Corbett, and the Director of the DC Department of Corrections, Elwood York, Jr. to correct plaintiff's records to reflect credit for the time served while Incarcerated in the City of Alexandria while under sentence in the District of Columbia from June 23, 2004.***

**RESPONSE:          District Defendants object to this request for discovery to the extent that it calls for information protected by attorney client privilege, executive privilege or attorney work product. Furthermore, District Defendants object on the basis that this request for discovery is vague and ambiguous. To the extent that the District Defendants do not object, they respond that their records do not reflect that this motion was filed in a court of law to which a response would have been due.**

17

6.      Plaintiff's Complaint on May 25, 2005 against the DC Jail that it had miscalculated the release date of the Respondent

**RESPONSE:        District Defendants object to this request for discovery to the extent that it calls for information protected by attorney client privilege, executive privilege or attorney work product.  Furthermore, District Defendants object on the basis that this request for discovery is vague and ambiguous.  To the extent that the District Defendants do not object, they respond that they filed a motion to dismiss.**

7.      **Simon Banks' affidavit filed in *Banks v. Smith*, 04-903**, at ¶¶ ##7-9 stating:
*"7. At the March 13, 2005, meeting with defendant Corbett in defendant Corbett's office, the plaintiff informed defendant Corbett that …………*
*"8. Defendant Corbett promised the plaintiff that he would have the Record s Office correct plaintiff's release date and record for time served. The Plaintiff informed defendant Corbett that the DC Jail's Records Office failed to provide plaintiff credit for time incarcerated in Alexandria, Virginia when plaintiff was transferred from the DC Jail to Virginia while under sentence in the DC Jail, pursuant to a detainer issued by the City of Alexandria. This is when and while Judge Kramer had issued a bench warrant and detainer on plaintiff from June 23, 2004 the date it was determined that plaintiff by mistake transferred to the City of Alexandria. The plaintiff's transfer was facilitated by Superior Court Judge who released plaintiff in open court one week prior to plaintiff being transferred to Virginia on June 23, 2004 and returned to the DC Jail on December 19, 2004"*

**RESPONSE:        District Defendants object to this request for discovery to the extent that it calls for information protected by attorney client privilege, executive privilege or attorney work product.  Furthermore, District Defendants object on the basis that this request for discovery is vague and ambiguous.  To the extent that the District Defendants do not object, they do not retain records regarding responses to affidavits.**

*8.*      **Simon Banks' affidavit filed in *Banks v. Smith*, 04-903**, at ¶ #19 stating: *On March 2, 2005 the Plaintiff telephoned the records office at the D.C. Jail after speaking with the C&P Officer regarding Plaintiff's release date which was in error and the mail person whom answered the records office telephone abruptly told the Plaintiff to go back to the C&P Officer and hung the phone up.*

**RESPONSE:        District Defendants object to this request for discovery to the extent that it calls for information protected by attorney client privilege, executive privilege or attorney work product.  Furthermore, District Defendants object on the basis that this request for discovery is vague and ambiguous.  To the extent that the District Defendants do not object, they do not retain records regarding responses to affidavits.**

*9.     Simon Banks' affidavit filed in Banks v. Smith, 04-903, at ¶ #22 stating: On March 9, 2005 Plaintiff wrote a letter to Larry Corbett, Acting Warden, regarding correction of time served records pertaining to the release date ---*

**RESPONSE:        District Defendants object to this request for discovery to the extent that it calls for information protected by attorney client privilege, executive privilege or attorney work product.  Furthermore, District Defendants object on the basis that this request for discovery is vague and ambiguous.  To the extent that the District Defendants do not object, they do not retain records regarding responses to affidavits.**

10.      **Simon Banks' affidavit filed in *Banks v. York,* 05-1514 (ESH] dated July 6, 2005**, which provides at ¶¶ ##7-9 stating:
"7. *At the March 13, 2005, meeting with defendant Corbett in defendant Corbett's office, the plaintiff informed defendant Corbett that …………"8.     Defendant Corbett promised the plaintiff that he would have the Record s Office correct plaintiff's release date and record for time served. The Plaintiff informed defendant Corbett that the DC Jail's Records Office failed to provide plaintiff credit for time incarcerated in Alexandria, Virginia when plaintiff was transferred from the DC Jail to Virginia while under*
*sentence in the DC Jail, pursuant to a detainer issued by the City of Alexandria. This is when and while Judge Kramer had issued a bench warrant and detainer on plaintiff from June 23, 2004 the date it was determined that plaintiff by mistake transferred to the City of Alexandria. The plaintiff's transfer was facilitated by Superior Court Judge who released plaintiff in open court one week prior to plaintiff being transferred to Virginia on June 23, 2004 and returned to the DC Jail on December 19, 2004*

**RESPONSE:        District Defendants object to this request for discovery to the extent that it calls for information protected by attorney client privilege, executive privilege or attorney work product.  Furthermore, District Defendants object on the basis that this request for discovery is vague and ambiguous.  To the extent that the District Defendants do not object, they do not retain specific records regarding responses to affidavits. It is the understanding of the District Defendants that the affidavit referenced above was attached to the civil complaint in this case.  As such, the District Defendants responded to the affidavit, along with the complaint by filing a motion to dismiss.**

*11.     Simon Banks' affidavit filed in Banks v. York, 05-1514 (ESH) dated July 6, 2005*, which provides at ¶ #19 stating: *On March 2, 2005 the Plaintiff telephoned the records office at the D.C. Jail after speaking with the C&P Officer regarding Plaintiff's release date which was in error and the mail person whom answered the records office telephone abruptly told the Plaintiff to go back to the C&P Officer and hung the phone up."*

**RESPONSE:        District Defendants object to this request for discovery to the extent that it calls for information protected by attorney client privilege, executive privilege or attorney work product.  Furthermore, District Defendants object on the basis that this**

request for discovery is vague and ambiguous.  To the extent that the District Defendants do not object, they do not retain records regarding responses to affidavits.

*12.*      **Simon Banks' affidavit filed in** *Banks v. York,* **05-1514 (Doc 1, 4) (ESH) dated July 6, 2005,** **which provides at ¶22: at ¶ #22 stating:** *On March 9, 2005 Plaintiff wrote a letter to Larry Corbett, Acting Warden, regarding correction of time served records pertaining to the release date ---*

**RESPONSE:**        **District Defendants object to this request for discovery to the extent that it calls for information protected by attorney client privilege, executive privilege or attorney work product.  Furthermore, District Defendants object on the basis that this request for discovery is vague and ambiguous.  To the extent that the District Defendants do not object, they do not retain specific records regarding responses to affidavits.**
**It is the understanding of the District Defendants that the affidavit referenced above was attached to the civil complaint in this case.  As such, the District Defendants responded to the affidavit, along with the complaint by filing a motion to dismiss.**

13.      **Simon Banks' complaint (civil action Doc 2 7-29-2005) filed in** *Banks v. York,* **05-1514 (ESH) dated May 12, 2005,** **which allege at ¶Z5 provides:**

"**INCORRECTLY SUBJECTING THE PLAINTIFF TO AN EXTRA SIX MONTHS OF CONFINEMENT BY SETTING PLAINTIFF'S RELEASE DATE SIX MONTHS AFTER EXPIRATIONO OF SENTENCE**

*Defendants' York and Corbett incorrectly subjected the plaintiff to an extra six months of confinement by setting plaintiff's release date six months after expiration of the sentence. In this case the Plaintiff was under a bench warrant and the detainer issued by Judge Noel Kramer in July 23, 2004 although plaintiff was released to Virginia authority pursuant to a scheme and plan to subject plaintiff to trial in the state of Virginia and to subject the plaintiff to enhanced sentence. The actions of defendant York and Corbett by failing to credit the plaintiff with time incarcerated in the state of Virginia between July 23, 2004 through December 19, 2004, was intentional*

**RESPONSE:**        **District Defendants object to this request for discovery to the extent that it calls for information protected by attorney client privilege, executive privilege or attorney work product.  To the extent that the District Defendants do not object, they respond that they filed a motion to dismiss.**

14. **Simon Banks' Interrogatories submitted to counsel for acting warden DC Jail Robert Clay, 3-21-6, in (civil action) filed in** *Banks v. York,* **05-1514 (ESH) dated May 12, 2005,** which at Interrogatory Number 23 provides:

"*If you contend that DOC correctly computed plaintiff's release date and Correctly credited plaintiff with all jail time plaintiff is entitled to be accredited with, state each fact upon which you rely in support of your contention and describe/state why you did not credit plaintiff with the six months plaintiff was detained in the Alexandria City Jail although plaintiff was serving*

*four consecutive six month sentences imposed upon plaintiff prior to plaintiff being released to the Virginia Authorities on its detainer on June 23, 2004.*


**RESPONSE:**          **District Defendants object to this request for discovery to the extent that it calls for information protected by attorney client privilege, executive privilege or attorney work product.  To the extent that the District Defendants do not object, they respond that they did not respond to the interrogatory since it was not filed during the discovery period of this case as set forth in a scheduling order.**


                    Respectfully submitted,

                    PETER J. NICKLES
                    Acting Attorney General for the District of Columbia


                    GEORGE C. VALENTINE
                    Deputy Attorney General, Civil Litigation Division

                    /s/ Ellen Efros
                    ELLEN EFROS [250746]
                    Chief, Equity I

                    /s/Denise J. Baker
                    DENISE J. BAKER [493414]
                    Assistant Attorney General, D.C.
                    441 Fourth Street, N.W., Sixth Floor South
                    Washington, D.C. 20001
                    (202) 442-9887 (telephone)
                    (202)  727-0431(facsimile)
                    E-mail: Denise.baker @dc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of September, 2008 true copies of the foregoing Responses and Objections to Plaintiff's Requests for Discovery were electronically forwarded to

Simon Banks
Drsbanks@msn.com


_____/s/_____
Denise J. Baker